Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
Henry I. Bornstein, Bar No. 75885
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528
rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com

Attorneys for Defendants K-M Industries
Holding Co. Inc.; K-M Industries Holding Co.
Inc. ESOP Plan Committee; and CIG ESOP
Plan Committee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ and LORA SMITH, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO. INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; ADMINISTRATOR OF THE ESTATE OF WILLIAM E. MOORE, DECEASED; CIG ESOP PLAN COMMITTEE; and NORTH STAR TRUST COMPANY,<br><br>Defendants. | Case No. C06-07339 MJJ<br><br>ANSWER OF DEFENDANTS K-M INDUSTRIES HOLDING CO., INC., K-M INDUSTRIES HOLDING CO. INC. ESOP PLAN COMMITTEE AND CIG ESOP PLAN COMMITTEE TO COMPLAINT |

Defendants K-M Industries Holding Co., Inc. ("KMH"), K-M Industries Holding Co. Inc. ESOP Plan Committee ("the KMH Plan") and CIG

Answer to Complaint   -1-   Case No. C06-07339 MJJ

ESOP Plan Committee ("the CIG Plan") hereby answer the allegations contained in the Complaint (the "Complaint") filed on November 29, 2006, by plaintiffs Thomas Fernandez and Lora Smith (collectively, "Plaintiffs"), as follows:

### ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

1. KMH, the KMH Plan and the CIG Plan admit that Plaintiffs purport to bring this action pursuant to Title I of ERISA, and admit that the Complaint purports to seek injunctive, equitable and other relief. KMH, the KMH Plan and the CIG Plan lack sufficient information to form a belief as to the truth or falsity of the balance of Plaintiffs' allegations concerning their purpose in filing the complaint and therefore deny them. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 1.

2. Admitted.

3. KMH, the KMH Plan and the CIG Plan admit that one or more of the Defendants may be found in this District, admit that the employee benefit plan at issue is administered in San Carlos, California and deny that any events or omissions occurred in this District or elsewhere that give rise to any valid claims (asserted in this action or otherwise). Except as specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 3.

### ANSWER TO ALLEGATIONS REGARDING INTRA-DISTRICT ASSIGNMENT

4. KMH, the KMH Plan and the CIG Plan admit that "the employee benefit plan at issue is administered in San Carlos, California." Except as specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 4.

### ANSWER TO ALLEGATIONS REGARDING PARTIES

    5.    KMH, the KMH Plan and the CIG Plan admit that Plaintiff Thomas Fernandez has been a participant in the KMH Plan or the CIG Plan, and further admit that he was employed by CIG from about July 1996 until about October 2005. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5, and therefore deny these allegations.

    6.    KMH, the KMH Plan and the CIG Plan admit that Plaintiff Lora Smith has been a participant in the KMH Plan or the CIG Plan, and further admit that she was employed by CIG from about September 1996 until about October 2001. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6, and therefore deny these allegations.

    7.    KMH, the KMH Plan and the CIG Plan admit that KMH was the Sponsor of the KMH Plan, that at some or all relevant times, KMH was the Administrator of the KMH Plan and that under Section 18(2)(A) of the KMH Plan, the Board of Directors of KMH was responsible for appointing the members of the KMH Plan Committee. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, and therefore deny these allegations.

    8.    Admitted.

    9.    KMH, the KMH Plan and the CIG Plan admit that under the terms of the KMH Plan, KMH and the KMH Plan Committee were "named fiduciaries" with respect to, and limited to, certain aspects of the management and operation of the Plan, as set forth in the Plan itself. KMH, the KMH Plan and the CIG Plan also admit that at some relevant times, William E. Moore was the sole member of

the Plan Committee for the KMH Plan and was a trustee and settler of the Moore Trust. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9, and therefore deny these allegations.

10. KMH, the KMH Plan and the CIG Plan admit that William E. Moore founded Kelly-Moore Paint Co., that he died on November 21, 2004, that until the time of his death, Mr. Moore was Chairman of KMH, and that Mr. Moore was a trustee and settler of the Moore Trust. KMH, the KMH Plan and the CIG Plan also admit that Mr. Moore was a "party in interest" as alleged, and that Mr. Moore, as a member of the KMH Plan Committee, had and exercised such discretionary authority as was specifically described in the KMH Plan. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations in Paragraph 10.

