HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett (SBN 105430)
Robert L. Palmer (SBN 181462)
DoHoang T. Duong (SBN 219127)
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234
Email:   bennettb@hbdlawyers.com
         palmerb@hbdlawyers.com
         duongd@hbdlawyers.com

Attorneys for Defendant William E. and Desiree B.
Moore Revocable Trust and Trustees of William E.
and Desiree B. Moore Revocable Trust

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ and LORA SMITH, individually and on behalf of a class of all other persons similar situated,<br><br>          Plaintiffs,<br><br>      vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; ADMINISTRATOR OF THE ESTATE OF WILLIAM E. MOORE, DECEASED; CIG ESOP PLAN COMMITTEE; and NORTH STAR TRUST COMPANY,<br><br>          Defendants. | Case No. C 06-07339 MJJ<br><br>ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST (PRESENTLY KNOWN AS THE WILLIAM E. MOORE MARITAL TRUST) AND ITS TRUSTEE |

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

Defendants William E. And Desiree B. Moore Revocable Trust, presently known as the William E. Moore Marital Trust, and Desiree B. Moore, Trustee of said Trust (collectively, "Moore Trust") hereby answer the allegations contained in the Complaint (the "Complaint") filed on November 29, 2006, by plaintiffs Thomas Fernandez and Lora Smith (collectively, "Plaintiffs"), as follows:

## ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

1.    The Moore Trust admits that Plaintiffs purport to bring this action pursuant to Title I of ERISA. The Moore Trust lacks sufficient information to form a belief as to the truth or falsity of the balance of Plaintiffs' allegations concerning their purpose or motivation in filing the complaint and therefore deny them. To the extent not specifically admitted, the Moore Trust denies the allegations of Paragraph 1.

2.    The Moore Trust admits the allegations of Paragraph 2.

3.    The Moore Trust admits that one or more of the Defendants may be found in this District, denies that any events or omissions occurred in this District or elsewhere that give rise to any valid claims (asserted in this action or otherwise) and, except as specifically admitted, denies the allegations of Paragraph 3.

## ANSWER TO ALLEGATIONS REGARDING INTRA-DISTRICT ASSIGNMENT

4.    The Moore Trust admits that "the employee benefit plan at issue is administered in San Carlos, California." Except as specifically admitted, the Moore Trust denies the allegations of Paragraph 4.

## ANSWER TO ALLEGATIONS REGARDING PARTIES

5.    The Moore Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies them.

6.    The Moore Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies them.

7.    The Moore Trust admits: KMH was the Sponsor of the KMH Plan; at some or all relevant times, KMH was the Administrator of the KMH Plan; under Section 18(2)(A) of the KMH Plan, the Board of Directors of KMH was responsible for appointing the members of the KMH Plan

1   Committee. Except as otherwise admitted, the Moore Trust is without knowledge or information

2   sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies them.

3          8.      Answering the allegations of the first sentence of Paragraph 8, the Moore Trust

4   admits that the William E. Moore and Desiree B. Moore Revocable Trust was a "party in interest"

5   (as defined in ERISA § 3(14)) of the KMH Plan at the time of its formation, but is otherwise without

6   knowledge or information sufficient to form a belief as to the meaning or intent of the phase "at all

7   relevant times" and therefore except as specifically admitted, denies the allegations of the first

8   sentence of Paragraph 8. The Moore Trust admits the allegations of the second and third sentences

9   of Paragraph 8.

10          9.      The Moore Trust admits: under the terms of the KMH Plan, KMH and the KMH Plan

11   Committee were "named fiduciaries" with respect to, and limited to, certain aspects of the

12   management and operation of the Plan, set forth in the Plan itself; and at some relevant times,

13   William E. Moore was the sole member of the Plan Committee for the KMH Plan and was a trustee

14   and settlor of the Moore Trust. Except as otherwise admitted, the Moore Trust is without

15   knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9,

16   and therefore denies them.

