MORGAN, LEWIS & BOCKIUS LLP
NICOLE A. DILLER (State Bar No. 154842)
LISA S. SEREBIN (State Bar No. 146312)
ANDREW C. SULLIVAN (State Bar. No. 226902)
One Market, Spear Street Tower
San Francisco, California 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for North Star Trust Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO AND OAKLAND DIVISION

THOMAS FERNANDEZ and LORA SMITH, individually and on behalf of a class of all other persons similarly situated,

Plaintiffs,

vs.

K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; ADMINISTRATOR OF THE ESTATE OF WILLIAM E. MOORE, DECEASED; CIG ESOP PLAN COMMITTEE; and NORTH STAR TRUST COMPANY,

Defendants.

Case No. C06-07339 MJJ

**NORTH STAR TRUST COMPANY'S ANSWER TO COMPLAINT**

Defendant North Star Trust Company ("North Star") Answers Plaintiffs' Complaint as follows:

1. The statements set forth in Paragraph 1 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation. North Star admits, however, that Plaintiffs purport to bring this action under ERISA Section 502, 29 U.S.C. § 1132, under which subject matter jurisdiction would be conferred pursuant to ERISA Section 502(e), 29 U.S.C. § 1132(e).

2. The statements set forth in Paragraph 2 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation. North Star does not, however, contest that this Court has subject matter jurisdiction over this matter.

3. The statements set forth in Paragraph 3 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation. North Star does not, however, contest that venue is proper in this district.

4. North Star denies each and every allegations set forth in Paragraph 4 of the Complaint, except admits that the K-M Industries Holding Co., Inc. Employee Stock Ownership Plan (the "KMH Plan") is administered in San Mateo County.

5. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 5 of the Complaint and, on that basis, denies each and every such allegation, except admits that Plaintiff Thomas Fernandez has been a participant, within the meaning of ERISA Section 3(7), 29 U.S.C. § 1002(7), in the KMH Plan since North Star became trustee of the KMH Plan on April 22, 2003.

6. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 6 of the Complaint and, on that basis, denies each and every such allegation, except admits that Plaintiff Lora Smith has been a participant, within the meaning of ERISA

Section 3(7), 29 U.S.C. § 1002(7), in the KMH Plan since North Star became trustee of the KMH Plan on April 22, 2003.

7. The statements set forth in Paragraph 7 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every allegation, except admits that KMH was the sponsor of the KMH Plan, within the meaning of ERISA Section 3(16)(B), 29 U.S.C. § 1002(16)(B), since North Star became trustee of the KMH Plan on April 22, 2003, admits that KMH was the administrator of the KMH Plan, within the meaning of ERISA Section 3(16)(A), 29 U.S.C. § 1002(16)(A), since North Star became trustee of the KMH Plan on April 22, 2003, and asserts that the terms of the KMH Plan speak for themselves.

8. Responding to Paragraph 8 of the Complaint, North Star asserts that the statements set forth in the first sentence thereof constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation. North Star admits that William E. Moore and Desiree B. Moore were, at one time, trustees of the William E. and Desiree B. Moore Revocable Trust (the "Trust"). Except as expressly admitted or otherwise answered, North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 8 and, on that basis, denies each and every such allegation.

9. Responding to Paragraph 9 of the Complaint, North Star lacks sufficient information to either admit or deny the allegations set forth in the first and fourth sentences thereof and, on that basis, denies each and every such allegation. The statements set forth in the second and third sentences of Paragraph 9 constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

10. Responding to Paragraph 10 of the Complaint, North Star lacks sufficient information to either admit or deny the allegations set forth in the first and fifth sentences thereof and, on that basis, denies each and every such allegation. North Start admits that Mr. Moore was,

at one time, a trustee of the Trust. The statements set forth in the second, third, and sixth sentences of Paragraph 10 constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation. Except as expressly answered or otherwise admitted, North Star denies each and every allegation set forth in Paragraph 10.

11. Responding to Paragraph 11 of the Complaint, the statements set forth in the first, second and third sentences thereof constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegations. North Star lacks sufficient information to either admit or deny the allegations set forth in the fourth and fifth sentences of Paragraph 11 and, on that basis, denies each and every such allegation, except admits that the California Capital Insurance Company Employee Stock Ownership Plan (the "CIG Plan") was merged into the KMH Plan on July 16, 1999, and that William Moore was at times a trustee and settlor of the Moore Trust.

