Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
Henry I. Bornstein, Bar No. 75885
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528
*rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com*

Attorneys for Defendants K-M Industries
Holding Co. Inc.; K-M Industries Holding Co.
Inc. ESOP Plan Committee; and CIG ESOP
Plan Committee

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THOMAS FERNANDEZ and LORA SMITH, individually and on behalf of a class of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO. INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; ADMINISTRATOR OF THE ESTATE OF WILLIAM E. MOORE, DECEASED; CIG ESOP PLAN COMMITTEE; and NORTH STAR TRUST COMPANY, <br><br> Defendants. | Case No. C06-07339 MJJ <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

    Disclosure and discovery activity in this action are likely to involve

production of confidential, proprietary, or private information for which special

---

[Proposed]Stipulated Protective Order        -1-        Case No. C06-07339 MJJ

OF COUNSEL TO:
BARTKO, ZANKEL, TARRANT & MILLER P.C.

LOVITT & HANNAN, INC.
ATTORNEYS AT LAW
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
(415) 362-8769

OF COUNSEL TO:
BARTKO, ZANKEL, TARRANT & MILLER P.C.

LOVITT & HANNAN, INC.
ATTORNEYS AT LAW
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
(415) 362-8769

protection from public disclosure and from use for any purpose other than

prosecuting this litigation would be warranted. Accordingly, the parties hereby

stipulate to and petition the court to enter the following Stipulated Protective

Order. The parties acknowledge that this Order does not confer blanket

protections on all disclosures or responses to discovery and that the protection it

affords extends only to the limited information or items that are entitled under the

applicable legal principles to treatment as confidential. The parties further

acknowledge, as set forth in Section 10, below, this Stipulated Protective Order

creates no entitlement to file confidential information under seal; Civil Local Rule

79-5 sets forth the procedures that must be followed and reflects the standards that

will be applied when a party seeks permission from the court to file material under

seal.

## 2. DEFINITIONS

2.1 <u>Party</u>: any party to this action, including all of its officers,

directors,

employees, consultants, retained experts, and outside counsel (and their support

staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information,

regardless of the medium or manner generated, stored, or maintained (including,

among other things, testimony, transcripts, or tangible things) that are produced or

generated in disclosures or responses to discovery in this matter.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information

(regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R. Civ. P. 26(c).

2.4 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "CONFIDENTIAL" Information or Itemswhose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

2.11 <u>Counsel</u>: (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert:</u> a person with specialized knowledge or experience in

OF COUNSEL TO:
BARTKO, ZANKEL, TARRANT & MILLER P.C.

LOVITT & HANNAN, INC.
ATTORNEYS AT LAW
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
(415) 362-8769

OF COUNSEL TO:
BARTKO, ZANKEL, TARRANT & MILLER P.C.

LOVITT & HANNAN, INC.
ATTORNEYS AT LAW
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
(415) 362-8769

a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that reveal Protected Material.

4.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

OF COUNSEL TO:
BARTKO, ZANKEL, TARRANT & MILLER P.C.

LOVITT & HANNAN, INC.
ATTORNEYS AT LAW
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
(415) 362-8769

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions under the existing legal standards for impositions of sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

OF COUNSEL TO:
BARTKO, ZANKEL, TARRANT & MILLER P.C.

LOVITT & HANNAN, INC.
ATTORNEYS AT LAW
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
(415) 362-8769

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" clearly on each page that contains protected material. Only those pages that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be marked as such.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") clearly on each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the

testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY." When it is impractical to identify separately each

portion of testimony that is entitled to protection, and when it appears that

substantial portions of the testimony may qualify for protection, the Party or non-

party that sponsors, offers, or gives the testimony may invoke on the record (before

the deposition or proceeding is concluded) a right to have up to 30 days to identify

the specific portions of the testimony as to which protection is sought and to

specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the

testimony that are appropriately designated for protection within the 30 days shall

be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be

separately marked by the court reporter, who must affix to the top of each such

page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or

sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than

documentary, and for any other tangible items, that the Producing Party affix in a

prominent place on the exterior of the container or containers in which the

information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Only those portions that

contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" shall be marked as such.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances,

and, if no change in designation is offered, to explain the basis for the chosen

designation. A challenging Party may proceed to the next stage of the challenge

process only if it has engaged in this meet and confer process first.

