HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett (SBN 105430)
Robert L. Palmer (SBN 181462)
DoHoang T. Duong (SBN 219127)
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234
Email: bennettb@hbdlawyers.com
       palmer@hbdlawyers.com
       duongd@hbdlawyers.com

Attorneys for Defendant William E. and Desiree B. Moore Revocable Trust and Trustees of William E. and Desiree B. Moore Revocable Trust

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ and LORA SMITH, individually and on behalf of a class of all other persons similar situated,<br><br>Plaintiffs,<br><br>vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; ADMINISTRATOR OF THE ESTATE OF WILLIAM E. MOORE, DECEASED; CIG ESOP PLAN COMMITTEE; and NORTH STAR TRUST COMPANY,<br><br>Defendants. | Case No. C 06-07339 MJJ<br><br>FIRST AMENDED ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST (PRESENTLY KNOWN AS THE WILLIAM E. MOORE MARITAL TRUST) AND ITS TRUSTEE |

C 06-07339 MJJ         FIRST AMENDED ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE
                       REVOCABLE TRUST AND ITS TRUSTEE

Defendants William E. And Desiree B. Moore Revocable Trust, presently known as the William E. Moore Marital Trust, and Desiree B. Moore, Trustee of said Trust (collectively, "Moore Trust") hereby answer the allegations contained in the Complaint (the "Complaint") filed on November 29, 2006, by plaintiffs Thomas Fernandez and Lora Smith (collectively, "Plaintiffs"), as follows:

**ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE**

1. The Moore Trust admits that Plaintiffs purport to bring this action pursuant to Title I of ERISA. The Moore Trust lacks sufficient information to form a belief as to the truth or falsity of the balance of Plaintiffs' allegations concerning their purpose or motivation in filing the complaint and therefore deny them. To the extent not specifically admitted, the Moore Trust denies the allegations of Paragraph 1.

2. The Moore Trust admits the allegations of Paragraph 2.

3. The Moore Trust admits that one or more of the Defendants may be found in this District, denies that any events or omissions occurred in this District or elsewhere that give rise to any valid claims (asserted in this action or otherwise) and, except as specifically admitted, denies the allegations of Paragraph 3.

**ANSWER TO ALLEGATIONS REGARDING INTRA-DISTRICT ASSIGNMENT**

4. The Moore Trust admits that "the employee benefit plan at issue is administered in San Carlos, California." Except as specifically admitted, the Moore Trust denies the allegations of Paragraph 4.

**ANSWER TO ALLEGATIONS REGARDING PARTIES**

5. The Moore Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies them.

6. The Moore Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies them.

7. The Moore Trust admits: KMH was the Sponsor of the KMH Plan; at some or all relevant times, KMH was the Administrator of the KMH Plan; under Section 18(2)(A) of the KMH Plan, the Board of Directors of KMH was responsible for appointing the members of the KMH Plan

Committee. Except as otherwise admitted, the Moore Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies them.

8.  Answering the allegations of the first sentence of Paragraph 8, the Moore Trust admits that the William E. Moore and Desiree B. Moore Revocable Trust was a "party in interest" (as defined in ERISA § 3(14)) of the KMH Plan at the time of its formation, but is otherwise without knowledge or information sufficient to form a belief as to the meaning or intent of the phrase "at all relevant times" and therefore, except as specifically admitted, denies the allegations of the first sentence of Paragraph 8. The Moore Trust admits the allegations of the second and third sentences of Paragraph 8.

9.  The Moore Trust admits: under the terms of the KMH Plan, KMH and the KMH Plan Committee were "named fiduciaries" with respect to, and limited to, certain aspects of the management and operation of the Plan, set forth in the Plan itself; and at some relevant times, William E. Moore was the sole member of the Plan Committee for the KMH Plan and was a trustee and settlor of the Moore Trust. Except as otherwise admitted, the Moore Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies them.

10. The Moore Trust admits: William E. Moore founded Kelly-Moore Paint Co.; he died on November 21, 2004; until the time of his death, Mr. Moore was Chairman of KMH; Mr. Moore was a trustee and one of the settlors of the Moore Trust; Mr. Moore was a "party in interest" at the time of the formation of the Plan; and Mr. Moore, as a member of the KMH Plan Committee, had and exercised such discretionary authority as was specifically described in the KMH Plan. Except as otherwise admitted, the Moore Trust denies the allegations in Paragraph 10.

