Daniel Feinberg – CA State Bar No. 135983
Todd F. Jackson – CA State Bar No. 202598
Margaret E. Hasselman – CA State Bar No. 228529
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA  94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: dfeinberg@lewisfeinberg.com
Email: tjackson@lewisfeinberg.com
Email: mhasselman@lewisfeinberg.com

Peter Rukin – CA State Bar No. 178336
RUKIN HYLAND, DORIA & TINDALL LLP
100 Pine Street, Suite 725
San Francisco, CA
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
Email: peterrukin@rhddlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

*Defense Counsel listed in signature block*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> K-M INDUSTRIES HOLDING CO., INC., *et al.*, <br><br> Defendants | Case No. C-06-07339 MJJ <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

**The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.**

**DESCRIPTION OF THE CASE**

**1. A brief description of the events underlying the action:**

Named Plaintiffs Thomas Fernandez and Lora Smith are participants in the K-M Industries Holding Co. Employee Stock Ownership Plan ("KMH ESOP"). The KMH ESOP is offered to employees of Capital Insurance Group and Kelly Moore Paint, both of which are wholly owned subsidiaries of KMH. This case arises from the sale of KMH Class B, Series P shares (paint company "tracking" stock) and KMH Class B, Series I shares (insurance company "tracking" stock) to the KMH ESOP or predecessors of the KMH ESOP.[1] Plaintiffs allege that a predecessor to the KMH ESOP overpaid in connection with a purchase of KMH paint company tracking stock in October 1998 for approximately $232 million, and that the KMH ESOP or a predecessor overpaid in connection with a separate purchase of KMH insurance company tracking stock in October 1999 for approximately $55 million. Defendants contend that the ESOPs paid no more than adequate consideration in each transaction. In both transactions, the relevant ESOP purchased the stock from Defendant William E. and Desiree B. Moore Revocable Trust ("Moore Trust"), which was the sole owner of the KMH companies. William Moore, the founder of K-M Paint and Trustee of the Moore Trust, authorized the transactions on behalf of the Moore Trust. Mr. Moore also served as the Trustee of the KMH ESOP and its predecessor ESOPs in connection with the transactions. Defendants contend that he also reviewed the fairness of the proposed transactions on the ESOPs' behalf.

Plaintiffs allege that these two purchases constituted prohibited transactions because the transactions were between the ESOP and a "party in interest" within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14), and the ESOP paid more than "adequate consideration" within the

---

[1] Specifically, prior to 1998, Kelly-Moore Paint Co. ("K-M Paint") owned a paint company and a company later renamed Capital Insurance Group ("CIG"). K-M Industries Holding Co. ("KMH") was formed in 1998 and owns K-M Paint and CIG. The Named Plaintiffs are both former employees of CIG and were not employed by K-M Paint. In 1998, CIG established the CIG Employee Stock Ownership Plan ("CIG ESOP") and K-M Paint established the Kelly-Moore Paint Company Plan ("Paint ESOP"). In 1999, these two plans merged and were renamed the K-M Industries Holding Co., Inc. Plan ("KMH ESOP"). In 1998, the Paint ESOP purchased KMH paint company tracking stock, and in 1999, either the CIG ESOP or the KMH ESOP purchased KMH insurance company tracking stock.

meaning of ERISA § 408, 29 U.S.C. § 1108.  Plaintiffs allege that the prices paid for the stock were too high because the valuations on which the transactions were based failed to account for significant asbestos liability being faced by KMH, as well as for other reasons set forth in the complaint.  Plaintiffs also allege that the fiduciaries of the ESOPs breached their fiduciary duties to ensure that the ESOPs paid no more than adequate consideration by failing to investigate the qualifications of any valuation expert hired to value the company's stock, failing to provide all necessary information to any valuation expert, and by failing to ensure that reliance on the valuation was reasonable.

