HENNIGAN, BENNETT & DORMAN LLP
Robert L. Palmer, Cal. Bar No. 181462
Lauren A. Smith, Cal. Bar No. 94343
DoHoang T. Duong, Cal. Bar No. 219127
Paul B. Derby, Cal. Bar No. 211352
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Fax: (213) 694-1234
Email:   Palmer@hbdlawyers.com
         SmithL@hbdlawyers.com
         DuongD@hbdlawyers.com
         DerbyP@hbdlawyers.com

Attorneys for Defendants William E. and Desiree B. Moore Revocable Trust, Desiree B. Moore Revocable Trust, William E. Moore Marital Trust, William E. Moore Generation-Skipping Trust, and Desiree Moore

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ and LORA SMITH, individually and on behalf of a class of all other persons similar situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>K-M INDUSTRIES HOLDING CO. INC.; K-M INDUSTRIES HOLDING CO., INC.; ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST'S SUCCESSOR TRUSTS NAMED ABOVE,<br><br>        Defendants. | Case No. C 06-07339 MJJ<br><br>ANSWER TO FIRST AMENDED COMPLAINT |

Defendants William E. And Desiree B. Moore Revocable Trust (the "Moore Trust"), presently known as the William E. Moore Marital Trust, Desiree B. Moore Revocable Trust, William E. Moore Generation Skipping Trust, and Desiree Moore, in her individual capacity and in her capacity as Trustee of said Trusts (collectively, the "Moore Trust Defendants") hereby answer the allegations contained in the First Amended Complaint (the "FAC") filed on June 5, 2007, by plaintiffs Thomas Fernandez and Lora Smith (collectively, "Plaintiffs"), as follows:

**ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE**

1. The Moore Trust Defendants admit that Plaintiffs purport to bring this action pursuant to Title I of ERISA. The Moore Trust Defendants lack sufficient information to form a belief as to the truth or falsity of the balance of Plaintiffs' allegations concerning their purpose or motivation in filing the complaint and therefore deny them. To the extent not specifically admitted, the Moore Trust Defendants deny the allegations of Paragraph 1.

2. The Moore Trust Defendants admit the allegations of Paragraph 2.

3. The Moore Trust Defendants admit that one or more of the Defendants may be found in this District, deny that any events or omissions occurred in this District or elsewhere that give rise to any valid claims (asserted in this action or otherwise) and, except as specifically admitted, deny the allegations of Paragraph 3.

**ANSWER TO ALLEGATIONS REGARDING INTRA-DISTRICT ASSIGNMENT**

4. The Moore Trust Defendants admit that "the employee benefit plan at issue is administered in San Carlos, California." Except as specifically admitted, the Moore Trust Defendants deny the allegations of Paragraph 4.

**ANSWER TO ALLEGATIONS REGARDING PARTIES**

5. The Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore deny them.

6. The Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore deny them.

7. The Moore Trust Defendants admit: KMH was the Sponsor of the KMH Plan; at some or all relevant times, KMH was the Administrator of the KMH Plan; and under Section

18(2)(A) of the KMH Plan, the Board of Directors of KMH was responsible for appointing the members of the KMH Plan Committee. Except as otherwise admitted, the Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore deny them.

8. Answering the allegations of the first sentence of Paragraph 8, the Moore Trust Defendants admit that the William E. Moore and Desiree B. Moore Revocable Trust was a "party in interest" (as defined in ERISA § 3(14)) of the KMH Plan at the time of its formation. The Moore Trust Defendants are otherwise without knowledge or information sufficient to form a belief as to the meaning or intent of the phase "at all relevant times" and therefore, except as specifically admitted, deny the allegations of the first sentence of Paragraph 8. The Moore Trust Defendants admit the allegations of the second and third sentences of Paragraph 8.

9. The Moore Trust Defendants admit: the William E. Moore Marital Trust, the Desiree B. Moore Revocable Trust, and the William E. Moore Generation Skipping Trust are successors in interest to the William E. Moore and Desiree B. Moore Revocable Trust and are collectively referred to in the Complaint as the "Successor Trusts"; that some of Successor Trusts received assets purchased with proceeds of the sales of KMH Series I and Series P tracking stock to the ESOP; Defendant Desiree Moore is the trustee and beneficiary of the William E. Moore Marital Trust and the Desiree B. Moore Revocable Trust; Defendant Desiree Moore is presently entitled to receive payments from the William E. Moore Marital Trust and the Desiree B. Moore Revocable Trust; Defendant Desiree Moore is the Trustee of the William E. Moore Generation Skipping Trust; and that the Successor Trusts may be found in San Mateo County, California. Except as otherwise admitted, the Moore Trust Defendants deny the allegations in Paragraph 9.

