Daniel Feinberg–CA Bar No. 135983
Todd F. Jackson–CA Bar No. 202598
Margaret E. Hasselman–CA Bar No. 228529
Nina Wasow–CA Bar No. 202047
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, California 94612
Telephone: (510) 839-6824
Facsimile:  (510) 839-7839
Email:  dfeinberg@lewisfeinberg.com
Email:  tjackson@lewisfeinberg.com
Email:  mhasselman@lewisfeinberg.com
Email:  nwasow@lewisfeinberg.com

*Attorneys for Plaintiffs and the Proposed Class*
(Additional counsel on signature page)

Ronald Lovitt, CA Bar No. 040921
J. Thomas Hannan, CA Bar No. 039140
Henry I. Bornstein, CA Bar No. 75885
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528
Facsimile: (415) 362-7528
Email: hib@lh-sf.com

*Attorneys for Defendants K-M Industries
Holding Co., Inc.; K-M Industries Holding
Co. ESOP Plan Committee; and CIG ESOP
Plan Committee*
(Additional counsel on signature page)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ and LORA SMITH, individually and on behalf of a class of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUSTS SUCCESSOR TRUSTS NAMED ABOVE,<br><br>Defendants. | Case No. C-06-07339 MJJ<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:          August 28, 2007<br>Time:          2:00 p.m.<br>Courtroom:    11 |

1   Pursuant to the Court's scheduling order dated June 22, 2007, the parties jointly submit this

2   Case Management Statement.

3   **I.    Status of Litigation.**

4   The parties have been pursuing discovery in the weeks since the Court entered the last

5   scheduling order.  The parties have met and conferred regarding document production by all three

6   sets of Defendants and have resolved many discovery issues.  Depositions of witnesses by

7   Plaintiffs were originally scheduled for late July and August.

8   However, Defendants have encountered difficulties that were unanticipated at the time of

9   the June 22, 2007 scheduling order, and the previously scheduled depositions have been

10  postponed.  Although the KM Defendants (K-M Industries Holding Co., Inc., K-M Industries

11  Holding Co., Inc. ESOP Plan Committee and CIG ESOP Plan Committee) have been working to

12  respond to Plaintiffs' discovery requests, the KM Defendants have not yet been able to complete

13  their production of documents in hard copy form, and have not yet produced any electronically

14  stored information (ESI) in response to Plaintiffs' requests for production of documents.

15  Defendant North Star Trust Co. also has not completed hard copy production or produced

16  any ESI.  North Star Trust Co.'s hard copy production had been delayed by the KM Defendants'

17  request to review a large portion of North Star's documents prior to production, pursuant to a Joint

18  Defense Agreement in another action.  The Joint Defense Agreement covers certain documents in

19  North Star's possession as to which the KM Defendants have stated that they may wish to assert

20  privilege, work product or confidentiality protection.  Subject to the Court's approval, the parties

21  have agreed, however, that North Star Trust Co. will produce such documents but North Star

22  Trust Co. or the KM Defendants may later assert such privileges or protections to the extent

23  otherwise permissible by law.  Once that agreement is executed and approved by the Court, North

24  Star Trust Co. will produce its hard copy documents in short order.

25  The Moore Trust Defendants (all defendants other than North Star and the KM

26  Defendants) have asserted that their production is complete.  Plaintiffs and the Moore Trust

27  Defendants are in the process of meeting and conferring on certain aspects of the Moore Trust

28  Defendants' production, but no additional large volume of production is expected.

JOINT CASE MANAGEMENT STATEMENT
C-06-07339 MJJ

With respect to the production of the hard copy documents, Plaintiffs and the K-M Defendants have met and conferred concerning the K-M Defendants' objections that Plaintiffs' document requests are overbroad. While Plaintiffs and the K-M Defendants have not been able to completely resolve their differences, they have agreed upon categories of hard copy documents that will be produced by the K-M Defendants, and the K-M Defendants are in the final stages of producing these documents. The production of these hard copy documents has been delayed in part because although these documents are technically in the possession, custody and control of the K-M Defendants, they are in reality in the possession of other law firms that have formerly represented the K-M Defendants. Coordinating discovery with these other law firms has significantly slowed the process of collecting, reviewing and producing these documents.

Most of the delay that has occurred in producing documents by the K-M Defendants has related to the challenges presented by the production of ESI. The KM Defendants are in the process of harvesting data from which their production of ESI will occur, and the parties have met and conferred concerning the scope of the production. However, the KM Defendants currently do not know how large the volume of production will be. Plaintiffs and Defendants have been meeting and conferring regarding an agreement about the protocol to be used to provide an efficient and cost-effective method of winnowing the relevant documents from the vast number of irrelevant documents.

