Daniel Feinberg – CA Bar No. 135983
Todd F. Jackson – CA Bar No. 202598
Margaret E. Hasselman – CA Bar No. 228529
Nina Wasow – CA Bar No. 202047
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, California 94612
Telephone: (510) 839-6824
Facsimile:  (510) 839-7839
Email:  dfeinberg@lewisfeinberg.com
Email:  tjackson@lewisfeinberg.com
Email:  mhasselman@lewisfeinberg.com
Email:  nwasow@lewisfeinberg.com

*Attorneys for Plaintiffs and the Proposed Class*
(Additional counsel on signature page)

Ronald Lovitt, CA Bar No. 040921
J. Thomas Hannan, CA Bar No. 039140
Henry I. Bornstein, CA Bar No. 75885
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528
Facsimile: (415) 362-7528
Email: hib@lh-sf.com

*Attorneys for Defendants K-M Industries Holding Co., Inc.; K-M Industries Holding Co. ESOP Plan Committee; and CIG ESOP Plan Committee*
(Additional counsel on signature page)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ and LORA SMITH, individually and on behalf of a class of all other persons similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST'S SUCCESSOR TRUSTS NAMED ABOVE,<br><br>        Defendants. | Case No. C-06-07339 MJJ<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING JOINT DEFENSE AGREEMENT** |

1  WHEREAS, Defendants desire to produce responsive, non-privileged documents and
2  electronically stored information ("ESI") to Plaintiffs pursuant to Plaintiffs' Fed. R. Civ. Pro.
3  Rule 34 Requests for Production of Documents and/or in supplementation of Defendants' initial
4  disclosures;

5  WHEREAS, Defendants North Star Trust Company and K-M Industries Holding Co.,
6  Inc., in addition to others, entered into a Joint Defense Agreement (the "JDA") on December 3,
7  2004, which gives them the right to share certain privileged and confidential documents with one
8  another without waiving such privilege or confidentiality;

9  WHEREAS, Defendant K-M Industries Holding Co. intends for the purpose of exercising
10 its right under the JDA to review the documents and ESI produced by North Star Trust Company
11 to determine if Defendant K-M Industries Holding Co. wishes to assert that the produced
12 documents or ESI are subject to the attorney-client privilege, the attorney work product doctrine
13 or other privilege, immunity or protection;

14 WHEREAS, Plaintiffs and Defendants desire to make discovery in this litigation efficient
15 and cost-effective, and desire to minimize the cost and delays that may be caused by the need for
16 the parties to the JDA to review all responsive documents and ESI produced by another
17 Defendant before they are produced to Plaintiffs in order to: (1) prevent the waiver of any
18 appropriate claim that certain of these documents or ESI are subject to the attorney-client
19 privilege, attorney work product doctrine, or any other privilege, protection or immunity that may
20 exist with respect to such documents or ESI; and (2) comply with the terms of the Stipulated
21 Protective Order signed by the parties in this case concerning the designation of documents or
22 ESI containing confidential information;

23 WHEREAS, Plaintiffs and Defendants desire to prevent any production of documents or
24 ESI from effecting an unintentional waiver of the attorney-client privilege, work product doctrine,
25 or any other privilege, protection or immunity that may exist with respect to such documents or
26 ESI, and desire that the necessity to designate produced documents as Confidential or Highly
27 Confidential under the Stipulated Protective Order not cause unnecessary expense or delay;
28 Accordingly IT IS HEREBY AGREED AND STIPULATED by the parties through their

counsel of record, and it is respectfully requested that the Court order that:

1. North Star Trust Company may produce documents and ESI to Plaintiffs without first giving any other Defendant the opportunity to review such documents and ESI for privilege or for confidentiality under the Stipulated Protective Order;

2. The fact that North Star Trust Company produces these documents and ESI will not be deemed a waiver of the attorney-client privilege, joint defense privilege, attorney work-product doctrine, or any other privilege, protection or immunity that may exist with respect to such documents or ESI, or with respect to any other documents or ESI concerning the same subject matter as is contained in the produced documents or ESI;

3. North Star Trust Company shall simultaneously serve any documents or ESI produced to Plaintiffs on Defendant K-M Industries Holding Co.

