1 | Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
2 | Henry I. Bornstein, Bar No. 75885
LOVITT & HANNAN, INC.
3 | 900 Front Street, Suite 300
San Francisco, California 94111
4 | Telephone: (415) 362-8769
Facsimile: (415) 362-7528
5 | *rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com*

6 | Attorneys for Defendants K-M Industries
Holding Co. Inc.; K-M Industries Holding Co.
7 | Inc. ESOP Plan Committee; and CIG ESOP
Plan Committee

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 | **SAN FRANCISCO DIVISION**

11 | THOMAS FERNANDEZ and LORA   ) Case No. C06-07339 MJJ
SMITH, individually and on behalf of a class )
12 | of all others similarly situated,   ) **[PROPOSED] AMENDED**
) **REVISED STIPULATED**
13 |                       Plaintiffs,   ) **PROTECTIVE ORDER**
v.   )
14 |   )
K-M INDUSTRIES HOLDING CO., INC.;   )
15 | K-M INDUSTRIES HOLDING CO. INC.   )
ESOP PLAN COMMITTEE; WILLIAM E.   )
16 | AND DESIREE B. MOORE REVOCABLE   )
TRUST; ADMINISTRATOR OF THE   )
17 | ESTATE OF WILLIAM E. MOORE,   )
DECEASED; CIG ESOP PLAN   )
18 | COMMITTEE; NORTH STAR TRUST   )
COMPANY; DESIREE B. MOORE   )
19 | REVOCABLE TRUST; WILLIAM E.   )
MOORE MARITAL TRUST;  WILLIAM E.   )
20 | MOORE GENERATION-SKIPPING   )
TRUST; and DESIREE B. MOORE, BOTH   )
21 | IN HER INDIVIDUAL CAPACITY AND   )
AS TRUSTEE OF THE WILLIAM E. AND   )
22 | DESIREE B. MOORE REVOCABLE   )
TRUST'S SUCCESSOR TRUSTS NAMED   )
23 | ABOVE,   )
)
24 |                       Defendants.   )
_____ )

25 |

26 |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Amended Revised Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R. Civ. P. 26(c).

2.4 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL" Information or Items whose disclosure to another

Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

   2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

   2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

   2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

   2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

   2.9 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

   2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

   2.11 <u>Counsel</u>: (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

   2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

   2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

1  storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2      3. SCOPE

3      The protections conferred by this Stipulation and Order cover not only Protected Material (as

4  defined above), but also any information copied or extracted therefrom, as well as all copies,

5  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

6  parties or counsel to or in court or in other settings that reveal Protected Material.

7      4. DURATION

8      The Court shall maintain its jurisdiction to enforce the terms of this Stipulated Protective

9  Order for six months after final termination of the action.  Nevertheless, even after the termination

10  of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a

11  Designating Party agrees otherwise in writing or a court order otherwise directs.

12      5. DESIGNATING PROTECTED MATERIAL

13      5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party

14  or non-party that designates information or items for protection under this Order must take care to

15  limit any such designation to specific material that qualifies under the appropriate standards. A

16  Designating Party must take care to designate for protection only those parts of material, documents,

17  items, or oral or written communications that qualify – so that other portions of the material,

18  documents, items, or communications for which protection is not warranted are not swept

19  unjustifiably within the ambit of this Order.  Specifically, a Designating Party must determine that

20  the information sought to be protected is properly subject to protection under F.R.C.P. Rule 26(c).

21  Counsel for a Designating Party shall make a good faith determination that protection is warranted

22  before designating any discovery material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY."

24      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

1  to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily

2  encumber or retard the case development process, or to impose unnecessary expenses and burdens

3  on other parties), expose the Designating Party to sanctions under the existing legal standards for

4  impositions of sanctions.

5      If it comes to a Party's or a non-party's attention that information or items that it designated

6  for protection do not qualify for protection at all, or do not qualify for the level of protection initially

7  asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

8  mistaken designation.

9      5.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

10  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material

11  that qualifies for protection under this Order must be clearly so designated before the material is

12  disclosed or produced.

13      5.3 <u>Designation in conformity with this Order requires</u>:

14      (a) <u>for information in documentary form</u> (apart from transcripts of depositions

15  or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

16  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" clearly on each page that contains

17  protected material.  Only those pages that contain "CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be marked as such.

