1  Daniel Feinberg – CA State Bar No. 135983
   Todd F. Jackson – CA State Bar No. 202598
2  Margaret E. Hasselman – CA State Bar No. 228529
   Nina R. Wasow – CA State Bar No. 242047
3  LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
   1330 Broadway, Suite 1800
4  Oakland, CA  94612
   Telephone: (510) 839-6824
5  Facsimile: (510) 839-7839
   Email: dfeinberg@lewisfeinberg.com
6  Email: tjackson@lewisfeinberg.com
   Email: mhasselman@lewisfeinberg.com
7  Email: nwasow@lewisfeinberg.com

*Attorneys for Plaintiffs and the Proposed Class*
(Additional counsel listed within)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ and LORA SMITH, individually and on behalf of a class of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST'S SUCCESSOR TRUSTS NAMED ABOVE,<br><br>Defendants. | Case No. C-06-07339 MJJ<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>DISCOVERY MATTER |

This matter comes before the Court on Plaintiffs' Motion to Compel Production of Documents. Having considered the arguments presented in the parties' papers and at oral argument, and good cause showing, the Motion to Compel is GRANTED.

## I.  BACKGROUND

Plaintiffs contend that Defendants K-M Industries Holding Co., Inc.; K-M Industries Holding Co., Inc. ESOP Plan Committee; and CIG ESOP Plan Committee ("KM Defendants") improperly withheld the following documents on the ground of attorney-client privilege:

Document 2 is a note to file dated October 1, 1998, by Steve Ferrari, the Vice President and CFO of Kelly-Moore Paint Co., Inc. It is described in Defendants' privilege log as "Note of communication with Cheryl Mills, attorney for Kelly-Moore Paint Company re extent of insurance coverage for asbestos claims against Kelly Moore and effect on KMPC share prices; advice sought in connection with providing information to ESOP evaluator." Wasow Dec. Exh. 1 at 2.

Document 4 is a letter (with facsimile transmittal cover) from Cheryl Mills, an attorney at Pillsbury, Levinson & Mills, to Joseph Cristiano, the CEO of Kelly-Moore Paint Co., Inc., dated December 11, 1998. It is described in the privilege log as "Extent of insurance coverage for asbestos claims against Kelly Moore and effect on KMPC assets; information sought in connection with providing information to ESOP participants and ESOP Trustee." Wasow Dec. Exh. 1 at 2.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any matter relevant to the claim or defense of any party. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Where a party fails to make a disclosure, Federal Rule of Civil Procedure 37(a)(2) allows a party to move the court for an order compelling disclosure. "This rule establishes 'a flexible means by which a court may enforce compliance with the Federal discovery procedures through a broad choice of remedies and

1  penalties.'" *Marsh v. County of San Diego*, 2007 WL 3023478 at *2 (S.D. Cal. Oct. 15, 2007)

2  (quoting *B.F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir. 1954)).

3  **III.   ANALYSIS**

4      **a.   There Is a Fiduciary Exception to the Attorney-Client Privilege.**

5  An ERISA plan fiduciary may not assert the attorney-client privilege against plan participants with regard to matters of plan administration. *See Geissal v. Moore Med. Group*, 192 F.R.D. 620, 624 (E.D. Mo. 2000) (collecting cases and citing *Mett* approvingly). A plan fiduciary acts on behalf of the plan's participants and beneficiaries in seeking advice of counsel on matters relating to plan administration. *See Washington-Baltimore Newspaper Guild v. Washington Star Co.*, 543 F. Supp. 906, 909 (D.D.C. 1982). In such instances, the true client is the participant or beneficiary. *United States v. Evans*, 796 F.2d 264, 265-66 (9th Cir. 1986). In a sense, therefore, the fiduciary exception is not really an *exception* at all; rather, "it merely reflects the fact that, at least as to advice regarding plan administration, a trustee is not 'the real client' and thus never enjoyed the privilege in the first place." *Mett*, 178 F.3d at 1063. Thus, a fiduciary seeking legal advice in matters of plan administration may not later claim attorney-client privilege as to that communication.

Under *Mett*, communications remain subject to the privilege if they implicate the fiduciary in a personal capacity. 178 F.3d at 1064. In other words, if the fiduciaries obtain the advice of counsel to protect themselves from potential civil or criminal liability in either then-pending or anticipated litigation by plan participants (or the government), the advice is protected from disclosure to plan participants. *Id*. at 1064-66.

Thus, to determine whether the communications at issue are subject to the fiduciary exception, the Court must examine whether the communications addressed matters of plan administration, and whether the communications related to the potential personal liability of the fiduciaries.

    **b.   The Communications Requested by Plaintiffs Are Subject to the Fiduciary Exception to the Attorney-Client Privilege**.

Documents 2 and 4 fall within the fiduciary exception because they are communications by or to fiduciaries, relate to matters of plan administration – specifically, provision of information to valuators and participants – and do not relate to the personal liability of the fiduciaries.

### i. KM Defendants are Fiduciaries of the Plan.

Document 2 was authored by Stephen Ferrari, the Vice President for Finance and CFO of Kelly-Moore Paint Co., Inc.  Document 4 was received by Joseph Cristiano, who was the CEO of Kelly-Moore Paint Co.  Kelly-Moore Paint Co. is a wholly-owned subsidiary of Defendant K-M Industries Holding Co., Inc ("KMH").  Mr. Cristiano and Mr. Ferrari were Plan fiduciaries by virtue of the fact that they were corporate executives who carried out functions of the entities named as the fiduciaries of the Plan – namely, the K-M entities.

