Daniel Feinberg – CA State Bar No. 135983
Todd F. Jackson – CA State Bar No. 202598
Margaret E. Hasselman – CA State Bar No. 228529
Nina R. Wasow – CA State Bar No. 242047
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA  94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: dfeinberg@lewisfeinberg.com
Email: tjackson@lewisfeinberg.com
Email: mhasselman@lewisfeinberg.com
Email: nwasow@lewisfeinberg.com

*Attorneys for Plaintiffs and the Proposed Class*
(Additional counsel listed within)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ and LORA SMITH, individually and on behalf of a class of all other persons similarly situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST'S SUCCESSOR TRUSTS NAMED ABOVE,<br><br>  Defendants. | Case No. C-06-07339 MJJ (BZ)<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Date:   December 5, 2007<br>Time:  TBA<br>Courtroom: G<br>Judge: Magistrate Judge Bernard Zimmerman<br><br>DISCOVERY MATTER |

## I. INTRODUCTION

Although the Court has issued an order instructing the Kelly Moore (KM) defendants to produce the disputed documents for *in camera* inspection (Docket #73), Plaintiffs submit this reply brief to bring several issues to the Court's attention prior to its inspection of the documents.

The KM defendants do not dispute that they, and the individuals who authored or received the documents in question, are fiduciaries of the ESOP. Nor do they argue that the documents are privileged because they relate to the personal civil or criminal liability of the fiduciaries. Although the KM defendants point out that the fiduciary exception to the attorney-client privilege only applies to communications made when the fiduciary is acting in its fiduciary capacity, they do not assert that these particular documents contain communications regarding non-fiduciary actions such as amending or terminating the plan. Instead, the KM defendants make a conclusory assertion that the application of the fiduciary exception is "unclear" – while offering no meaningful explanation as to why the documents are *not* subject to the fiduciary exception – and protest that production of the documents would harm their interests in other litigation, without offering any authority for the proposition that they should be shielded from disclosure as a result.

As the KM defendants' silence indicates, the documents in question were authored or received by Plan fiduciaries, and do not relate to such fiduciaries' personal civil or criminal liability. Further, the privilege log states that the communications were made in connection with providing information to the ESOP valuator and/or Plan participants. These easily fall within the universe of "matters of plan administration" and therefore are subject to the fiduciary exception to the attorney-client privilege.

## II. FACTS

Plaintiffs do not agree with the KM defendants' statement of the underlying facts of this case, but because such facts are not at issue in this motion, we will not burden the Court with a lengthy rebuttal. Suffice to say that the evidence will show that the KM defendants knew or should have known that KM's asbestos liability would have a material impact on the value of the company at the time that the ESOP purchased shares from the Moore family trust.

### III. ARGUMENT

#### A. Defendants Effectively Concede That They Are Fiduciaries, and That the Communications In Question Do Not Relate to Their Personal Liability.

Although the KM defendants do not explicitly admit that they are fiduciaries or that the documents at issue do not relate to the personal civil or criminal liability of fiduciaries, they provide no counter-argument. Thus, the Court should find that these points have been conceded. *See, e.g.*, *I-Enterprises Co., LLC v. Draper Fisher Jurvetson Management Co. V, LLC*, 2005 WL 1661959 at *14 (N.D. Cal. 2005) (holding that, where plaintiff failed to address a portion of defendant's motion in its opposition, the argument was effectively conceded); *California Dept. of Toxic Substances Control v. Payless Cleaners*, 368 F. Supp. 2d 1069, 1083 (E.D. Cal. 2005) (same).

#### B. The Communications in Question Do Not Concern Settlor Functions.

The KM defendants' primary defense to the application of the fiduciary exception is the following: "the fact that the documents deal with matters relevant to insurance coverage for asbestos claims against Kelly-Moore, and thus do not deal directly with the administration of the ESOP, and the fact that the documents relate to the time period during which the Plan was in the process of adoption, makes this a borderline situation." Opposition at 5. Generously interpreted, this is an argument that the documents concern non-fiduciary or settlor functions.

