Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
Henry I. Bornstein, Bar No. 75885
Terence F. Young, Bar No. 069943
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528
rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com, tfylaw@earthlink.net

Attorneys for Defendants K-M Industries Holding Co. Inc.; K-M Industries Holding Co. Inc. ESOP Plan Committee; and CIG ESOP Plan Committee

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS, individually and on behalf of a class of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO. INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; ADMINISTRATOR OF THE ESTATE OF WILLIAM E. MOORE, DECEASED; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE B. MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST'S SUCCESSOR TRUSTS NAMED ABOVE,<br><br>    Defendants. | Case No. C06-07339 MJJ (BZ)<br><br>**ANSWER OF DEFENDANTS K-M INDUSTRIES HOLDING CO., INC., K-M INDUSTRIES HOLDING CO. INC. ESOP PLAN COMMITTEE AND CIG ESOP PLAN COMMITTEE TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendants K-M Industries Holding Co., Inc. ("KMH"), K-M Industries Holding Co. Inc. ESOP Plan Committee ("the KMH Plan") and CIG ESOP Plan Committee ("the CIG Plan") hereby answer to the allegations contained in the Second Amended Complaint (Corrected) (the "Complaint") filed on January 18, 2008, by plaintiffs Thomas Fernandez, Lora Smith and Tosha Thomas (collectively, "Plaintiffs"), as follows:

**ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE**

1. KMH, the KMH Plan and the CIG Plan admit that Plaintiffs purport to bring this action pursuant to Title I of ERISA, and admit that the Complaint purports to seek injunctive, equitable and other relief. KMH, the KMH Plan and the CIG Plan lack sufficient information to form a belief as to the truth or falsity of the balance of Plaintiffs' allegations concerning their purpose in filing the complaint and therefore deny them. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 1.

2. Admitted.

3. KMH, the KMH Plan and the CIG Plan admit that one or more of the Defendants may be found in this District, admit that the employee benefit plan at issue is administered in San Carlos, California, and deny that any events or omissions occurred in this District or elsewhere that give rise to any valid claims (asserted in this action or otherwise). Except as specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 3.

**ANSWER TO ALLEGATIONS REGARDING INTRA-DISTRICT ASSIGNMENT**

4. KMH, the KMH Plan and the CIG Plan admit that "the employee benefit plan at issue is administered in San Carlos, California." Except as specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 4.

**ANSWER TO ALLEGATIONS REGARDING PARTIES**

5. KMH, the KMH Plan and the CIG Plan admit that Plaintiff Thomas Fernandez has been a participant in the KMH Plan or the CIG Plan, and further admit that he was employed by CIG from about July 1996 until about October 2005. Except as specifically admitted, KMH, the

KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5, and therefore deny these allegations.

6. KMH, the KMH Plan and the CIG Plan admit that Plaintiff Lora Smith has been a participant in the KMH Plan or the CIG Plan, and further admit that she was employed by CIG from about September 1996 until about October 2001. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6, and therefore deny these allegations.

7. KMH, the KMH Plan and the CIG Plan admit that Plaintiff Tosha Thomas has been a participant in the KMH Plan, and further admit that she was employed by Kelly Moore Paint from in or about July 2000 until in or about July 2007, with the exception of a one-week period in 2001. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, and therefore deny these allegations.

8. KMH, the KMH Plan and the CIG Plan admit that KMH was the Sponsor of the KMH Plan, that at some or all relevant times, KMH was the Administrator of the KMH Plan and that under Section 18(2)(A) of the KMH Plan, the Board of Directors of KMH was responsible for appointing the members of the KMH Plan Committee. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8, and therefore deny these allegations.

9. Admitted.

10. KMH, the KMH Plan and the CIG Plan admit that the William E. Moore Marital Trust, the Desiree B. Moore Revocable Trust, and the William E. Moore Generation Skipping Trust are successors in interest to the William E. Moore and Desiree B. Moore Revocable Trust and are collectively referred to in the Complaint as the "Successor Trusts," and further admit Defendant Desiree Moore is the trustee and beneficiary of the William E. Moore Marital Trust and the Desiree B. Moore Revocable Trust, that Defendant Desiree Moore is the Trustee of the William E. Moore Generation Skipping Trust and that the Successor Trusts may be found in San Mateo County,

1  California. Except as otherwise admitted, KMH, the KMH Plan and the CIG Plan are without
2  information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10,
3  and therefore deny these allegations.

