MORGAN, LEWIS & BOCKIUS LLP
NICOLE A. DILLER (State Bar No. 154842)
LISA S. SEREBIN (State Bar No. 146312)
ANDREW C. SULLIVAN (State Bar. No. 226902)
One Market, Spear Street Tower
San Francisco, California 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for North Star Trust Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ and LORA SMITH, individually and on behalf of a class of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; ADMINISTRATOR OF THE ESTATE OF WILLIAM E. MOORE, DECEASED; CIG ESOP PLAN COMMITTEE; and NORTH STAR TRUST COMPANY,<br><br>Defendants. | Case No. C06-07339 MJJ<br><br>**NORTH STAR TRUST COMPANY'S ANSWER TO (CORRECTED) SECOND AMENDED COMPLAINT – CLASS ACTION** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NORTH STAR'S ANSWER TO
(CORRECTED) SECOND AMENDED COMPLAINT
CASE NO. C06-07339 MJJ

Defendant North Star Trust Company ("North Star") Answers Plaintiffs' Second Amended Complaint – Class Action (Corrected) (hereinafter, "SAC") as follows:

1. The statements set forth in Paragraph 1 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation. North Star admits, however, that Plaintiffs purport to bring this action under ERISA Section 502, 29 U.S.C. § 1132, under which subject matter jurisdiction would be conferred pursuant to ERISA Section 502(e), 29 U.S.C. § 1132(e).

2. The statements set forth in Paragraph 2 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation. North Star does not, however, contest that this Court has subject matter jurisdiction over this matter.

3. The statements set forth in Paragraph 3 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation. North Star does not, however, contest that venue is proper in this district.

4. North Star denies each and every allegation set forth in Paragraph 4 of the SAC, except admits that the K-M Industries Holding Co., Inc. Employee Stock Ownership Plan (the "KMH Plan") is administered in San Mateo County.

5. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 5 of the SAC and, on that basis, denies each and every such allegation, except admits that Plaintiff Thomas Fernandez has been a participant, within the meaning of ERISA Section 3(7), 29 U.S.C. § 1002(7), in the KMH Plan since North Star became trustee of the KMH Plan on April 22, 2003.

6. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 6 of the SAC and, on that basis, denies each and every such allegation, except admits that Plaintiff Lora Smith has been a participant, within the meaning of ERISA Section

3(7), 29 U.S.C. § 1002(7), in the KMH Plan since North Star became trustee of the KMH Plan on April 22, 2003.

7. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 7 of the SAC and, on that basis, denies each and every such allegation, except admits that Plaintiff Tosha Thomas has been a participant, within the meaning of ERISA Section 3(7), 29 U.S.C. § 1002(7), in the KMH Plan since North Star became trustee of the KMH Plan on April 22, 2003.

8. The statements set forth in Paragraph 8 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every allegation, except (1) admits that KMH was the sponsor of the KMH Plan, within the meaning of ERISA Section 3(16)(B), 29 U.S.C. § 1002(16)(B), since North Star became trustee of the KMH Plan on April 22, 2003, and (2) admits that KMH was the administrator of the KMH Plan, within the meaning of ERISA Section 3(16)(A), 29 U.S.C. § 1002(16)(A), since North Star became trustee of the KMH Plan on April 22, 2003, and (3) asserts that the terms of the KMH Plan speak for themselves.

9. Responding to Paragraph 9 of the SAC, North Star asserts that the statements set forth in the first sentence thereof constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation. North Star admits that William E. Moore and Desiree B. Moore were, at one time, trustees of the William E. and Desiree B. Moore Revocable Trust (the "Trust"). Except as expressly admitted or otherwise answered, North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 9 and, on that basis, denies each and every such allegation.

10. Responding to Paragraph 10 of the SAC, North Star asserts that the statements set forth in the first and third sentences thereof constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation. North Star admits

1  that William E. Moore and Desiree B. Moore were, at one time, trustees of the William E. and
2  Desiree B. Moore Revocable Trust (the "Trust").  Except as expressly admitted or otherwise
3  answered, North Star lacks sufficient information to either admit or deny the allegations set forth
4  in Paragraph 10 and, on that basis, denies each and every such allegation.

