**LEWIS, FEINBERG, LEE, RENAKER & JACKSON,** P.C.
ATTORNEYS AT LAW
1330 BROADWAY, SUITE 1800
OAKLAND, CALIFORNIA 94612-2519

PHONE: (510) 839-6824 ● FAX: (510) 839-7839
SENDER'S E-MAIL: DFEINBERG@LEWISFEINBERG.COM

February 14, 2008

*By Electronic Filing*

Hon. Bernard Zimmerman
U.S. District Court, Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102-3426

      RE:    *Fernandez, et al. v. K-M Industries Holding Co., Inc., et al.*
              Case No.: C 06-07339 MJJ (BZ)

Dear Judge Zimmerman:

      Counsel have met and conferred on several occasions in an attempt to resolve the issues discussed below, and recorded their conferences. Because these efforts were unsuccessful, Plaintiffs' Counsel hereby requests a telephone conference with the Court regarding the dispute. By Order dated 12/3/07, the Court granted Plaintiffs' prior Motion to Compel after conducting *in camera* review.

      Plaintiffs, who are participants in the K-M Industries Holding Co., Inc. Employee Stock Ownership Plan ("ESOP"), seek production of 20 of the 1167 documents that Defendants K-M Industries Holding Co., Inc.; K-M Industries Holding Co., Inc. ESOP Plan Committee; and CIG ESOP Plan Committee ("K-M Defendants") identified in their January 9, 2008 privilege log as withheld on grounds of attorney-client privilege. Plaintiffs are entitled to these documents under the fiduciary exception to the attorney-client privilege, and/or because the privilege was waived.

      Under established law in this circuit, an ERISA fiduciary cannot invoke the attorney-client privilege against Plan participants where the fiduciary seeks the advice of counsel on matters of plan administration, and where the advice does not relate to the fiduciary's potential personal liability. *United States v. Mett*, 178 F.3d 1058, 1063-64 (9th Cir. 1999). This rule, often referred to as the "fiduciary exception" to the attorney-client privilege, is based on the premise that the plan participants are the "real clients" and thus hold the privilege to these documents. *Id.; Fischel v. Equitable Life Assurance*, 191 F.R.D. 606, 609 (N.D. Cal. 2000).

      It is undisputed that K-M Defendants are fiduciaries of the Plan within the meaning of § 3(21)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(21)(A). *See* K-M Defendants' Answer, docket no. 87, ¶¶ 11, 13. The document descriptions in the privilege log[1] state that the documents were authored or received by Plan fiduciaries. The descriptions also show that the Plan fiduciaries were acting on behalf of the ESOP and concern Plan

---

[1] All references to privilege logs, as well as document numbers and descriptions, refer to the January 9, 2008 privilege log produced by K-M Defendants.

administration. Document nos. 21-22 and 54 contains advice about required disclosures to the ESOP trustee; nos. 203-04 relate to funding of the ESOP; and no. 612 seeks information about ESOP committee members. All of these matters pertain to plan administration, and so the K-M Defendants cannot validly withhold them from participants based on attorney-client privilege.

Document no. 8 also fits under the fiduciary exception. In its prior discovery order, the Court ordered K-M Defendants to produce a 1998 letter from Cheryl Mills, finding that the fiduciary exception applied. On the privilege log, document nos. 5, 6 and 8 are identified as letters from Ms. Mills to Plan fiduciaries about the status of asbestos litigation and insurance coverage. At a January 17, 2008 meet and confer, K-M Defendants agreed to produce nos. 5 and 6 because they are drafts of the 1998 letter the Court already ordered them to produce. Although Document no. 8 is from a later date, the author, recipient and description of that document is the same. Therefore, Plaintiffs believe that this letter served the same purpose as the 1998 letter and contained similar material, and thus also fits into the fiduciary exception.

Document nos. 66-68, 76-77, and 80-81 also fall under the fiduciary exception. According to the descriptions, these documents contain advice about the potential liability of fiduciaries to the ESOP trustee or participants. Under *Mett*, communications that would otherwise fit under the fiduciary exception are protected by the attorney-client privilege if the communication relates to a fiduciary obtaining advice from his own counsel regarding potential liability to plan participants (or the government), because in that case an attorney-client relationship is created between the individual and his attorney. *See* 178 F.3d at 1064-66. However, *Mett* does not apply to these documents because the communications here do not pertain to individual fiduciaries seeking advice from their own counsel. Instead, these documents reflect the individual fiduciaries seeking advice from the company lawyers about the liability of fiduciaries. Thus, Plaintiffs are entitled to the documents under the fiduciary exception.

In addition, Plaintiffs are entitled to document nos. 164-66 and 207-09 because the attorney-client privilege has been waived. Although the attorney-client privilege protects confidential communications between a client and his attorney, the privilege is waived when communications are made in the presence of third parties. *United States v. Gann*, 732 F.2d 714, 723 (9th Cir. 1984). These communications were between K-M's counsel, the CFO of K-M, and counsel for the William Moore Trust, another defendant in this lawsuit. Although communications between the CFO of K-M and the company's counsel might be privileged, because counsel for the William Moore Trust also received the documents, the privilege was waived. The communications took place in 2004, and Plaintiffs are not aware of any joint defense agreement between these parties that was in existence at that time.

For these reasons, Plaintiffs respectfully request a telephone conference with the Court to resolve these disputes. Thank you.

                          Sincerely,

                          LEWIS, FEINBERG, LEE,
                          RENAKER & JACKSON, P.C.

        By              / s /
                      Daniel Feinberg