LOVITT & HANNAN, INC.
LAWYERS
TRIAL PRACTICE AND CIVIL LITIGATION
900 FRONT STREET, SUITE 300
SAN FRANCISCO 94111
ATTORNEYS@LH-SF.COM

(415) 362-8769                                                          OF COUNSEL TO:
FACSIMILE (415) 362-7528                                    BARTKO, ZANKEL, TARRANT & MILLER
                                                            I.   A PROFESSIONAL CORPORATION

February 19, 2008

*By Electronic Filing*

Hon. Bernard Zimmerman
U.S. District Court, Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102-3426

      Re:    *Fernandez, et al. v. K-M Industries Holding Co., Inc., et al.*
                Case No.: C 06-07339 CW (BZ)

Dear Judge Zimmerman:

      Defendants K-M Industries Holding Co. Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee, and CIG ESOP Plan Committee (collectively, "Kelly-Moore") acknowledge the application of the fiduciary exception to certain communications normally protected by the attorney-client privilege. They have produced hundreds of such communications. However, the communications sought here, with one exception, are not subject to the fiduciary exception. They concern advice to an ERISA fiduciary about the legal implications of actions and decisions taken in performing fiduciary duties, including defense against claims based on the exercise of such duties. As plaintiffs acknowledge, the fiduciary exception does not apply to advice obtained by the fiduciary in protecting itself from potential claims. *United States v. Mett*, 178 F.3d 1058, 1066 (9th Cir.1999); *Fischel v. Equitable Life Assurance*, 191 F.R.D. 606, 609 (N.D.Cal. 2000). Inasmuch as the *Mett* court held that the courts should consider each communication on a document-by-document basis in determining whether the fiduciary exception applies (*Mett, supra*, at 1065), Kelly-Moore will provide the documents in dispute to the Court for *in camera* review on request.

      Several years after the ESOP was formed, a large verdict was returned against Kelly-Moore in an asbestos personal injury action. At that point, the issue of liability for asbestos claims became a serious problem because that verdict made Kelly-Moore a richer target for asbestos plaintiffs. Thus, starting in 2001, Kelly-Moore hired additional lawyers to defend it in asbestos litigation and to coordinate its defense, and then others to pursue coverage claims against insurers, and, eventually, others to begin planning for a potential bankruptcy. Simultaneously, an independent trustee was retained to serve the ESOP. In addition, the family trust established by William Moore, the Company's founder, majority shareholder and Chairman of the Board, also retained counsel to represent the Trust, Mr. Moore, and his wife, Desiree. As was the case in *Mett*, trouble was in the air. The interests of these related parties were tightly intertwined. If any of them was sued it was likely that all would be sued. The documents at issue demonstrate their concerns about potential litigation.

LOVITT & HANNAN, INC.

Hon. Bernard Zimmerman
February 19, 2008
Page 2

**Document No. 8** – The substance of Document No. 8 was not discussed in meet and confer. After further review, defendants will produce the document.

**Document Nos. 21, 22, 54, 203, 204 and 612** – The subject matter of these memoranda from Kelly Moore counsel to the Company is whether sensitive information concerning the plan to file under Chapter 11 (and related issues such as estimates of future asbestos liabilities) was required to be communicated to the ESOP Trustee. The memoranda demonstrate on their face that the writers did not intend these matters to be discussed with the ESOP Trustee. The advice was not given for the benefit of the ESOP or its participants. Its purpose was to review the legal implications of actions the Board might take while performing its fiduciary obligations, including defense against possible claims by the ESOP beneficiaries and/or the ESOP Trustee.

**Document Nos. 66, 67, 68, 76, 77, 80 and 81** – These e-mail strings are communications among attorneys for the Company on the subject of claims that might be asserted against the Company and other fiduciaries in the event that the Company filed for bankruptcy. The advice is being offered to the company itself, and not individually to Kelly-Moore officers and directors. The advice relates to possible claims against fiduciaries by shareholders (the ESOP) and by creditors (primarily future asbestos claimants). As was the case above, the purpose of these communications is to review the legal implications of actions the Company might take while performing its fiduciary obligations, anticipating claims that could arise from those actions.

**Document Nos. 164, 165, 166, 207, 208, and 209** – Document Nos. 164 through 166 are e-mail strings between counsel for the Company and counsel for Board members on the subject of implications for the Company of actions sought by the ESOP Trustee relating to: 1) participation of Company officers on the ESOP Committee, 2) discretionary funding of the ESOP by the Company, 3) filing of the annual Form 5500, and 4) repurchase of participant stock. Plaintiffs claim the privilege is waived because there was no joint defense agreement in place between these parties. They are not correct. The communications are made on a matter of common interest and are designed to further that interest. There is no waiver of the privilege. Accordingly, the joint defense privilege applies. *United States v. Bergonzi*, 216 F.R.D. 487, 495 (ND. Cal. 2003); *Modesto Irrigation District v. Gutierrez*, 2007 WL 763370, 2007 U.S. Dist. LEXIS 21949 (E.D.Cal., 2007).

Document Nos. 207 through 209 comprise a communication between attorneys for the Company and for the Moore Trust on the subject of defenses to possible claims by the ESOP trustee. This subject matter comprises a discussion of defenses to possible ESOP claims against the Company and the Moore Trust and, accordingly, is privileged.

Sincerely,

LOVITT & HANNAN, INC.

/s/

Terence F. Young