1  Daniel Feinberg – CA State Bar No. 135983
   Todd F. Jackson – CA State Bar No. 202598
2  Margaret E. Hasselman – CA State Bar No. 228529
   Nina R. Wasow – CA State Bar No. 242047
3  Kirsten G. Scott – CA State Bar No. 253464
   LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
4  1330 Broadway, Suite 1800
   Oakland, CA  94612
5  Telephone: (510) 839-6824
   Facsimile: (510) 839-7839
6  Email: dfeinberg@lewisfeinberg.com
   Email: tjackson@lewisfeinberg.com
7  Email: mhasselman@lewisfeinberg.com
   Email: nwasow@lewisfeinberg.com
8  Email: kscott@lewisfeinberg.com

9  *Attorneys for Plaintiffs and the Proposed Class*
   (Additional counsel listed within)

10

11             IN THE UNITED STATES DISTRICT COURT
12          FOR THE NORTHERN DISTRICT OF CALIFORNIA
              SAN FRANCISCO AND OAKLAND DIVISION
13

14  THOMAS FERNANDEZ, LORA SMITH, and  )   Case No. C-06-07339 CW
    TOSHA THOMAS, individually and on behalf  )
15  of a class of all other persons similarly situated,  )
                                         )   **PLAINTIFFS' NOTICE OF MOTION**
16              Plaintiffs,              )   **AND MOTION FOR CLASS**
                                         )   **CERTIFICATION AND**
17         vs.                           )   **APPOINTMENT OF CLASS COUNSEL**
                                         )
18  K-M INDUSTRIES HOLDING CO., INC.;    )
    K-M INDUSTRIES HOLDING CO., INC.     )
19  ESOP PLAN COMMITTEE; WILLIAM E.      )
    AND DESIREE B. MOORE REVOCABLE       )   Date:        July 3, 2008
20  TRUST; TRUSTEES OF THE WILLIAM E.    )   Time:        2 p.m.
    AND DESIREE B. MOORE REVOCABLE       )   Courtroom:   2, 4th Floor
21  TRUST; CIG ESOP PLAN COMMITTEE;      )   Judge:       Hon. Claudia Wilken
    NORTH STAR TRUST COMPANY;            )
22  DESIREE B. MOORE REVOCABLE TRUST;    )
    WILLIAM E. MOORE MARITAL TRUST;      )
23  WILLIAM E. MOORE GENERATION-         )
    SKIPPING TRUST; and DESIREE MOORE,   )
24  BOTH IN HER INDIVIDUAL CAPACITY      )
    AND AS TRUSTEE OF THE WILLIAM E.     )
25  AND DESIREE B. MOORE REVOCABLE       )
    TRUST'S SUCCESSOR TRUSTS NAMED       )
26  ABOVE,                               )
                                         )
27              Defendants.              )
                                         )
28

MOTION FOR CLASS CERTIFICATION [CASE NO. C-06-07339 CW ]

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

NOTICE IS HEREBY GIVEN that on July 3, 2008, or as soon thereafter as counsel may be heard, in Courtroom 2 of the above-entitled Court, located on the 4th Floor at Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, California, Plaintiffs will, and hereby do, move this Court for certification of the above-titled case as a class action.

By this Motion, Plaintiffs seek class certification pursuant to Federal Rule of Civil Procedure Rule 23(a) and (b)(1) and/or (b)(2) of the following class: all persons who were participants or beneficiaries in the Employee Stock Ownership Plan (ESOP) on October 13, 1998, or at any time thereafter, and/or beneficiaries of ESOP participants on October 13, 1998, or any time thereafter.  In addition, by this motion Plaintiffs seek appointment of Plaintiffs' counsel as Class Counsel.

This motion is based on this Notice of Motion and Motion; the following Memorandum of Points and Authorities in support thereof; the Declaration of Kirsten Scott in Support of Plaintiffs' Motion for Class Certification and exhibits thereto; the Declaration of Todd Jackson in Support of Appointment of Class Counsel; the Proposed Order filed herewith; the pleadings and other documents in the Court's file in this matter; and such other matters as may be presented to the Court at hearing.

Dated: May 29, 2008

Respectfully submitted,

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.

By: ___/s/_____
Todd Jackson
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA  94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839

Peter Rukin – CA State Bar No. 178336
RUKIN HYLAND DORIA
& TINDALL LLP
100 Pine Street, Suite 725
San Francisco, CA
Telephone: (415) 421-1800

Facsimile: (415) 421-1700
Email: peterrukin@rhddlaw.com

*Attorneys for Plaintiffs*
*and the Proposed Class*

# TABLE OF CONTENTS

Page No.

I.    INTRODUCTION ................................................ 1

II.   FACTUAL BACKGROUND AND PLAINTIFFS' ALLEGATIONS ............... 2

    A.    Structure of Company and Original Purchase of Shares ................... 2

    B.    Plaintiffs Allege That the Moore Trust and K-M Defendants Violated the Prohibited Transaction Provisions Of ERISA. ......................... 3

    C.    Plaintiffs Allege That the K-M Defendants and North Star Breached Their Fiduciary Duties Under ERISA. ..................................... 4

III.  ARGUMENT .................................................... 5

    A.    The Pre-requisites of Rule 23(a) are Met. .............................. 7

        1.    The Class Is So Numerous that Joinder of All Members Is Impracticable. ................................................ 7

        2.    There Are Questions of Law and Fact Common to the Class. .......... 8

        3.    The Claims of the Representative Plaintiffs Are Typical of the Claims of the Class. ............................................... 10

        4.    The Named Plaintiffs Will Fairly and Adequately Protect the Interests of the Class. ............................................... 13

    B.    Certification Under Rule 23(b)(1) and/or (b)(2) Is Appropriate. ............ 14

        1.    The Requirements of Rule 23(b)(1) Are Met ..................... 15

            a.    Class Certification Is Appropriate Under Rule 23(b)(1)(B) .... 16

            b.    Class Certification Is Appropriate Under Rule 23(b)(1)(A). .... 18

        2.    Certification Is Also Appropriate Under Rule 23(b)(2). ............. 19

    C.    Plaintiffs' Counsel Should Be Appointed Class Counsel. .................. 21

IV.   CONCLUSION ................................................. 22

# TABLE OF AUTHORITIES

**Page No.**

**FEDERAL CASES**

Amara v. CIGNA Corp., No. 01-2361, 2002 WL 31993224, 29 Employee Benefits Cas. (BNA) 2208 (D. Conn. Dec. 20, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 20

Ansari v. New York Univ., 179 F.R.D. 112 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Arnold v. United Artists Theatre Circuit, Inc., 158 F.R.D. 439 (N.D. Cal. 1994) . . . . . . . . . . . 7

Babcock v. Computer Assocs., Int'l, Inc., 212 F.R.D. 126 (E.D.N.Y. 2003) . . . . . . . . . . 7, 13, 15

Baby Neal for and by Kanter v. Casey , 43 F.3d 48 (3d Cir. 1994) . . . . . . . . . . . . . . . . . 8, 11, 19

Banyai v. Mazur, 205 F.R.D. 160 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 16

Becher v. Long Island Lighting Co., 164 F.R.D. 144 (E.D.N.Y. 1996) . . . . . . . . . . . . . . passim

Blackie v. Barrack, 524 F.2d 891 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Bower v. Bunker Hill Co., 114 F.R.D. 587 (E.D. Wash. 1986) . . . . . . . . . . . . . . . . . . . . . . 12, 15

Bunnion v. Consol. Rail Corp., No. 97-4877, 1998 WL 372644 (E.D. Pa. May 14, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 17, 18, 21

Califano v. Yamasaki, 442 U.S. 682 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Church v. Consol. Freightways, Inc., No. 90-2290, 1991 WL 284083 (N.D. Cal. June 14, 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16, 20

Clauser v. Newell Rubbermaid, Inc., No. 99-5753, 2000 WL 1053395 (E.D. Pa. July 31, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473 (2d Cir. 1995) . . . . . . . . . . . . . . 7

Donovan v. Estate of Fitzsimmons, 778 F.2d 298 (7th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . 10

Dukes v. Wal-Mart Stores, Inc., 509 F.3d 1168 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . passim

Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Feret v. Corestates Fin. Corp., No. 97-6759, 1998 WL 512933 (E.D. Pa. Aug. 18, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18, 19

