Daniel Feinberg – CA State Bar No. 135983
Todd F. Jackson – CA State Bar No. 202598
Margaret E. Hasselman – CA State Bar No. 228529
Nina R. Wasow – CA State Bar No. 242047
Kirsten Gibney Scott – CA State Bar No. 253464
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA  94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: dfeinberg@lewisfeinberg.com
Email: tjackson@lewisfeinberg.com
Email: mhasselman@lewisfeinberg.com
Email: nwasow@lewisfeinberg.com
Email: kscott@lewisfeinberg.com

*Attorneys for Plaintiffs and the Proposed Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS, individually and on behalf of a class of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST'S SUCCESSOR TRUSTS NAMED ABOVE,<br><br>Defendants. | Case No. C-06-07339 CW<br><br>**DECLARATION OF TODD JACKSON IN SUPPORT OF APPOINTMENT OF CLASS COUNSEL** |

I, Todd Jackson, declare as follows:

1. I am a member in good standing of the State Bar of California and a shareholder of Lewis, Feinberg, Lee, Renaker & Jackson, P.C. (LFLRJ), which is counsel for Plaintiffs herein together with Rukin, Hyland, Doria & Tindall (RHDT).

2. I make this declaration in support of appointment of LFLRJ and RHDT as class counsel pursuant to Federal Rule of Civil Procedure 23(g). All the facts stated herein are true and correct within my personal knowledge.

**Counsel Has Thoroughly Investigated
Potential Claims in This Action.**

3. Prior to filing this action, Plaintiffs' counsel obtained and reviewed numerous plan documents and records of the K-M Industries Holding Co., Inc. Employee Stock Ownership Plan ("the Plan") from Plaintiffs, the Plan, and the Department of Labor. Since filing this action, Plaintiffs' counsel has vigorously litigated it. This has included, but not been limited to the following: (1) propounding written discovery, reviewing documents produced by defendants, and taking multiple depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) and depositions of percipient witnesses; (2) responding to written discovery propounded by Defendants; (3) conducting additional investigation; (4) meeting and conferring extensively regarding the discovery requests; and (5) filing multiple documents and motions with the Court and the discovery Magistrate.

4. Plaintiffs' counsel are fully committed to continue to use the resources of our firms to litigate this action vigorously on behalf of Plaintiffs and the putative class. We have already incurred considerable expense in litigating the case to date and have the means to pay for whatever additional expenses are necessary to effectively litigate the case.

**Counsel Is Experienced in Handling
Complex Class Actions Similar to This Litigation.**

5. I and my firm have served as class counsel in numerous ERISA class actions, including, but not limited to, the following:

*Horn v. McQueen*, 215 F. Supp. 2d 867 (W.D. Ky. 2002): The firm represented as co-counsel a group of employees of the U.S. Corrections Corp. of America. After trial, the Court held that defendants had breached their fiduciary responsibilities under ERISA by causing the ESOP plan to purchase sponsoring employer stock at an inflated price. Class-wide settlements resulted in the payment of over $13 million.

*Udd v. Vidinsky, et al.,* Case No. CV 04-05080 JW (N.D. Cal.): The firm represented participants and beneficiaries of the Valin Corporation Amended Employee Stock Ownership Plan, alleging breach of fiduciary duties and a prohibited transaction with respect to a July 12, 2001 purchase by the plan of Valin shares from the family trust of its founder and president, Alan Vidinsky. Mr. Vidinsky acted on behalf of both his family trust and the plan in the transaction, and the suit alleged that the $6 million the plan paid for 77,250 shares was too high a price. Pursuant to a settlement approved in 2006, the plan received an addition 53,327 additional shares worth approximately $3.13 million including interest.

