LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
ATTORNEYS AT LAW
1330 BROADWAY, SUITE 1800
OAKLAND, CALIFORNIA 94612-2519

PHONE: (510) 839-6824 ● FAX: (510) 839-7839
SENDER'S E-MAIL: DFEINBERG@LEWISFEINBERG.COM

June 3, 2008

*By Electronic Filing*

Hon. Bernard Zimmerman
U.S. District Court, Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102-3426

      RE:   *Fernandez, et al. v. K-M Industries Holding Co., Inc., et al.*
            **Case No.: C 06-07339 CW (BZ)**

Dear Judge Zimmerman:

      Counsel have met and conferred in an attempt to resolve the matter discussed below, and have recorded their conference. Because these efforts were unsuccessful, Plaintiffs' Counsel hereby requests a telephone conference with the Court regarding the dispute.

      On February 13, 2008, Counsel for Plaintiffs, who are participants in the K-M Industries Holding Co., Inc. ("KMH") Employee Stock Ownership Plan ("ESOP"), noticed a deposition of Defendant North Star Trust Company ("North Star") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. As required by Rule 30(b)(6), Plaintiffs specified the topics for examination in an attachment to the deposition notice.

      North Star designated John Hommel as its 30(b)(6) witness, and Counsel for Plaintiffs took Mr. Hommel's deposition on May 8, 2008.[1] Rule 30(b)(6) requires a company to prepare persons to testify as to *all* matters specified in the deposition notice that are reasonably available to it. *See Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989); *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527-28 (D. Kan. 2006). However, Mr. Hommel was not knowledgeable about information surrounding several of the topics listed in the deposition notice, even though the information is known and/or is reasonably available to North Star.

      Among other matters, the deposition notice specified the following topics for the North Star 30(b)(6) deposition: a) communications between North Star and the directors, officers, or managers of KMH, Kelly-Moore Paint and/or California Insurance Group; b) North Star's review of any documents or information provided to valuators and any actions taken as a result of such review; c) North Star's review of any valuation of KMH stock and any actions taken as a result of such review; and d) knowledge or awareness by North Star regarding asbestos used or sold by KMH, and the liability or potential liability of KMH relating to such asbestos. Deposition Exhibit 250 (notice of North Star 30(b)(6) deposition).

---

[1] The deposition was supposed to take place on April 15, 2008, but had to be continued because North Star produced over 100 pages of new documents at the start of the deposition.

During the course of the deposition of Mr. Hommel, Plaintiffs' Counsel introduced four hand-written documents, all of which appear to be notes from meetings between representatives of North Star and KMH in 2003 and 2005. Deposition Exhibits 256, 257, 261, and 263. All of these documents were produced by North Star, as indicated by the "NS" prefix on the bates stamp numbers. These notes from meetings (and therefore presumably the meetings themselves) cover various topics, including the need to assess the amount of asbestos liability faced by KMH at the time the ESOP was created, possible problems with the valuations of Kelly-Moore Paint and Capital Insurance Group ("CIG") stock at the time the ESOP was created, the need to review the original stock valuations, Mr. Moore's role in the initial transaction, and assessing current and future asbestos liability of KMH.

However, when these documents were introduced during the deposition, Mr. Hommel stated that he did not recognize the handwriting on the documents, and was unable to identify the author(s) of said documents. Mr. Hommel was also unable to provide adequate information as to the occurrence, persons in attendance, or contents of discussions during these meetings.

If the witness designated by a corporation is unable to answer questions on matters specified in the deposition notice, the corporation must immediately designate a new witness. *See Marker*, 125 F.R.D. at 126. However, North Star has failed to designate a new witness to testify on these matters.

In subsequent conversations with Counsel for North Star, Plaintiffs' Counsel requested that North Star identify the author(s) of these documents. However, North Star has indicated having knowledge as to the author(s), but has nevertheless refused to turn this information over to Plaintiffs. Plaintiffs are entitled to this information because the matters were specified in the 30(b)(6) deposition notice, and the information regarding the author(s) of the documents and details of the meetings where the documents were created is known and/or reasonably available to North Star. Since North Star has refused to provide an additional witness to satisfy the 30(b)(6) requirements, the appropriate remedy for Plaintiffs is a motion to compel. Fed. R. Civ. Pro. 37(a)(3)(B)(ii) & (4).

For these reasons, Plaintiffs respectfully request a telephone conference with the Court to resolve these disputes. Plaintiffs seek to have North Star designate another 30(b)(6) witness who can testify as to the matters discussed above. In the alternative, Plaintiffs request that the Court order North Star to disclose the author(s) of the documents, and Plaintiffs reserve the right to take further testimony of the author(s) with respect to the documents and the KMH-North Star meetings.

Thank you for your consideration.

Sincerely,

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.

By          / s /
          Daniel Feinberg