Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Nicole A. Diller
415.442.1312
ndiller@morganlewis.com

June 5, 2008

**BY ELECTRONIC FILING**

Hon. Bernard Zimmerman
U.S. District Court, Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102-3426

Re:   *Fernandez, et al. v. K-M Industries Holding Co., Inc., et al.*, Northern District of California, Case No. C 06-07339 CW (BZ)

Dear Judge Zimmerman:

    This letter responds on behalf of North Star Trust Company ("North Star") to Plaintiffs' June 3, 2008 letter regarding the discovery dispute that has arisen out of the May 8, 2008 deposition of John Hommel as the Rule 30(b)(6) witness for North Star. The parties' dispute relates to whether a witness designated in response to a Rule 30(b)(6) deposition notice must be able to identify the author of handwritten notes produced by the corporate party. The deposition notice served on North Star ("Notice") identified 20 separate topics for the deposition. Critically, the Notice did *not* include a topic calling for the witness to identify the author of all handwritten documents included in North Star's voluminous document production.

    The deposition exhibits at the core of the parties' dispute are: 1) Exhibit 256—notes of a June 2, 2005 meeting Mr. Hommel attended; 2) Exhibit 257—notes of a June 1, 2005 meeting Mr. Hommel attended; 3) Exhibit 261—undated notes reflecting a conversation Mr. Hommel (among others) had with Lee Bloom, a valuator from Duff and Phelps; and 4) Exhibit 263—notes from a May 14, 2003 meeting Mr. Hommel attended. Mr. Hommel testified about the meetings and conversations chronicled in the notes; he simply could not identify the author of the notes and disagreed with Plaintiffs' counsel's characterization of certain statements reflected in the notes.

    Thus, when asked if he remembered having meetings in June 2005 regarding Kelly-Moore's asbestos liability and possible bankruptcy filing—the subjects of Exhibits 256 and 257—Mr. Hommel responded that he did. He identified the attendees of each meeting and then

**Morgan Lewis**
COUNSELORS AT LAW

Hon. Bernard Zimmerman
June 5, 2008
Page 2

responded to a query as to the purpose of the June 2, 2005 meeting by stating that it was held for Kelly Moore to spell "out its various alternatives that might be available to it in terms of dealing with the asbestos issues." 174:16-23. In testifying about the topics referenced in Exhibit 257, Mr. Hommel discussed North Star's review of the level of asbestos claims activity against Kelly Moore, including review of extrapolations of the impact of the asbestos litigation. With respect to Exhibit 261, Mr. Hommel testified that "we consulted with Lee Bloom of Duff & Phelps, who had some asbestos knowledge and familiarity…. [H]e is the one who pointed us in the direction of the RAND report…." 230:3-9. While Plaintiffs' counsel did not obtain the answers they desired to leading questions relating to Mr. Bloom's comments on Mr. Ireland's report, Mr. Hommel testified about the nature of Mr. Bloom's observations. With respect to the final exhibit at issue, Exhibit 263, Mr. Hommel testified that he was present at the meeting, that he does not recall any other person from North Star in attendance at the meeting, and that he does not recognize the handwriting of one of North Star's attorneys who was present at the meeting. 267-68. Mr. Hommel's attendance at each of the events discussed in the exhibits demonstrates that he was appropriately designated to testify as to the content of the meetings on behalf of North Star. His inability to identify the author(s) of the exhibits has no discovery ramifications since the Notice did not include a topic requiring the witness' familiarity with the handwriting of all authors of all notes produced by North Star.

Plaintiffs' claim that North Star indicated having knowledge as to the author(s) of the exhibits is untrue. Mr. Hommel testified accurately with respect to his lack of such knowledge and no evidence suggests another North Star witness would know the author(s).

Plaintiffs' request that they be permitted to continue the deposition of Mr. Hommel and/or depose the author(s) of the documents is inappropriate. Discovery closed the day following the parties' meet and confer on this issue. The documents constituting the subject exhibits were produced in September 2007—eight months *before* Mr. Hommel's deposition. If Plaintiffs felt that they needed to know the author(s) of the handwritten documents, they could have propounded an interrogatory requesting that information or included the issue in the Notice. Plaintiffs did neither, and their request is an improper attempt to extend the discovery cut-off so they now may obtain information that they failed to pursue in a timely and diligent fashion.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Nicole A. Diller