11. KMH, the KMH Plan and the CIG Plan admit that at some times prior to the effective date of the KMH Plan, the CIG ESOP Plan Committee was Administrator of the CIG Plan, and that the CIG ESOP Plan Committee was a named fiduciary of the CIG Plan, with fiduciary duties relating and limited to those discretionary responsibilities specifically set forth in the CIG Plan. KMH, the KMH Plan and the CIG Plan also admit that at some relevant times, Mr. Moore was the sole member of the CIG Plan Committee, that Mr. Moore was a trustee and settler of the Moore Trust and that the CIG Plan was merged into the KMH Plan on or about July 16, 1999. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11, and therefore deny these allegations.

12. KMH, the KMH Plan and the CIG Plan admit that at some time

after Mr. Moore ceased to act as Trustee of the KMH Plan, North Star became the KMH Plan's Trustee, and that as KMH Plan Trustee, North Star was a Plan fiduciary respecting and limited to those discretionary duties and functions specifically described in the KMH Plan. Answering further, KMH, the KMH Plan and the CIG Plan allege that North Star became the KMH Plan Trustee in April 2003, more than a year prior to Mr. Moore's death. Except as specifically admitted or alleged, KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, and therefore deny these allegations.

13. Admitted.

## ANSWER TO ALLEGATIONS REGARDING FACTS

### Company History

14. Admitted.

15. KMH, the KMH Plan and the CIG Plan admit that in the 1960's and 1970's, Kelly-Moore manufactured products that contained asbestos provided by Union Carbide Company, and admit that in the Union Carbide litigation, KMH presented an analysis suggesting that the then-pending asbestos litigation represented a potential threat to KMH's future viability. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 15.

16. KMH, the KMH Plan and the CIG Plan admit that in 1985, Kelly-Moore Paint Co. purchased the outstanding shares of Calmutual Insurance Company, the predecessor to California Insurance Group. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and therefore deny these allegations.

17. KMH, the KMH Plan and the CIG Plan deny the allegations of the first sentence of Paragraph 17, and otherwise admit the allegations of Paragraph 17.

18. Admitted.

19. KMH, the KMH Plan and the CIG Plan admit that KMH sued Union Carbide in Texas on claims related to materials containing asbestos which Union Carbide had earlier supplied to Kelly-Moore Paint Co. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and therefore deny these allegations.

### ESOP History

20. Admitted.

21. Admitted.

22. Admitted.

### ESOP Transactions

23. KMH, the KMH Plan and the CIG Plan admit that William Moore acted on behalf of the Moore Trust in connection with transactions alleged in the Complaint. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23, and therefore deny these allegations.

24. KMH, the KMH Plan and the CIG Plan admit that on or about October 13, 1998, the Paint Plan purchased approximately 33,745,455 shares of KMH Series P stock from the Moore Trust at approximately $6.88 per share, for a total purchase price of approximately $232 million. KMH, the KMH Plan and the CIG Plan also admit that the Paint Plan borrowed approximately $232 million from KMH to fund the purchase of Series P stock. Answering further, KMH, the

KMH Plan and the CIG Plan allege that in connection with the above purchase of KMH Series P stock, a valuation of the Kelly-Moore Paint Company, Inc. was done by an independent expert. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, and therefore deny these allegations.

25. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 25.

26. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 26.

27. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 27.

28. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 28.

29. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 29.

30. KMH, the KMH Plan and the CIG Plan admit that the valuation report prepared in connection with the October 13, 1998 transaction does not contain a reference to a discount attributable to the fact that the stock purchased by the Paint Plan was tracking stock rather than ordinary common stock. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30 and therefore deny these allegations.

31. KMH, the KMH Plan and the CIG Plan admit that in October 1999, the KMH ESOP purchased approximately 8,400,000 shares of KMH for approximately $55 million and that the KMH Plan borrowed more than $54

million from KMH to fund the purchase. Answering further, KMH, the KMH Plan and the CIG Plan allege that in connection with the above purchase of KMH Class I-B stock, a valuation of the KMH Class I-B stock was made by an independent expert. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 31.

32.  KMH, the KMH Plan and the CIG Plan admit that an independent expert valuation of the KMH Class I-B stock concluded that it was worth $3.66 per share as of December 31, 1999 and that this value was approximately 56% of the appraised value of shares in connection with October 1999 transaction. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 32.