17         10.     The Moore Trust admits: William E. Moore founded Kelly-Moore Paint Co.; he died

18   on November 21, 2004; until the time of his death, Mr. Moore was Chairman of KMH; Mr. Moore

19   was a trustee and one of the settlors of the Moore Trust; Mr. Moore was a "party in interest" at the

20   time of the formation of the Plan; and Mr. Moore, as a member of the KMH Plan Committee, had

21   and exercised such discretionary authority as was specifically described in the KMH Plan. Except

22   as otherwise admitted, the Moore Trust denies the allegations in Paragraph 10.

23         11.     The Moore Trust admits: at some times prior to the effective date of the KMH Plan,

24   the CIG ESOP Plan Committee was Administrator of the CIG Plan; the CIG ESOP Plan Committee

25   was a named fiduciary of the CIG Plan, with fiduciary duties relating and limited to those

26   discretionary responsibilities specifically set forth in the CIG Plan; at some relevant times, Mr.

27   Moore was the sole member of the CIG Plan Committee; Mr. Moore was a trustee and one of the

28   settlors of the Moore Trust; and that the CIG Plan was merged into the KMH Plan on or about July

C 06-07339 MJJ      ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST
(PRESENTLY KNOWN AS THE WILLIAM E. MOORE MARTAL TRUST) AND ITS TRUSTEE

16, 1999. Except as otherwise admitted, the Moore Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

12.    The Moore Trust admits: North Star was named Trustee of the KMH Plan at some point after Mr. Moore stepped down as Trustee; and as KMH Plan Trustee, North Star was a Plan fiduciary respecting and limited to those discretionary duties and functions specifically described in the KMH Plan and the Trustee Engagement Agreement dated April 22, 2003 between North Star and KMH. Answering further, the Moore Trust alleges that North Star became the KMH Plan Trustee in April 2003, more than a year prior to Mr. Moore's death. The Moore Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore denies them.

13.    The Moore Trust admits the allegations of Paragraph 13. Answering further, the Moore Trust states that there is no "Estate of William E. Moore" and hence no "Administrator" of such an Estate.

## ANSWER TO ALLEGATIONS REGARDING FACTS
### Company History

14.    The Moore Trust admits the allegations of Paragraph 14.

15.    The Moore Trust admits the allegations of the first sentence of Paragraph 15 and admits that in the Union Carbide litigation KMH presented analysis suggesting that then-pending asbestos litigation represented a potential threat to KMH's future viability. Except as specifically admitted, the Moore Trust denies the allegations of Paragraph 15.

16.    The Moore Trust admits that in 1985, Kelly-Moore Paint Co. purchased the outstanding shares of Calmutual Insurance Company, the predecessor to California Insurance Group. The Moore Trust lacks information sufficient to form a belief concerning the remaining allegations of Paragraph 16, and therefore denies them.

17.    The Moore Trust denies the allegations of the first sentence and admits the allegations of the second sentence of Paragraph 17. With respect to the third sentence of Paragraph 17, the Moore Trust states as follows: the Moore Trust was the largest shareholder in KMH in 1998;

-3-

1  following the death of William E. Moore in November 2004, the William E. Moore and Desiree B.

2  Moore Revocable Trust transferred one-half of its KMH shares to the newly established Desiree B.

3  Moore Revocable Trust, which still owns them;  the William E. Moore Revocable Trust was

4  renamed as the William E. Moore Marital Trust; the William E. Moore Marital Trust still retains the

5  balance of the KMH shares not transferred to the Desiree B. Moore Revocable Trust; Desiree B.

6  Moore is the trustee of both trusts;  taken together, these two trusts collectively comprise largest

7  shareholder in KMH.  Except as specifically admitted, the Moore Trust denies the allegations of

8  Paragraph 17.

9       18.     The Moore Trust admits the allegations of Paragraph 18.