12. Responding to Paragraph 12 of the Complaint, North Star admits that its principal place of business is Chicago, Illinois, and that it serves as the trustee of the KMH Plan. North Star asserts that the statements set forth in the third sentence of Paragraph 12 constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation. Except as expressly admitted or otherwise answered, North Star denies each and every allegation set forth in Paragraph 12.

13. The statements set forth in Paragraph 13 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. Further, said statements do not allege facts, but merely define terms, making an answer neither necessary nor appropriate. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

14. North Star denies each and every allegation set forth in Paragraph 14 of the

Complaint, except admits and alleges that Kelly-Moore Paint Company, Inc. ("Kelly-Moore Paint") and California Capital Insurance Company are wholly owned subsidiaries of K-M Industries Holding Co., Inc., that Kelly-Moore Paint is headquartered in San Carlos, California, and that California Capital Insurance Company is headquartered in Monterey, California.

15. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 15 of the Complaint and, on that basis, denies each and every such allegation, except admits that Kelly-Moore Paint has been named as a defendant in various lawsuits arising out of the manufacture of asbestos-containing joint compound, wall, and ceiling texture by Paco Textures Corporation, a former subsidiary of Kelly Moore Paint, which was dissolved in January 1982.

16. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 16 of the Complaint and, on that basis, denies each and every such allegation, except admits and alleges that Kelly-Moore Paint purchased California Mutual Insurance Company (now known as California Capital Insurance Company) in 1986.

17. North Star denies each and every allegation set forth in Paragraph 17 of the Complaint, except admits that in 1998 Kelly-Moore Paint changed its name to K-M Industries Holding Co., Inc; alleges that a new California company was incorporated and named Kelly-Moore Paint Company, Inc.; admits that Kelly-Moore Paint Company and California Capital Insurance Company are wholly owned subsidiaries of K-M Industries Holding Co., Inc.; and admits that the William E. and Desiree B. Moore Revocable Trust has been the majority shareholder in KMH since 1998.

18. North Star denies each and every allegation set forth in Paragraph 18 of the Complaint, except admits that Series P stock reflects the value of Kelly Moore Paint Company, Inc., and that Series I stock reflects the value of California Capital Insurance Company.

19. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 19 of the Complaint and, on that basis, denies each and every such allegation, except admits and alleges that KMH sued Union Carbide in Texas and that the publicly filed documents in that litigation speak for themselves.

20. North Star admits the allegations set forth in Paragraph 20 of the Complaint.

21. North Star admits the allegations set forth in Paragraph 21 of the Complaint.

22. North Star denies each and every allegation set forth in Paragraph 22, except admits that the CIG Plan was merged into the Kelly-Moore Paint Company, Inc. Employee Stock Ownership Plan (the "Paint Plan") effective July 16, 1999 and that the KMH Plan was administered in San Carlos, California, and alleges that the terms of the KMH Plan speak for themselves.

23. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 23 of the Complaint and, on that basis, denies each and every such allegation.

24. North Star denies each and every allegation set forth in Paragraph 24 of the Complaint, except admits and alleges that the Paint Plan purchased 33,745,455 shares of KMH Series P-B stock on October 13, 1998 for $232 million ($6.875 per share), that the Paint Plan borrowed $232 million pursuant to a promissory note dated October 13, 1998, the terms of which speak for themselves, and that the share price was determined based on a valuation report, the terms of which speak for themselves.

25. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 25 of the Complaint and, on that basis, denies each and every such allegation.

26. The statements set forth in Paragraph 26 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

27. North Star lacks sufficient information to either admit or deny said allegations set forth in Paragraph 27 of the Complaint and, on that basis, denies each and every such allegation.

28. North Star lacks sufficient information to either admit or deny said allegations set forth in Paragraph 28 of the Complaint and, on that basis, denies each and every such allegation.

29. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 29 of the Complaint and, on that basis, denies each and every such allegation.

30. North Star lacks sufficient information to either admit or deny the allegations set

forth in Paragraph 30 of the Complaint and, on that basis, denies each and every such allegation.