      6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to

a confidentiality designation after considering the justification offered by the

Designating Party may file and serve a motion under Civil Local Rule 7 (and in

compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged

material and sets forth in detail the basis for the challenge. Each such motion must

be accompanied by a competent declaration that affirms that the movant has

complied with the meet and confer requirements imposed in the preceding

paragraph and that sets forth with specificity the justification for the confidentiality

designation that was given by the Designating Party in the meet and confer

dialogue. The burden of persuasion in any such challenge proceeding shall be on

the Designating Party. Until the court rules on the challenge, all parties shall

continue to afford the material in question the level of protection to which it is

entitled under the Producing Party's designation.


## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material

that is disclosed or produced by another Party or by a non-party in connection with

this case only for prosecuting, defending, or attempting to settle this litigation.

LOVITT & HANNAN, INC.
ATTORNEYS AT LAW
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
(415) 362-8769

OF COUNSEL TO:
BARTKO, ZANKEL, TARRANT & MILLER P.C.

Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)  the Receiving Party, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)  a person who is a putative class member or class member who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

OF COUNSEL TO:
BARTKO, ZANKEL, TARRANT & MILLER P.C.

LOVITT & HANNAN, INC.
ATTORNEYS AT LAW
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
(415) 362-8769

the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who (with the exception of witnesses employed by parties) have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Any witness who does not sign the "Agreement to Be Bound by Protective Order" (Exhibit A) shall be required to review any pages or exhibits marked as "CONFIDENTIAL" under the terms of this Stipulated Protective Order in the offices of the appropriate court reporter or in the offices of the disclosing party and such witness shall not be entitled to copies of pages or exhibits marked as "CONFIDENTIAL" under the terms of this Stipulated Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately marked as such by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately marked as such by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

OF COUNSEL TO:
BARTKO, ZANKEL, TARRANT & MILLER P.C.

LOVITT & HANNAN, INC.
ATTORNEYS AT LAW
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
(415) 362-8769

and

(i) the author of the document or the original source of the information.

Notwithstanding the above paragraph, a Receiving Party may disclose to any putative class member or class member the personnel file and payroll information that pertains to any such individual, regardless of whether the information or item is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed

the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who (with the exception of witnesses employed by parties) have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Any witness who does not sign the "Agreement to Be Bound by Protective Order" (Exhibit A) shall be required to review any pages or exhibits marked as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" under the terms of this Stipulated Protective Order in the offices of the appropriate court reporter or in the offices of the disclosing party and such witness shall not be entitled to copies of pages or exhibits marked as "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" under the terms of this Stipulated Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately marked as such by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f) in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately marked as such by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author of the document or the original source of the information.

OF COUNSEL TO:
BARTKO, ZANKEL, TARRANT & MILLER P.C.

LOVITT & HANNAN, INC.
ATTORNEYS AT LAW
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
(415) 362-8769

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

<u>PRODUCED IN OTHER LITIGATION.</u>

If a Receiving Party is served with a subpoena or an order issued in

other litigation that would compel disclosure of any information or items

designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY," the Receiving Party must so notify the

Designating Party, in writing (by fax or electronic mail, if possible) immediately

and in no event more than three court days after receiving the subpoena or order.

Such notification must include a copy of the subpoena or court order. '

The Receiving Party also must immediately inform in writing the

Party who caused the subpoena or order to issue in the other litigation that some or

all the material covered by the subpoena or order is the subject of this Protective

Order. In addition, the Receiving Party must deliver a copy of this Stipulated

Protective Order promptly to the Party in the other action that caused the subpoena

or order to issue.

The purpose of imposing these duties is to alert the interested

parties to the existence of this Protective Order and to afford the Designating Party

in this case an opportunity to try to protect its confidentiality interests in the court

from which the subpoena or order issued. The Designating Party shall bear the

burdens and the expenses of seeking protection in that court of its confidential

material – and nothing in these provisions should be construed as authorizing or

encouraging a Receiving Party in this action to disobey a lawful directive from

OF COUNSEL TO:
BARTKO, ZANKEL, TARRANT & MILLER P.C.

LOVITT & HANNAN, INC.
ATTORNEYS AT LAW
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
(415) 362-8769

another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>FILING PROTECTED MATERIAL.</u> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. <u>FINAL DISPOSITION.</u> Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must destroy or return to the Producing Party all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in

OF COUNSEL TO:
BARTKO, ZANKEL, TARRANT & MILLER P.C.