11. The Moore Trust admits: at some times prior to the effective date of the KMH Plan, the CIG ESOP Plan Committee was Administrator of the CIG Plan; the CIG ESOP Plan Committee was a named fiduciary of the CIG Plan, with fiduciary duties relating and limited to those discretionary responsibilities specifically set forth in the CIG Plan; at some relevant times, Mr. Moore was the sole member of the CIG Plan Committee; Mr. Moore was a trustee and one of the settlors of the Moore Trust; and that the CIG Plan was merged into the KMH Plan on or about July

16, 1999. Except as otherwise admitted, the Moore Trust is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies them.

12. The Moore Trust admits: North Star was named Trustee of the KMH Plan at some point after Mr. Moore stepped down as Trustee; and as KMH Plan Trustee, North Star was a Plan fiduciary respecting and limited to those discretionary duties and functions specifically described in the KMH Plan and the Trustee Engagement Agreement dated April 22, 2003 between North Star and KMH. Answering further, the Moore Trust alleges that North Star became the KMH Plan Trustee in April 2003, more than a year prior to Mr. Moore's death. The Moore Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore denies them.

13. The Moore Trust admits the allegations of Paragraph 13. Answering further, the Moore Trust states that there is no "Estate of William E. Moore" and hence no "Administrator" of such an Estate.

## ANSWER TO ALLEGATIONS REGARDING FACTS

### Company History

14. The Moore Trust admits the allegations of Paragraph 14.

15. The Moore Trust admits the allegations of the first sentence of Paragraph 15 and admits that in the Union Carbide litigation KMH presented analysis suggesting that then-pending asbestos litigation represented a potential threat to KMH's future viability. Except as specifically admitted, the Moore Trust denies the allegations of Paragraph 15.

16. The Moore Trust admits that in 1985, Kelly-Moore Paint Co. purchased the outstanding shares of Calmutual Insurance Company, the predecessor to California Insurance Group. The Moore Trust lacks information sufficient to form a belief concerning the remaining allegations of Paragraph 16, and therefore denies them.

17. The Moore Trust denies the allegations of the first sentence and admits the allegations of the second sentence of Paragraph 17. With respect to the third sentence of Paragraph 17, the Moore Trust states as follows: the Moore Trust was the largest shareholder in KMH in 1998;

following the death of William E. Moore in November 2004, the William E. Moore and Desiree B. Moore Revocable Trust transferred one-half of its KMH shares to the newly established Desiree B. Moore Revocable Trust, which still owns them; the William E. Moore Revocable Trust was renamed as the William E. Moore Marital Trust; the William E. Moore Marital Trust still retains the balance of the KMH shares not transferred to the Desiree B. Moore Revocable Trust; Desiree B. Moore is the trustee of both trusts; taken together, these two trusts collectively comprise the largest shareholder in KMH. Except as specifically admitted, the Moore Trust denies the allegations of Paragraph 17.

18. The Moore Trust admits the allegations of Paragraph 18.

19. The Moore Trust admits that KMH sued Union Carbide in Texas on claims related to materials containing asbestos which Union Carbide had earlier supplied to Kelly-Moore Paint Co. The Moore Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies them.

### ESOP History

20. The Moore Trust admits the allegations of Paragraph 20.

21. The Moore Trust admits the allegations of Paragraph 21.

22. The Moore Trust admits the allegations of Paragraph 22.

### ESOP Transactions

23. The meaning of Plaintiffs' information-and-belief allegation in Paragraph 23 that "Mr. Moore acted on behalf of both the Moore Trust and the Plans in the transactions alleged herein" is uncertain and therefore the Moore Trust is without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation. Answering further, the Moore Trust states that, in connection with the establishment of the Paint, CIG and KMH Plans and to accomplish the sale of stock by the Moore Trust to the Paint Plan and to the KMH Plan, Mr. Moore authorized and executed various documents on behalf of one or more of the Plans as Plan Trustee and also authorized and executed various documents on behalf of the Moore Trust as its Trustee.