Defendants assert that, while ERISA § 406(a) prohibits enumerated transactions between a plan and a party in interest, ERISA § 408(e) provides that ERISA § 406's prohibitions "shall not apply to the acquisition or sale by a plan of qualifying employer securities" where such transaction is for adequate consideration.  Defendants contend that the transactions at issue in the complaint fall within this exemption.  Defendants assert that, in each transaction, the valuation of the stock was determined on an arms' length basis by a qualified and independent valuation expert with access to all relevant facts material to the valuation.  Defendants further maintain that the Plans' fiduciary independently reviewed and analyzed the propriety of each valuation on behalf of the predecessors to the KMH ESOP prior to entering the transactions at issue.  Finally, Defendants state that the ESOPs purchased the tracking stocks at fair market value, and therefore paid no more than adequate consideration for the securities.

Plaintiffs also allege that the ESOP's fiduciaries did not take appropriate steps to remedy the overpayment in any subsequent years.  Defendants deny that any overpayments were made and contend that the ESOP's fiduciaries properly discharged their fiduciary duties with regard to the disputed transactions.  Defendants assert that, given the propriety of the transactions, no duty to correct ever arose.

Finally, Plaintiffs allege that in Plan Years 2003 and 2004, the fiduciaries of the KMH ESOP breached their fiduciary duties by failing to obtain a valuation of the Series I and Series P KMH tracking stock held by the KMH ESOP, and by failing timely to file IRS Form 5500s and

provide Summary Annual Reports as required by law. Defendants contend that the KMH ESOP fiduciaries acted prudently by not setting a value for the tracking stocks in Plan Years 2003 and 2004, during which time events beyond the fiduciaries' control would have rendered any valuation unreliable. Defendants assert that, due to those circumstances, proper and appropriate extensions of time to file the Form 5500s were obtained. Defendants further assert that the delay in the filing of the completed Form 5500s did not result in any injury to plaintiffs, the ESOP or other ESOP participants, but instead properly ensured against the potential dissemination of inaccurate information. According to Defendants, suspending valuation of the tracking stocks also prevented the ESOP from providing distributions to participants at other than fair market value, and ensured against the release of shares from the ESOP's suspense account based on improperly valued transactions. Defendants further assert that ERISA affords Plaintiffs no substantive remedy for the late filing of Form 5500s.

**2. The principal factual issues which the parties dispute:**

    a.    Whether the price paid by the ESOPs for KMH paint tracking stock and KMH insurance tracking stock purchased from the Moore Trust in 1998 and 1999 constituted adequate consideration. This may be a mixed question of fact and law.

    b.    What steps the Plans' fiduciaries took and/or failed to take to ensure that the Plans paid no more than fair market value in the 1998 and 1999 transactions.

    c.    Whether the Plans' fiduciaries should have taken any remedial action following the transactions and, if so, if such action was taken.

    d.    When plaintiffs had actual knowledge of facts which form the basis of their allegations of breach of fiduciary duty.

    e.    When various acts alleged to constitute breaches of fiduciary duty occurred.

    f.    Whether the defendants intentionally concealed facts relevant to plaintiffs'

claims from the plaintiffs.

    g.    Whether the Plans suffered any loss attributable to the alleged acts of the defendants.

**3. The principal legal issues which the parties dispute:**

    a.    Whether the 1998 and 1999 transactions in which the ESOPs purchased KMH paint tracking stock and KMH insurance tracking stock were prohibited transactions within the meaning of ERISA § 406, 29 U.S.C. § 1106, and/or whether they fell within an exemption to the prohibited transaction rules within the meaning of ERISA § 408, 29 U.S.C. § 1108.

    b.    Whether the fiduciaries of the KMH ESOP and its predecessor ESOPs breached their fiduciary duties to the ESOPs in connection with the 1998 and 1999 transactions purchasing the KMH paint tracking stock and KMH insurance tracking stock.

    c.    Whether the fiduciaries of the ESOP breached their fiduciary duties to the ESOPs by failing to cure the ESOP's alleged overpayments for the KMH tracking stocks.