10. The Moore Trust Defendants admit: under the terms of the KMH Plan, KMH and the KMH Plan Committee were "named fiduciaries" with respect to, and limited to, certain aspects of the management and operation of the Plan, as set forth in the Plan itself; at some relevant times, William E. Moore was the sole member of the Plan Committee for the KMH Plan; and William E. Moore was a trustee and settlor of the Moore Trust. Except as otherwise admitted, the Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 10, and therefore deny them.

11.     The Moore Trust Defendants admit:  William E. Moore founded Kelly-Moore Paint Co.; he died on November 21, 2004; until the time of his death, Mr. Moore was Chairman of KMH; Mr. Moore was a trustee and one of the settlors of the Moore Trust; Mr. Moore was a "party in interest" at the time of the formation of the Plan; and Mr. Moore, as a member of the KMH Plan Committee, had and exercised such discretionary authority as was specifically described in the KMH Plan.  Except as otherwise admitted, the Moore Trust Defendants deny the allegations in Paragraph 11.

12.     The Moore Trust Defendants admit:  at some times prior to the effective date of the KMH Plan, the CIG ESOP Plan Committee was Administrator of the CIG Plan; the CIG ESOP Plan Committee was a named fiduciary of the CIG Plan, with fiduciary duties relating and limited to those discretionary responsibilities specifically set forth in the CIG Plan; at some relevant times, Mr. Moore was the sole member of the CIG Plan Committee; Mr. Moore was a trustee and one of the settlors of the Moore Trust; and that the CIG Plan was merged into the KMH Plan on or about July 16, 1999.  Except as otherwise admitted, the Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore deny them.

13.     The Moore Trust Defendants admit:  North Star was named Trustee of the KMH Plan in April 2003 and has served in that capacity since April 22, 2003; and as KMH Plan Trustee, North Star was a Plan fiduciary respecting and limited to those discretionary duties and functions specifically described in the KMH Plan and the Trustee Engagement Agreement dated April 22, 2003 between North Star and KMH.  The Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and therefore deny them.

14.     Answering the allegations of the first sentence of Paragraph 14, the Moore Trust Defendants admit that Desiree B. Moore was a "party in interest" (as defined in ERISA § 3(14)) of the KMH Plan at the time of its formation.  The Moore Trust Defendants are otherwise without knowledge or information sufficient to form a belief as to the meaning or intent of the phase "at all

relevant times" and therefore, except as specifically admitted, deny the allegations of the first sentence of Paragraph 14.  Answering the allegations of the second sentence of Paragraph 14, the Moore Trust Defendants admit that Desiree B. Moore is a trustee of all the Successor Trusts and the beneficiary of the William E. Moore Marital Trust and the Desiree B. Moore Revocable Trust. Answering the allegations of the third sentence of Paragraph 14, the Moore Trust Defendants admit that under the terms of the KMH Plan, Desiree B. Moore was a "named fiduciary" with respect to, and limited to, certain aspects of the management and operation of the Plan, set forth in the Plan itself.  Except as otherwise admitted, the Moore Trust Defendants deny the allegations in Paragraph 14.

15.   The Moore Trust Defendants admit the allegations of Paragraph 15.

## ANSWER TO ALLEGATIONS REGARDING FACTS

### Company History

16.   The Moore Trust Defendants admit the allegations of Paragraph 16.

17.   The Moore Trust Defendants admit the allegations of the first sentence of Paragraph 17 and admit that in the Union Carbide litigation KMH presented analysis suggesting that then-pending asbestos litigation represented a potential threat to KMH's future viability.  Except as specifically admitted, the Moore Trust Defendants lack knowledge and information sufficient to form a belief concerning the allegations of Paragraph 17, and therefore deny them.