Plaintiffs have been reviewing documents as they are produced by all Defendants, and have been meeting and conferring on an ongoing basis with each set of Defendants regarding their production of documents. Not all issues are resolved, but the parties have made steady progress with resolving discovery disputes without court intervention.[1] The volume of documents produced in this litigation is high (more than 80,000 pages thus far), however, and

---

[1] The KM Defendants have agreed to produce many documents that they listed on their privilege logs pursuant to a stipulation that has been submitted to the Court for approval limiting the scope of any waiver created by that production. They have further agreed to update their privilege logs for those documents that they are withholding pursuant to the attorney-client privilege, providing more information on their position on those documents. Once Plaintiffs have that information, Plaintiffs will very likely move to compel the production of certain documents on that log. Plaintiffs will bring this motion as soon as possible, i.e., as soon as the parties' positions on the privilege status of all documents have been determined.

JOINT CASE MANAGEMENT STATEMENT
C-06-07339 MJJ

review and discussion with opposing counsel has been time-consuming.

In addition to the large number of hard copy documents that have been and will be produced, the KM Defendants and North Star anticipate that an even larger number of electronic documents may be responsive.

All parties agree that for the sake of efficiency, Plaintiffs should not take depositions until after Plaintiffs have had an opportunity to review all documents and ESI produced in response to their document requests.  If Plaintiffs take depositions without access to all responsive documents and ESI, witnesses may need to be deposed more than once, increasing the inconvenience and expense for all involved.  Due to the still-incomplete production and the fact that the volume of ESI to be produced by the KM Defendants and North Star is still unknown, therefore, the parties agree that Plaintiffs should have several weeks to review all documents produced by Defendants before starting depositions.

For all these reasons, the current litigation schedule has become unworkable due to the unanticipated difficulties with production of documents and the resulting lack of complete information flowing to Plaintiffs.  Therefore, the parties jointly request a modification of the current scheduling order to accommodate the need to complete discovery before the Court hears motions, including the planned motion for class certification and motion for summary judgment on statute of limitations grounds.

Therefore, the parties request that the Court adopt the following proposed schedule.

**II.    Proposed Schedule.**

In light of the issues outlined in the prior section, the parties jointly propose the following schedule to govern the remainder of this litigation:

| | |
|---|---|
| 1.  Deadline for production of ESI and hard copy documents by North Star Trust Co. | October 31, 2007 |
| 2.  Deadline for production of ESI and hard copy documents by all other Defendants | December 31, 2007 |
| 3.  Case Management Conference to inform the Court whether Defendants have met the deadlines for production of ESI and hard copy documents. | January 8, 2008 |

JOINT CASE MANAGEMENT STATEMENT
C-06-07339 MJJ

| 4. Last day to hear motions to compel regarding written discovery responses and production of documents | April 29, 2008 |
|---|---|
| 5. Close of fact discovery | July 28, 2008 |
| 6. Deadline for hearings on motions for class certification and for summary judgment on statute of limitations grounds | September 30, 2008 |
| 7. Disclosure of identity of experts and exchange of expert reports | December 19, 2008 |
| 8. Deadline for rebuttal expert reports | January 16, 2009 |
| 9. Close of expert discovery (depositions) | February 16, 2009 |
| 10. Deadline for hearing on dispositive motions | April 21, 2009 |
| 11. Pretrial Conference | According to the Court's availability |
| 12. Trial date | According to the Court's availability |

Dated: ___August 21, 2007_____

Respectfully submitted,

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.

By:    ___/s/_____
Margaret E. Hasselman

Peter Rukin–CA State Bar No. 178336
RUKIN HYLAND DORIA
& TINDALL LLP

*Attorneys for Plaintiffs*
*and the Proposed Class*

Dated: ___August 21, 2007_____

LOVITT & HANNAN, INC.

By:    ___/s/_____
Henry Bornstein
*Attorneys for Defendant K-M Industries*
*Holding Co., Inc.; K-M Industries Holding*
*Co., Inc. ESOP Plan Committee; and CIG*
*ESOP Plan Committee*

/ / /

/ / /

/ / /

JOINT CASE MANAGEMENT STATEMENT
C-06-07339 MJJ

1  Dated:  ___August 21, 2007___               HENNIGAN, BENNETT & DORMAN LLP

2
                                         By:      ___/s/_____
3                                                 Robert L. Palmer
                                                  *Attorneys for Defendant William E. and*
4                                                 *Desiree B. Moore Revocable Trust; Desiree*
                                                  *B. Moore Revocable Trust; William E.*
5                                                 *Moore Marital Trust; William E. and*
                                                  *Desiree B. Moore Revocable Trust*
6                                                 *Generation-Skipping Trust; and Desiree*
                                                  *Moore*
7

8  Dated:  ___August 21, 2007___               MORGAN, LEWIS & BOCKIUS LLP

9
                                         By:      ___/s/_____
10                                                Nicole Diller
                                                  *Attorneys for Defendant North Star Trust*
11                                                *Company*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 5 -