4. If, after production of documents and ESI, either North Star Trust Company or K-M Industries Holding Co., Inc., timely informs Plaintiffs that it contends that documents or ESI produced by North Star Trust Company are subject to the attorney-client privilege, attorney work-product protection, or any other privilege, protection or immunity, Plaintiffs will promptly return, sequester or destroy such documents or ESI and any copies it possesses of such documents or ESI, without further examination of it, and may not introduce such documents or ESI into evidence, or otherwise use them in any manner unless it is determined by agreement of the parties or by order of the Court that such documents are not privileged or otherwise protected from discovery.  If Plaintiffs have disclosed such documents or ESI to others prior to being informed of the claim of privilege, Plaintiffs will take reasonable steps to retrieve such documents or ESI.

5. Plaintiffs agree to hold all documents and ESI that were produced to Plaintiffs pursuant to this Stipulation without first giving other Defendants the opportunity to review such documents as "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" according to the terms of the Stipulated Protective Order signed by the parties until 30 calendar days after such documents and ESI were received by K-M Industries Holding Co., Inc.

6. Within 30 calendar days after receipt of documents and ESI that were produced to Plaintiffs pursuant to this Stipulation, K-M Industries Holding Co., Inc. agrees to review such

documents and to designate any documents they intend to be protected by the Stipulated Protective Order. Plaintiffs' obligation under Paragraph 4 to hold all documents received from North Star Trust Company as "HIGHLY CONFIDENTIAL" will expire upon 30 calendar days or upon K-M Industries Holding Co., Inc.'s review and designation, whichever occurs sooner. When K-M Industries Holding Co., Inc. has completed its review and designation under this paragraph, only those documents designated by K-M Industries Holding Co., Inc. to be protected by the Stipulated Protective Order will covered by the terms of the Stipulated Protective Order.

7. By entering into this Stipulation, no party waives any rights that they would otherwise have had to challenge the withholding of any documents or ESI by any other party pursuant to a claim of privilege, and all parties retain their rights to challenge any such claim of privilege, including a claim made with respect to any documents or ESI produced pursuant to this Stipulation.

8. Nothing in this Stipulation shall affect any party's right to challenge, under the terms of the Stipulated Protective Order, the designation of any document as "Confidential" or "Highly Confidential."

Dated:   August 30, 2007

Respectfully submitted,

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.

By:   /s/
Margaret E. Hasselman

Peter Rukin – CA State Bar No. 178336
RUKIN HYLAND DORIA
& TINDALL LLP
100 Pine Street, Suite 725
San Francisco, CA
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
Email: peterrukin@rhddlaw.com

*Attorneys for Plaintiffs
and the Proposed Class*

| | |
|---|---|
| Dated: August _30, 2007 | LOVITT & HANNAN, INC. |
| | By: ___/s/_____<br>Henry Bornstein<br>*Attorneys for Defendant K-M Industries Holding Co., Inc.; K-M Industries Holding Co., Inc. ESOP Plan Committee; and CIG ESOP Plan Committee* |
| Dated: August 30, 2007 | HENNIGAN, BENNETT & DORMAN LLP |
| | By: ___/s/_____<br>Robert L. Palmer<br>*Attorneys for Defendant William E. and Desiree B. Moore Revocable Trust; Desiree B. Moore Revocable Trust; William E. Moore Marital Trust; William E. and Desiree B. Moore Revocable Trust Generation-Skipping Trust; and Desiree Moore* |
| Dated: August 30, 2007 | MORGAN, LEWIS & BOCKIUS LLP |
| | By: ___/s/_____<br>Nicole Diller<br>*Attorneys for Defendant North Star Trust Company* |

IT IS SO ORDERED.

Dated: _____    _____

Hon. Martin J. Jenkins
United States District Judge