19      A Party or non-party that makes original documents or materials available for

20  inspection need not designate them for protection until after the inspecting Party has indicated which

21  material it would like copied and produced. During the inspection and before the designation, all of

22  the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL -

23  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

24  copied and produced, the Producing Party must determine which documents, or portions thereof,

25

26

qualify for protection under this Order, then, before producing the specified documents, the

Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY") clearly on each page that contains Protected

Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings,

that the Party or non-party offering or sponsoring the testimony identify on the record, before the

close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any

portions of the testimony that qualify as "CONFIDENTIAL" or  "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

testimony that is entitled to protection, and when it appears that substantial portions of the testimony

may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may

invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days

to identify the specific portions of the testimony as to which protection is sought and to specify the

level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately

designated for protection within the 30 days shall be covered by the provisions of this Stipulated

Protective Order.

Transcript pages containing Protected Material must be separately marked by

the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for

any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Only those portions that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be marked as such.

(d) for electronically stored information (ESI) being produced in its native format, that the Producing Party include at the end of the file name of each electronic file being produced that contains protected material either "Conf" or "Highly_Conf" to designate that the electronic file contains material that is being designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," respectively.

5.4 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

1    with counsel for the Designating Party. In conferring, the challenging Party must explain the basis

2    for its belief that the confidentiality designation was not proper and must give the Designating Party

3    an opportunity to review the designated material, to reconsider the circumstances, and, if no change

4    in designation is offered, to explain the basis for the chosen designation. A challenging Party may

5    proceed to the next stage of the challenge process only if it has engaged in this meet and confer

6    process first.

7         6.3  <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality

8    designation after considering the justification offered by the Designating Party may file and serve a

9    motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

10   identifies the challenged material and sets forth in detail the basis for the challenge. Each such

11   motion must be accompanied by a competent declaration that affirms that the movant has complied

12   with the meet and confer requirements imposed in the preceding paragraph and that sets forth with

13   specificity the justification for the confidentiality designation that was given by the Designating

14   Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding

15   shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to

16   afford the material in question the level of protection to which it is entitled under the Producing

17   Party's designation.

18        7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

19        7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed

20   or produced by another Party or by a non-party in connection with this case only for prosecuting,

21   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

22   the categories of persons and under the conditions described in this Order. When the litigation has

23   been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL

24   DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a

25

26

location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the Receiving Party, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) a person who is a putative class member or class member who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who (with the exception of witnesses employed by parties) have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Any witness who does not sign the

1   "Agreement to Be Bound by Protective Order" (Exhibit A) shall be required to review any pages or

2   exhibits marked as "Confidential" under the terms of this Stipulated Protective Order in the offices

3   of the appropriate court reporter or in the offices of the disclosing party and such witness shall not

4   be entitled to copies of pages or exhibits marked as "Confidential" under the terms of this Stipulated

5   Protective Order.  Pages of transcribed deposition testimony or exhibits to depositions that reveal

6   Protected Material must be separately marked as such by the court reporter and may not be disclosed

7   to anyone except as permitted under this Stipulated Protective Order;

8                           (h) in preparation for their depositions, witnesses in the action to whom

9   disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective

10  Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

11  Protected Material must be separately marked as such by the court reporter and may not be disclosed

12  to anyone except as permitted under this Stipulated Protective Order;

13                          and

14                          (i) the author of the document or the original source of the information.

15          Notwithstanding the above paragraph, a Receiving Party may disclose to any putative class

16  member or class member the personnel file and payroll information that pertains to any such

17  individual, regardless of whether the information or item is designated as "CONFIDENTIAL" or

18  "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

19          7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

20  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

21  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

23                          (a) the Receiving Party's Outside Counsel of record in this action, as well as

24  employees of said Outside Counsel to whom it is reasonably necessary to disclose the information

25

26

1   for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

2   attached hereto as Exhibit A;

3                (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably

4   necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective

5   Order" (Exhibit A);

6                (c) the Court and its personnel;

7                (d) court reporters, their staffs, and professional vendors to whom disclosure

8   is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

9   Protective Order" (Exhibit A);

10               (e) during their depositions, witnesses in the action to whom disclosure is

11  reasonably necessary and who (with the exception of witnesses employed by parties) have signed

12  the "Agreement to Be Bound by Protective Order" (Exhibit A).  Any witness who does not sign the

13  "Agreement to Be Bound by Protective Order" (Exhibit A) shall be required to review any pages or

14  exhibits marked as "Highly Confidential – Attorneys Eyes Only" under the terms of this Stipulated

15  Protective Order in the offices of the appropriate court reporter or in the offices of the disclosing

16  party and such witness shall not be entitled to copies of pages or exhibits marked as "Highly

17  Confidential- Attorneys Eyes Only" under the terms of this Stipulated Protective Order.  Pages of

18  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

19  separately marked as such by the court reporter and may not be disclosed to anyone except as

20  permitted under this Stipulated Protective Order;

21               (f) in preparation for their depositions, witnesses in the action to whom

22  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective

23  Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

24  Protected Material must be separately marked as such by the court reporter and may not be disclosed

25

26

1    to anyone except as permitted under this Stipulated Protective Order;

2               (g) the author of the document or the original source of the information.