ERISA § 3(21)(A) defines a fiduciary as anyone having discretionary authority or control over the management or administration of the Plan.  KMH identifies itself as the administrator of the Plan in the Summary Plan Description, and states that "[t]he Plan Administrator's duties may be delegated to the Plan Committee."  Wasow Dec. Exh. 2 at 3.  Further, the Summary Plan Description states that the Plan Committee has discretionary authority to construe the terms of the Plan and make determinations on eligibility for benefits.  *Id*.  Thus, the K-M entities are fiduciaries of the Plan to the extent that they acted as plan administrators.  *See Cunha v. Ward Foods, Inc*., 804 F.2d 1418, 1432 (9th Cir. 1986) (stating that an employer assumes fiduciary status when it functions in its capacity as plan administrator, citing *Amato v. Western Union Int'l, Inc.*, 596 F. Supp. 963, 968 (S.D.N.Y. 1984)).  *See also* Amended Answer of KM Defendants at ¶¶ 9, 11 (admitting that the K-M Defendants have, at relevant times, been named fiduciaries of the Plan).  Further, corporate officers who carry out the functions of a committee or entity named as a plan fiduciary are themselves fiduciaries.  *Stewart v. Thorpe Holding Co. Profit Sharing Plan*, 207 F.3d 1143, 1156 (9th Cir. 2000).  *See also Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1459-61 (9th Cir. 1995) (same).

According to KM Defendants' descriptions of the documents, Ferrari and Cristiano were involved in providing information to the valuation expert, the ESOP participants, and the

1  Trustee; as discussed further below, these are fiduciary functions.  Thus, Ferrari and Cristiano
2  were corporate officers who carried out functions of the Plan fiduciary, and communications
3  made or received by them are subject to the fiduciary exception.

### ii. The Documents Pertain to Plan Administration.

Documents 2 and 4 relate to fiduciary matters: provision of information to ESOP valuators and Plan participants.  Although "matters of plan administration" has been used as a shorthand, the fiduciary exception as fully articulated requires disclosure of matters related to fiduciary functions.  As one court put it, "an employer acts as an ERISA fiduciary only in plan management or administration, not in the plan's design or amendment.  The employer's ability to invoke the attorney-client privilege to resist disclosure sought by plan beneficiaries turns on whether or not the communication concerned a matter as to which the employer owed a fiduciary obligation to the beneficiaries." *In re Long Island Lighting Co.*, 129 F.3d 268, 271 (2nd Cir. 1997).

Document 2, by KM Defendants' description, deals with a fiduciary function: provision of information to an ESOP evaluator.  A fiduciary has the duty to provide complete and accurate information to an expert retained to value a company prior to sale of some portion of that company to an ESOP.  *See Howard v. Shay*, 100 F.3d 1484, 1489 (9th Cir. 1996) (holding that a fiduciary who engages in a self-dealing transaction must prove that he fulfilled his duty of care and loyalty and that the ESOP received adequate consideration and, to that end, must "(1) investigate the expert's qualifications, (2) provide the expert with complete and accurate information, and (3) make certain that reliance on the expert's advice is reasonably justified under the circumstances") (citations omitted).  Thus, provision of information to a valuator is a "fiduciary function" related to plan management and/or administration, and communications related thereto are not covered by the attorney-client privilege.

Document 4 also relates to a fiduciary function: communication with Plan participants. KM Defendants' description of the document states that it contains information "sought in connection with providing information to ESOP participants."  Communication with plan beneficiaries is a fiduciary function. *See, e.g.*, *Varity Corp. v. Howe*, 516 U.S. 489, 504 (1996)

("While it may be true that amending or terminating a plan (or a common-law trust) is beyond the power of a plan administrator (or trustee) – and, therefore, cannot be an act of plan 'management' or 'administration' – it does not follow that making statements about the likely future of the plan is also beyond the scope of plan administration."). *See also Peralta v. Hispanic Business, Inc.*, 419 F.3d 1064, 1071-72 (9th Cir. 2005) (holding that ERISA's fiduciary duty provisions require a plan administrator to provide information to participants beyond that expressly required in the statute's reporting and disclosure provisions). Thus, advice of counsel regarding information to be conveyed to participants is subject to the fiduciary exception to the attorney-client privilege.

### iii. The Requested Communications do not Relate to the Fiduciaries' Potential Personal Liability

Finally, the documents at issue are not privileged under *Mett*, because they do not relate to KM Defendants' *personal* liability. In *Mett*, the court observed that the documents at issue were prepared when participants "had begun asking difficult questions regarding the financial condition of the plans. Trouble was in the air." 178 F.3d at 1064. Further, "[t]he memoranda were plainly 'defensive on the trustees' part,' and aimed at advising the trustees 'how far they were in peril.'" *Id*. (citations omitted). Here, in contrast, there was no existing or contemplated litigation by the beneficiaries against the fiduciaries in 1998, when the documents in question were prepared. Nothing in the description of the documents indicates that they contain advice about KM Defendants' personal civil or criminal liability; rather, the documents are about the extent of the company's insurance coverage for asbestos claims. Thus, they are not subject to the attorney-client privilege under *Mett*.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT within 48 hours of the filing of this order, Defendants K-M Industries Holding Co., Inc.; K-M Industries Holding Co., Inc. ESOP Plan Committee; and CIG ESOP Plan Committee shall produce the documents identified as #2 and #4 on their privilege log.

IT IS SO ORDERED.

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Dated: _____ | _____ |
| 4 | | Hon. Martin J. Jenkins<br>United States District Judge |