However, as explained in Plaintiffs' opening brief, the KM defendants' own descriptions of the documents indicate that they relate to fiduciary functions – namely, providing information to the ESOP valuator, participants, and trustee – not settlor functions.[1] *See Howard v. Shay*, 100 F.3d 1484, 1489 (9th Cir. 1996); *Varity Corp. v. Howe*, 516 U.S. 489, 504 (1996). The valuation prepared for the initial ESOP transaction is governed by the same fiduciary standards as subsequent valuations. *See Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 430-31 (6th Cir.

---

[1] Plaintiffs do not mean to imply that fiduciary acts are limited to provision of information to the ESOP valuator, participants, and trustee. Rather, a broad array of functions may be properly characterized as fiduciary in nature, including investigation of the valuator's qualifications and ensuring that reliance on the valuator's opinion is justified under the circumstances. *See Howard v. Shay*, 100 F.3d at 1489.

2002); *Horn v. McQueen*, 215 F. Supp. 2d 867, 887-88 (W.D. Ky. 2002). Therefore, KM defendants have no basis for arguing that communications regarding the initial valuation are not subject to the fiduciary exception. Moreover, the documents need not "deal directly" with plan administration in order to be subject to the fiduciary exception. It is sufficient that, as in this case, the advice was sought for the purpose of carrying out fiduciary duties. *See United States v. Mett*, 178 F.3d 1058, 1064 (holding that the fiduciary exception applies where a fiduciary "seeks an attorney's advice on a matter of plan administration"). *See also Fischel v. Equitable Life Assurance*, 191 F.R.D. 606, 609 (N.D. Cal. 2000) (noting that "*Mett* limits the scope of advice that relates to 'plan administration' by excluding from it any advice whose goal is to advise the trustee about the legal implications of actions and decisions undertaken while performing its fiduciary obligations").

### C. Whether Production of the Documents May Harm Defendants' Interests in Other Litigation is Irrelevant.

The only other argument advanced by the KM defendants appears to be utterly without support in the case law. The KM defendants cite no authority for the proposition that the fiduciary exception does not apply when the withholding party intends to assert the privilege as to the same documents in other litigation. The fact that Kelly-Moore Paint Company and/or KM Industries Holding Company are embroiled in coverage litigation with insurers, and that the documents in question may be relevant to that litigation, has no bearing on the questions before the Court in determining whether the fiduciary exception applies. If the documents are communications with fiduciaries concerning matters of plan administration, and do not contain advice sought to protect the fiduciary from personal liability, they should be ordered produced.

## IV. CONCLUSION

Because the documents in question are subject to the fiduciary exception to the attorney-client privilege, and the KM defendants have not provided the Court with any legal basis on which they should be protected from disclosure, Plaintiffs request that the Court compel the KM defendants to produce the disputed documents after conducting its *in camera* inspection.

| | |
|---|---|
| Dated: November 26, 2007 | Respectfully submitted, |
| | LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C. |
| | By:  /s/ |
| | Daniel Feinberg |
| | LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C. |
| | 1330 Broadway, Suite 1800 |
| | Oakland, CA  94612 |
| | Telephone: (510) 839-6824 |
| | Facsimile: (510) 839-7839 |
| | |
| | Peter Rukin – CA State Bar No. 178336 |
| | RUKIN HYLAND DORIA & TINDALL LLP |
| | 100 Pine Street, Suite 725 |
| | San Francisco, CA |
| | Telephone: (415) 421-1800 |
| | Facsimile: (415) 421-1700 |
| | Email: peterrukin@rhddlaw.com |
| | |
| | *Attorneys for Plaintiffs and the Proposed Class* |

REPLY BRIEF ISO MOTION TO COMPEL [CASE NO. C-06-07339 MJJ ]