4  11.  KMH, the KMH Plan and the CIG Plan admit that under the terms of the KMH Plan,
5  KMH and the KMH Plan Committee were "named fiduciaries" with respect to, and limited to,
6  certain aspects of the management and operation of the Plan, as set forth in the Plan itself.  KMH,
7  the KMH Plan and the CIG Plan also admit that at some relevant times, William E. Moore was the
8  sole member of the Plan Committee for the KMH Plan and was a trustee and one of the settlors of
9  the Moore Trust.  Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are
10 without knowledge or information sufficient to form a belief as to the truth or falsity of the
11 allegations in paragraph 11, and therefore deny these allegations.

12 12.  KMH, the KMH Plan and the CIG Plan admit that William E. Moore founded Kelly-
13 Moore Paint Co., that he died on November 21, 2004, that until the time of his death, Mr. Moore
14 was Chairman of KMH, and that Mr. Moore was a trustee and one of the settlors of the Moore Trust.
15 KMH, the KMH Plan and the CIG Plan also admit that Mr. Moore was a "party in interest" as
16 alleged, and that Mr. Moore, as a member of the KMH Plan Committee, had and exercised such
17 discretionary authority as was specifically described in the KMH Plan.  Except as specifically
18 admitted, KMH, the KMH Plan and the CIG Plan deny the allegations in Paragraph 12.

19 13.  KMH, the KMH Plan and the CIG Plan admit that at some times prior to the effective
20 date of the KMH Plan, the CIG ESOP Plan Committee was Administrator of the CIG Plan, and that
21 the CIG ESOP Plan Committee was a named fiduciary of the CIG Plan, with fiduciary duties
22 relating and limited to those discretionary responsibilities specifically set forth in the CIG Plan.
23 KMH, the KMH Plan and the CIG Plan also admit that at some relevant times, Mr. Moore was the
24 sole member of the CIG Plan Committee, that Mr. Moore was a trustee and one of the settlors of the
25 Moore Trust and that the CIG Plan was merged into the KMH Plan on or about July 16, 1999.
26 Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without information

1 sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13, and therefore
2 deny these allegations.

3     14.    KMH, the KMH Plan and the CIG Plan admit that North Star was named Trustee of
4 the KMH Plan and has served as the KMH Plan's Trustee since April 22, 2003, and that as KMH
5 Plan Trustee, North Star was a Plan fiduciary respecting and limited to those discretionary duties
6 and functions specifically described in the KMH Plan and in the Trustee Engagement Agreement
7 dated April 22, 2003 between North Star and KMH. Except as specifically admitted or alleged,
8 KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the
9 truth or falsity of the allegations in Paragraph 14, and therefore deny these allegations.

10     15. KMH, the KMH Plan and the CIG Plan admit that Desiree B. Moore was a "party in
11 interest" of the KMH Plan as defined in ERISA § 3(14), that Desiree B. Moore is a trustee of all the
12 Successor Trusts and the beneficiary of the William E. Moore Marital Trust and the Desiree B.
13 Moore Revocable Trust and that the terms of the KMH Plan, Desiree B. Moore was a "named
14 fiduciary" with respect to, and limited to, certain aspects of the management and operation of the
15 Plan as set forth in the Plan itself. Except as otherwise admitted, KMH, the KMH Plan and the CIG
16 Plan deny the allegations in Paragraph 15.

17     16.    Admitted.

**ANSWER TO ALLEGATIONS REGARDING FACTS**

**Company History**

20     17.    Admitted.

21     18.    KMH, the KMH Plan and the CIG Plan admit that in the 1960's and 1970's, Kelly-
22 Moore manufactured products that contained asbestos provided by Union Carbide Company, and
23 admit that in the Union Carbide litigation, KMH presented an analysis suggesting that the then-
24 pending asbestos litigation represented a potential threat to KMH's future viability. Except as
25 specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 18.