5        11.     Responding to Paragraph 11 of the SAC, North Star lacks sufficient information to
6  either admit or deny the allegations set forth in the first and fourth sentences thereof and, on that
7  basis, denies each and every such allegation.  The statements set forth in the second and third
8  sentences of Paragraph 11 constitute legal assertions and conclusions, rather than factual
9  allegations, thereby requiring no answer.  To the extent said statements could be construed to
10  contain allegations of fact, North Star denies each and every such allegation.

11        12.     Responding to Paragraph 12 of the SAC, North Star lacks sufficient information to
12  either admit or deny the allegations set forth in the first sentence thereof and, on that basis, denies
13  each and every such allegation.  North Start admits that Mr. Moore was, at one time, a trustee of
14  the Trust.  The statements set forth in the second, third, and fifth sentences of Paragraph 12
15  constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no
16  answer.  To the extent said statements could be construed to contain allegations of fact, North
17  Star denies each and every such allegation.  Except as expressly answered or otherwise admitted,
18  North Star denies each and every allegation set forth in Paragraph 12.

19        13.     Responding to Paragraph 13 of the SAC, the statements set forth in the first,
20  second and third sentences thereof constitute legal assertions and conclusions, rather than factual
21  allegations, thereby requiring no answer.  To the extent said statements could be construed to
22  contain allegations of fact, North Star denies each and every such allegation.  North Star lacks
23  sufficient information to either admit or deny the allegations set forth in the fourth and fifth
24  sentences of Paragraph 13 and, on that basis, denies each and every such allegation, except admits
25  that the California Capital Insurance Company Employee Stock Ownership Plan (the "CIG Plan")
26  was merged into the KMH Plan on July 16, 1999, and that William Moore was at times a trustee
27  and settlor of the Moore Trust.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3  NORTH STAR'S ANSWER TO
(CORRECTED) SECOND AMENDED COMPLAINT
CASE NO. C06-07339 MJJ

14. Responding to Paragraph 14 of the SAC, North Star admits that its principal place of business is Chicago, Illinois, and that it has served as trustee of the KMH Plan from April 22, 2003 to the present. North Star asserts that the statements set forth in the third sentence of Paragraph 14 constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. Except as expressly admitted or otherwise answered, North Star denies each and every allegation set forth in Paragraph 14.

15. The statements set forth in Paragraph 15 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

16. The statements set forth in Paragraph 16 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. Further, said statements do not allege facts, but merely define terms, making an answer neither necessary nor appropriate. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

17. North Star denies each and every allegation set forth in Paragraph 17 of the SAC, except admits and alleges that Kelly-Moore Paint Company, Inc. ("Kelly-Moore Paint") and California Capital Insurance Company are wholly owned subsidiaries of K-M Industries Holding Co., Inc., that Kelly-Moore Paint is headquartered in San Carlos, California, and that California Capital Insurance Company is headquartered in Monterey, California.

18. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 18 of the SAC and, on that basis, denies each and every such allegation, except admits that Kelly-Moore Paint has been named as a defendant in various lawsuits arising out of the manufacture of asbestos-containing joint compound, wall, and ceiling texture by Paco Textures Corporation, a former subsidiary of Kelly Moore Paint, which was dissolved in January 1982.

19. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 19 of the SAC and, on that basis, denies each and every such allegation, except

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

NORTH STAR'S ANSWER TO
(CORRECTED) SECOND AMENDED COMPLAINT
CASE NO. C06-07339 MJJ

admits and alleges that Kelly-Moore Paint purchased California Mutual Insurance Company (now known as California Capital Insurance Company) in 1986.

20. North Star denies each and every allegation set forth in Paragraph 20 of the SAC, except admits that in 1998 Kelly-Moore Paint changed its name to K-M Industries Holding Co., Inc; alleges that a new California company was incorporated and named Kelly-Moore Paint Company, Inc.; admits that Kelly-Moore Paint Company and California Capital Insurance Company are wholly owned subsidiaries of K-M Industries Holding Co., Inc.; and admits that the William E. and Desiree B. Moore Revocable Trust has been the majority shareholder in KMH since 1998.