Foltz v. U.S. News & World Report, Inc., 106 F.R.D. 338 (D.D.C. 1984) . . . . . . . . . . . . . . . . 10

Forbush v. J.C. Penney Co., Inc., 994 F.2d 1101 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . 8

Ga. State Conference of Branches of NAACP v. State, 99 F.R.D. 16 (S.D. Ga. 1983) . . . . . . . 14

Gen. Tel. Co. v. Falcon, 457 U.S. 147 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Gruby v. Brady, 838 F. Supp. 820 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16, 17, 18

Haley v. Medtronic, Inc., 169 F.R.D. 643 (C.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hanlon v. Chrysler Corp., 150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 8, 11, 13

Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909 (9th Cir. 1964) . . . . . . . . . . . . . . . . 7

Horn v. McQueen, 215 F. Supp. 2d 867 (W.D. Ky. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Ikonen v. Hartz Mountain Corp., 122 F.R.D. 258 (S.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . 7

In re Ikon Office Solutions, Inc. Sec. Litig., 191 F.R.D. 457 (E.D. Pa. 2000) . . . . . . . . . passim

In re Louisiana-Pac. Corp., No. 02-1023, 2003 WL 23537936 (D. Or. Jan. 24, 2003) . . . . . . . 17

In re Prudential Ins. Co. of Am. Sales Practices Litig., 148 F.3d 283 (3d Cir. 1998) . . . . . . . . 11

In re Syncor ERISA Litig., 227 F.R.D. 338 (C.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . passim

In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Secs. Litig.,
122 F.R.D. 251 (C.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Kahan v. Rosenstiel, 424 F.2d 161 (3d Cir.1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Kane v. United Indep. Union Welfare Fund, No. 97-1505, 1998 WL 78985
(E.D. Pa. Feb. 24, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

Kayes v. Pacific Lumber Co., 51 F.3d 1449 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . 7, 12, 14

Koch v. Dwyer, No. 98-5519, 2001 WL 289972, 26 Employee Benefits Cas. (BNA) 1688
(S.D.N.Y. Mar. 23, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Kolar v. Rite Aid Corp., No. 01-1229, 2003 WL 1257272, 30 Employee Benefits Cas. (BNA)
1993 (E.D. Pa. Mar. 11, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 17, 18

LaFlamme v. Carpenters Local No. 370 Pension Plan, 212 F.R.D. 448 (N.D.N.Y. 2003) . . 13, 20

Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16

McHenry v. Bell Atl. Corp., No. 97-6556, 1998 WL 512942, 22 Employee Benefits Cas.
(BNA) 1849 (E.D. Pa. Aug. 19, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Montgomery v. Aetna Plywood, Inc., No. 95-3193, 1996 WL 189347
(N.D. Ill. April 16, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Morelock Enters., Inc. v. Weyerhaeuser Co., No. 04-583, 2004 WL 2997526
(D. Or. Dec. 16, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Phillips Petroleum Co. v. Shutts, 472 U.S. 797 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Riviera v. Patino, 524 F. Supp. 136 (N.D. Cal. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Robidoux v. Celani, 987 F.2d 931 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rosario v. Lividitis, 963 F.2d 1013 (7th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Schwartz v. Harp, 108 F.R.D. 279 (C.D. Cal. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Shultz v. Teledyne, Inc., 657 F. Supp. 289 (W.D. Pa. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Slaven v. BP America, Inc., 190 F.R.D. 649 (C.D. Cal. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Specialty Cabinets & Fixtures, Inc. v. Am. Equitable Life Ins. Co., 140 F.R.D. 474
(S.D. Ga. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15, 16, 17

Staton v. Boeing Co., 327 F.3d 938 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

Stoetzner v. U.S. Steel Corp., 897 F.2d 115 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Thomas v. SmithKline Becham Corp., 201 F.R.D. 387 (E.D. Pa. 2001) . . . . . . . . . . . 17, 18, 19

Unitis v. JFC Acquisition Co., 643 F. Supp. 454 (N.D. Ill. 1986) . . . . . . . . . . . . . . . . . . . . . . . 10

Vizcaino v. Microsoft Corp., No. 93-178D, 1993 WL 1622929 (W.D. Wash. July 21, 1993) . . 20

Westman v. Textron, Inc., 151 F.R.D. 229 (D. Conn. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Wofford v. Safeway Stores Inc., 78 F.R.D. 460 (N.D. Cal. 1978) . . . . . . . . . . . . . . . . . . . . . . . 11

Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . 6

**FEDERAL STATUTES**

29 U.S.C. § 1002(21) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

29 U.S.C. § 1102(14) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

29 U.S.C. § 1106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

29 U.S.C. § 1106(a)-(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

29 U.S.C. § 1108 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

29 U.S.C. § 1109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 14

29 U.S.C. § 1109(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

29 U.S.C. § 1132(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 14

29 U.S.C. § 1132(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**OTHER AUTHORITIES**

1 Newberg on Class Actions (3d ed. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11

Wright, Miller & Kane, Federal Practice and Procedure, § 1768 . . . . . . . . . . . . . . . . . . . . . . . 13

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3     This action arises out of the sale of stock by the Defendant William E. and Desiree B.

4   Moore Revocable Trust (hereinafter referred to as the "Moore Trust") to an Employee Stock

5   Ownership Plan ("ESOP") established by Defendant K-M Industries Holding Co., Inc.

6   ("KMH").  William E. Moore represented both the ESOP, as the buyer, and the Moore Trust, as

7   the seller, in these transactions.

8     Plaintiffs allege that the Moore Trust Defendants[1] and the K-M Defendants[2] violated

9   ERISA by engaging in prohibited transactions because they caused the ESOP to pay more than

10   fair market value for the KMH shares that the ESOP purchased from the Moore Trust in 1998

11   and 1999.  Plaintiffs further allege that the K-M Defendants breached their fiduciary duties by

12   causing the Plan to pay more than fair market value in the 1998 and 1999 transactions, and that

13   the K-M Defendants and the successor trustee, Defendant North Star Trust Company ("North

14   Star"), violated ERISA by failing to discharge their fiduciary duties with respect to the Plan with

15   the requisite prudence and loyalty.  Finally, Plaintiffs allege that the K-M Defendants and North

16   Star breached their ongoing fiduciary duties by failing to make reasonable efforts to remedy the

17   prior trustees' fiduciary violations.

18     These claims, and the facts giving rise to them, are the same for all members of the

19   proposed class and therefore make this case appropriate for a class action.  Plaintiffs' claims

20   arise under ERISA sections 502(a)(2), 502(a)(3), 406, and 409, which together empower plan

21   participants to bring a civil action to hold plan fiduciaries personally liable for losses to a plan

22   resulting from fiduciary violations.  29 U.S.C. §§ 1132(a)(2), 1132(a)(3), 1106, 1109.  Plaintiffs'

23

24     [1]The "Moore Trust Defendants" consists of the Moore Trust and Trustees of the Moore

25   Trust; successor trusts which include the Desiree B. Moore Revocable Trust, the William E.
Moore Marital Trust, and the William E. Moore Generation-Skipping Trust; and Desiree Moore,

26   both in her individual capacity and as trustee of the Moore Trust's successor trusts named above.

27     [2]The "K-M Defendants" include KMH, the KMH ESOP Plan Committee, and the CIG

28   ESOP Plan Committee.

claims focus exclusively on the conduct of the Defendants, whose alleged fiduciary violations injured the ESOP as a whole, and all of the claims depend on common questions of fact and law which, if proven, will result in Plan-wide recovery.

Thus, the prerequisites of Federal Rule of Civil Procedure 23(a) are easily met here: the class numbers in the thousands, the questions of fact and law surrounding Defendants' conduct are the same for all class members, the Plaintiffs' claims are typical of the class, and the Plaintiffs will adequately represent the proposed class. Further, because adjudication of these ESOP issues for one participant would effectively be dispositive of the issue for all class members, and because Plaintiffs seek declaratory and injunctive relief, this case meets the requirements of Rule 23(b)(1) and/or (b)(2). Plaintiffs therefore respectfully request that a class, consisting of all persons who were participants or beneficiaries in the ESOP on October 13, 1998, or at any time thereafter (hereinafter "Class Plaintiffs"), be certified. Plaintiffs also request that their counsel be appointed as Class Counsel.