*Lively, et al. v. Dynegy, Inc., et al.,* 2007 WL 685861 (S.D. Ill. March 02, 2007): The firm represents participants and beneficiaries of the Illinois Power Incentive Savings Plan for Collectively Bargained Employees, which was taken over by energy trading company Dynegy, Inc., when Dynegy purchased Illinois Power. The plan was heavily invested in Dynegy company stock, which lost most of its value when accounting improprieties were uncovered in 2002. The suit alleges that Dynegy and the individuals running the plan knew that the accounting improprieties made company stock an imprudent investment for the plan and breached their fiduciary duties by continuing to allow investment in company stock despite that knowledge. A $17.9 million settlement was preliminary approved on April 30, 2008, with a final fairness hearing scheduled for September 4, 2008.

*In re Worldcom, Inc. ERISA Litigation*. In 2004, the United States District Court for the Southern District of New York approved a partial settlement of a nationwide class action lawsuit on behalf of participants in WorldCom's 401(k) plan. Under the terms of the settlement, more than $47 million will be paid by the settling defendants. The court then gave final approval to settlements with the remaining defendants. In March 2002, even before the bankruptcy of

WorldCom, Lewis, Feinberg, Renaker, & Jackson, along with co-counsel, filed the first ERISA lawsuit against fiduciaries of the plan, and then obtained a significant decision from the United States District Court for the Northern District of California rejecting a motion to dismiss the case. *See* 2002 WL 316440557, 29 Employee Benefits Cases (BNA) 1368 (N.D.Cal. 2002). In November 2002, following consolidation of the case with other lawsuits, Jeffrey Lewis of my firm was appointed by the United States District Court for the Southern District of New York to advise lead counsel for the plan participants with regard to ERISA issues.

***In Re Consolidated Capital Consultants Litigation***, Civil Case No. 00-1290-KI (D.Or.). The firm served as plaintiffs' co-counsel in four consolidated class actions in the District of Oregon arising from the largest pension investment fraud in U.S. history. We achieved settlements of the classes' breach of fiduciary duty claims against the plans' trustees and investment advisors which resulted in payment of approximately $13 million to the plans.

***In re Masters, Mates & Pilots Pension Plan and IRAP Litigation***, Lead File No. 85 Civ. 9545 VLB (S.D.N.Y.). The firm served as one of plaintiffs' counsel in two certified class actions arising out of two employee benefit plans' losses of tens of millions of dollars in investments. We achieved settlements of the clients' fiduciary breach claims against the plans' trustees and former investment manager, and of malpractice claims against former plan counsel. Together with settlements of consolidated cases (involving a former bank trustee for the plans and a former plan auditor), this resulted in the restoration of over $20 million to the plans. One portion of the case was reported *sub nom Beck v. Levering,* 947 F.2d 639 (2d Cir. 1991), *cert. denied*, 112 S. Ct. 1037 (1992).

***Kayes, et al. v. Pacific Lumber Co., et al.***, 51 F.3d 1449 (9th Cir. 1995). The firm served as counsel for a class of retirees and employees of Pacific Lumber Co. The complaint alleged that defendants' selection of Executive Life Insurance Company to provide annuities to pension plan participants (upon termination of the plan) violated ERISA's fiduciary standards. The Ninth Circuit decision upheld plaintiffs' standing to pursue the claims, affirmed the lower court finding

that defendant corporate officers were fiduciaries, and broadly defined term "plan asset" for purposes of ERISA's prohibited transaction provisions. Of particular significance to the instant case is the fact that the Ninth Circuit upheld plaintiffs' rights to pursue class actions in ERISA breach of fiduciary duty cases. *See* 51 F.3d at 1462-1463. On remand, the case settled, resulting in the payment of millions of dollars to the class members.

*Gerlib v. R.R. Donnelley & Sons Co.*, 28 EBC 2383 (N.D. Ill. 2002), 27 EBC 1168 (N.D. Ill. 2001), and *Jefferson v. R.R. Donnelley & Sons Co.,* 27 EBC1168 (N.D. Ill 2001): The firm represented classes totaling more than 600 plan participants seeking benefits under pension and severance plans sponsored by R.R. Donnelley & Sons Co. The action settled for $15 million after summary judgment was granted for plaintiffs on two out of three pension claims and one out of two severance claims.