33.  KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 33.

34.  KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 34.

35.  KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 35.

36.  KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 36.

37.  KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 37.

38.  KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 38.

39.  KMH, the KMH Plan and the CIG Plan admit that William E. Moore acted on behalf of the Moore Trust in connection with the transactions involving the acquisition of Series P and Series I tracking stock by the Paint Plan

and the KMH Plan. Answering further, KMH, the KMH Plan and the CIG Plan allege that there were other persons involved in the transactions that acted on behalf of the Paint Plan and the KMH Plan. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 39, and therefore deny these allegations.

40. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 40.

41. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 41.

42. KMH, the KMH Plan and the CIG Plan admit that no valuations of the Series I and Series P stock held by the KMH Plan were made during the 2003 and 2004 Plan Years, and admit that Summary Annual Reports were not provided to Plan participants during those years. Answering further, KMH, the KMH Plan and the CIG Plan allege that in 2005, valuations of the Series I and Series P stock held by the KMH Plan were made as of 2003 and 2004. Except as otherwise admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 42.

43. KMH, the KMH Plan and the CIG Plan admit that the valuation reports for KMH Series I stock as of December 31, 2000 and December 31, 2001 do not specifically mention potential asbestos-related liability. KMH, the KMH Plan and the CIG Plan further admit that the valuation report assessing the value of KMH Series I stock as of December 31, 2002 does mention potential asbestos-related liability. Except as otherwise admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 43.

44. Admitted.

45. KMH, the KMH Plan and the CIG Plan admit that KMH stock is not and has not been readily tradable on an established market. The remaining allegations of this paragraph do not state facts, but rather state legal conclusions that require no response. To the extent that a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of the IRC.

46. KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46, and therefore deny these allegations.

47. KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47, and therefore deny these allegations.

48. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 48.

49. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 49.

50. KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and therefore deny these allegations.

### ANSWER TO CLASS ALLEGATIONS

51. KMH, the KMH Plan and the CIG Plan admit that Plaintiffs are seeking to bring their alleged claims on behalf of a class of persons who are currently or have been beneficiaries or participants in the KMH ESOP since October 13 1998. Except as otherwise admitted, KMH, the KMH Plan and the CIG Plan specifically deny the allegations of Paragraph 51, including the allegation, express or implied, that Plaintiffs have satisfied the statutory and procedural requirements for class treatment under Fed. R. Civ. P. 23(a) or (b).

52. KMH, the KMH Plan and the CIG Plan admit that as of December 31, 2004, there were over 2500 participants in the KMH Plan. Except as otherwise admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 52.

53. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 53.

54. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 54.

55. KMH, the KMH Plan and the CIG Plan deny that Plaintiffs will fairly and adequately represent the interest of the Plaintiff Class. KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55 and therefore deny these allegations.

56. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 56.

57. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 57.

58. KMH, the KMH Plan and the CIG Plan are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58, and therefore deny these allegations.

**ANSWER TO ALLEGATIONS REGARDING FIRST CLAIM FOR RELIEF**

59. KMH, the KMH Plan and the CIG Plan incorporate the responses to the allegations of Paragraphs 1 through 58, inclusive, as though fully set forth herein.

60. The allegations of Paragraph 60 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan

and the CIG Plan incorporate the relevant provisions of ERISA § 404.

61. The allegations of Paragraph 61 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 409.

62. The allegations of Paragraph 62 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 502.

63. The allegations of Paragraph 63 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 502.

64. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 64.

65. The allegations of Paragraph 65 state legal conclusions, to which no response is required. To the extent an answer is required, KMH, the KMH Plan and the CIG Plan deny the allegations of paragraph 65 insofar as they assert, expressly or impliedly, that any Defendant Fiduciary has acted or failed to act so as to incur "co-fiduciary" liability, and incorporate the relevant provisions of ERISA § 404 and § 405.

66. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 66.

### ANSWER TO ALLEGATIONS REGARDING SECOND CLAIM FOR RELIEF

67. KMH, the KMH Plan and the CIG Plan incorporate the responses to the allegations of Paragraphs 1 through 58, inclusive, as though fully set forth herein.

68. The allegations of Paragraph 68 state legal conclusions, to which no

response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporates the relevant provisions of ERISA § 406.

69. The allegations of Paragraph 69 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 406.

70. The allegations of Paragraph 70 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 408 and ERISA § 3(18)(B), their legislative history and attendant case law.

71. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 71.

72. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 72.

73. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 73.

74. The allegations of Paragraph 74 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 409.

75. The allegations of Paragraph 75 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 502.

76. The allegations of Paragraph 76 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 502.

77. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 77.

78. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 78.

79. The allegations of Paragraph 79 state legal conclusions, to which no response is required. To the extent an answer is required, KMH, the KMH Plan and the CIG Plan deny the allegations of paragraph 79 insofar as they assert any Defendant Fiduciary has acted or failed to act so as to incur "co-fiduciary" liability and incorporate the relevant provisions of ERISA § 404 and § 405.

## ANSWER TO PRAYER FOR RELIEF

KMH, the KMH Plan and the CIG Plan deny that Plaintiffs are entitled to judgment or any of the relief requested in paragraphs A through I as to the First Claim for Relief and paragraphs A through K as to the Second Claim for Relief, or that Plaintiffs are entitled to any relief whatsoever.

## SEPARATE AND ADDITIONAL DEFENSES

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

The Complaint, and each purported cause of action therein, fails to state a claim on which relief may be granted.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

The Complaint, and each alleged claim therein, is barred by the statute of limitations.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

Plaintiffs are estopped from obtaining the relief sought in the Complaint by their own acts, statements, conduct and omissions.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

(Failure to Plead With Particularity)

Plaintiffs fail to plead their allegations of fraud and concealment with the requisite particularity.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

(Reasonable Business Judgment)

All defendants exercised reasonable business judgment in connection with the transactions alleged in the Complaint.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

(Lack of Causation)

No act or omission of KMH, the KMH Plan and the CIG Plan caused or contributed to Plaintiffs' alleged harm and damage, if any.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

(Mitigation of Damages)

Plaintiffs at all times at issue in the Complaint failed to take any or all actions reasonable or necessary under the circumstances to avoid or reduce their alleged damages, if any, and, to the extent of such failure to mitigate, Plaintiffs' claims are barred.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

(Reservation of Rights)

KMH, the KMH Plan and the CIG Plan have insufficient knowledge or information upon which to form a belief as to whether it may have as yet unstated separate and additional defenses available. KMH, the KMH Plan and the CIG Plan thus reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories which may or will be disclosed through discovery, or clarification or analysis of Plaintiffs' claims.

WHEREFORE, KMH, the KMH Plan and the CIG Plan pray for judgment,

as follows:

1. That the Complaint be dismissed and/or that Plaintiffs take nothing by reason of their Complaint;

2. For costs of suit; and

3. For such other and further relief as this Court deems just and proper.

DATED: February 14, 2007     LOVITT & HANNAN, INC.

By: /s/ Ronald Lovitt
Ronald Lovitt
J. Thomas Hannan
Henry I. Bornstein

Attorneys for Defendants K-M Industries Holding Co., Inc.; K-M Industries Holding Co. Inc. ESOP Plan Committee; and CIG ESOP Plan Committee

**PROOF OF SERVICE**

I, Laura J. Davies, the undersigned, hereby certify and declare:

1. I am over the age of 18 years and am not a party to the within cause.

2. I am employed in the office of a member of the bar of this Court, at whose direction this service was made.

3. My business address is 900 Front Street, Suite 300, San Francisco, California 94111.

4. On February 14, 2007, I served a true copy of the attached document(s) titled exactly:

ANSWER OF DEFENDANTS K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO. INC. ESOP PLAN COMMITTEE; AND CIG ESOP PLAN COMMITTEE TO COMPLAINT

on the interested parties in this action as follows:

__X__  **BY MAIL:** I am readily familiar with my employer's mail collection and processing practices, know that said mail is collected and deposited with the United States Postal Service on the same day it is deposited in the interoffice mail, and know that postage thereon is fully prepaid. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope(s) at Lovitt & Hannan, Inc., 900 Front Street, Suite 300, San Francisco, California 94111, addressed, sealed and charges prepaid as follows:

| | |
|---|---|
| Lisa S. Serebin<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market Street, Spear Street Tower<br>San Francisco, CA 94105 | *Attorneys for Defendant*<br>*NORTH STAR TRUST COMPANY* |
| Robert L. Palmer<br>DoHoang T. Duong<br>HENNIGAN, BENNETT & DORMAN LLP<br>865 South Figueroa Street, Suite 2900<br>Los Angeles, California 90017 | *Attorneys for Defendant*<br>*WILLIAM E. AND DESIREE B.*<br>*MOORE REVOCABLE TRUST* |

Proof of Service                                        -1-                            Case No. C06-07339 MJJ

6. I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 14, 2007, at San Francisco, California.

_____
Laura J. Davies