10       19.     The Moore Trust admits that KMH sued Union Carbide in Texas on claims related to

11  materials containing asbestos which Union Carbide had earlier supplied to Kelly-Moore Paint Co.

12  The Moore Trust is without knowledge or information sufficient to form a belief as to the truth of

13  the remaining allegations in Paragraph 19, and therefore denies them.

14  **ESOP History**

15       20.     The Moore Trust admits the allegations of Paragraph 20.

16       21.     The Moore Trust admits the allegations of Paragraph 21.

17       22.     The Moore Trust admits the allegations of Paragraph 22.

18  **ESOP Transactions**

19       23.     The meaning of Plaintiffs' information-and-belief allegation in Paragraph 23 that

20  "Mr. Moore acted on behalf of both the Moore Trust and the Plans in the transactions alleged

21  herein" is uncertain and therefore the Moore Trust is without knowledge or information sufficient to

22  form a belief as to the truth or falsity of this allegation.  Answering further, the Moore Trust states

23  that, in connection with the establishment of the Paint, CIG and KMH Plans and to accomplish the

24  sale of stock by the Moore Trust to the Paint Plan and to the KMH Plan, Mr. Moore authorized and

25  executed various documents on behalf of one or more of the Plans as Plan Trustee and also

26  authorized and executed various documents on behalf of the Moore Trust as its Trustee.

27       24.     The Moore Trust admits the allegations of the first sentence of Paragraph 24 and the

28  allegation in the second sentence of that paragraph that the Paint Plan borrowed approximately $232

-4-

1   million from KMH to fund the purchase of Series P stock. The Moore Trust is without knowledge

2   or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24,

3   and therefore denies the remainder of the allegations of that paragraph.

4         25.    The Moore Trust denies the allegations of Paragraph 25.

5         26.    The Moore Trust denies the allegations of Paragraph 26.

6         27.    The Moore Trust denies the allegations of Paragraph 27.

7         28.    The Moore Trust denies the allegations of Paragraph 28.

8         29.    The Moore Trust denies the allegations of Paragraph 29.

9         30.    The Moore Trust admits that the valuation report prepared in connection with the

10   October 13, 1998 transaction does not contain any reference to a discount attributable to the fact that

11   the stock purchased by the Paint Plan was tracking stock rather than ordinary common stock.

12   Except as specifically admitted, the Moore Trust is without information sufficient to form a belief as

13   to the truth or falsity of the allegations of Paragraph 30 and therefore denies them.

14         31.    The Moore Trust admits that in October 1999, the KMH ESOP purchased

15   approximately 8,400,000 shares of KMH Class I-B stock for approximately $55 million and alleges

16   that the price of such stock was established by an independent expert valuation of the California

17   Capital Insurance Company. The Moore Trust further admits that KMH Plan borrowed more than

18   $54 million from KMH to fund the purchase. Except as otherwise admitted, the Moore Trust denies

19   the allegations of Paragraph 31.

20         32.    The Moore Trust admits and alleges that an independent expert valuation of the

21   KMH Class I-B stock concluded that it was worth $3.66 per share as of December 31, 1999 and that

22   this value was approximately 56% of the appraised value of shares in connection with October 1999

23   transaction. Except as specifically admitted, the Moore Trust denies the allegations of Paragraph 32.

24         33.    The Moore Trust denies the allegations of Paragraph 33.

25         34.    The Moore Trust denies the allegations of Paragraph 34.

26         35.    The Moore Trust denies the allegations of Paragraph 35.

27         36.    The Moore Trust denies the allegations of Paragraph 36.

28         37.    The Moore Trust denies the allegations of Paragraph 37.

C 06-07339 MJJ       ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST
(PRESENTLY KNOWN AS THE WILLIAM E. MOORE MARTAL TRUST) AND ITS TRUSTEE

1      38.     The Moore Trust denies the allegations of Paragraph 38.