31. North Star denies each and every allegation set forth in Paragraph 31 of the Complaint, except admits and alleges that the CIG Plan purchased 8,400,000 shares of KMH Series I-B stock on October 18, 1999 for $55 million ($6.55 per share (rounded)), that the KMH Plan borrowed $55 million from KMH to finance the purchase, and that the share price was determined based on a valuation report, the terms of which speak for themselves.

32. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 32 of the Complaint and, on that basis, denies each and every allegation.

33. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 33 of the Complaint and, on that basis, denies each and every allegation.

34. North Star lacks sufficient information to either admit or deny said allegations set forth in Paragraph 34 of the Complaint and, on that basis, denies each and every such allegation.

35. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 35 of the Complaint and, on that basis, denies each and every such allegation.

36. North Star lacks sufficient information to either admit or deny said allegations set forth in Paragraph 36 of the Complaint and, on that basis, denies each and every such allegation.

37. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 37 of the Complaint and, on that basis, denies each and every such allegation.

38. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 38 of the Complaint and, on that basis, denies each and every such allegation.

39. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 39 of the Complaint and, on that basis, denies each and every such allegation.

40. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 40 of the Complaint and, on that basis, denies each and every such allegation.

41. North Star denies each and every allegation set forth in Paragraph 41 of the Complaint.

42. North Star denies each and every allegation set forth in Paragraph 42 of the Complaint, except admits and alleges that the KMH Plan did not provide Summary Annual

Reports of the KMH Plan to KMH Plan participants in Plan Years 2003 and 2004, and that the Department of Labor's investigation of the KMH Plan's failure to do so resulted in the issuance of a formal "no action" letter by the Department of Labor.

43. North Star denies each and every allegation set forth in Paragraph 43 of the Complaint.

44. North Star admits the allegations set forth in Paragraph 44 of the Complaint.

45. North Star asserts that the statements set forth in Paragraph 45 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

46. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 46 of the Complaint and, on that basis, denies each and every such allegation.

47. North Star denies each and every allegation set forth in Paragraph 47 of the Complaint.

48. North Star denies each and every allegation set forth in Paragraph 48 of the Complaint.

49. North Star denies each and every allegation set forth in Paragraph 49 of the Complaint.

50. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 50 of the Complaint and, on that basis, denies each and every such allegation.

51. The statements set forth in Paragraph 51 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation, except admits that Plaintiffs purport to bring this action on behalf of a class, and alleges that Plaintiffs' definition of the purported class speaks for itself.

52. The statements set forth in Paragraph 52 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each

and every such allegation, except lacks sufficient information to either admit or deny the allegations set forth in the third sentence of Paragraph 52 and, on that basis, denies each and every such allegation.

53. The statements set forth in Paragraph 53 of the Complaint, and each subparagraph thereof, constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

54. The statements set forth in Paragraph 54 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

55. North Star denies each and every allegation set forth in Paragraph 55 of the Complaint, except lacks sufficient information to either admit or deny the allegations set forth in the first sentence of Paragraph 55 thereof and, on that basis, denies each and every such allegation, except does not contest that Plaintiffs' counsel is qualified to handle this litigation.

56. The statements set forth in Paragraph 56 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

57. The statements set forth in Paragraph 57 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

58. The statements set forth in Paragraph 58 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements contain allegations of fact, North Star lacks sufficient information to either admit or deny such allegations and, on that basis, denies each and every such allegation.

59. By way of responding to Paragraph 59 of the Complaint, North Star incorporates

by reference herein its responses to Paragraphs 1 through 58 above, as though fully set forth herein.

60. The statements set forth in Paragraph 60 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

61. The statements set forth in Paragraph 61 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

62. The statements set forth in Paragraph 62 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

63. The statements set forth in Paragraph 63 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

64. North Star denies each and every allegation set forth in the second and fourth sentences of Paragraph 64 of the Complaint. The statements set forth in the first and third sentences of Paragraph 64 constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

65. The statements set forth in Paragraph 65 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

66. North Star denies each and every allegation set forth in Paragraph 66 of the

Complaint.

67. By way of responding to Paragraph 67 of the Complaint, North Star incorporates by reference herein its responses to Paragraphs 1 through 58 above, as though fully set forth herein.