LOVITT & HANNAN, INC.
ATTORNEYS AT LAW
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
(415) 362-8769

writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not, other than as authorized below in the subsequent paragraph, retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding the provisions in the immediately preceding paragraph, Counsel are entitled to retain an archival copy of all documents and things produced in discovery, pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on

1    any ground to use in evidence of any of the material covered by this Protective

2    Order.

3    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

4    DATED: February 26, 2007          LOVITT & HANNAN, INC.

5

6

7    By: _____

8              Ronald Lovitt
     Attorneys for Defendants K-M Industries Holding

9    Co., Inc.; K-M Industries Holding Co., Inc. ESOP
     Plan Committee; and CIG ESOP Plan Committee

10   DATED: February ___, 2007         HENNIGAN, BENNETT & DORMAN LLP

11

12

13   By: _____

14            Robert L. Palmer
     Attorneys for Defendant William E. And Desiree

15   B. Moore Revocable Trust

16   DATED: February ___, 2007         MORGAN LEWIS

17

18

19   By: _____

20            Lisa Serebin
     Attorneys for Defendant North Star Trust

21   Company

22

23

24

25

26

27

28

[Proposed] Stipulated Protective Order      -17-        Case No. C06-07339 MJJ

any ground to use in evidence of any of the material covered by this Protective

Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  February ___, 2007          LOVITT & HANNAN, INC.


By: _____
                Ronald Lovitt
Attorneys for Defendants K-M Industries Holding
Co., Inc.; K-M Industries Holding Co., Inc. ESOP
Plan Committee; and CIG ESOP Plan Committee


DATED:  February 26, 2007          HENNIGAN, BENNETT & DORMAN LLP


By: _____Robert L. Palmer/dtd_____
                Robert L. Palmer
Attorneys for Defendant William E. And Desiree
B. Moore Revocable Trust


DATED:  February ___, 2007          MORGAN LEWIS


By: _____
                Lisa Serebin
Attorneys for Defendant North Star Trust
Company

OF COUNSEL TO:
BARTKO, ZANKEL, TARRANT & MILLER P.C.

LOVITT & HANNAN, INC.
ATTORNEYS AT LAW
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
(415) 362-8769

1   any ground to use in evidence of any of the material covered by this Protective

2   Order.

3   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

4   DATED: February ___, 2007          LOVITT & HANNAN, INC.

5

6

7                                      By: _____

8                                            Ronald Lovitt
                                       Attorneys for Defendants K-M Industries Holding
9                                      Co., Inc.; K-M Industries Holding Co., Inc. ESOP
                                       Plan Committee; and CIG ESOP Plan Committee

10  DATED: February ___, 2007

11                                     HENNIGAN, BENNETT & DORMAN LLP

12

13                                     By: _____

14                                           Robert L. Palmer
                                       Attorneys for Defendant William E. And Desiree
15                                     B. Moore Revocable Trust

16  DATED: February 25, 2007           MORGAN LEWIS

17

18

19  By:

20       ~~Lisa Screbin~~                  Nicole Diller

     Attorneys for Defendant North Star Trust
21   Company

22

23

24

25

26

27

28

[Proposed]Stipulated Protective Order    -17-    Case No. C06-07339 MJJ

DATED: February 22, 2007        LEWIS, FEINBERG, LEE, RENAKER &
                                JACKSON, P.C.


                                By: _Todd Jackson_____
                                        Todd Jackson
                                Attorneys for Plaintiffs Thomas Fernandez and
                                Lora Smith



## ORDER

**IT IS SO ORDERED.**


DATED:_____    _____

                                The Honorable Martin J. Jenkins
                                United States District Judge

---

[Proposed]Stipulated Protective Order    -18-        Case No. C06-07339 MJJ

**EXHIBIT A**

OF COUNSEL TO:
BARTKO, ZANKEL, TARRANT & MILLER P.C.

LOVITT & HANNAN, INC.
ATTORNEYS AT LAW
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
(415) 362-8769

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____[print or type full name], of_____

_____[print or type full address] declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California on

[date] in the case of *Fernandez et al., v. K-M Industries Holding Co., inc., et al., Case

No. C06-07339 MJJ.* I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and agree that the material covered by this Stipulated

Protective Order shall be used exclusively for the purposes of this litigation and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Northern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____[print or type full address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed name:_____

Signature:_____