24. The Moore Trust admits the allegations of the first sentence of Paragraph 24 and the allegation in the second sentence of that paragraph that the Paint Plan borrowed approximately $232

million from KMH to fund the purchase of Series P stock. The Moore Trust is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24, and therefore denies the remainder of the allegations of that paragraph.

25. The Moore Trust denies the allegations of Paragraph 25.

26. The Moore Trust denies the allegations of Paragraph 26.

27. The Moore Trust denies the allegations of Paragraph 27.

28. The Moore Trust denies the allegations of Paragraph 28.

29. The Moore Trust denies the allegations of Paragraph 29.

30. The Moore Trust admits that the valuation report prepared in connection with the October 13, 1998 transaction does not contain any reference to a discount attributable to the fact that the stock purchased by the Paint Plan was tracking stock rather than ordinary common stock. Except as specifically admitted, the Moore Trust is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30 and therefore denies them.

31. The Moore Trust admits that in October 1999, the KMH ESOP purchased approximately 8,400,000 shares of KMH Class I-B stock for approximately $55 million and alleges that the price of such stock was established by an independent expert valuation of the California Capital Insurance Company. The Moore Trust further admits that KMH Plan borrowed more than $54 million from KMH to fund the purchase. Except as otherwise admitted, the Moore Trust denies the allegations of Paragraph 31.

32. The Moore Trust admits and alleges that an independent expert valuation of the KMH Class I-B stock concluded that it was worth $3.66 per share as of December 31, 1999 and that this value was approximately 56% of the appraised value of shares in connection with October 1999 transaction. Except as specifically admitted, the Moore Trust denies the allegations of Paragraph 32.

33. The Moore Trust denies the allegations of Paragraph 33.

34. The Moore Trust denies the allegations of Paragraph 34.

35. The Moore Trust denies the allegations of Paragraph 35.

36. The Moore Trust denies the allegations of Paragraph 36.

37. The Moore Trust denies the allegations of Paragraph 37.

38. The Moore Trust denies the allegations of Paragraph 38.

39. Answering Paragraph 39, the Moore Trust states that William E. Moore acted on behalf of the Moore Trust as one of its Trustees and on behalf of the Paint Plan as Plan Trustee and on behalf of the KMH Plan as Plan Trustee in authorizing and concluding the transactions in which the Moore Trust sold tracking stock to the Paint Plan and to the KMH Plan. Answering further, the Moore Trust alleges on information and belief that other persons, including professionals not otherwise employed by or associated with KMH, other Plan fiduciaries or the Moore Trust, also acted on behalf of or for the benefit of the Plans and the Moore Trust in connection with these transactions. Except as specifically alleged and/or admitted, the Moore Trust lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and therefore denies them.

40. The Moore Trust denies the allegations of Paragraph 40.

41. The Moore Trust denies the allegations of Paragraph 41.

42. The Moore Trust is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42, and therefore denies them.

43. The Moore Trust admits that the valuation reports for KMH Series I stock as of December 31, 2000 and December 31, 2001 do not specifically mention potential asbestos-related liability. The Moore Trust further admits that the expert valuation report assessing the value of KMH Series I stock as of December 31, 2002 does mention potential asbestos-related liability. Except as otherwise admitted, the Moore Trust denies the allegations of Paragraph 43.

44. On information and belief, the Moore Trust admits the allegations of Paragraph 44.

45. The Moore Trust admits that KMH stock is not and has not been readily tradable on an established market. The remaining allegations of this paragraph state legal conclusions, to which no response is required. If and to the extent an answer to the remaining allegations of Paragraph 45 is required, the Moore Trust incorporates the relevant provisions of the Internal Revenue Code.

46. The Moore Trust is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46, and therefore denies them.

47. The Moore Trust is without knowledge or information sufficient to form a belief as to

1. the truth or falsity of the allegations in Paragraph 47, and therefore denies them.

2. 48. The Moore Trust denies the allegations of Paragraph 48.

3. 49. The Moore Trust denies the allegations of Paragraph 49.