    d.    Whether the fiduciaries of the KMH ESOP breached their fiduciary duties to the KMH ESOP in 2004 and early 2005 in connection with the delayed valuations of the tracking stocks held by the KMH ESOP and by delayed filings of IRS Forms 5500s for plan years 2003-2004 and, if so, whether any remedy exists for the alleged violations.

    e.    Whether Plaintiffs' claims are barred by the statute of limitations.

    f.    The measure of loss, if any, to the ESOP as a result of the alleged breaches and prohibited transactions described in the Complaint.

    g.    Whether Plaintiffs will fairly and adequately protect the interests of the class, whether Plaintiffs' claims present questions of law or fact common to the class Plaintiffs seek to represent, and whether the claims and

      defenses of the Plaintiffs are typical of the claims and defenses of the putative class.

  h. Whether Plaintiffs have standing to represent a class of all KMH ESOP participants and beneficiaries, including those who are participants by virtue of employment or past employment with Kelly-Moore Paint..

  i. Whether Plaintiffs predominantly seek injunctive or declaratory relief with respect to the putative class.

**4. The other factual issues** *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* **which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

None at this time.

**5. The parties which have not been served and the reasons:**

Plaintiffs have not served the Administrator of the Estate of William E. Moore. Defendants represent that no such Estate exists, and upon proof, Plaintiffs will take appropriate steps to dismiss the Estate as a party.

**6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

Plaintiffs may seek to add additional defendants, including the Desiree B. Moore Revocable Trust, Desiree Moore, and any individuals who receive money from any trust which holds profits from the sale of stock to the KMH ESOP who are believed to hold assets received as a result of the transactions alleged in the Complaint. The parties are in the process of meeting and conferring on the appropriateness, necessity and procedures applicable to an effort to join such additional parties. Plaintiffs will make reasonable efforts to join any such parties by May 31, 2007.

**7. The following parties consent to assignment of this case to a United States Magistrate Judge for** *[court or jury]* **trial:**

The parties do not consent to assignment to a United States Magistrate Judge for trial.

## ALTERNATIVE DISPUTE RESOLUTION

**8.** *[Please indicate the appropriate response(s).]*

- ❏ **The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by** *(date)*_____.

- ✓ **The parties have filed a Stipulation and Proposed Order Selecting an ADR process** *(specify process)*:___*Private Mediation*_____.

- ❏ **The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for** _____.

- ❏ **The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is** _____.

**9. Please indicate any other information regarding ADR process or deadline.**

The parties propose a deadline to complete private mediation of December 31, 2007, but may seek an extension if it appears that the litigation is not yet developed enough to make mediation likely to succeed.

## DISCLOSURES

**10. The parties certify that they have made the following disclosures** *[list disclosures of persons, documents, damage computations and insurance agreements]***:**

All parties have exchanged initial disclosures and warrant that they will supplement those disclosures on an ongoing basis as required by Fed. R. Civ. P. 26(a)(1). In particular, Plaintiffs will serve supplemental initial disclosures on March 12, 2007, and Defendants KMH, KMH ESOP Committee, and CIG Plan ESOP Committee will serve supplemental initial disclosures before the Case Management Conference on March 20, 2007. Defendant North Star Trust Company served its initial disclosures on February 27, 2007, which were withdrawn and replaced by amended initial disclosures on March 8, 2007. The parties are in the process of meeting and conferring regarding this amendment of North Star's initial disclosures.

## DISCOVERY

**11.  The parties agree to the following discovery plan** *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

The parties have agreed on some aspects of a discovery plan and litigation schedule, but have differences on other aspects, as set forth below.

A.  The parties have agreed that fact discovery is to be completed by August 31, 2007.

B.  Plaintiffs' position on the rest of the discovery schedule and motion schedule:

 1.  If discovery proceeds as projected, Plaintiffs intend to file their class certification motion by July 2007.  In any event, Plaintiffs' motion for class certification must be filed no later than Tuesday, September 18, 2007, 18 days after the close of fact discovery.

 2.  Defendants' motion for summary judgment on the issue of the statute of limitations must be filed by Tuesday, September 18, 2007, 18 days after the close of fact discovery.