18.   The Moore Trust Defendants admit that in 1985, Kelly-Moore Paint Co. purchased the outstanding shares of Calmutual Insurance Company, the predecessor to California Insurance Group.  The Moore Trust Defendants lack information sufficient to form a belief concerning the remaining allegations of Paragraph 18, and therefore deny them.

19.   The Moore Trust Defendants deny the allegations of the first sentence of paragraph 19. The Moore Trust Defendants admit the allegations of the second sentence of Paragraph 19. With respect to the third sentence of Paragraph 19, the Moore Trust Defendants admit as follows: the Moore Trust was the largest shareholder in KMH in 1998; following the death of William E. Moore in November 2004, the William E. Moore and Desiree B. Moore Revocable Trust transferred one-half of its KMH shares to the newly established Desiree B. Moore Revocable Trust, which still

owns them; the William E. Moore Revocable Trust was renamed the William E. Moore Marital Trust; the William E. Moore Marital Trust still retains the balance of the KMH shares not transferred to the Desiree B. Moore Revocable Trust; Desiree B. Moore is the trustee of both trusts. Except as specifically admitted, the Moore Trust Defendants deny the allegations of Paragraph 19.

20. The Moore Trust Defendants admit the allegations of Paragraph 20.

21. The Moore Trust Defendants admit that KMH sued Union Carbide in Texas on claims related to materials containing asbestos which Union Carbide had earlier supplied to Kelly-Moore Paint Co. The Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore deny them.

**ESOP History**

22. The Moore Trust Defendants admit the allegations of Paragraph 22.

23. The Moore Trust Defendants admit the allegations of Paragraph 23.

24. The Moore Trust Defendants admit the allegations of Paragraph 24.

**ESOP Transactions**

25. The meaning of Plaintiffs' information-and-belief allegation in Paragraph 25 that "Mr. Moore acted on behalf of both the Moore Trust and the Plans in the transactions alleged herein" is uncertain and therefore the Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation. Answering further, the Moore Trust Defendants state that, in connection with the establishment of the Paint, CIG and KMH Plans, and to accomplish the sale of stock by the Moore Trust to the Paint Plan and to the KMH Plan, Mr. Moore authorized and executed various documents on behalf of the Plans as Plan Trustee and also authorized and executed various documents on behalf of the Moore Trust as its Trustee.

26. The Moore Trust Defendants admit the allegations of the first sentence of Paragraph 26, and admit the allegation in the second sentence of Paragraph 26 that the Paint Plan borrowed approximately $232 million from KMH to fund the purchase of Series P stock. The Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26, and therefore deny the remainder of the allegations of that

1 paragraph.

2     27.    The Moore Trust Defendants deny the allegations of Paragraph 27.

3     28.    The Moore Trust Defendants deny the allegations of Paragraph 28.

4     29.    The Moore Trust Defendants deny the allegations of Paragraph 29.

5     30.    The Moore Trust Defendants deny the allegations of Paragraph 30.

6     31.    The Moore Trust Defendants deny the allegations of Paragraph 31.

7     32.    The Moore Trust Defendants admit that the valuation report prepared in connection with the October 13, 1998 transaction does not contain any reference to a discount attributable to the fact that the stock purchased by the Paint Plan was tracking stock rather than ordinary common stock. Except as specifically admitted, the Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and therefore deny them.

13     33.    The Moore Trust Defendants admit that in October 1999, the KMH ESOP purchased approximately 8,400,000 shares of KMH Class I-B stock for approximately $55 million, and allege that the price of such stock was established by an independent expert valuation of the California Capital Insurance Company. The Moore Trust Defendants further admit that the KMH ESOP borrowed more than $54 million from KMH to fund the purchase. Except as otherwise admitted, the Moore Trust Defendants deny the allegations of Paragraph 33.

19     34.    The Moore Trust Defendants admit and allege that an independent expert valuation of the KMH Class I-B stock concluded that it was worth $3.66 per share as of December 31, 1999 and that this value was approximately 56% of the appraised value of shares in connection with October 1999 transaction. Except as otherwise admitted, the Moore Trust Defendants deny the allegations of Paragraph 34.

24     35.    The Moore Trust Defendants deny the allegations of Paragraph 35.

25     36.    The Moore Trust Defendants deny the allegations of Paragraph 36.

26     37.    The Moore Trust Defendants deny the allegations of Paragraph 37.