3        8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

4    <u>OTHER LITIGATION.</u>

5               If a Receiving Party is served with a subpoena or an order issued in other litigation

6    that would compel disclosure of any information or items designated in this action as

7    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

8    Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if

9    possible) immediately and in no event more than three court days after receiving the subpoena or

10   order. Such notification must include a copy of the subpoena or court order. '

11              The Receiving Party also must immediately inform in writing the Party who caused

12   the subpoena or order to issue in the other litigation that some or all the material covered by the

13   subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

14   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

15   caused the subpoena or order to issue.

16              The purpose of imposing these duties is to alert the interested parties to the existence

17   of this Protective Order and to afford the Designating Party in this case an opportunity to try to

18   protect its confidentiality interests in the court from which the subpoena or order issued. The

19   Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

20   confidential material – and nothing in these provisions should be construed as authorizing or

21   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

22       9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.</u>

23              If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

24   Protected Material to any person or in any circumstance not authorized under this Stipulated

25

26   Case C06-07339 MJJ                    -12-                  [Proposed]Amended Revised
                                                                 Stipulated Protective Order

Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures,  (b) use its best efforts to retrieve all copies of the Protected Material,  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must destroy or return to the Producing Party all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not, other than as authorized below in the subsequent paragraph, retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding the provisions in the immediately preceding paragraph, Counsel are entitled to retain an archival copy of all documents and things produced in discovery, pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

1  materials contain Protected Material. Any such archival copies that contain or constitute Protected

2  Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

3        12. MISCELLANEOUS

4             12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to

5  seek its modification by the Court in the future.

6             12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective

7  Order, no Party waives any right it otherwise would have to object to disclosing or producing any

8  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

9  Party waives any right to object on any ground to use in evidence of any of the material covered by

10  this Protective Order.

11

12  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

13  DATED:  October 25, 2007          LOVITT & HANNAN, INC.

14

15                                    By:_____/s/_____
16                                              Henry I. Bornstein
                                      Attorneys for Defendants K-M Industries Holding
17                                    Co., Inc.; K-M Industries Holding Co., Inc. ESOP
                                      Plan Committee; and CIG ESOP Plan Committee

18  DATED:  October 25, 2007          HENNIGAN, BENNETT & DORMAN LLP
19

20

21                                    By:_____/s/_____
                                              Robert L. Palmer
22                                    Attorneys for Defendants William E. and Desiree
                                      B. Moore Revocable Trust, Desiree B. Moore
23                                    Revocable Trust, William E. Moore Marital Trust,
                                      William E. Moore Generation-Skipping Trust, and
24                                    Desiree B. Moore

25

26  Case C06-07339 MJJ               -14-          [Proposed]Amended Revised
                                                  Stipulated Protective Order

1   DATED:  October 25, 2007          MORGAN LEWIS & BOCKIUS, LLP

2

3
                                      By:_____/s/_____
4                                                   Lisa Serebin
                                      Attorneys for Defendant North Star Trust
5                                     Company

6   DATED:  October 25, 2007          LEWIS, FEINBERG, LEE, RENAKER &
                                      JACKSON, P.C.
7

8

9                                     By:_____/s/_____
                                                    Nina Wasow
10                                    Attorneys for Plaintiffs Thomas Fernandez and
                                      Lora Smith

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I, _____[print or type full name], of_____

4

_____[print or type full address] declare under penalty of perjury that I have read in its

5

entirety and understand the Stipulated Protective Order that was issued by the United States District

6

Court for the Northern District of California on [date] in the case of *Fernandez et al., v. K-M*

7

*Industries Holding Co., inc., et al., Case No. C06-07339 MJJ.* I agree to comply with and to be

8

bound by all the terms of this Stipulated Protective Order and agree that the material covered by this

9

Stipulated Protective Order shall be used exclusively for the purposes of this litigation and I

10

understand and acknowledge that failure to so comply could expose me to sanctions and punishment

11

in the nature of contempt. I solemnly promise that I will not disclose in any manner any information

12

or item that is subject to this Stipulated Protective Order to any person or entity except in strict

13

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____

_____[print or type full address and telephone number] as my California agent for

service of process in connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed name:_____

Signature:_____

Case C06-07339 MJJ                    -16-                    [Proposed]Amended Revised
                                                              Stipulated Protective Order