26     19.    KMH, the KMH Plan and the CIG Plan admit that in 1985, Kelly-Moore Paint Co.
purchased the outstanding shares of Calmutual Insurance Company, the predecessor to California

Insurance Group. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and therefore deny these allegations.

20. KMH, the KMH Plan and the CIG Plan deny the allegations of the first sentence of Paragraph 20 and admit the allegations of the second sentence of Paragraph 20. KMH, the KMH Plan and the CIG Plan further admit that the Moore Trust was the largest shareholder in KMH in 1998, that following the death of William E. Moore on November 21, 2004, the William E. Moore and Desiree B. Moore Revocable Trust transferred one-half of its KMH shares to the newly established Desiree B. Moore Revocable Trust, which still owns them, that the William E. Moore Revocable Trust was renamed the William E. Moore Marital Trust, that the William E. Moore Marital Trust still retains the balance of the KMH shares not transferred to the Desiree B. Moore Revocable Trust, and that Desiree B. Moore is the trustee of both trusts. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 20.

21. Admitted.

22. KMH, the KMH Plan and the CIG Plan admit that KMH sued Union Carbide in Texas on claims related to materials containing asbestos which Union Carbide had earlier supplied to Kelly-Moore Paint Co. KMH, the KMH Plan and the CIG Plan further admit that the jury in that case found Union Carbide not liable to KMH for fraud in connection with the allegations made in the case. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations in Paragraph 22.

**ESOP History**

23. Admitted.

24. Admitted.

25. Admitted.

**ESOP Transactions**

26. KMH, the KMH Plan and the CIG Plan admit that in connection with the establishment of the Paint, CIG and KMH Plans, and to accomplish the sale of stock by the Moore

1  Trust to the Paint Plan and to the KMH Plan, Mr. Moore authorized and executed various
2  documents on behalf of the Plans as Plan Trustee and also authorized and executed various
3  documents on behalf of the Moore Trust as its Trustee. Except as specifically admitted, KMH, the
4  KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or
5  falsity of the allegations in Paragraph 26, and therefore deny these allegations.

6        27.    KMH, the KMH Plan and the CIG Plan admit that on or about October 13, 1998, the
7  Paint Plan purchased approximately 33,745,455 shares of KMH Series P stock from the Moore
8  Trust at approximately $6.88 per share, for a total purchase price of approximately $232 million.
9  KMH, the KMH Plan and the CIG Plan also admit that the Paint Plan borrowed approximately $232
10 million from KMH to fund the purchase of Series P stock. Except as specifically admitted, KMH,
11 the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or
12 falsity of the allegations in Paragraph 27, and therefore deny these allegations.

13       28.    KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 28.
14       29.    KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 29.
15       30.    KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 30.
16       31.    KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 31.
17       32.    KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 32.

18       33.    KMH, the KMH Plan and the CIG Plan admit that the valuation report prepared in
19 connection with the October 13, 1998 transaction does not contain a reference to a discount
20 attributable to the fact that the stock purchased by the Paint Plan was tracking stock rather than
21 ordinary common stock.  Except as specifically admitted, KMH, the KMH Plan and the CIG Plan
22 are without information sufficient to form a belief as to the truth or falsity of the allegations of
23 Paragraph 33 and therefore deny these allegations.

24       34.    KMH, the KMH Plan and the CIG Plan admit that in October 1999, the KMH ESOP
25 purchased approximately 8,400,000 shares of KMH for approximately $55 million and that the
26 KMH Plan borrowed more than $54 million from KMH to fund the purchase.  Answering further,
   KMH, the KMH Plan and the CIG Plan allege that in connection with the above purchase of KMH