21. North Star denies each and every allegation set forth in Paragraph 21 of the SAC, except admits that Series P stock reflects the value of Kelly Moore Paint Company, Inc., and that Series I stock reflects the value of California Capital Insurance Company.

22. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 22 of the SAC and, on that basis, denies each and every such allegation, except admits and alleges that KMH sued Union Carbide in Texas and that the publicly filed documents in that litigation speak for themselves.

23. North Star admits the allegations set forth in Paragraph 23 of the SAC.

24. North Star admits the allegations set forth in Paragraph 24 of the SAC.

25. North Star denies each and every allegation set forth in Paragraph 25, except admits that the CIG Plan was merged into the Kelly-Moore Paint Company, Inc. Employee Stock Ownership Plan (the "Paint Plan") effective July 16, 1999 and that the KMH Plan was administered in San Carlos, California, and alleges that the terms of the KMH Plan speak for themselves.

26. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 26 of the SAC and, on that basis, denies each and every such allegation.

27. North Star denies each and every allegation set forth in Paragraph 27 of the SAC, except admits and alleges that the Paint Plan purchased 33,745,455 shares of KMH Series P-B stock on October 13, 1998 for $232 million ($6.875 per share), that the Paint Plan borrowed $232

1 million pursuant to a promissory note dated October 13, 1998, the terms of which speak for themselves.

28. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 28 of the SAC and, on that basis, denies each and every such allegation.

29. The statements set forth in Paragraph 29 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

30. North Star lacks sufficient information to either admit or deny said allegations set forth in Paragraph 30 of the SAC and, on that basis, denies each and every such allegation.

31. North Star lacks sufficient information to either admit or deny said allegations set forth in Paragraph 31 of the SAC and, on that basis, denies each and every such allegation.

32. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 32 of the SAC and, on that basis, denies each and every such allegation.

33. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 33 of the SAC and, on that basis, denies each and every such allegation.

34. North Star denies each and every allegation set forth in Paragraph 34 of the SAC, except admits and alleges that the CIG Plan purchased 8,400,000 shares of KMH Series I-B stock on October 18, 1999 for $55 million ($6.55 per share (rounded)), that the KMH Plan borrowed $55 million from KMH to finance the purchase, pursuant to a promissory note, the terms of which speak for themselves.

35. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 35 of the SAC and, on that basis, denies each and every allegation.

36. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 36 of the SAC and, on that basis, denies each and every allegation.

37. North Star lacks sufficient information to either admit or deny said allegations set forth in Paragraph 37 of the SAC and, on that basis, denies each and every such allegation.

1   38.   North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 38 of the SAC and, on that basis, denies each and every such allegation.

3   39.   North Star lacks sufficient information to either admit or deny said allegations set forth in Paragraph 39 of the SAC and, on that basis, denies each and every such allegation.

5   40.   North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 40 of the SAC and, on that basis, denies each and every such allegation.

7   41.   North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 41 of the SAC and, on that basis, denies each and every such allegation.

9   42.   North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 42 of the SAC and, on that basis, denies each and every such allegation.

11   43.   North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 43 of the SAC and, on that basis, denies each and every such allegation.

13   44.   North Star denies each and every allegation set forth in Paragraph 44 of the SAC.

14   45.   North Star denies each and every allegation set forth in Paragraph 45 of the SAC, except admits and alleges that the KMH Plan did not provide Summary Annual Reports of the KMH Plan to KMH Plan participants in Plan Years 2003 and 2004, and that the Department of Labor's investigation of the KMH Plan's failure to do so resulted in the issuance of a formal "no action" letter by the Department of Labor.

19   46.   North Star denies each and every allegation set forth in Paragraph 46 of the SAC.

20   47.   North Star admits the allegations set forth in Paragraph 47 of the SAC.

21   48.   North Star asserts that the statements set forth in Paragraph 48 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

25   49.   North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 49 of the SAC and, on that basis, denies each and every such allegation.

27   50.   North Star denies each and every allegation set forth in Paragraph 50 of the SAC.

28   51.   North Star denies each and every allegation set forth in Paragraph 51 of the SAC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7   NORTH STAR'S ANSWER TO (CORRECTED) SECOND AMENDED COMPLAINT
CASE NO. C06-07339 MJJ

52. North Star denies each and every allegation set forth in Paragraph 52 of the SAC.

53. North Star lacks sufficient information to either admit or deny the allegations set forth in Paragraph 53 of the SAC and, on that basis, denies each and every such allegation.