## II.    FACTUAL BACKGROUND AND PLAINTIFFS' ALLEGATIONS

The underlying facts giving rise to the instant action start with the sale of KMH shares by the Moore Trust to the ESOP in 1998 and 1999 for more than fair market value, and continue through the present with the K-M Defendants' and North Star's failure to rectify these overpayments.

### A.    Structure of Company and Original Purchase of Shares

KMH is a holding company with two wholly-owned subsidiaries, Kelly-Moore Paint Company and Capital Insurance Group ("CIG"). Declaration of Kirsten Scott In Support of Plaintiffs' Motion for Class Certification ("Scott Dec.") Exh. 1 (Overview of K-M Industries). Prior to October 1998, KMH was owned by William Moore and his family through the Moore Trust. Scott Dec. Exh. 2 (ESOP Stock Purchase Agreement dated October 13, 1998). In 1998, Mr. Moore sought to diversify his holdings by selling some of his KMH stock, and determined that an ESOP would permit him to do so while allowing him to retain control of KMH. Scott Dec. Exhs. 3 (Cristiano Dep. 78:6-78:16), 4 (Menke Dep. 104:21-104:25); 5 (Kelly Moore Paint Co. Board Meeting Minutes). Accordingly, the ESOP was established effective January 1, 1998.

1    Scott Dec. Exh. 6 (ESOP Plan document).[3]

2         After the ESOP was established, Mr. Moore, acting as the trustee of the ESOP, purchased

3    KMH shares from the Moore Trust.  The ESOP holds securities of KMH; specifically, it holds

4    "tracking stock" which was created for the ESOP and which is intended to separately track the

5    performance of Kelly-Moore Paint and CIG.  On October 13, 1998, the ESOP purchased

6    33,745,455 shares, equal to 42 percent, of the "Series P" stock (tracking the performance of

7    Kelly-Moore Paint) from the Moore Trust for $232 million.  Scott Dec. Exh. 2.  On October 18,

8    1999, the ESOP purchased 8,400,000 shares, equal to 42%, of the "Series I" stock (tracking the

9    performance of CIG) from the Moore Trust for $55 million.  Scott Dec. Exh. 9 (ESOP Stock

10   Purchase Agreement dated October 18, 1999).  In both transactions, William Moore signed the

11   agreement on behalf of both the ESOP (the buyer) and the Moore Trust (the seller).

12        ESOP participants, whether employed by Kelly-Moore Paint or CIG, hold equity in

13   KMH and not in their respective subsidiaries.  Scott Dec. Exhs. 10 (K-M Defendants' Responses

14   to Plaintiffs' Requests for Admission), 11 (Moore Trust Defendants' Responses to Plaintiffs'

15   Requests for Admission).  Participants who were or are employees of Kelly-Moore Paint have

16   only Series P stock in their ESOP accounts, and those who are or were employees of CIG have

17   only Series I stock in their ESOP accounts.  *Id*.  The ESOP holds its assets, KHM Series P and

18   Series I stock, in a single trust account.  *Id*.  The value of Series P and Series I stock are both

19   affected by the financial condition of KMH.  *Id*.

20        **B.    Plaintiffs Allege That the Moore Trust and K-M Defendants Violated the
             Prohibited Transaction Provisions Of ERISA.**

21

22        Plaintiffs allege that the Moore Trust Defendants and the K-M Defendants engaged in

23   prohibited transactions under ERISA § 406, 29 U.S.C. § 1106, when the ESOP purchased stock

24   from the Moore Trust in 1998 and 1999.  Mr. Moore, who acted as both the buyer and the seller

25   in these transactions, was a party in interest within meaning of ERISA § 3(14), 29 U.S.C. §

26

27        [3]There were initially separate ESOPs for Kelly-Moore Paint and CIG.  However, the IRS

28   rejected KMH's proposal to have separate ESOPs, and thus the ESOPs merged in July 1999.
     Scott Dec. Exhs. 7 (K-M Industries Current Corporate Structure); 8 (Cazzolla Dep. 44:3-44:21).

1102(14), with respect to the transactions between the Moore Trust and the ESOP.  Scott Dec.

Exhs. 2, 3 (Cristiano Dep. 153:10-156:13), 8 (Cazzolla Dep. 19:11-23:24), 10, 11.  All

prohibited transactions are per se violations of ERISA § 406, unless they fall under an exception

listed in ERISA § 408.  29 U.S.C. §§ 1106, 1108.  In the ESOP context, a prohibited transaction

is allowed only where the Defendants meet their burden of proving that ESOP paid fair market

value for the company shares it purchased.  *Horn v. McQueen*, 215 F. Supp. 2d 867, 876 (W.D.

Ky. 2002).  Thus, the legal issue in the prohibited transaction claim is straightforward: did the

ESOP pay more than fair market value when it purchased company stock in 1998 and 1999?

### C.    Plaintiffs Allege That the K-M Defendants and North Star Breached Their Fiduciary Duties Under ERISA.

Plaintiffs allege that the K-M Defendants and North Star are fiduciaries of the Plan

within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).  Defendant KMH was the Plan

sponsor during the relevant time period, and the ESOP Committee was named as a fiduciary in

the Plan document.  Scott Dec. Exh. 6 (ESOP Plan document).  From the inception of the ESOP

until April 22, 2003, Mr. Moore was the Trustee of the ESOP; after Mr. Moore resigned due to

failing health, Defendant North Star Trust was engaged as the Trustee.  Scott Dec. Exhs. 8

(Cazzolla Dep. 19:11-23:24), 12 (Trustee Engagement Agreement).[4]  In addition, Plaintiffs

allege that the K-M Defendants and North Star Trust are fiduciaries in that they exercised

discretionary authority or control respecting management or administration of the ESOP or its

assets.  Second Amended Complaint - Corrected ("SAC") ¶¶ 8-14.

Plaintiffs allege that the K-M Defendants breached their fiduciary duties to the ESOP by

failing to secure independent expert valuations of the fair market value of the Series P or Series I

stock; failing to provide complete and accurate information about KMH to valuation experts;

failing to make certain that reliance on such experts' advice was reasonably justified under the

circumstances; and failing to make an honest, objective effort to read and understand the

---

[4]Herbert Giffins, then the CEO of Kelly-Moore Paint, was appointed as interim trustee when Mr. Moore resigned on February 28, 2003.  He served in that capacity until North Star was retained on April 22, 2003.  Scott Dec. Exhs. 12, 13 (Resignation of Herbert Giffins as Trustee).

1    valuation reports and question the underlying methods and assumptions. *See* SAC at ¶¶ 67.

2    Further, Plaintiffs allege that the K-M Defendants breached their fiduciary duties by failing to

3    appropriately consider, disclose, or value asbestos litigation liabilities facing Kelly-Moore Paint.

4    *See id.*

5           Kelly-Moore Paint sold products containing asbestos during the 1960s and 1970s.  SAC ¶

6    18.  Kelly-Moore was first sued for asbestos-related bodily injuries in 1977. Scott Dec. Exh. 14

7    (Kelly Moore Responses to Interrogatories in In re Complex Asbestos Litigation, dated June 8,

8    1990).  Cases began to surge in the late 1990s, and by 2001, Kelly-Moore Paint was facing

9    thousands of asbestos lawsuits                **REDACTED**                  . Scott Dec. Exhs. 3

10   (Cristiano Dep. 249:1-250:20), 8 (Cazzolla Dep. 28:4-6), 15 (Kirkland & Ellis presentation), 16

11   (K-M Defendants' Response to Plaintiffs' Interrogatories).  Plaintiffs allege that the valuations of

12   KMH stock prepared for purposes of the ESOP transactions failed to consider KMH's actual and

13   potential asbestos liability.  *See* SAC ¶¶ 32, 43.  Plaintiffs allege that the ESOP overpaid for the

14   KMH stock it purchased in 1998 and 1999, based on the K-M Defendants' failure to ensure that

15   asbestos litigation was taken into account in the price of KMH stock in the transactions, and

16   based on the other fiduciary breaches discussed above.  *See* SAC at ¶ 51.

17          In addition, Plaintiffs allege that the K-M Defendants and North Star breached their

18   fiduciary duties by failing to adequately investigate whether prior fiduciaries breached their

19   duties and failing to take reasonable steps to remedy such breaches such as, for example, seeking

20   a refund from the Moore Trust for the ESOP's overpayment for KMH stock.  *See* SAC at ¶ 67.