*Gottlieb v. SBC Communications, Inc.*, No. CV 00-4139 AHM (C.D. Cal.). The firm represented plaintiffs in an ERISA class action on behalf of employees of what was formerly known as Pacific Telesis Group, alleging that SBC Communications Inc. breached its fiduciary duty by eliminating one of the investment funds in its 401(k) plan. The case settled, resulting in the payment of over $7 million in additional benefits to class members.

*Bell v. Exec. Comm. of the UFCW Pension Plan for Employees*, 191 F. Supp. 2d 10 (D.D.C. 2002). The firm served as lead counsel in a class action arising out of a pension fund's losses arising out of an inappropriate collar hedge investment strategy. Settlements with the plan's trustees, investment manager, and investment advisor resulted in the restoration of $10 million to the plan. The district court denied a motion to dismiss, reported at *Bell v. Exec. Comm. of the UFCW Pension Plan for Employees*, 191 F.Supp.2d 10 (D.D.C. 2002).

*Dodson, et al. v. Lone Star Technologies, Inc., et al.*, No. 3-91 CV 2574 T (N.D. Tex.). The firm served as counsel for a certified class of retirees and employees of Lone Star Technologies. The complaint alleged that the defendants' selection of Executive Life Insurance Company to provide annuities to pension plan participants (upon termination of the plan) violated ERISA's fiduciary standards. The case settled, resulting in the payment of more than a million dollars in additional pension benefits to the class members.

*Patelski v. The Boeing Corp.*, Lead File No. 01 Civ. 7159 GBD (S.D.N.Y.). The firm served as one of plaintiff's counsel in a certified class action seeking to force defendants to fully or partially terminate a VEBA Trust established to pay retiree medical premiums and to distribute

funds to retirees and their surviving spouses. Pursuant to a settlement in 2003, the Trust was terminated and tens of millions of dollars were paid out to the Class.

*Thirtyacre v. James River Corporation of Nevada, et al.*, No. C-91-0217 CAL (N.D. Cal.). The firm served as counsel for a certified class of former employees of James River Corporation in action for increased benefits under a retirement plan. The settlement provided for cash payments to former employees.

*Rummel, et al. v. Consolidated Freightways, Inc., et al.*, No. C-91-4168 DLJ (N.D. Cal.). The firm served as co-counsel for a certified plaintiff class in an action alleging wrongful diversion of assets of the Emery Air Freight Corporation Employee Stock Ownership Plan after purchase of Emery Air Freight by Consolidated Freightways. Class members received cash payments through settlement.

*Felts v. Masonry Welfare Trust Fund, et al.*, No. 80-746 FR, 1982 U.S. Dist. LEXIS 18319, 3 E.B.C. (BNA Employee Benefits Cases) 2490 (D. Or. 1982). The class action complaint alleged that trustees of a pension plan and a health and welfare plan breached their fiduciary duties by engaging in self-dealing and other prohibited transactions and mismanaging plan assets in violation of ERISA's fiduciary standards. The settlement required that defendants reimburse trusts and amend the governing plan instruments to provide future safeguards.

*McDaniel, et al. v. National Shopmen's Pension Fund*, No. C-83-1484 RC (W.D. Wash.). The firm served as co-counsel for a certified class of former participants in the defendant pension fund. Defendants' reduction of pension benefits of employees and former employees of an employer which withdrew from Fund was held to violate ERISA and the Taft-Hartley Act. Defendants were ordered by the court to restore full benefits. The case is reported at 879 F.2d 704 (9th Cir. 1989).

*Gomez, et al. v. Local Union No. 85, et al.*, No. C-79-1877 MHP (N.D. Cal.). The firm

served as class counsel in a certified class action brought on behalf of several thousand truck drivers against the fiduciaries of two pension plans, alleging breaches of fiduciary duty and other violations of ERISA and the Taft-Hartley Act for failure of the trustees to effectuate merger, reciprocity or another mechanism to address the adverse consequences to plan participants of dual pension coverage.  The court-approved settlement provided for merger of the two plans, retroactive application of that merger, and a reciprocity agreement, resulting in new or higher pensions for individuals who had been denied benefits because their participation had been divided between the two plans.