2      39.     Answering Paragraph 39, the Moore Trust states that William E. Moore acted on

3 behalf of the Moore Trust as one of its Trustees and on behalf of the Paint Plan as Plan Trustee and

4 on behalf of the KMH Plan as Plan Trustee in authorizing and concluding the transactions in which

5 the Moore Trust sold tracking stock to the Paint Plan and to the KMH Plan. Answering further, the

6 Moore Trust alleges on information and belief that other persons, including professionals not

7 otherwise employed by or associated with KMH, other Plan fiduciaries or the Moore Trust, also

8 acted on behalf of or for the benefit of the Plans and the Moore Trust in connection with these

9 transactions. Except as specifically alleged and/or admitted, the Moore Trust lacks information

10 sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and therefore

11 denies them.

12      40.     The Moore Trust denies the allegations of Paragraph 40.

13      41.     The Moore Trust denies the allegations of Paragraph 41.

14      42.     The Moore Trust is without knowledge or information sufficient to form a belief as to

15 the truth or falsity of the allegations in Paragraph 42, and therefore denies them.

16      43.     The Moore Trust admits that the valuation reports for KMH Series I stock as of

17 December 31, 2000 and December 31, 2001 do not specifically mention potential asbestos-related

18 liability. The Moore Trust further admits that the expert valuation report assessing the value of

19 KMH Series I stock as of December 31, 2002 does mention potential asbestos-related liability.

20 Except as otherwise admitted, the Moore Trust denies the allegations of Paragraph 43.

21      44.     On information and belief, the Moore Trust admits the allegations of Paragraph 44.

22      45.     The Moore Trust admits that KMH stock is not and has not been readily tradable on

23 an established market. The remaining allegations of this paragraph state legal conclusions, to which

24 no response is required. If and to the extent an answer to the remaining allegations of Paragraph 45

25 is required, the Moore Trust incorporates the relevant provisions of the Internal Revenue Code.

26      46.     The Moore Trust is without knowledge or information sufficient to form a belief as to

27 the truth or falsity of the allegations in Paragraph 46, and therefore denies them.

28      47.     The Moore Trust is without knowledge or information sufficient to form a belief as to

C 06-07339 MJJ      ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST
(PRESENTLY KNOWN AS THE WILLIAM E. MOORE MARTAL TRUST) AND ITS TRUSTEE

the truth or falsity of the allegations in Paragraph 47, and therefore denies them.

48.    The Moore Trust denies the allegations of Paragraph 48.

49.    The Moore Trust denies the allegations of Paragraph 49.

50.    The Moore Trust is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and therefore denies them.

**ANSWER TO CLASS ALLEGATIONS**

51.    The Moore Trust admits that Plaintiffs are seeking to bring suit on behalf of a class of persons who are currently or have been beneficiaries or participants in the KMH ESOP since October 13 1998.  Except as otherwise admitted, the Moore Trust specifically denies the allegations of Paragraph 51, including the allegation, express or implied, that Plaintiffs have satisfied the statutory and procedural requirements for class treatment under Fed. R. Civ. P. 23(a) and (b).

52.    The Moore Trust lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 52 and therefore denies them.

53.    The Moore Trust denies the allegations of Paragraph 53.

54.    The Moore Trust denies the allegations of Paragraph 54.

55.    The Moore Trust denies that Plaintiffs will fairly and adequately represent the interests of the Plaintiff Class.  The Moore Trust is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55 and therefore denies them.

56.    The Moore Trust denies the allegations of Paragraph 56.

57.    The Moore Trust denies the allegations of Paragraph 57.

58.    The Moore Trust is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58, and therefore denies them.

**ANSWER TO ALLEGATIONS REGARDING FIRST CLAIM FOR RELIEF**

59.    The Moore Trust incorporates the responses to the allegations of Paragraphs 1 through 58, inclusive, as if fully set forth herein.