68. The statements set forth in Paragraph 68 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

69. The statements set forth in Paragraph 69 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

70. The statements set forth in Paragraph 70 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

71. North Star denies each and every allegation set forth in the second, third, and fourth sentences of Paragraph 71 of the Complaint. The statements set forth in the first sentence of Paragraph 71 constitutes legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

72. North Star denies each and every allegation set forth in the second, third, and fourth sentences of Paragraph 72 of the Complaint. The statements set forth in the first sentence of Paragraph 72 constitutes legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

73. North Star denies each and every allegation set forth in Paragraph 73 of the Complaint.

74. The statements set forth in Paragraph 74 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

75. The statements set forth in Paragraph 75 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

76. The statements set forth in Paragraph 76 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

77. North Star denies each and every allegation set forth in Paragraph 77 of the Complaint.

78. North Star denies each and every allegation set forth in Paragraph 78 of the Complaint.

79. The statements set forth in Paragraph 79 of the Complaint constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer; to the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

80. The statements set forth in Plaintiffs' Prayer for Relief constitute claims for relief and legal contentions, rather than factual allegations, thereby requiring no answer; to the extent that any such statements could be construed to contain allegations of fact, North Star denies each and every such allegation. North Star further alleges that Plaintiffs are not entitled to any of the requested relief.

81. North Star denies each and every allegation set forth in the Complaint that is not specifically admitted herein above.

///

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the claims asserted in the Complaint, North Star alleges, on information and belief, as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each Claim for Relief set forth therein, fails to state facts sufficient to plead a claim upon which relief can be granted against North Star.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have sustained no cognizable losses relating to the Plans and therefore lack standing to bring this action.

## THIRD AFFIRMATIVE DEFENSE

The applicable statutes of limitations including, but not limited to, ERISA Section 413, 29 U.S.C. § 1113, bar each and every purported claim alleged by Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are individual in nature and therefore may not be asserted on behalf of the Plans under ERISA Sections 409 and 502(a)(2), 29 U.S.C. § 1109 and 1132(a)(2).

## FIFTH AFFIRMATIVE DEFENSE

No claim is stated upon which relief can be granted to the extent that Plaintiffs' Complaint seeks money damages or other legal relief under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3).

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damages, which North Star denies, these damages proximately resulted from the acts or omissions of persons or entities other than North Star.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their alleged damages, thereby precluding or reducing Plaintiffs' right of recovery, if any, from North Star.

## EIGHTH AFFIRMATIVE DEFENSE

North Star is protected from liability by Section 409(b) of ERISA, 29 U.S.C. § 1109(b), to the extent that the alleged fiduciary breaches in the Complaint occurred before or after it was a

fiduciary.

**NINTH AFFIRMATIVE DEFENSE**

The alleged fiduciary conduct described in the Complaint was performed, in whole or in part, by an independent entity for whose conduct North Star is not responsible and cannot be held liable.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's purported claim under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), fails to state a claim upon which relief can be granted because the relief sought thereby is duplicative of the relief sought under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2).

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim under ERISA Sections 502(a)(2) and (a)(3), 29 U.S.C. §§ 1132(a)(2) & (a)(3), to the extent North Star was not acting in a fiduciary capacity.

**TWELFTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted to the extent that Plaintiffs' purported claims amount to claims for benefits, since Plaintiffs have failed to exhaust their administrative remedies.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrines of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs fail to plead their allegations of fraud and concealment with the requisite particularity.

**FIFTEENTH AFFIRMATIVE DFEFENSE**

Because Plaintiffs' Complaint is vague, ambiguous, uncertain, and couched in conclusory terms, North Star cannot fully anticipate all defenses that may be applicable to this action. Accordingly, North Star reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

///

///

WHEREFORE, North Star respectfully requests that the Court dismiss the Complaint in its entirety, award North Star its costs and attorneys' fees incurred in defending this action, and award such other relief as it deems just and proper.

Dated: February 15, 2007

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Andrew C. Sullivan
Nicole A. Diller, Esq.
Lisa S. Serebin, Esq.
Andrew C. Sullivan, Esq.

Attorneys for North Star Trust Company

1-SF/7452356.4