4. 50. The Moore Trust is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and therefore denies them.

### ANSWER TO CLASS ALLEGATIONS

51. The Moore Trust admits that Plaintiffs are seeking to bring suit on behalf of a class of persons who are currently or have been beneficiaries or participants in the KMH ESOP since October 13, 1998. Except as otherwise admitted, the Moore Trust specifically denies the allegations of Paragraph 51, including the allegation, express or implied, that Plaintiffs have satisfied the statutory and procedural requirements for class treatment under Fed. R. Civ. P. 23(a) and (b).

52. The Moore Trust lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 52, and therefore denies them.

53. The Moore Trust denies the allegations of Paragraph 53.

54. The Moore Trust denies the allegations of Paragraph 54.

55. The Moore Trust denies that Plaintiffs will fairly and adequately represent the interests of the Plaintiff Class. The Moore Trust is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55, and therefore denies them.

56. The Moore Trust denies the allegations of Paragraph 56.

57. The Moore Trust denies the allegations of Paragraph 57.

58. The Moore Trust is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58, and therefore denies them.

### ANSWER TO ALLEGATIONS REGARDING FIRST CLAIM FOR RELIEF

59. The Moore Trust incorporates the responses to the allegations of Paragraphs 1 through 58, inclusive, as if fully set forth herein.

60. The allegations of Paragraph 60 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust incorporates the relevant provisions

1 of ERISA § 404.

2   61.   The allegations of Paragraph 61 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust incorporates the relevant provisions of ERISA § 409.

   62.   The allegations of Paragraph 62 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust incorporates the relevant provisions of ERISA § 502.

   63.   The allegations of Paragraph 63 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust incorporates the relevant provisions of ERISA § 502.

   64.   The Moore Trust denies the allegations of Paragraph 64.

   65.   The allegations of Paragraph 65 state legal conclusions, to which no response is required. To the extent an answer is required, the Moore Trust denies the allegations of paragraph 65 insofar as they assert that any Defendant Fiduciary has acted or failed to act so as to incur "co-fiduciary" liability and incorporates the relevant provisions of ERISA § 404 and § 405.

   66.   The Moore Trust denies the allegations of Paragraph 66.

**ANSWER TO ALLEGATIONS REGARDING SECOND CLAIM FOR RELIEF**

   67.   The Moore Trust incorporates the responses to the allegations of Paragraphs 1 through 58, inclusive, as if fully set forth herein.

   68.   The allegations of Paragraph 68 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust incorporates the relevant provisions of ERISA § 406.

   69.   The allegations of Paragraph 69 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust incorporates the relevant provisions of ERISA § 406.

   70.   The allegations of Paragraph 70 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust incorporates the relevant provisions of ERISA § 408 and ERISA § 3(18)(B), their legislative history and attendant case law.

71. The Moore Trust denies the allegations of Paragraph 71.

72. The Moore Trust denies the allegations of Paragraph 72.

73. The Moore Trust denies the allegations of Paragraph 73.

74. The allegations of Paragraph 74 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust incorporates the relevant provisions of ERISA § 409.

75. The allegations of Paragraph 75 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust incorporates the relevant provisions of ERISA § 502.

76. The allegations of Paragraph 76 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust incorporates the relevant provisions of ERISA § 502.

77. The Moore Trust denies the allegations of Paragraph 77.

78. The Moore Trust denies the allegations of Paragraph 78.

79. The allegations of Paragraph 79 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust denies the allegations of Paragraph 79 insofar as they assert any Defendant Fiduciary has acted or failed to act so as to incur "co-fiduciary" liability and incorporates the relevant provisions of ERISA § 404 and § 405.

## ANSWER TO PRAYER FOR RELIEF

The Moore Trust denies that Plaintiffs are entitled to judgment or any of the relief requested in paragraphs A through I as to the First Claim for Relief and paragraphs A through K as to the Second Claim for Relief.