 3.  Experts to be disclosed and reports exchanged no later than 60 days after the court issues its rulings on both Plaintiffs' motion for class certification and Defendants' motion for summary judgment on the issue of the statute of limitations motion.

 4.  Rebuttal expert reports, if any, exchanged 30 days after exchange of initial reports.

 5.  All expert discovery, including depositions, completed 30 days after the deadline for exchange of rebuttal reports.

 6.  Cross motions for summary judgment on the merits within 30 days of the close of expert discovery.

C.  Defendants' position on the rest of the discovery schedule and motion schedule:

 1.  Plaintiffs will move for class certification as soon as practicable and in any event no later than August 31, 2007.

 2.  Defendants anticipate moving for a summary judgment on the issue of the

statute of limitations prior to the exchange of expert reports.

3. Experts to be disclosed and reports exchanged by October 31, 2007.

4. Rebuttal expert reports, if any, exchanged by December 14, 2007.

5. All expert discovery, including depositions, completed by February 1, 2008.

6. Cross motions for summary judgment on the merits will be filed after the close of discovery and no later than April 8, 2008.

D. In addition, depending on the outcome of the ongoing initial disclosures in this case as well as responses to written discovery, all parties reserve the right to make a motion to compel responses or production of documents by some or all other parties.

E. Changes to discovery rules:

Plaintiffs seek to expand the limits in the Federal Rules of Civil Procedure to allow Plaintiffs to take up to 20 depositions. Plaintiffs also seek to extend the depositions of witnesses produced pursuant to Fed. R. Civ. P. 30(b)(6) beyond (7) hours. Defendants contend that the discovery limitations imposed by the Federal Rules of Civil Procedure should apply to this case. Plaintiffs will assess their need for additional depositions and additional time for 30(b)(6) depositions on an ongoing basis as discovery proceeds in this case, and may move for permission to take additional depositions or to extend certain 30(b)(6) witness examinations beyond seven (7) hours.

**TRIAL SCHEDULE**

**12. The parties request a trial date as follows:**

The parties request that the Court hold a pre-trial conference, if necessary, 30 days after issuance of its decision on motions for summary judgment on the merits, and that it set a firm trial date at that time.

**13. The parties expect that the trial will last for the following number of days:**

Fifteen court days.

Dated: March 13, 2007                Respectfully submitted,

                                                      LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.

By:    /s/   Margaret E. Hasselman
      Margaret E. Hasselman
      *Attorneys for Plaintiffs*
      *and the Proposed Class*

Dated: March 13, 2007                LOVITT & HANNAN, Inc.

By:    /s/ Henry I. Bornstein
      Henry I. Bornstein
      *Attorneys for Defendants K-M Industries Holding Co. Inc.; K-M Industries Holding Co. Inc. Plan ESOP Committee; and CIG Plan ESOP Committee*

Dated: March 13, 2007                HENNIGAN, BENNETT & DORMAN LLP

By:    /s/ DoHoang T. Duong
      DoHoang T. Duong
      *Attorneys for Defendants William E. and Desiree B. Moore Revocable Trust and Trustees of William E. and Desiree B. Moore Revocable Trust*

Dated: March 13, 2007                MORGAN, LEWIS & BOCKIUS LLP

By:    /s/ Nicole A. Diller
      Nicole A. Diller
      *Attorneys for Defendant North Star Trust Company*

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

[The Court may wish to make additional orders, such as:
a. Referral of the parties to court or private ADR process;
b. Schedule a further Case Management Conference;
c. Schedule the time and content of supplemental disclosures;
d. Specially set motions;
e. Impose limitations on disclosure or discovery;
f. Set time for disclosure of identity, background and opinions of experts;
g. Set deadlines for completing fact and expert discovery;
h. Set time for parties to meet and confer regarding pretrial submissions;
I. Set deadline for hearing motions directed to the merits of the case;
j. Set deadline for submission of pretrial material;
k. Set date and time for pretrial conference;
l. Set a date and time for trial.]

Dated: _____         _____
                              **UNITED STATES DISTRICT JUDGE**