27     38.    The Moore Trust Defendants deny the allegations of Paragraph 38.

28     39.    The Moore Trust Defendants deny the allegations of Paragraph 39.

40. The Moore Trust Defendants deny the allegations of Paragraph 40.

41. Answering Paragraph 41, the Moore Trust Defendants state that William E. Moore acted on behalf of the Moore Trust as one of its Trustees, on behalf of the Paint Plan as its sole Plan Trustee, and on behalf of the KMH Plan as its sole Plan Trustee in authorizing and concluding the transactions in which the Moore Trust sold tracking stock to the Paint Plan and to the KMH Plan. Answering further, the Moore Trust Defendants allege on information and belief that other persons, including professionals not otherwise employed by or associated with KMH, other Plan fiduciaries, or the Moore Trust, also acted on behalf of or for the benefit of the Plans and the Moore Trust in connection with these transactions. Except as specifically alleged and/or admitted, the Moore Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and therefore deny them.

42. The Moore Trust Defendants deny the allegations of Paragraph 42.

43. The Moore Trust Defendants deny the allegations of Paragraph 43.

44. The Moore Trust Defendants are informed and believe that, at the direction of defendant Northstar, newly retained as successor Plan Trustee, the valuations for Plan Years 2003 and 2004, the Form 5500s for those years, and the Summary Annual Reports for those years were deferred. Except as specifically admitted, the Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore deny them.

45. The Moore Trust Defendants admit that the valuation reports for KMH Series I stock as of December 31, 2000 and December 31, 2001 do not specifically mention potential asbestos-related liability. The Moore Trust Defendants further admit that the expert valuation report assessing the value of KMH Series I stock as of December 31, 2002 does mention potential asbestos-related liability. Except as otherwise admitted, the Moore Trust Defendants deny the allegations of Paragraph 45.

46. On information and belief, the Moore Trust Defendants admit the allegations of Paragraph 46.

47. The Moore Trust Defendants admit that KMH stock is not and has not been readily tradable on an established market. The remaining allegations of Paragraph 47 state legal conclusions, to which no response is required. If and to the extent an answer to the remaining allegations of Paragraph 47 is required, the Moore Trust Defendants incorporate the relevant provisions of the Internal Revenue Code.

48. The Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore deny them.

49. The Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore deny them.

50. The Moore Trust Defendants denies the allegations of Paragraph 50.

51. The Moore Trust Defendants denies the allegations of Paragraph 51.

52. The Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore deny them.

**ANSWER TO CLASS ALLEGATIONS**

53. The Moore Trust Defendants admit that Plaintiffs are seeking to bring suit on behalf of a class of persons who are currently or have been beneficiaries or participants in the KMH ESOP since October 13, 1998. Except as otherwise admitted, the Moore Trust Defendants specifically deny the allegations of Paragraph 53, including the allegation, express or implied, that Plaintiffs have satisfied the statutory and procedural requirements for class treatment under Fed. R. Civ. P. 23(a) and (b).

54. The Moore Trust Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and therefore deny them.

55. The Moore Trust Defendants deny the allegations of Paragraph 55.

56. The Moore Trust Defendants deny the allegations of Paragraph 56.

57. The Moore Trust Defendants deny that Plaintiffs will fairly and adequately represent the interests of the Plaintiff Class. The Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57, and therefore deny them.

58. The Moore Trust Defendants deny the allegations of Paragraph 58.

59. The Moore Trust Defendants deny the allegations of Paragraph 59.

60. The Moore Trust Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and therefore deny them.

**ANSWER TO ALLEGATIONS REGARDING FIRST CLAIM FOR RELIEF**

61. The Moore Trust Defendants incorporate their answers to the allegations of Paragraphs 1 through 60, inclusive, as if fully set forth herein.

62. The allegations of Paragraph 62 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust Defendants incorporate the relevant provisions of ERISA § 404.

63. The allegations of Paragraph 63 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust Defendants incorporate the relevant provisions of ERISA § 409.

64. The allegations of Paragraph 64 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust Defendants incorporate the relevant provisions of ERISA § 502.

65. The allegations of Paragraph 65 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust Defendants incorporate the relevant provisions of ERISA § 502.