1  Class I-B stock, a valuation of the KMH Class I-B stock was made by an independent expert. Except
2  as specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph
3  34.
4      35.    KMH, the KMH Plan and the CIG Plan admit and allege that an independent expert
5  valuation of the KMH Class I-B stock concluded that it was worth $3.66 per share as of December
6  31, 1999 and that this value was approximately 56% of the appraised value of shares in connection
7  with October 1999 transaction. Except as specifically admitted, KMH, the KMH Plan and the CIG
8  Plan deny the allegations of Paragraph 35.
9      36.    KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 36.
10     37.    KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 37.
11     38.    KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 38.
12     39.    KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 39.
13     40.    KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 40.
14     41.    KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 41.
15     42.    KMH, the KMH Plan and the CIG Plan admit and allege that William E. Moore acted
16 on behalf of the Moore Trust as one of its Trustees, on behalf of the Paint Plan as its sole Plan
17 Trustee, and on behalf of the KMH Plan as its sole Plan Trustee in authorizing and concluding the
18 transactions in which the Moore Trust sold tracking stock to the Paint Plan and to the KMH Plan.
19 KMH, the KMH Plan and the CIG Plan further allege on information and belief that other persons,
20 including professionals not otherwise employed by or associated with KMH, other Plan fiduciaries
21 or the Moore Trust, also acted on behalf of, or for the benefit of, the Plans and the Moore Trust in
22 connection with these transactions. Except as specifically admitted, KMH, the KMH Plan and the
23 CIG Plan are without information sufficient to form a belief as to the truth or falsity of the
24 remaining allegations in Paragraph 42, and therefore deny these allegations.
25     43.    KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 43.
26     44.    KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 44.

45. KMH, the KMH Plan and the CIG Plan are informed and believe, and on that ground allege, that at the direction of defendant North Star, newly retained as successor Plan Trustee, the valuations for Plan Years 2003 and 2004, the Form 5500s for those years, and the Summary Annual Reports for those years were deferred. Answering further, KMH, the KMH Plan and the CIG Plan allege that in 2005, valuations of the Series I and Series P stock held by the KMH Plan were made as of 2003 and 2004. Except as specifically admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 45.

46. KMH, the KMH Plan and the CIG Plan admit that the valuation reports for KMH Series I stock as of December 31, 2000 and December 31, 2001 do not specifically mention potential asbestos-related liability. KMH, the KMH Plan and the CIG Plan further admit that the valuation report assessing the value of KMH Series I stock as of December 31, 2002 does mention potential asbestos-related liability. Except as otherwise admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 46.

47. Admitted.

48. KMH, the KMH Plan and the CIG Plan admit that KMH stock is not and has not been readily tradable on an established market. The remaining allegations of this paragraph do not state facts, but rather state legal conclusions that require no response. To the extent that a response to the remaining allegations of paragraph 48 is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of the Internal Revenue Code.

49. KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49, and therefore deny these allegations.

50. KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and therefore deny these allegations.

51. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 51.

52. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 52.

53.     KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53, and therefore deny these allegations.

### ANSWER TO CLASS ALLEGATIONS

54.     KMH, the KMH Plan and the CIG Plan admit that Plaintiffs are seeking to bring their alleged claims on behalf of a class of persons who are currently or have been beneficiaries or participants in the KMH ESOP since October 13, 1998.  Except as otherwise admitted, KMH, the KMH Plan and the CIG Plan specifically deny the allegations of Paragraph 54, including the allegation, express or implied, that Plaintiffs have satisfied the statutory and procedural requirements for class treatment under Fed. R. Civ. P. 23(a) or (b).

55.     KMH, the KMH Plan and the CIG Plan admit that as of December 31, 2004, there were over 2500 participants in the KMH Plan. Except as otherwise admitted, KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 55.

56.     KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 56.

57.     KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 57.

58.     KMH, the KMH Plan and the CIG Plan deny that Plaintiffs will fairly and adequately represent the interest of the Plaintiff Class.  KMH, the KMH Plan and the CIG Plan are without information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 58 and therefore deny these allegations.

59.     KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 59.

60.     KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 60.

61.     KMH, the KMH Plan and the CIG Plan are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61, and therefore deny these allegations.

### ANSWER TO ALLEGATIONS REGARDING FIRST CLAIM FOR RELIEF

62.     KMH, the KMH Plan and the CIG Plan incorporate the responses to the allegations of Paragraphs 1 through 61, inclusive, as though fully set forth herein.

63. The allegations of Paragraph 63 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 404.

64. The allegations of Paragraph 64 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 409.

65. The allegations of Paragraph 65 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 502.

66. The allegations of Paragraph 66 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 502.

67. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 67.