54. The statements set forth in Paragraph 54 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation, except admits that Plaintiffs purport to bring this action on behalf of a class, and alleges that Plaintiffs' definition of the purported class speaks for itself.

55. The statements set forth in Paragraph 55 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation, except lacks sufficient information to either admit or deny the allegations set forth in the third sentence of Paragraph 55 and, on that basis, denies each and every such allegation.

56. The statements set forth in Paragraph 56 of the SAC, and each subparagraph thereof, constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

57. The statements set forth in Paragraph 57 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

58. North Star denies each and every allegation set forth in Paragraph 58 of the SAC, except lacks sufficient information to either admit or deny the allegations set forth in the first sentence of Paragraph 58 thereof and, on that basis, denies each and every such allegation, except does not contest that Plaintiffs' counsel is qualified to handle this litigation.

59. The statements set forth in Paragraph 59 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said

1  statements could be construed to contain allegations of fact, North Star denies each and every
2  such allegation.

3      60.     The statements set forth in Paragraph 60 of the SAC constitute legal assertions and
4  conclusions, rather than factual allegations, thereby requiring no answer.  To the extent said
5  statements could be construed to contain allegations of fact, North Star denies each and every
6  such allegation.

7      61.     The statements set forth in Paragraph 61 of the SAC constitute legal assertions and
8  conclusions, rather than factual allegations, thereby requiring no answer.  To the extent said
9  statements contain allegations of fact, North Star lacks sufficient information to either admit or
10 deny such allegations and, on that basis, denies each and every such allegation.

11     62.     By way of responding to Paragraph 62 of the SAC, North Star incorporates by
12 reference herein its responses to Paragraphs 1 through 61 above, as though fully set forth herein.

13     63.     The statements set forth in Paragraph 63 of the SAC constitute legal assertions and
14 conclusions, rather than factual allegations, thereby requiring no answer.  To the extent said
15 statements could be construed to contain allegations of fact, North Star denies each and every
16 such allegation.

17     64.     The statements set forth in Paragraph 64 of the SAC constitute legal assertions and
18 conclusions, rather than factual allegations, thereby requiring no answer.  To the extent said
19 statements could be construed to contain allegations of fact, North Star denies each and every
20 such allegation.

21     65.     The statements set forth in Paragraph 65 of the SAC constitute legal assertions and
22 conclusions, rather than factual allegations, thereby requiring no answer.  To the extent said
23 statements could be construed to contain allegations of fact, North Star denies each and every
24 such allegation.

25     66.     The statements set forth in Paragraph 66 of the SAC constitute legal assertions and
26 conclusions, rather than factual allegations, thereby requiring no answer.  To the extent said
27 statements could be construed to contain allegations of fact, North Star denies each and every
28 such allegation.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9     NORTH STAR'S ANSWER TO
(CORRECTED) SECOND AMENDED COMPLAINT
CASE NO. C06-07339 MJJ

67. North Star asserts that the statements set forth in Paragraph 67 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

68. The statements set forth in Paragraph 68 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

69. North Star denies each and every allegation set forth in Paragraph 69 of the SAC.

70. By way of responding to Paragraph 70 of the SAC, North Star incorporates by reference herein its responses to Paragraphs 1 through 61 above, as though fully set forth herein.

71. The statements set forth in Paragraph 71 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

72. The statements set forth in Paragraph 72 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

73. The statements set forth in Paragraph 73 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

74. North Star denies each and every allegation set forth in the second, third, and fourth sentences of Paragraph 74 of the SAC. The statements set forth in the first sentence of Paragraph 74 constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10   NORTH STAR'S ANSWER TO (CORRECTED) SECOND AMENDED COMPLAINT
CASE NO. C06-07339 MJJ

75. North Star denies each and every allegation set forth in the second, third, and fourth sentences of Paragraph 75 of the SAC. The statements set forth in the first sentence of Paragraph 75 constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

76. North Star denies each and every allegation set forth in Paragraph 76 of the SAC.

77. The statements set forth in Paragraph 77 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

78. The statements set forth in Paragraph 78 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

79. The statements set forth in Paragraph 79 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

80. North Star denies each and every allegation set forth in Paragraph 80 of the SAC.

81. North Star denies each and every allegation set forth in Paragraph 81 of the SAC.

82. The statements set forth in Paragraph 82 of the SAC constitute legal assertions and conclusions, rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed to contain allegations of fact, North Star denies each and every such allegation.