21   **III.    ARGUMENT**

22          This case presents the same common questions of law and fact for all of the class

23   members: did the K-M Defendants and the Moore Trust Defendants, by their actions with regard

24   to the ESOP, engage in prohibited transactions, and did the K-M Defendants and North Star

25   breach their fiduciary duties under ERISA?  Likewise, adjudication of one class member's claim

26   is, as a practical matter, dispositive of all class claims because a finding of a prohibited

27   transaction or a breach of fiduciary duty would be the same for all class members.  Finally, the

28   class seeks the same declaratory and injunctive relief: a declaration that Defendants engaged in

prohibited transactions and/or breached their fiduciary duties, an injunction prohibiting them from further prohibited transactions and/or breaches of fiduciary duty; and an injunction removing them as members of the ESOP Committee and/or as Trustees and barring them from serving as members of the ESOP Committee and/or as Trustees in the future. Therefore, this case meets the prerequisites contained in Rule 23(a) and the case should be certified under both Rule 23(b)(1) and 23(b)(2).

To be certified as a class action, a plaintiff's claim must meet the four requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. FED. R. CIV. P. 23(a); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). In addition, the case must fit into one or more of the categories set forth in Rule 23(b). *Zinser*, 253 F.3d at 1186. As demonstrated below, this case meets the requirements of Rule 23(a) and (b). Finally, the 2003 amendments to the Federal Rules require a separate inquiry into appointment of class counsel under Rule 23(g). FED. R. CIV. P. 23(g) Advisory Committee Note. Here, Plaintiffs' counsel are well-qualified to represent the Class in this ERISA action.

In deciding whether a particular case is appropriate for class action treatment, a court is not to be concerned with the merits of the action or the question of who will prevail. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974); *Dukes v. Wal-Mart Stores*, Inc., 509 F.3d 1168, 1177 (9th Cir. 2007). The res judicata effect accorded a certified class action is desirable without regard to the decision on the merits. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 805 (1985) ("Whether it wins or loses on the merits, petitioner has a distinct and personal interest in seeing the entire plaintiff class bound by res judicata just as petitioner is bound.").

This action presents a textbook example of a case appropriate for class action treatment. A class action is "peculiarly appropriate" when a case raises legal issues "common to the class as a whole," because Rule 23 provides an economical vehicle for a resolution of those multiple common claims. *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979). Even in a "doubtful case, . . . any error, if there is to be one, should be committed in favor of allowing the class action." *Kahan v. Rosenstiel*, 424 F.2d 161, 169 (3d Cir.1970) (internal quotations and citation omitted).

Under this standard, ERISA breach of fiduciary duty cases are appropriate for class

action treatment. *See Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1461-1463 (9th Cir. 1995); *see also*, *e.g.*, *In re Ikon Office Solutions, Inc. Sec. Litig.*, 191 F.R.D. 457, 463-64 (E.D. Pa. 2000). Specifically, courts have found that class certification is appropriate for ERISA breach of fiduciary duty cases involving ESOPs. *In re Ikon*, 191 F.R.D. at 463-64; *In re Syncor ERISA Litig.*, 227 F.R.D. 338, 347 (C.D. Cal. 2005); *Koch v. Dwyer*, No. 98-5519, 2001 WL 289972, *5, 26 Employee Benefits Cas. (BNA) 1688 (S.D.N.Y. Mar. 23, 2001); *Babcock v. Computer Assocs., Int'l, Inc.*, 212 F.R.D. 126, 130-31 (E.D.N.Y. 2003).

Plaintiffs' claims can be litigated efficiently in the context of a class action without the need for multiple, individual lawsuits and the possibility of conflicting legal determinations concerning the propriety of Defendants' actions.

### A.    The Pre-requisites of Rule 23(a) are Met.

Each of the four basic prerequisites enumerated in Rule 23 of the Federal Rules of Civil Procedure — numerosity, commonality, typicality, and adequacy — is satisfied in this case.

### 1.    The Class Is So Numerous that Joinder of All Members Is Impracticable.

Rule 23(a)(1) requires that the proposed class be so numerous that the joinder of all class members is impracticable. *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003). Plaintiffs need not, however, show that the number is so large that it would be impossible to join every class member. *See Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964); *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). Courts have found that the numerosity requirement "has been satisfied when the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer." *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998); *Ikonen v. Hartz Mountain Corp.,* 122 F.R.D. 258, 262 (S.D. Cal. 1988)*; see also* 1 *Newberg on Class Actions*, § 3.05 at pp. 3-25 - 3-26 (3d ed. 1992) (hereinafter 1 *Newberg*); *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). There is no required minimum number of class members, nor does the exact number of class members need to be known for certification to be proper. *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994); 1 *Newberg*, § 3.04 at p. 3-

17; *Schwartz v. Harp,* 108 F.R.D. 279, 281-282 (C.D. Cal. 1985).

The Class here satisfies the numerosity requirement. According to the Plan's Form 5500 for 2005, there were more than 2,900 participants in the ESOP in that year. Scott Dec. Exh. 17 (Form 5500). Further, the KM Defendants and the Moore Trust Defendants have admitted that there are more than 40 participants in the ESOP. Scott Dec. Exhs. 10, 11. Therefore, the Court should find that the numerosity requirement is satisfied.

### 2.    There Are Questions of Law and Fact Common to the Class.

Under Rule 23(a)(2), Plaintiffs must show that there are questions of law or fact common to the class. FED. R. CIV. P. 23(a)(2). The permissive standards of Rule 23(a)'s commonality requirements are met here, where the class members share multiple common questions of law and fact concerning Defendants' conduct with regard to the ESOP.

As the Ninth Circuit has made clear, plaintiffs may satisfy the permissive commonality requirement by demonstrating either a common legal issue with divergent factual predicates or a common nucleus of facts with divergent legal remedies. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) ("Indeed, Rule 23(a)(2) has been construed permissively. All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class"); *see also Dukes*, 509 F.3d at 1177. Courts have held that one common issue of law or fact is sufficient to satisfy the commonality requirement. *Dukes*, 509 F.3d at 1177; *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal. 1996); *Slaven v. BP America, Inc.*, 190 F.R.D. 649, 655 (C.D. Cal. 2000); *see also In re Ikon*, 191 F.R.D. at 463 (quoting *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994)). This requirement is "minimal." *Hanlon*, 150 F.3d at 1020; *see also Forbush v. J.C. Penney Co., Inc.*, 994 F.2d 1101, 1106 (5th Cir. 1993) (holding that the threshold of commonality is not high); 1 *Newberg*, § 3.10 at pp. 3-48 to 3-50. The fact that class members may suffer different degrees of injury will not render the claims uncommon. *See Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1995) ("The amount of damages is invariably an individual question and does not defeat class action treatment.").

Commonality is satisfied here because Defendants' alleged violations of ERISA arise from a common nucleus of operative facts: Defendants' actions and inaction with respect to the ESOP. The Class members' claims raise the exact same common legal issues: whether the initial transactions constituted a prohibited transaction, and whether the K-M Defendants' and North Star's actions and/or failures to act constitute breaches of fiduciary obligations. Common issues of law and fact that apply to the proposed Class include the following:

(1)     Whether K-M Defendants and the Moore Trust Defendants engaged in prohibited transactions under ERISA by permitting the ESOP to purchase Series P and Series I stock for more than fair market value;

(2)     Whether K-M Defendants engaged in a prudent investigation of the proposed sale of Series P and Series I stock by the Moore Trust to the ESOP;

(3)     Whether K-M Defendants breached a fiduciary duty to Plan participants by causing the ESOP to purchase Series I and Series P stock from the Moore Trust for more than fair market value;

(4)     Whether K-M Defendants breached their fiduciary duties to Plan participants by failing to obtain adequate valuations of Series I and Series P stock in each year;

(5)     Whether K-M Defendants breached their fiduciary duties to Plan participants by failing to recoup overpayments by the Plan for Series I and Series P stock;

(6)     Whether North Star, as successor trustee, failed to take reasonable steps to remedy fiduciary violations committed by prior fiduciaries;

(7)     Whether the ESOP suffered losses resulting from such breaches;

(8)     Whether Defendants must make the ESOP whole for such losses.

Any one of these legal and/or factual issues would be sufficient to meet the permissive commonality requirement of Rule 23(a)(2).