*Canseco v. Construction Laborers Pension Trust*, 93 F.3d 600 (9th Cir. 1996).  The firm served as co-counsel for a class of pension plan retirees.  The circuit court opinion reversed the district court's judgment for defendants and resulted in the payment of millions of dollars in retroactive benefits to class members.

*Trotter v. Perdue Farms, Inc.*, 2001 WL 1002448 (D. Del. 2001).  The firm was certified as co-counsel for a ten-state class of chicken processing workers in an action under the Fair Labor Standards Act, various states' wage and hour laws, and ERISA.  A $10 million settlement was approved by the court.  As a result, millions of dollars were paid to the class members and they will receive additional pension credit and benefits.  The ERISA preemption aspect of the case is reported at 168 F. Supp. 2d 277 (D. Del. 2001).

*Turpin v. Consolidated Coal Co.*, No. 99-1886 (W.D. Pa.).  The firm was co-counsel in a certified ERISA class action in which plaintiffs obtained injunctive relief arising from the use of standardized "Explanation of Benefits" forms by a major insurer and administrator of ERISA-covered health insurance plans.  The court previously ruled that the defendant's use of such computerized forms sent to plaintiffs violated ERISA regulations.

5.      In addition, the firm is litigating putative class actions in various district courts.  These include a case in which, although no class has yet been certified, we achieved a significant victory in federal appeals court:

*Tatum v. R.J. Reynolds Tobacco Co.*, 392 F.3d 636 (4th Cir. 2004).  The court of appeals reversed the district courts' dismissal of a class action lawsuit that the firm brought

against R.J. Reynolds Tobacco Company and fiduciaries of the company's 401(k) Plan. The lawsuit alleges that the elimination of the plan's Nabisco stock fund after RJR separated its business from Nabisco was a breach of fiduciary duty that caused the plan to lose millions of dollars.

6. In addition to these class actions, my firm serves and has served as counsel in the following successful reported ERISA cases, among others:

*Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (*en banc*).

*Comer v. Salomon Smith Barney*, 437 F.3d 1098 (9th Cir. 2006).

*Burrey v. Pacific Gas & Electric Co.*, 159 F.3d 388 (9th Cir. 1998).

*Clayton v. KPMG Peat Marwick*, 18 EBC 2200 (C.D. Cal. 1994).

*Lee v. California Butchers' Pension Trust Fund*, 154 F.3d 1075 (9th Cir. 1998).

*Mongeluzo v. Baxter Travenol Long Term Disability Plan*, 46 F.3d. 938 (9th Cir. 1995).

*Mertens v. Kaiser Steel Retirement Plan*, 829 F. Supp. 1158 (N.D.Cal. 1992).

*Mertens v. Black*, 948 F.2d 1105 (9th Cir. 1991).

*McMunn, et al. v. Pirelli Tire, LLC, et al.*, 161 F. Supp. 2d 97 (D. Conn. 2001).

*Weis v. Accidental Death & Dismemberment Ben. Plan of Kaiser Foundation*, 442 F. Supp. 2d 850 (N.D. Cal. 2006).

7. My firm and/or I have served as class counsel in numerous wage and hour class actions with ERISA components, including, but not limited to, the following:

**Rosenburg, et al., v. IBM**. In July of 2007, the United States District Court for the Northern District of California granted final approval of a settlement of $65 million for a class of present and former technology workers employed by IBM.

**Gerlach v. Wells Fargo & Co**. In 2007, the United States District Court for the Northern District of California granted final approval to a class action settlement of $12.8 million involving a class of employees who were classified as exempt from overtime pay requirements under the FLSA and California law, and thereby deprived of overtime pay protections under these laws.

**Giannetto v. Computer Sciences Corporation**. In 2005, the United States District Court


for the Central District of California granted final approval for a settlement of $24 million for a class of technology workers claiming that they had been improperly classified as exempt under the FLSA and state overtime laws of 13 states.