60.    The allegations of Paragraph 60 state legal conclusions, to which no response is required.  To the extent a response is required, the Moore Trust incorporates the relevant provisions

-7-

ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST
(PRESENTLY KNOWN AS THE WILLIAM E. MOORE MARTAL TRUST) AND ITS TRUSTEE

1 | of ERISA § 404.

2 | 61.    The allegations of Paragraph 61 state legal conclusions, to which no response is
3 | required.  To the extent a response is required, the Moore Trust incorporates the relevant provisions
4 | of ERISA § 409.

5 | 62.    The allegations of Paragraph 62 state legal conclusions, to which no response is
6 | required.  To the extent a response is required, the Moore Trust incorporates the relevant provisions
7 | of ERISA § 502.

8 | 63.    The allegations of Paragraph 63 state legal conclusions, to which no response is
9 | required.  To the extent a response is required, the Moore Trust incorporates the relevant provisions
10 | of ERISA § 502.

11 | 64.    The Moore Trust denies the allegations of Paragraph 64.

12 | 65.    The allegations of Paragraph 65 state legal conclusions, to which no response is
13 | required.  To the extent an answer is required, the Moore Trust denies the allegations of paragraph
14 | 65 insofar as they assert any Defendant Fiduciary has acted or failed to act so as to incur "co-
15 | fiduciary" liability and incorporates the relevant provisions of ERISA § 404 and § 405.

16 | 66.    The Moore Trust denies the allegations of Paragraph 66.

17 | **ANSWER TO ALLEGATIONS REGARDING SECOND CLAIM FOR RELIEF**

18 | 67.    The Moore Trust incorporates the responses to the allegations of Paragraphs 1
19 | through 58, inclusive, as if fully set forth herein.

20 | 68.    The allegations of Paragraph 68 state legal conclusions, to which no response is
21 | required.  To the extent a response is required, the Moore Trust incorporates the relevant provisions
22 | of ERISA § 406.

23 | 69.    The allegations of Paragraph 69 state legal conclusions, to which no response is
24 | required.  To the extent a response is required, the Moore Trust incorporates the relevant provisions
25 | of ERISA § 406.

26 | 70.    The allegations of Paragraph 70 state legal conclusions, to which no response is
27 | required.  To the extent a response is required, the Moore Trust incorporates the relevant provisions
28 | of ERISA § 408 and ERISA § 3(18)(B), their legislative history and attendant case law.

-8-

C 06-07339 MJJ    ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST
(PRESENTLY KNOWN AS THE WILLIAM E. MOORE MARTAL TRUST) AND ITS TRUSTEE

71.    The Moore Trust denies the allegations of Paragraph 71.

72.    The Moore Trust denies the allegations of Paragraph 72.

73.    The Moore Trust denies the allegations of Paragraph 73.

74.    The allegations of Paragraph 74 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust incorporates the relevant provisions of ERISA § 409.

75.    The allegations of Paragraph 75 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust incorporates the relevant provisions of ERISA § 502.

76.    The allegations of Paragraph 76 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust incorporates the relevant provisions of ERISA § 502.

77.    The Moore Trust denies the allegations of Paragraph 77.

78.    The Moore Trust denies the allegations of Paragraph 78.

79.    The allegations of Paragraph 79 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust denies the allegations of Paragraph 79 insofar as they assert any Defendant Fiduciary has acted or failed to act so as to incur "co-fiduciary" liability and incorporates the relevant provisions of ERISA § 404 and § 405.

## ANSWER TO PRAYER FOR RELIEF

The Moore Trust denies that Plaintiffs are entitled to judgment or any of the relief requested in paragraphs A through I as to the First Claim for Relief and paragraphs A through K as to the Second Claim for Relief.

## SEPARATE AND ADDITIONAL DEFENSES

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

The Complaint, and each purported cause of action therein, fails to state a claim on which relief may be granted.