## SEPARATE AND ADDITIONAL DEFENSES

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

The Complaint, and each purported cause of action therein, fail to state a claim on which relief may be granted.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

The Complaint, and each alleged claim therein, is barred by the statute of limitations.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

Plaintiffs are estopped from obtaining the relief sought in the Complaint by their own acts, statements, conduct and omissions.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Plead With Particularity)

Plaintiffs fail to plead their allegations of fraud and concealment with the requisite particularity.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Reasonable Business Judgment)

All defendants exercised reasonable business judgment in connection with the transactions alleged in the Complaint.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Duty)

The Moore Trust owed no legal duty to Plaintiffs.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Causation)

No act or omission of the Moore Trust caused or contributed to Plaintiffs' alleged harm and damage, if any.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Mitigation of Damages)

Plaintiffs at all times at issue in the Complaint failed to take any or all actions reasonable or necessary under the circumstances to avoid or reduce their alleged damages, if any, and, to the

extent of such failure to mitigate, Plaintiffs' claims are barred.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Reservation of Rights)

The Moore Trust has insufficient knowledge or information upon which to form a belief as to whether it may have as yet unstated separate and additional defenses available. The Moore Trust thus reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories which may or will be disclosed through discovery, or through clarification or analysis of Plaintiffs' claims.

WHEREFORE, the Moore Trust prays for judgment, as follows:

1. That the Complaint be dismissed and/or that Plaintiffs take nothing by reason of their Complaint;

2. For costs of suit; and

3. For such other and further relief as this Court deems just and proper.

///

///

///

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- William E. Moore Marital Trust;
- Desiree B. Moore Revocable Trust;
- K-M Industries Holding Co., Inc. ESOP Plan;
- Participants in K-M Industries Holding Co., Inc. ESOP Plan;
- Desiree B. Moore;
- William Moore II;
- Christine McCall;
- Steven DeVoe;
- Peter Cazzolla;
- Kelly Moore Paint Company, Inc.;
- Capital Insurance Group.

DATED: March 7, 2007

HENNIGAN, BENNETT & DORMAN LLP

By: _____
Robert L. Palmer
Attorneys for Defendant William E. and Desiree B. Moore Revocable Trust and Trustees of William E. and Desiree B. Moore Revocable Trust

597928

-12-
C 06-07339 MJJ    FIRST AMENDED ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST (PRESENTLY KNOWN AS THE WILLIAM E. MOORE MARTAL TRUST) AND ITS TRUSTEE

## PROOF OF SERVICE

I declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 865 South Figueroa Street, Suite 2900, Los Angeles, California 90017. On March 7, 2007, I served the foregoing document described as **FIRST AMENDED ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST (PRESENTLY KNOWN AS THE WILLIAM E. MOORE MARITAL TRUST) AND ITS TRUSTEE** on the interested parties in this action follows:

☒ by transmitting via facsimile the documents listed above to the fax number set forth below on this date. This transmission was reported as complete without error by a transmission report issued by the facsimile machine upon which the said transmission was made immediately following the transmission.

☒ by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below

☐ by placing the document listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for Delivery.

### SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postal meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 7, 2007, at Los Angeles, California.

_____
Deborah L. Wilkinson

-13-
C 06-07339 MJJ    FIRST AMENDED ANSWER OF DEFENDANT WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST AND ITS TRUSTEE

**SERVICE LIST**

**VIA FACSIMILE & U.S. MAIL**
Daniel Feinberg
Todd F. Jackson
Margaret E. Hasselman
Lewis, Feinberg, Renaker & Jackson, P.C.
1330 Broadway, Suite 1800
Oakland, California 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839

**VIA FACSIMILE & U.S. MAIL**
Peter Rukin
Rukin Hyland & Doria LLP
100 Pine Street, Suite 725
San Francisco, California
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

**VIA FACSIMILE & U.S. MAIL**
Nicole A. Diller
Lisa S. Serebin
Andrew C. Sullivan
Morgan, Lewis & Bockius LLP
One Market Street
Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

**VIA FACSIMILE & U.S. MAIL**
Ronald Lovitt
Lovitt & Hannan, Inc.
900 Front Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528

**VIA FEDERAL EXPRESS**
Judge Martin J. Jenkins – CHAMBER'S COPY
USDC – Northern District
450 Golden Gate Avenue
19th Floor, Courtroom 11
San Francisco, CA 94102