66. The Moore Trust Defendants deny the allegations of Paragraph 66.

67. The allegations of Paragraph 67 state legal conclusions, to which no response is required. To the extent an answer is required, the Moore Trust Defendants deny the allegations of paragraph 67 insofar as they assert any Defendant Fiduciary has acted or failed to act so as to incur "co-fiduciary" liability, and incorporate the relevant provisions of ERISA § 404 and § 405.

68. The Moore Trust Defendants deny the allegations of Paragraph 68.

**ANSWER TO ALLEGATIONS REGARDING SECOND CLAIM FOR RELIEF**

69. The Moore Trust Defendants incorporate their answers to the allegations of Paragraphs 1 through 60, inclusive, as if fully set forth herein.

1  70. The allegations of Paragraph 70 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust Defendants incorporate the relevant provisions of ERISA § 406.

71. The allegations of Paragraph 71 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust Defendants incorporate the relevant provisions of ERISA § 406.

72. The allegations of Paragraph 72 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust Defendants incorporate the relevant provisions of ERISA § 408 and ERISA § 3(18)(B), their legislative history and attendant case law.

73. The Moore Trust Defendants deny the allegations of Paragraph 73.

74. The Moore Trust Defendants deny the allegations of Paragraph 74.

75. The Moore Trust Defendants deny the allegations of Paragraph 75.

76. The allegations of Paragraph 76 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust Defendants incorporate the relevant provisions of ERISA § 409.

77. The allegations of Paragraph 77 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust Defendants incorporate the relevant provisions of ERISA § 502.

78. The allegations of Paragraph 78 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust Defendants incorporate the relevant provisions of ERISA § 502.

79. The Moore Trust Defendants deny the allegations of Paragraph 79.

80. The Moore Trust Defendants deny the allegations of Paragraph 80.

81. The allegations of Paragraph 81 state legal conclusions, to which no response is required. To the extent a response is required, the Moore Trust Defendants deny the allegations of Paragraph 81 insofar as they assert any Defendant Fiduciary has acted or failed to act so as to incur "co-fiduciary" liability, and incorporate the relevant provisions of ERISA § 404 and § 405.

**ANSWER TO PRAYER FOR RELIEF**

The Moore Trust Defendants deny that Plaintiffs are entitled to judgment or any of the relief requested in paragraphs A through I as to the First Claim for Relief and paragraphs A through K as to the Second Claim for Relief.

**SEPARATE AND ADDITIONAL DEFENSES**

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to State a Claim)**

The Complaint, and each purported cause of action therein, fails to state a claim on which relief may be granted.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Statute of Limitations)**

The Complaint, and each alleged claim therein, is barred by the statute of limitations.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(Estoppel)**

Plaintiffs are estopped from obtaining the relief sought in the Complaint by their own acts, statements, conduct and omissions.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to Plead With Particularity)**

Plaintiffs fail to plead their allegations of fraud and concealment with the requisite particularity.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Reasonable Business Judgment)**

All defendants exercised reasonable business judgment in connection with the transactions alleged in the Complaint.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(Lack of Causation)**

No act or omission of the Moore Trust Defendants caused or contributed to Plaintiffs' alleged harm and damage, if any.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Mitigation of Damages)**

Plaintiffs at all times at issue in the Complaint failed to take any or all actions reasonable or necessary under the circumstances to avoid or reduce their alleged damages, if any, and, to the extent of such failure to mitigate, Plaintiffs' claims are barred.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

**(Reservation of Rights)**

The Moore Trust Defendants have insufficient knowledge or information upon which to form a belief as to whether it may have as yet unstated separate and additional defenses available. The Moore Trust Defendants thus reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories which may or will be disclosed through discovery, or through clarification or analysis of Plaintiffs' claims.

WHEREFORE, the Moore Trust Defendants pray for judgment, as follows:

1. That the Complaint be dismissed and/or that Plaintiffs take nothing by reason of their Complaint;

2. For costs of suit; and

3. For such other and further relief as this Court deems just and proper.

DATED: July 16, 2007                    HENNIGAN, BENNETT & DORMAN LLP


By _____/s/_____
       Robert L. Palmer

Attorneys for Defendants William E. and Desiree B. Moore Revocable Trust, Desiree B. Moore Revocable Trust, William E. Moore Marital Trust, William E. Moore Generation Skipping Trust, and Desiree Moore