68. The allegations of Paragraph 68 state legal conclusions, to which no response is required. To the extent an answer is required, KMH, the KMH Plan and the CIG Plan deny the allegations of paragraph 68 insofar as they assert, expressly or impliedly, that any Defendant Fiduciary has acted or failed to act so as to incur "co-fiduciary" liability, and incorporate the relevant provisions of ERISA § 404 and § 405.

69. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 69.

**ANSWER TO ALLEGATIONS REGARDING SECOND CLAIM FOR RELIEF**

70. KMH, the KMH Plan and the CIG Plan incorporate the responses to the allegations of Paragraphs 1 through 61, inclusive, as though fully set forth herein.

71. The allegations of Paragraph 71 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporates the relevant provisions of ERISA § 406.

72. The allegations of Paragraph 72 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 406.

73. The allegations of Paragraph 73 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 408 and ERISA § 3(18)(B), their legislative history and attendant case law.

74. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 74.

75. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 75.

76. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 76.

77. The allegations of Paragraph 77 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 409.

78. The allegations of Paragraph 78 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 502.

79. The allegations of Paragraph 79 state legal conclusions, to which no response is required. To the extent a response is required, KMH, the KMH Plan and the CIG Plan incorporate the relevant provisions of ERISA § 502.

80. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 80.

81. KMH, the KMH Plan and the CIG Plan deny the allegations of Paragraph 81.

82. The allegations of Paragraph 82 state legal conclusions, to which no response is required. To the extent an answer is required, KMH, the KMH Plan and the CIG Plan deny the allegations of paragraph 80 insofar as they assert any Defendant Fiduciary has acted or failed to act so as to incur "co-fiduciary" liability and incorporate the relevant provisions of ERISA § 404 and § 405.

**ANSWER TO PRAYER FOR RELIEF**

KMH, the KMH Plan and the CIG Plan deny that Plaintiffs are entitled to judgment or any of the relief requested in paragraphs A through I as to the First Claim for Relief and paragraphs A through K as to the Second Claim for Relief, or that Plaintiffs are entitled to any relief whatsoever.

**SEPARATE AND ADDITIONAL DEFENSES**

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to State a Claim)**

The Complaint, and each purported cause of action therein, fails to state a claim on which relief may be granted.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Statute of Limitations)**

The Complaint, and each alleged claim therein, is barred by the statute of limitations.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(Estoppel)**

Plaintiffs are estopped from obtaining the relief sought in the Complaint by their own acts, statements, conduct and omissions.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to Plead With Particularity)**

Plaintiffs fail to plead their allegations of fraud and concealment with the requisite particularity.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Reasonable Business Judgment)**

All defendants exercised reasonable business judgment in connection with the transactions alleged in the Complaint.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(Lack of Causation)**

1 No act or omission of KMH, the KMH Plan and the CIG Plan caused or contributed to Plaintiffs' alleged harm and damage, if any.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

**(Mitigation of Damages)**

Plaintiffs at all times at issue in the Complaint failed to take any or all actions reasonable or necessary under the circumstances to avoid or reduce their alleged damages, if any, and, to the extent of such failure to mitigate, Plaintiffs' claims are barred.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

**(Reservation of Rights)**

KMH, the KMH Plan and the CIG Plan have insufficient knowledge or information upon which to form a belief as to whether it may have as yet unstated separate and additional defenses available. KMH, the KMH Plan and the CIG Plan thus reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories which may or will be disclosed through discovery, or clarification or analysis of Plaintiffs' claims.

WHEREFORE, KMH, the KMH Plan and the CIG Plan pray for judgment, as follows:

1. That the Complaint be dismissed and/or that Plaintiffs take nothing by reason of their Complaint;

2. For costs of suit; and

3. For such other and further relief as this Court deems just and proper.

DATED: January 25, 2008          LOVITT & HANNAN, INC.

By:      / s /
                Henry I. Bornstein

Attorneys for Defendants K-M Industries Holding Co., Inc.; K-M Industries Holding Co. Inc. ESOP Plan Committee; and CIG ESOP Plan Committee