The statements set forth in Plaintiffs' Prayer for Relief constitute claims for relief and legal contentions, rather than factual allegations, thereby requiring no answer. To the extent that any such statements could be construed to contain allegations of fact, North Star denies each and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11   NORTH STAR'S ANSWER TO
(CORRECTED) SECOND AMENDED COMPLAINT
CASE NO. C06-07339 MJJ

every such allegation. North Star further alleges that Plaintiffs are not entitled to any of the requested relief.

North Star denies each and every allegation set forth in the SAC that is not specifically admitted herein above.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the claims asserted in the SAC, North Star alleges, on information and belief, as follows:

### FIRST AFFIRMATIVE DEFENSE

The SAC, and each Claim for Relief set forth therein, fails to state facts sufficient to state a claim upon which relief can be granted against North Star.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have sustained no cognizable losses relating to the Plans and therefore lack standing to bring this action.

### THIRD AFFIRMATIVE DEFENSE

The applicable statutes of limitations including, but not limited to, ERISA Section 413, 29 U.S.C. § 1113, bar each and every purported claim alleged by Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are individual in nature and therefore may not be asserted on behalf of the Plans under ERISA Sections 409 and 502(a)(2), 29 U.S.C. § 1109 and 1132(a)(2).

### FIFTH AFFIRMATIVE DEFENSE

No claim is stated upon which relief can be granted to the extent that Plaintiffs' SAC seeks money damages or other legal relief under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3).

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damages, which North Star denies, these damages proximately resulted from the acts or omissions of persons or entities other than North Star.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their alleged damages, thereby precluding or reducing Plaintiffs' right of recovery, if any, from North Star.

### EIGHTH AFFIRMATIVE DEFENSE

North Star is protected from liability by Section 409(b) of ERISA, 29 U.S.C. § 1109(b), to the extent that the alleged fiduciary breaches in the SAC occurred before or after it was a fiduciary.

### NINTH AFFIRMATIVE DEFENSE

The alleged fiduciary conduct described in the SAC was performed, in whole or in part, by an independent entity for whose conduct North Star is not responsible and cannot be held liable.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' purported claim under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), fails to state a claim upon which relief can be granted because the relief sought thereby is duplicative of the relief sought under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim under ERISA Sections 502(a)(2) and (a)(3), 29 U.S.C. §§ 1132(a)(2) & (a)(3), to the extent North Star was not acting in a fiduciary capacity.

### TWELFTH AFFIRMATIVE DEFENSE

The SAC fails to state a claim upon which relief can be granted to the extent that Plaintiffs' purported claims amount to claims for benefits, since Plaintiffs have failed to exhaust their administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to plead their allegations of fraud and concealment with the requisite particularity.

### FIFTEENTH AFFIRMATIVE DFEFENSE

Because Plaintiffs' SAC is vague, ambiguous, uncertain, and couched in conclusory

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13    NORTH STAR'S ANSWER TO (CORRECTED) SECOND AMENDED COMPLAINT
CASE NO. C06-07339 MJJ

1  terms, North Star cannot fully anticipate all defenses that may be applicable to this action.
2  Accordingly, North Star reserves the right to assert additional defenses if and to the extent that
3  such defenses are applicable.
4      WHEREFORE, North Star respectfully requests that the Court dismiss the SAC in its
5  entirety, award North Star its costs and attorneys' fees incurred in defending this action, and
6  award such other relief as it deems just and proper.

8  Dated: February 7, 2008          MORGAN, LEWIS & BOCKIUS LLP

10  By   /S/ Nicole A. Diller
      Nicole A. Diller
11        Lisa S. Serebin
      Andrew C. Sullivan

      Attorneys for North Star Trust Company

14  1-SF/7660971.1