Indeed, in similar ERISA cases, including ESOP cases, courts have repeatedly held that allegations regarding defendants' actions with regard to plans, and the related claims for breach of fiduciary duty, satisfy Rule 23(a)(2)'s commonality requirement. *See*, *e.g.*, *In re Syncor*, 227 F.R.D. at 344 (finding commonality requirement satisfied where plaintiffs alleged breaches of

fiduciary duty arising out of defendants' investment of plan assets in an ESOP); *Koch*, 2001 WL 289972 at *3 (finding common issues as to whether the investment of the plans' assets in certain stock in the ESOP was prudent and whether an entity was a directed trustee); *In re Ikon*, 191 F.R.D. at 464 (finding common issues of fact in ESOP case where issues included alleged misrepresentation, who acted as fiduciaries, and whether defendants were aware of past wrongs and took appropriate steps to protect the plan and recover damages); *Donovan v. Estate of Fitzsimmons,* 778 F.2d 298, 305-07 (7th Cir. 1985) (noting with approval that the district court certified class as "consisting of all persons on whose behalf a contribution has been made or was required to be made to the [Fund]" where breaches of fiduciary duty in connection with asset management transactions were involved); *Kolar v. Rite Aid Corp.*, No. 01-1229, 2003 WL 1257272, *2, 30 Employee Benefits Cas. (BNA) 1993 (E.D. Pa. Mar. 11, 2003) (in breach of fiduciary duty case involving prudence of investment in company stock, commonality deemed "obvious," and the court expressed "no hesitation" in certifying the class); *Banyai v. Mazur*, 205 F.R.D. 160, 163 (S.D.N.Y. 2002) (certifying class in breach of fiduciary action challenging termination of plan and transfer of plan assets into an improper fund, stating, "In general, the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries"); *Unitis v. JFC Acquisition Co.*, 643 F. Supp. 454, 463 (N.D. Ill. 1986) (granting class certification because there were "questions of law or fact common to the class since the entire case stem[med] from [defendants'] conduct directed toward assets in which all plaintiffs ha[d] an interest"); *Foltz v. U.S. News & World Report, Inc.*, 106 F.R.D. 338, 342 (D.D.C. 1984) (holding that whether employer breached fiduciary duty to participants in undervaluing their stock was a common question, and stating that "separate litigation of these individual claims would be both wasteful and unnecessary when the major issues can be resolved in a single proceeding").

Rule 23(a)(2)'s commonality requirement is met.

### 3.    The Claims of the Representative Plaintiffs Are Typical of the Claims of the Class.

The representative Plaintiffs suffered the same harms, and bring the same claims, as all

1    other members of the class.  Indeed, because this action alleges misconduct towards the plan, the

2    claims of the named plaintiffs and those of the class members are necessarily identical because

3    all class members are plan participants and seek recovery on behalf of the plan as a whole

4    pursuant to ERISA § 409.

5         Under Rule 23(a)(3), "claims . . . of the representative parties [must be] typical of the

6    claims . . . of the class."  FED. R. CIV. P. 23(a)(3).  The typicality inquiry examines whether the

7    proposed class representatives "possess the same interest and suffer the same injury."  *Gen. Tel.*

8    *Co. v. Falcon*, 457 U.S. 147, 156 (1982) (internal quotations omitted).  As the Supreme Court

9    has noted, because both commonality and typicality focus on the similarity of the claims, the two

10   requirements "tend to merge."  *Id.* at 157 n.13.  The distinction between the two is that the

11   commonality inquiry considers the similarity of claims among class members; the typicality

12   inquiry, on the other hand, examines the similarity of claims between the *representatives* and the

13   remainder of the class.  *Dukes*, 509 F.3d at 1184 (citing 1 *Newberg* at 317).  The Ninth Circuit

14   interprets the typicality requirement permissively:  the claims need not be identical; as long as

15   they are reasonably coextensive with those of the class, the typicality requirement is satisfied.

16   *Id.; Staton,* 327 F.3d at 957; *Hanlon*, 150 F.3d at 1020.

17        A representative plaintiff's claim is typical if it (1) arises from the same course of

18   conduct that gives rise to the claims of the other class members, and (2) it is based on the same

19   legal theory as the claims of the other class members.  *See Rosario v. Lividitis*, 963 F.2d 1013,

20   1018 (7th Cir. 1992); *In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Secs.*

21   *Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988); *Baby Neal*, 43 F.3d at 58; *In re Prudential Ins. Co.*

22   *of Am. Sales Practices Litig.*, 148 F.3d 283, 311 (3d Cir. 1998).  As stated in *Newberg*, "When it

23   is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and

24   the class . . . the typicality requirement is usually met irrespective of varying fact patterns which

25   underlie individual claims."  1 *Newberg*, § 3.14 at p. 3-77.[5]

26   ───────────────

27        [5] It is not necessary to a finding of typicality that all class members suffer injuries
     identical to the class representatives; it is enough that the allegations were derived from "the
28   same remedial and legal theories."  *Wofford v. Safeway Stores Inc.*, 78 F.R.D. 460, 488 (N.D.
     Cal. 1978).  The Ninth Circuit has observed that "[s]ome degree of individuality is to be

Here, the claims of the Plaintiffs are the same as the claims of the class. Plaintiffs ask the Court to appoint Thomas Fernandez, Lora Smith, and Tosha Thomas as Class Representatives. Each was a participant in the ESOP during the relevant time period. SAC at ¶¶ 5-7. Each seeks recovery of the ESOP's losses during this period on behalf of the Plan. The Class representatives' claims arise from the same course of conduct by Defendants that gives rise to the claims of other Class members, namely that the K-M Defendants and the Moore Trust Defendants engaged in prohibited transactions by causing the ESOP to pay more than fair market value in transactions with a party in interest; that the K-M Defendants and North Star breached their fiduciary duties by failing to act solely in the interest of participants and beneficiaries and with the care, skill, prudence and diligence required under ERISA; and that the K-M Defendants and North Star breached their ongoing fiduciary duties by failing to make reasonable efforts to rectify the earlier fiduciary breaches.

Further, adjudication of the claims of Mr. Fernandez, Ms. Smith and Ms. Thomas will necessarily determine "common questions affecting the entire class" because the alleged activity affected the ESOP as a whole. *See In re Syncor*, 227 F.R.D. at 344 (holding typicality requirement satisfied where the plaintiffs alleged breaches of fiduciary duty arising out of investment of plan assets because "[i]f the allegations . . . are true, each member of the purported class suffered injuries as an indirect result of the same breaches of fiduciary duty by the remaining defendants"). As noted above, the claims of the named plaintiffs and those of the class members are necessarily identical because all class members are ESOP participants and seek recovery on behalf of the ESOP as a whole. Many courts have reached this conclusion. *See, e.g., Kayes*, 51 F.3d at1463 ("[t]here is no doubt that the named plaintiffs' claims [that ERISA fiduciaries breached their duties] are typical of the class claims"; the district court erred

expected in all cases, but that specificity does not necessarily defeat typicality." *Dukes*, 509 F.3d at 1184; *see also Bower v. Bunker Hill Co.*, 114 F.R.D. 587, 594-95 (E.D. Wash. 1986) (holding that the contention that individualized damages in a breach of fiduciary duty case under ERISA defeated class certification on either commonality or typicality "is contrary to the law of this circuit and cannot serve as a basis for denying class certification").

1    in concluding otherwise).[6]

2        The named Plaintiffs are typical in that they assert the same claims as the Class and the

3    claims arise from the same conduct by Defendants.

4        **4.    The Named Plaintiffs Will Fairly and Adequately Protect the
            Interests of the Class**.

5

6        The fourth and final requirement of Rule 23(a) is that a proposed class representative

7    must be able to "fairly and adequately protect the interests of the class." FED. R. CIV. P.

8    23(a)(4). Rule 23(a)(4) requires "that the proposed representative Plaintiffs do not have conflicts

9    of interest with the proposed class." *Dukes*, 509 F.3d at 1185 (citing *Hanlon*, 150 F.3d at 1020).