*Trotter v. Perdue Farms, Inc.*, 2001 WL 1002448 (D. Del. 2001).  The firm was certified as co-counsel for a ten-state class of chicken processing workers in an action under the Fair Labor Standards Act, various states' wage and hour laws, and ERISA.  A $10 million settlement was approved by the court.  As a result, millions of dollars were paid to the class members and they will receive additional pension credit and benefits.  The ERISA preemption aspect of the case is reported at 168 F. Supp. 2d 277 (D. Del. 2001).

Additional cases include:

*Shoars v. Providian Bancorp Services, et al.*, Case No. C 02-3631 (N.D. Cal.), *Sequeira, et al., v. CKE Restaurants, Inc.*, Case No. 03-3970 (C.D. Cal.), *Senior v. Adecco*, Case No. C 04-2197 (N.D. Cal.), *Baldozier v. American Family Mutual Insurance Company,* Case No. C 04-D-2174 (D.Colo.), *In re Farmers Insurance Exchange,* MDL Docket 1439(B) (D. Or.).

**Counsel Is Knowledgeable in the Applicable Law.**

8.  LFLRJ and its predecessors, has litigated cases under ERISA since 1976.  The firm has engaged in litigation and consulting work throughout the United States on behalf of participants, plans, employers, unions, trustees and other fiduciaries, and service providers.  The firm handles cases and advises clients on all aspects of employee benefits, including benefit entitlement, fiduciary responsibility, plan design and administration, federal preemption, service-provider malpractice, prohibited transactions, and compliance with the requirements of the Department of Labor, Pension Benefit Guaranty Corporation, IRS and other regulatory agencies.

9.  Daniel Feinberg and I are the primary shareholders working on this action.  Our qualifications are discussed below.

10.  I received a Bachelor of Arts degree, with honors in Writing Seminars, from Johns Hopkins University in 1991.  I received a Juris Doctor degree from the Boalt Hall School of Law at the University of California at Berkeley in 1998.

11. From Summer of 1998 until Summer of 1999, I served as a law clerk to the Honorable Judith N. Keep, District Court Judge for the Southern District of California. I have practiced with Lewis, Feinberg, Lee, Renaker & Jackson, P.C. since. I am admitted to practice in the U.S. District Courts for the Central District of California, Northern District of California, Southern District of California, and Eastern District of California and the Ninth Circuit Court of Appeals.

12. I am the co-chair of the ABA Section of Employment and Labor Law, Employee Benefits Section's Reporting and Disclosure Committee. I am a speaker at the ABA's ERISA Basics Conference, the ABA's Employee Benefits Committee Mid-Winter Meeting, and the National Employment Lawyers' Association Wage and Hour Conference. I am a Chapter Editor of the supplements to *Sacher, et. al., Employee Benefits Law, 2d Ed.* (BNA). I am author or co-author of the following articles: "Ethical Issues in Representing Workers in Wage and Hour Actions" (October 2007) (NELA Conference on FLSA); "Litigating State Wage and Hour Claims" (same); "ERISA Class Actions" (co-author with Jeffrey Lewis) (May 2005) (ABA ERISA Basics); "An Overview of Fiduciary Duties under ERISA," (contributing author) (May 2005) (ABA ERISA Basics); "Reporting and Disclosure: 2004 Developments," (co-author) (February 2005) (ABA Employee Benefits Committee); "ERISA Remedies Post-Knudson" (May 2003) (ERISA: A Practitioner's Guide: Lexis Nexus).

13. I was the primary shareholder from our firm, and class co-class counsel, in the *Horn v. McQueen*, *Gerlach v. Well Fargo*, *Rosenberg v. IBM*, *Giannetto v. CSC*, *In re Farmers*, and *Baldozier v. American Family* cases.