-9-

C 06-07339 MJJ

ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST
(PRESENTLY KNOWN AS THE WILLIAM E. MOORE MARTAL TRUST) AND ITS TRUSTEE

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

The Complaint, and each alleged claim therein, is barred by the statute of limitations.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

Plaintiffs are estopped from obtaining the relief sought in the Complaint by their own acts, statements, conduct and omissions.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Plead With Particularity)

Plaintiffs fail to plead their allegations of fraud and concealment with the requisite particularity.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Reasonable Business Judgment)

All defendants exercised reasonable business judgment in connection with the transactions alleged in the Complaint.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Duty)

The Moore Trust owes no duty to Plaintiffs, either under the statues cited in the Complaint or under the common law.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Causation)

No act or omission of the Moore Trust caused or contributed to Plaintiffs' alleged harm and damage, if any.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Mitigation of Damages)

Plaintiffs at all times at issue in the Complaint failed to take any or all actions reasonable or necessary under the circumstances to avoid or reduce their alleged damages, if any, and, to the extent of such failure to mitigate, Plaintiffs' claims are barred.

C 06-07339 MJJ

ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST
(PRESENTLY KNOWN AS THE WILLIAM E. MOORE MARTAL TRUST) AND ITS TRUSTEE

1

## NINTH SEPARATE AND ADDITIONAL DEFENSE

2

### (Reservation of Rights)

3      The Moore Trust has insufficient knowledge or information upon which to form a belief as

4  to whether it may have as yet unstated separate and additional defenses available.  The Moore Trust

5  thus reserves the right to amend this Answer to add, delete, or modify defenses based upon legal

6  theories which may or will be disclosed through discovery, or through clarification or analysis of

7  Plaintiffs' claims.

8      WHEREFORE, the Moore Trust prays for judgment, as follows:

9      1.      That the Complaint be dismissed and/or that Plaintiffs take nothing by reason of their

10  Complaint;

11      2.      For costs of suit; and

12      3.      For such other and further relief as this Court deems just and proper.

13

14  DATED:  February 15, 2007                    HENNIGAN, BENNETT & DORMAN LLP

15

16

        By: _____
17                              Robert L. Palmer
                 Attorneys for Defendant William E. and Desiree B.
18               Moore Revocable Trust and Trustees of William E.
                 and Desiree B. Moore Revocable Trust
19

20

21

22

23

24

25

26

27

28

C 06-07339 MJJ
ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST
(PRESENTLY KNOWN AS THE WILLIAM E. MOORE MARTAL TRUST) AND ITS TRUSTEE

## PROOF OF SERVICE

I declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 865 South Figueroa Street, Suite 2900, Los Angeles, California 90017. On February 15, 2007, I served the foregoing document described as  on the interested parties in this action follows:

☒         by transmitting via facsimile the documents listed above to the fax number set fourth below on this date. This transmission was reported as complete without error by a transmission report issued by the facsimile machine upon which the said transmission was made immediately following the transmission.

☒         by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below

☐         by placing the document listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for Delivery.

### SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postal meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 15, 2007, at Los Angeles, California.

Deborah L. Wilkinson

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

-12-

C 06-07339 MJJ

ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST
(PRESENTLY KNOWN AS THE WILLIAM E. MOORE MARTAL TRUST) AND ITS TRUSTEE

**SERVICE LIST**

Daniel Feinberg
Todd F. Jackson
Margaret E. Hasselman
Lewis, Feinberg, Renaker & Jackson, P.C.
1330 Broadway, Suite 1800
Oakland, California 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839

Peter Rukin
Rukin Hyland & Doria LLP
100 Pine Street, Suite 725
San Francisco, California
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

Lisa S. Serebin
Andrew C. Sullivan
Morgan, Lewis & Bockius LLP
One Market Street
Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Ronald Lovitt
Lovitt & Hannan, Inc.
900 Front Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

C 06-07339 MJJ

-13-
ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST
(PRESENTLY KNOWN AS THE WILLIAM E. MOORE MARTAL TRUST) AND ITS TRUSTEE