10        In this case, no Plaintiff has any interest that is antagonistic to the interests of the Class.

11    The law governing the adequacy of representatives "is well-settled . . . only a conflict that goes

12    to the very subject matter of the litigation will defeat a party's claim of representative status." 7

13    Wright, Miller & Kane, *Federal Practice and Procedure*, § 1768, at 326-327; *Ga. State*

14

15    [6] *See also Babcock*, 212 F.R.D. at 130-31 (common conduct of ERISA fiduciaries to all plan
      participants satisfied typicality requirement); *LaFlamme v. Carpenters Local No. 370 Pension*

16    *Plan*, 212 F.R.D. 448, 453-55 (N.D.N.Y. 2003) (finding typicality where all prospective class
      members' ERISA claims arose from the same conduct by defendants); *Amara v. CIGNA Corp.*,

17    No. 01-2361, 2002 WL 31993224, *3, 29 Employee Benefits Cas. (BNA) 2208 (D. Conn. Dec.
      20, 2002) (finding typicality where the answers to common questions would be identical as to

18    each member of the class); *Koch*, 2001 WL 289972 at *3 (finding typicality of claims where the
      named plaintiff was an ERISA plan participant during the class period and the plan's fiduciaries

19    treated all participants alike); *Becher v. Long Island Lighting Co.*, 164 F.R.D. 144, 151

20    (E.D.N.Y. 1996) (finding typicality of claims where plaintiffs uniformly alleged that information
      was concealed from the class in violation of ERISA and the conduct was directed at named

21    plaintiffs and class members alike); *In re Ikon*, 191 F.R.D. at 465 (finding typicality of claims;
      "the named plaintiffs and the putative class would necessarily allege a similar course of conduct:

22    that Ikon and the individual defendants failed to provide accurate information in violation of
      ERISA obligations"); *Bunnion v. Consol. Rail Corp.*, No. 97-4877, 1998 WL 372644, *7 (E.D.

23    Pa. May 14, 1998) ("Because the plaintiffs all challenge the same unlawful conduct, that is,
      alleged company-wide misrepresentations and omissions, the representative plaintiffs are typical

24    of the class."); *McHenry v. Bell Atl. Corp.*, No. 97-6556, 1998 WL 512942, at *4-6, 22

25    Employee Benefits Cas. (BNA) 1849 (E.D. Pa. Aug. 19, 1998) (holding commonality and
      typicality requirements were met where claim was premised on defendant's misrepresentation

26    about benefits); *Specialty Cabinets & Fixtures, Inc. v. Am. Equitable Life Ins. Co.*, 140 F.R.D.

27    474, 476 (S.D. Ga. 1991) ("Plaintiffs have brought this action in part to remedy a breach of
      fiduciary duty, and any recovery on this claim belongs to the ERISA fund. These claims of the

28    Plaintiffs' are identical to those of other class members.").

1    *Conference of Branches of NAACP v. State*, 99 F.R.D. 16, 34 (S.D. Ga. 1983).   Here the

2    Plaintiffs have interests that are directly aligned with the class: to remedy Defendants' violations

3    of ERISA.  The Plaintiffs have prosecuted this case vigorously thus far.  They share a common

4    interest and lack any conflicts with the Class members. Therefore, Plaintiffs satisfy the adequacy

5    requirement.

6           **B.**    **Certification Under Rule 23(b)(1) and/or (b)(2) Is Appropriate.**

7      In addition to demonstrating that the requirements of Rule 23(a) are met, Plaintiffs must

8    also establish that at least one subsection of Rule 23(b) is satisfied.  Here, certification is proper

9    under 23(b)(1) because adjudication of the Plan-wide claims would, as a practical matter,

10    dispose of the claims for all class members.  Likewise, certification under Rule 23(b)(2) is

11    proper because Plaintiffs seek the same injunctive relief for the whole class.

12      Plaintiffs bring claims under ERISA §§ 406(a)-(b), 29 U.S.C. § 1106(a)-(b), which

13    prohibits a plan fiduciary from engaging in a transaction with a party in interest, and where the

14    plan pays more than fair market value.  In addition, Plaintiffs' claims are brought pursuant to

15    ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), which provides that a participant may bring suit "for

16    appropriate relief under section 409," which in turn provides that a plan fiduciary who breaches

17    his or her duties must "make good to such plan any losses to the plan resulting from each such

18    breach."  ERISA § 409, 29 U.S.C. § 1109.  Thus, if the Plaintiffs are successful under these

19    claims in obtaining relief from Defendants for their prohibited transactions and/or breaches of

20    fiduciary duty, the entire recovery will flow to the ESOP, not the individual Plaintiffs or class

21    members. *See, e.g.*, *Gruby v. Brady,* 838 F. Supp. 820, 828 (S.D.N.Y. 1993).  As the Ninth

22    Circuit noted, a breach of fiduciary duty claim under ERISA § 502(a)(2) is automatically a

23    representative claim because the statute grants individual participants and beneficiaries standing

24    to sue to enforce the rights of the plan against its fiduciaries.  *Kayes*, 51 F.3d at 1462; *see also*

25    *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985) (noting Congress' clearly

26    expressed intent that ERISA "actions for breach of fiduciary duty be brought in a representative

27    capacity on behalf of the plan as a whole").  Because the Class is limited to participants in and

28    beneficiaries of the ESOP, all Class members will benefit from such recovery.  Subsequent

1  allocation and distribution of that recovery to the Class will be in accordance with this Court's

2  order, the requirements of the ESOP, and ERISA itself.

3      ERISA classes are generally certified under Rule 23(b)(1) or, alternatively, under Rule

4  23(b)(2), because the relief resolves the claim for all plan participants and the injunctive relief in

5  such instances is the same for the whole class.  *See, e.g., In re Syncor*, 222 F.R.D. at 347

6  (certifying ERISA breach of fiduciary duty claim in ESOP context under Rule 23(b)(1)(B));

7  *Bower*, 114 F.R.D. at 596 (certifying ERISA breach of fiduciary duty claim under Rule

8  23(b)(2)); *Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 119 (3d Cir. 1990) (affirming certification

9  under 23(b)(2)); *In re Ikon*, 191 F.R.D. at 468 (certifying ERISA breach of fiduciary claim in

10 ESOP context under 23(b)(1)); *Babcock*, 212 F.R.D. at 130 (finding class certification

11 appropriate under 23(b)(1) for ERISA breach of fiduciary duty case in ESOP context); *Koch*,

12 2001 WL 289972 at *5 (certifying an ERISA breach of fiduciary case involving an ESOP under

13 23(b)(1)(B); *Westman v. Textron, Inc.*, 151 F.R.D. 229, 231 (D. Conn. 1993) (23(b)(1)(A) and

14 23(b)(1)(B)); *Becher*, 164 F.R.D. at 153 (23(b)(1) and (b)(2)); *Specialty Cabinets*, 140 F.R.D. at

15 477 (23(b)(1)(B)); *Church v. Consol. Freightways, Inc.*, No. 90-2290, 1991 WL 284083, *14

16 (N.D. Cal. June 14, 1991) (23(b)(1) and (b)(2)).  While an ERISA class may be certified under

17 Rule 23(b)(3), it is preferable to certify it under Rule 23(b)(1) or Rule 23(b)(2) because of the

18 superior *res judicata* effect of the litigation with regard to claims of all class members.  *See*

19 *Stoetzner*, 897 F.2d at 119; *Church*, 1991 WL 284083 at *14; *Specialty Cabinets*, 140 F.R.D. at

20 477.

21              **1.    The Requirements of Rule 23(b)(1) Are Met**

22      Under Rule 23(b)(1), a class may be certified if (A) separate actions would create a risk

23 of inconsistent adjudications with incompatible standards, or if (B) adjudication of the case with

24 respect to individual members of the class would impair others from protecting their interests.

25 FED. R. CIV. P. 23(b)(1).  Thus, Rule 23(b)(1)(A) "considers possible prejudice to the

26 defendants, while 23(b)(1)(B) looks to possible prejudice to the putative class members."  *In re*

27 *Ikon*, 191 F.R.D. at 466.

28 ///

1

### a. Class Certification Is Appropriate Under Rule 23(b)(1)(B).

2   The Court should certify the class under 23(b)(1)(B) because breach of fiduciary claims

3   under section 502(a)(2) and prohibited transaction claims under sections 406(a)-(b), which

4   Plaintiffs allege in this case, must be brought in a representative capacity on behalf of the plan as

5   a whole.  Therefore, a decision in this case will affect not only the named plaintiffs in this case,

6   but all participants and beneficiaries of the ESOP.