14. The other shareholder working on this action, Daniel Feinberg, received a Bachelor of Arts degree, with high honors, from Swarthmore College in 1983. He received a Juris Doctor degree from the Boalt Hall School of Law at the University of California at Berkeley in 1988. Mr. Feinberg was hired by the firm then known as Sigman & Lewis as an associate in 1988 and became a partner in 1993. He has specialized in employee benefits law since joining the firm. In November 2003, The Recorder newspaper gave Mr. Feinberg honorable mention in the category of top attorney for ERISA plaintiffs in the San Francisco Bay

Area.  He has also been named a "Northern California Super Lawyer" for the last three years. Mr. Feinberg's publications include  ERISA Litigation Reporter, "Abatie v. Alta Health - A Victory for Plaintiffs on the Standard of Review," Vo. 14, No. 5, September-October 2006; The Practical Lawyer, "Independent Contractors, Leased Employees and Other Contingent Workers," Vol. 47, No. 2, March 2001; ERISA Litigation Reporter, "Wetzel v. Lou Ehlers Cadillac Group LTD:  Distinctions Without a Difference?", October 2000; ERISA Litigation Reporter, "Varity Corp. v. Howe:  The Plaintiff's Perspective", Vol. 5, No. 2, June 1996 (co-author with Jeffrey Lewis); Labor Center Reporter, "Varity Corp. v. Howe", Vol. 298, Summer 1996 and "Have You Been Denied Health Benefits Recently?", Vol. 303, Spring 1998 (co-author with Tyler Weaver); Tax Management Compensation Planning Journal, "Claims Against ERISA Plan Service Providers", Vol. 23, No. 8, August 4, 1995 (co-author with Robert Pizzo).

15. Another attorney working on this action, Margaret E. Hasselman, is a fifth-year associate at Lewis, Feinberg, Lee, Renaker & Jackson.  Ms. Hasselman graduated from the University of North Carolina at Chapel Hill in 1998 and from the Boalt Hall School of Law at the University of California at Berkeley in 2003.  Ms. Hasselman joined the firm as an associate attorney in 2003.  She served as an Articles Editor of the Ecology Law Quarterly from 2002 to 2003.  In 2003, she was awarded the Alvin and Sadie Landis Prize in Local Government Law and was admitted to the Order of the Coif.  Ms. Hasselman assisted in the preparation of the brief amicus curiae of Families USA et al. in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) (brief available at 2004 WL 17703).  Ms. Hasselman has spoken at the Western Pension and Benefits Conference on "401(k) and Other Fiduciary Litigation" and the Nationwide Teleconference sponsored by Strafford Publications on "Reducing Retiree Benefits: Employer's Legal Risks and Responsibilities."  Ms. Hasselman has also written and contributed to articles regarding aspects of employee benefits law and contributed to Employee Benefits Law, a guide for ERISA practitioners published by the American Bar Association.  Her significant published decisions include *Caplan v. CNA Short Term Disability Plan, et al.*, 479 F. Supp. 2d 1108 (N.D. Cal. 2007); *Lively v. Dynegy*, 2007 WL 685861 (S.D. Ill. March 02, 2007); and *Weis v. Accidental Death & Dismemberment Ben. Plan of Kaiser Foundation Health Plan Inc.*, 442 F. Supp. 2d 850

(N.D. Cal. 2006). She has served as co-class counsel in two other lawsuits regarding breach of fiduciary duties and prohibited transactions with respect to Employee Stock Ownership Plans, both of which successfully settled.

16. Another attorney working on this action, Nina Wasow, is a second-year associate at Lewis, Feinberg, Lee, Renaker & Jackson. Ms. Wasow graduated from Columbia University in 2000 and from New York University School of Law in 2005. She served as the Executive Editor of the Review of Law and Social Change and was admitted to the Order of the Coif. Ms. Wasow was a law clerk to the Honorable Susan Graber of the United States Court of Appeals for the Ninth Circuit in 2005-2006.

17. Another attorney working on this action, Kirsten G. Scott, is a first-year associate at Lewis, Feinberg, Lee, Renaker & Jackson. Ms. Scott graduated from the University of Pennsylvania in 1999 and from the Boalt Hall School of Law at the University of California at Berkeley in 2007. Ms. Scott joined the firm as an associate attorney in 2007. She served as an Articles Editor of the Berkeley Journal of Employment & Labor Law from 2006 to 2007.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 29, 2008 at Oakland, California.

/s/
Todd Jackson