7   In the context of ERISA breach of fiduciary duty claims, most courts have followed the

8   reasoning of the Federal Rules drafters and concluded that subsection (b)(1)(B) is the most

9   natural and appropriate basis for class certification.  The Advisory Committee Note to Rule

10  23(b)(1)(B) emphasizes that this provision is particularly applicable where, as here, trust

11  beneficiaries charge a breach of trust by a fiduciary.  FED. R. CIV. P. 23(b)(1)(B) Advisory

12  Committee Note (1966 Amendment)[7]; *see, e.g., Church*, 1991 WL 284083 at *14 (invoking

13  Advisory Committee Note in certifying breach of fiduciary duty claim under (b)(1)(B)); *Banyai*,

14  205 F.R.D. at 165 (certifying class under subsection (b)(1)(B) and invoking the Advisory

15  Committee Note); *Koch,* 2001 WL 289972 at *5 (same); *In re Syncor*, 222 F.R.D. at 346

16  (certifying class under (b)(1)(B) and stressing appropriateness in breach of trust context); *Gruby*,

17  838 F. Supp. at 828 (holding certification proper under subsection (b)(1)(B) because actions to

18  remedy breach of fiduciary duty create a risk of adjudications which would be dispositive of

19  other participants' and beneficiaries' interests); *Becher*, 164 F.R.D. at 153.

20  Plaintiffs' claims are particularly well suited for Rule 23(b)(1)(B) certification by virtue of

21  the substantive law of ERISA.  An action seeking to remedy a breach of fiduciary duty is "brought

22  in a representative capacity on behalf of the plan as a whole."  *Kane*, 1998 WL 78985 at *9 (citing

23  *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985))*; Specialty Cabinets &*

24  *Fixtures, Inc. v. Am. Equitable Life Ins. Co.*, 140 F.R.D. 474, 478 (S.D. Ga. 1991).  As such, any

25

26      [7] Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee Note (1966 Amendment) states: "The

27  same reasoning applies to an action which charges a breach of trust by an indenture trustee or
    other fiduciary similarly affecting the members of a larger class of security holders or other

28  beneficiaries, and which requires an accounting or like measures to restore the subject of the
    trust."

relief the court grants to remedy the breach will inure to the benefit of the plan as a whole, and not to individual plaintiffs. *Kane*, 1998 WL 78985 at *9; *see also In re Ikon*, 191 F.R.D. at 466 ("given the nature of an ERISA claim which authorized plan-wide relief, there is a risk that failure to certify the class would leave future plaintiffs without relief.") (citations omitted)). Accordingly, courts have certified ERISA breach of fiduciary duty claims under Rule 23(b)(1)(B). *See, e.g.*, *See In re Louisiana-Pac. Corp.*, No. 02-1023, 2003 WL 23537936, *9 (D. Or. Jan. 24, 2003) (certifying under 23(b)(1)(B) because "adjudication for an individual plaintiff would in a  practical sense be dispositive of the interests of the other plan participants"); *In re Syncor*, 227 F.R.D. at 346-47 (certifying ERISA breach of fiduciary duty claim arising out of investment of plan assets in ESOP under (b)(1)(B)); *Koch*, 2001 WL 289972 at *5 (finding class certification under (b)(1)(B) appropriate in ERISA breach of fiduciary duty claim in ESOP context); *In re Ikon*, 191 F.R.D. at 467 (certifying under Rule 23(b)(1)(A) and/or (B) in ERISA breach of fiduciary duty case involving ESOP); *Gruby*, 838 F. Supp. at 828; *Becher*, 164 F.R.D. at 153; *Bunnion*, 1998 WL 372644 at *13; *Specialty Cabinets*, 140 F.R.D. at 477-79.[8]

This case is well-suited for class treatment under Rule 23(b)(1)(B) because of ERISA's distinctive "representative capacity" and remedial provisions. Here, the Court's adjudication of whether K-M Defendants and/or the Moore Trust Defendants engaged in prohibited transactions and/or that the K-M Defendants or North Star breached their fiduciary duties will, as a practical matter, dispose of the Class members' claims in those regards. *See In re Syncor*, 227 F.R.D. at 346 (certifying under (b)(1)(B) where "[i]f the primary relief is to the Plan as a whole, then adjudications with respect to individual members of the class would 'as a practical matter' alter the interests of other members of the class – if one plaintiff forces the Defendants to pay damages to the Plan, the benefit would affect everyone who has a right to disbursements under the Plan"). Moreover, this case is analogous to the situation specifically mentioned in the Advisory Committee Notes cited above: Plaintiffs charge breaches of trust by the ESOP's

---

[8] Other ERISA breach of fiduciary duty cases granting class certification under subsection (b)(1)(B) include: *Kolar*, 2003 WL 1257272; *Thomas*, 201 F.R.D. at 397; *Feret v. Corestates Fin. Corp.*, No. 97-6759, 1998 WL 512933 (E.D. Pa. Aug. 18, 1998).

1  fiduciaries that affected all of the Class members.   Rule 23(b)(1)(B), therefore, is a proper

2  vehicle for certification of this case.

3              **b.      Class Certification Is Appropriate Under Rule 23(b)(1)(A).**

4         After determining that a class of participants and beneficiaries seeking recovery from an

5  ERISA fiduciary satisfies subsection (b)(1)(B) of Rule 23, some courts have deemed it

6  unnecessary to reach the other potentially-applicable subsections of Rule 23(b).  *See, e.g.*, *Koch*,

7  2001 WL 289972 at *5; *Gruby*, 838 F. Supp. at 828.

8         Other courts, however, have certified ERISA class actions under both subsections

9  (b)(1)(B) and (b)(1)(A) because absent class status, a breach of fiduciary duty cases that affects

10 an entire ERISA plan implicates both subsections of the Rule in that a non-class decision could

11 lead to inconsistent adjudications *and* could affect the rights of plan participants who are not

12 involved in the case.  *Kolar*, 2003 WL 1257272 at *3 ("a (b)(1) class is a perfect vehicle for

13 resolving complex ERISA issues such as these involved here"); *Thomas*, 201 F.R.D. at 397; *In re*

14 *Ikon*, 191 F.R.D. at 467 (certifying under Rule 23(b)(1)(A) and/or (B) in ERISA breach of

15 fiduciary duty case involving ESOP); *Bunnion*, 1998 WL 372644 at *13; *Feret*, 1998 WL

16 512933 at *13-14.  Still others have chosen to rely on subsection (b)(1)(A) alone.  *Clauser v.*

17 *Newell Rubbermaid, Inc.*, No. 99-5753, 2000 WL 1053395, *6 (E.D. Pa. July 31, 2000);

18 *Montgomery v. Aetna Plywood, Inc.*, No. 95-3193, 1996 WL 189347, *5 (N.D. Ill. April 16,

19 1996).

20        In this case, class certification would be proper under both (b)(1)(B) and (b)(1)(A)

21 because the core claims affect the whole Plan and all plan participants.  As the Court noted in

22 *Bunnion*:

23                  We find that the ERISA [claims for breach of fiduciary duties,
                    among others] are appropriate for certification under both
24                  [23(b)(1)(A) and  (b)(1)(B)].  All of these claims relate to the
                    interpretation and application of ERISA plans. [Defendant] Conrail
25                  treated the proposed class and subclass identically and any
                    equitable relief granted will affect the entire class and subclass.
26                  Failure to certify a class would leave future plaintiffs without
                    adequate representation. Moreover, we see a high likelihood of
27                  similar lawsuits against defendants should this class be denied. . . .
                    Inconsistent judgments concerning how the Plan should have been
28                  interpreted or applied would result in prejudice.

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [CASE NO. C-06-07339 CW ]        Page 18

1    1998 WL 372644 at *13. *See also Thomas*, 201 F.R.D. at 397 (granting class certification under

2    subsection (b)(1)(A); stating, "the plaintiffs seek broad declaratory and injunctive relief related

3    to defendants' conduct and the terms of the plan. If this relief were granted in some actions but

4    denied in others, the conflicting declaratory and injunctive relief could make compliance

5    impossible for defendants"); *In re Ikon*, 191 F.R.D. at 466 (granting certification under (b)(1)(A)

6    in ERISA breach of fiduciary case involving an ESOP, stating, "There is also risk of inconsistent

7    dispositions that would prejudice the defendants: contradictory rulings as to whether Ikon had

8    itself acted as a fiduciary, whether the individuals defendants had, in this context, acted as

9    fiduciaries, or whether the alleged misrepresentations were material would create difficulties in

10   implementing such decisions"); *Feret*, 1998 WL 512933 at *13 (granting certification under

11   (b)(1)(A); noting the risk that differing outcomes would make it nearly impossible for the

12   defendants to implement any one result). Certification is appropriate under 23(b)(1)(A) here

13   because, absent a class certification, the claims against Defendants alleging the same breaches of

14   fiduciary duty arising from Defendants conduct related to the ESOP would result in

15   contradictory directions to the ESOP's fiduciaries. Different outcomes in multiple cases seeking

16   injunctive and declaratory relief would make it nearly impossible for Defendants to comply.

17        Thus, class certification is appropriate under subsection 23(b)(1)(A) in addition to

18   23(b)(1)(B).

19                    **2.    Certification Is Also Appropriate Under Rule 23(b)(2).**

20        The proposed Class also qualifies for certification under Rule 23(b)(2) because

21   defendants have "acted or refused to act on grounds generally applicable to the class, thereby

22   making appropriate final injunctive relief or corresponding declaratory relief with respect to the

23   class as a whole . . . ." F. R. Civ. P. 23(b)(2). This requirement "is almost automatically

24   satisfied in actions primarily seeking injunctive relief . . . ." *Baby Neal*, 43 F.3d at 58. What is

25   important under Rule 23(b)(2) is that the relief sought by the named plaintiffs benefit the entire

26   class. *Id* at 59.

27        Rule 23(b)(2), like Rule 23(b)(1)(B), has been a frequent vehicle for certification of

28   classes in ERISA actions, including actions alleging breaches of fiduciary duty, because

1    injunctive and declaratory relief are appropriate where defendants act or fail to act on grounds

2    that affect the plan as a whole and therefore the entire class, making (b)(2) certification

3    appropriate. *See, e.g.*, *Vizcaino v. Microsoft Corp.*, No. 93-178D, 1993 WL 1622929, *5 (W.D.

4    Wash. July 21, 1993) (certifying an ERISA class under 23(b)(2), finding that the defendant "has

5    acted or refused to act on grounds generally applicable to the class, thereby making appropriate

6    final injunctive relief or corresponding declaratory relief with respect to the class as a whole, as

7    required by (b)(2).") (internal quotations omitted); *Church*, 1991 WL 284083 at *14; *Riviera v.

8    Patino*, 524 F. Supp. 136, 149 (N.D. Cal. 1981) (certifying ERISA class under (b)(2), stating that

9    "there could be no reasonable dispute" that the requirements of (b)(2) were satisfied); *Becher*,

10   164 F.R.D. at 153-54 (finding that claims for equitable relief are appropriate for resolution by

11   class action under (b)(2)); *Shultz v. Teledyne, Inc.*, 657 F. Supp. 289, 295 (W.D. Pa. 1987).

12            As discussed in detail above, Plaintiffs' claims are based on conduct by Defendants that

13   is generally applicable to the Class as a whole.  Plaintiffs allege that K-M Defendants and Moore

14   Trust Defendants engaged in a prohibited transaction by causing the ESOP to pay more than fair

15   market value for stock purchased from a party in interest.  In addition, Plaintiffs allege that K-M

16   Defendants breached their fiduciary duties to ESOP participants and caused losses to the plan

17   because, *inter alia*, they failed to obtain adequate valuations of the KMH stock each year, failed

18   to ensure that reliance on experts' advice was reasonably justified, failed to appropriately

19   consider KMH's current and future asbestos liabilities in determining the price of the stock, and

20   caused the Plan to overpay for the KMH stock in purchased in 1998 and 1999.  Finally, Plaintiffs

21   allege that K-M Defendants and North Star breached their ongoing fiduciary duties by failing to

22   make reasonable efforts to remedy these prior breaches.  These prohibited transactions and

23   fiduciary breaches affected all of the ESOP's participants and beneficiaries; it cannot be disputed

24   that this conduct was "generally applicable to the class." *See Riviera*, 524 F. Supp. at 149;

25   *Vizcaino*, 1993 WL 1622929 at *5; *Church*, 1991 WL 284083 at *14; *Amara*, 2002 WL

26   31993224 at *4 (stating claim for plan-wide relief under ERISA "falls squarely within the

27   purview" of subsection (b)(2)); *LaFlamme*, 212 F.R.D. at 456-57 (certifying ERISA class under

28   (b)(2) where plaintiffs challenged defendants' conduct generally applicable to the class and

sought declaratory relief that defendants had violated ERISA); *Becher*, 164 F.R.D. at 153, (certifying breach of fiduciary duty claims based on alleged misrepresentations and concealment under subsection (b)(2)); *Bunnion*, 1998 WL 372644 at *14 (granting certification of (b)(2) class to assert claims under ERISA because the case "seeks to define the relationship" between plan participants and fiduciaries) (citation omitted).

Plaintiffs seek declaratory and injunctive relief barring defendants from engaging in future prohibited transactions or breaches of fiduciary duty, and removing them as members of the ESOP Committee and/or as trustees. Further, Plaintiffs seek other equitable relief to make the ESOP whole for losses caused by the prohibited transactions and breaches of fiduciary duty. A declaratory judgment by the Court that Defendants violated ERISA as to any of the named Plaintiffs would necessarily imply a declaration that Defendants violated ERISA as to all Class members. Similarly, if Plaintiffs prove that Defendants breached their fiduciary duties in the manner alleged and the Court so declares and grants the other injunctive and equitable relief requested, that relief will flow to all Class members. ERISA § 409(a), 29 U.S.C. § 1109(a).

Accordingly, Plaintiffs' claims are properly certified under Rule 23(b)(2).

## C. Plaintiffs' Counsel Should Be Appointed Class Counsel.

Federal Rule of Civil Procedure 23(g) requires that courts consider the following four factors when appointing class counsel: whether (1) counsel has investigated the class claims, (2) counsel is experienced in handling class actions and complex litigation, (3) counsel is knowledgeable regarding the applicable law, and (4) counsel will commit adequate resources to representing the class. *Morelock Enters., Inc. v. Weyerhaeuser Co.*, No. 04-583, 2004 WL 2997526, *5-6 (D. Or. Dec. 16, 2004) (citing F. R. Civ. P. 23(g)). In this case, all of these requirements are amply met as demonstrated in the accompanying Declaration of Todd Jackson in Support of Appointment of Class Counsel ("Jackson Dec."). As set forth therein, counsel conducted an extensive pre-litigation investigation of the class claims, including obtaining and reviewing documents from the named Plaintiffs and other participants, the Department of Labor, and plan fiduciaries. Jackson Dec. ¶ 3. Plaintiffs' counsel have extensive experience in ERISA litigation generally and ERISA class actions in particular. *Id*. ¶¶ 5, 6. Plaintiffs' counsel are

knowledgeable about the applicable law from extensive litigation experience, as well as writing and speaking on the subject. *Id.* ¶¶ 8, 12, 14, 15. Finally, counsel have committed resources to representing the class and have a demonstrated ability to represent classes throughout long-term class litigation. *Id.* ¶¶ 4-6. Accordingly, appointment of Plaintiffs' counsel as class counsel is appropriate.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Class Certification and for appointment of Plaintiffs' counsel as class counsel.


Dated:  May 29, 2008                                Respectfully submitted,

                                                    LEWIS, FEINBERG, LEE,
                                                    RENAKER & JACKSON, P.C.

                                          By:      ___/s/_____
                                                    Todd Jackson
                                                    LEWIS, FEINBERG, LEE,
                                                    RENAKER & JACKSON, P.C.
                                                    1330 Broadway, Suite 1800
                                                    Oakland, CA  94612
                                                    Telephone: (510) 839-6824
                                                    Facsimile: (510) 839-7839

                                                    Peter Rukin – CA State Bar No. 178336
                                                    RUKIN HYLAND DORIA
                                                    & TINDALL LLP
                                                    100 Pine Street, Suite 725
                                                    San Francisco, CA
                                                    Telephone: (415) 421-1800
                                                    Facsimile: (415) 421-1700
                                                    Email: peterrukin@rhddlaw.com

                                                    *Attorneys for Plaintiffs*
                                                    *and the Proposed Class*