1  Ronald Lovitt, Bar No. 040921
   J. Thomas Hannan, Bar No. 039140
2  Henry I. Bornstein, Bar No. 75885
   Terence F. Young, Bar No. 069943
3  LOVITT & HANNAN, INC.
   900 Front Street, Suite 300
4  San Francisco, California 94111
   Telephone: (415) 362-8769
5  Facsimile: (415) 362-7528
   *rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com, tfylaw@earthlink.net*
6
7  Attorneys for Defendants K-M Industries
   Holding Co. Inc.; K-M Industries Holding Co.
8  Inc. ESOP Plan Committee; and CIG ESOP Plan Committee
9
10              UNITED STATES DISTRICT COURT
11              NORTHERN DISTRICT OF CALIFORNIA
12              OAKLAND DIVISION
13
14 THOMAS FERNANDEZ et al.,              )  Case No. C 06-07339 CW
                                         )
15              Plaintiffs,              )  **DECLARATION OF TERENCE F. YOUNG**
                                         )  **ESTABLISHING THAT INFORMATION**
16     vs.                               )  **DESIGNATED BY PLAINTIFFS IN**
                                         )  **SUPPORT OF MOTION FOR CLASS**
17 K-M INDUSTRIES HOLDING CO., INC, et al. )  **CERTIFICATION IS SEALABLE**
                                         )
18              Defendants.              )  **CIVIL L. R. 79-5(d)**
                                         )
19                                       )
                                         )
20 _____       )
21
22 I, Terence F. Young, declare:
23      1.  I am an attorney licensed to practice in the State of California and before this Court.  I am
24 associated with Lovitt & Hannan, Inc., attorneys for Defendants K-M Industries Holding Co. Inc.,
25 K-M Industries Holding Co. Inc. ESOP Plan Committee, and CIG ESOP Plan Committee in this
26 matter.  I have custody of the relevant files of Lovitt & Hannan related to this action and am familiar

27 CASE NO. C 06-07339 BZ (CW)              -1-    DECL. OF T. YOUNG ESTABLISHING THAT INFORMATION
                                                  DESIGNATED BY PLAINTIFFS IN SUPPORT OF MOTION
28                                                FOR CLASS CERTIFICATION IS SEALABLE

1   with the contents thereof.  I make this declaration pursuant to L.R. 79-5(d) to establish that certain

2   documents designated by defendants to be confidential and submitted by plaintiffs in support of

3   their motion for class certification should be sealed and not made part of the Court's public files.

4       2.  K-M Industries Holding Co. Inc. (the "Company") is a privately-held corporation

5   comprising two operating subsidiaries, Kelly-Moore Paint Company and Capital Insurance Group.

6   The Company maintains its financial and accounting records, internal organization, and other

7   materials related to the operation and operating results of the Company in strictest confidence and

8   treats such matters as trade secrets.  The Company's shares are not traded publicly and the estimated

9   values of those shares is likewise a closely-guarded trade secret of K-M Holdings. Both of the

10  Company's subsidiaries are engaged in highly-competitive industries.   Revealing such confidential

11  information in the public records of this Court could potentially harm the privacy interests of K-M

12  Industries and put it at a competitive disadvantage.

13

14      3.  Plaintiffs' Exhibit 2:  The Confidential portion of Plaintiffs' Exhibit 2 (Bates Stamp

15  MK001590) is the second page of the ESOP STOCK PURCHASE AGREEMENT dated October

16  13, 1998, that served to establish the first of the ESOPs that are the subject of this action.   The

17  portion of the page that is confidential is the per share value of the shares being transferred and the

18  total purchase price for said shares that is set forth in paragraph 2(a). The internally-estimated value

19  of the Company's shares is a confidential trade secret.  Attached is a copy of said page two with the

20  per share price and total purchase price redacted.

21

22      4.  Plaintiffs' Exhibit 3:  The Confidential portion of Plaintiffs' Exhibit 3 is pages 249 and

23  250 of the Deposition of Joseph Cristiano dated April 8, 2008.  Mr. Cristiano was formerly President

24  of Kelly Moore Paint Company.  The questions asked and answers given relate to the subject of

25  financial effects of litigation against the Company by plaintiffs claiming personal injuries from

26  exposure to asbestos. Repeating the exact nature of those statements in this declaration would defeat

27

28  CASE NO. C 06-07339 BZ (CW)          -2-    DECL. OF T. YOUNG ESTABLISHING THAT INFORMATION
                                               DESIGNATED BY PLAINTIFFS IN SUPPORT OF MOTION
                                               FOR CLASS CERTIFICATION IS SEALABLE

the purpose of maintaining their confidentiality.  Kelly Moore has carefully maintained the confidentiality of its internal discussions of the financial effects of such litigation and continues to believe that the public revelation of such considerations would damage its public image and its business.

5.  Plaintiffs' Exhibit 4: Defendants withdraw their confidentiality designation of this exhibit.

6.  Plaintiffs' Exhibit 5:  Plaintiffs' Exhibit 5 is the minutes of a combined meeting of the Board of Directors and Shareholders of Kelly-Moore Paint Company.  The confidential portions of the exhibit  are:

a.  The second paragraph on page 2 comprising confidential information concerning the sales and other income of the Company.

b.  The third paragraph on page 2 comprising discussions of profit and loss of the divisions of the Company.

c.  The first full paragraph on page 3 comprising discussions of possible acquisitions of competing companies by the Company.

d. The second and third full paragraphs on page 3 comprising discussions of profit and loss of two other divisions of the Company.

e.  The last paragraph on page 4 comprising discussions of compensation of directors. Attached is a copy of said Exhibit with only the confidential information redacted.

7.  Plaintiffs' Exhibit 7:  Plaintiffs' Exhibit 7 is a chart of K-M Industries' corporate structure including value of share holdings and stock transactions.  It is maintained as confidential by the Company.

8.  Plaintiffs' Exhibit 8: The Confidential portion of Plaintiffs' Exhibit 8 is page 28 of the Deposition of Peter Cazzolla dated March 19, 2008.  Mr. Cazzolla is the President and Chief

Executive Officer of Capital Insurance Group.  The questions asked and answers given relate to the subject of financial effects of litigation against the Company by plaintiffs claiming personal injuries from exposure to asbestos. Repeating the exact nature of those statements in this declaration would defeat the purpose of maintaining their confidentiality.  Kelly Moore has carefully maintained the confidentiality of its internal discussions of the financial effects of such litigation and continues to believe that the public revelation of such considerations would damage its public image and its business.

9.  Plaintiffs' Exhibit 9:  The Confidential portion of Plaintiffs' Exhibit 9 (Bates Stamp CIG 001871) is the second page of the ESOP STOCK PURCHASE AGREEMENT dated October 18, 1999, that served to establish one of the ESOPs that are the subject of this action.   The portion of the page that is confidential is the per share value of the shares being transferred and the total purchase price for said shares that is set forth in paragraph 2(a). The internally-estimated value of the Company's shares is a confidential trade secret.  Attached is a copy of said page two with the per share price and total purchase price redacted.

10.  Plaintiffs' Exhibit 12:  Defendants withdraw their confidentiality designation of this exhibit.

11.  Plaintiffs' Exhibit 15:  The Confidential portions of Plaintiffs' Exhibit 15 are:

(a) two charts describing the ESOP transactions that are the subject of this action and showing the values of the transferred shares and the percentages of the company that  served as consideration for the stock transactions.

(b) A list of elements of the purchase and sale of the company's Broken O Ranch

(c) Three pages of charts showing estimates of the Company's past and future asbestos liability.

/ / /

1    The information in all of these pages is maintained as strictly confidential by the Company.

2    I declare under penalty of perjury under the laws of the United States of America that the

3    foregoing is true and correct.

4

5    DATED:  June 5, 2008

6

7

8                                          _____

                                           Terence F. Young

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 2

WHEREAS, Trustee wishes to purchase from Selling Shareholder, and Selling Shareholder wishes to sell to Trustee the Shares for the benefit of the employees of the Company who are participants in the Plan; and

WHEREAS, the parties desire to design said purchase and sale so that the Selling Shareholder will be entitled to the benefits of Section 1042 of the Internal Revenue Code; and

WHEREAS, the Company desires to provide a means for its employees to acquire a proprietary interest in it as an incentive for them to advance the business and affairs of the Company;

NOW, THEREFORE, in consideration of the promises and the respective agreements hereinafter set forth, Selling Shareholder and Trustee hereby agree as follows:

1.      Sale of Stock.  As of this date and subject to the terms and conditions of this Agreement, Selling Shareholder does hereby sell and deliver to Trustee, and Trustee does hereby purchase from the Selling Shareholder, the Shares.

2.      Purchase Price.7

(a)      In consideration for the transfer of the Shares as provided in Section 1, Trustee shall pay to Selling Shareholder an amount equal to **REDACTED** **REDACTED** per share, or a total of _____. The Purchase Price shall be paid to Selling Shareholder in cash at the closing.

(b)      The purchase price in Section 2(a) hereof is not more than the fair market valuation established as of the date of this Agreement.  In the event that there is a final determination by the Internal Revenue Service, a court of competent jurisdiction or otherwise that the

2

CONFIDENTIAL

MK001590



Exhibit 5

# CONFIDENTIAL

Upon motion duly made, seconded and unanimously carried, the Minutes of 1997 were approved as written respectively by the shareholders and the Board of Directors.

The Chairman thereupon introduced the President of Kelly-Moore Paint Company, Inc., Joseph P. Cristiano, who reviewed paint operations during 1997.

REDACTED                    REDACTED

The Southwest Division had

REDACTED

REDACTED                         REDACTED

The Company was pleased with continued strengthening of the personnel with additions to the staff of the Sales Department. There have also been strengthening of the training programs for store operations. In 1997 there was also a significant increase in sales of products to China which should increase even more in 1998.

Stores opened in 1997 include Novato, California; Cedar Park, Texas. In addition, we began operations in Ennis, Texas and Del Rio, Texas. In 1998 we have already opened operations in Dennison, Texas; San Marcos, Texas and Wasilla, Alaska. San Ramon, California will open in a few months. In 1998 we expect to have a relocation of our Berkeley, California store to Albany, California, and we expect to relocate our Reno, Nevada and Georgetown, Texas stores. During 1997, the following stores were closed: Springdale, Arkansas; Emeryville, California; and Federal Way, Washington. In 1997, we also combined the Seattle-Georgetown and Seattle-Airport

Exh 5

KMH 000453

# CONFIDENTIAL

Way stores along with the Seattle spray center operations. At Anchorage, Alaska, Sacramento-Raley, California, Hurst Texas and San Carlos, California, we also combined the spray center operations with that of the related store.

REDACTED          REDACTED

REDACTED          REDACTED

The Chairman thereupon reported on the operations in 1997 of the California Capital Insurance Group and The Broken O Ranch in Montana.

REDACTED

REDACTED

REDACTED          REDACTED

KMH 000454

# CONFIDENTIAL

Upon a motion duly made, seconded and unanimously carried, the acts of the Directors and Executives for the year 1997 were ratified and approved by the shareholders.

The Chairman thereupon discussed the authorization of Joseph P. Cristiano and Stephen Ferrari to complete certain transactions without a special meeting of the directors. Upon a motion duly made, seconded and unanimously carried, the attached resolution dated April 21, 1998 discussing authorization to open and close bank accounts and authorization to purchase, sell, or lease real property for up to one million dollars ($1,000,000) without a special meeting of the directors is ratified and approved as written.

Nominations were thereupon opened for Directors of the corporation. The names of William E. Moore, Desiree B. Moore, Christine M. McCall, Joseph P. Cristiano and Stephen A. Ferrari were placed in nomination. There were no further nominations. Upon motion duly made, seconded and unanimously carried, William E. Moore, Desiree B. Moore, Christine M. McCall, Joseph P. Cristiano and Stephen A. Ferrari were elected by the shareholders to serve as directors of the Corporation for the year 1998, and until their successors are elected. Special committees of the Board of Directors were discussed and none were created or appointed at the present time.

The Chairman thereupon discussed compensation of directors who are not salaried employees of the Company.

REDACTED

REDACTED                REDACTED                REDACTED

KMH 000455

# Exhibit 9

WHEREAS, Selling Shareholder desires to sell eight million four hun~~~ ~~~~~

(8,400,000) shares of the Company's Class I-B Stock (the "Shares") to the Trustee; and

CONFIDENTIAL

WHEREAS, Trustee wishes to purchase from Selling Shareholder, and Selling

Shareholder wishes to sell to Trustee the Shares for the benefit of the employees of the Company

who are participants in the Plan; and

WHEREAS, the parties desire to design said purchase and sale so that the Selling

Shareholder will be entitled to the benefits of Section 1042 of the Internal Revenue Code; and

WHEREAS, the Company desires to provide a means for its employees to acquire a

proprietary interest in it as an incentive for them to advance the business and affairs of the

Company;

NOW, THEREFORE, in consideration of the promises and the respective agreements

hereinafter set forth, Selling Shareholder and Trustee hereby agree as follows:

1.   Sale of Stock.  As of this date and subject to the terms and conditions of this

Agreement, Selling Shareholder does hereby sell and deliver to Trustee, and Trustee does hereby

purchase from the Selling Shareholder, the Shares.

2.   Purchase Price.7

(a)   In consideration for the transfer of the Shares as provided in Section 1,

Trustee shall pay to Selling Shareholder an amount equal to **REDACTED**

**REDACTED**                                                    Purchase

Price shall be paid to Selling Shareholder in cash at the closing.

(b)   The purchase price in Section 2(a) hereof is not more than the fair market

valuation established as of the date of this Agreement.  In the event that there is a final determi-

2

Ex 9

CiG 001871

Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
Henry I. Bornstein, Bar No. 75885
Terence F. Young, Bar No. 069943
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528
*rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com, tfylaw@earthlink.net*

Attorneys for Defendants K-M Industries
Holding Co. Inc.; K-M Industries Holding Co.
Inc. ESOP Plan Committee; and CIG ESOP Plan Committee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ et al., )<br><br>Plaintiffs, )<br><br>vs. )<br><br>K-M INDUSTRIES HOLDING CO., INC, et al. )<br><br>Defendants. )<br>)<br>)<br>)<br>) | Case No. C 06-07339 CW<br><br>**PROPOSED ORDER TO SEAL DOCUMENTS SUBMITTED BY PLAINTIFFS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

Plaintiffs having submitted certain documents under seal in support of their motion for class certification ("Plaintiffs' Motion") pursuant to L. R. 79-5(d) and defendants K-M Industries Holding Co. Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee, and CIG ESOP Plan Committee having submitted their Declaration of Terence F. Young Establishing that Information Designated by Plaintiffs in Support of Motion for Class Certification is Sealable (the "Young Declaration"),

requesting that certain of those documents remain sealed as confidential, the Court orders as follows:

The request of defendants to seal certain portions of the documents submitted by plaintiffs' in support of Plaintiffs' Motion is granted, as follows:

1. Page 2 of Exhibit 2 (Bates Stamp MK001590) to Plaintiffs' Motion, the ESOP STOCK PURCHASE AGREEMENT dated October 13, 1998, shall be filed in the redacted form provided by defendants as an attachment to the Young Declaration;

2. Pages 249 and 250 of Exhibit 3 to Plaintiffs' Motion shall remain sealed and not be made part of the public record.

3. The redacted portions of Exhibit 4 to Plaintiffs' Motion shall be made part of the public record.

4. Pages 2, 3, and 4 of Exhibit 5 to Plaintiffs' Motion shall be filed in the redacted form provided by defendants as an attachment to the Young Declaration;

5. Exhibit 7 to Plaintiffs' Motion shall remain sealed and not be made part of the public record.

6. Page 28 of Exhibit 8 to Plaintiffs' Motion shall remain sealed and not be made part of the public record.

7. Page 2 of Exhibit 9 to Plaintiffs' Motion (Bates Stamp CIG 001871), the ESOP STOCK PURCHASE AGREEMENT dated October 18, 1999, shall be filed in the redacted form provided by defendants as an attachment to the Young Declaration;

8. The redacted portions of Exhibit 12 to Plaintiffs' Motion shall be made part of the public record.

/ / /

/ / /

1    9. Exhibit 15 to Plaintiffs' Motion shall be filed as redacted by plaintiffs in their original

2    submission to the Court and the redacted portions shall remain sealed.

3

4    DATED: _____

5

6                                    _____

7                                    Honorable Claudia Wilken
                                     United States District Judge
8                                    Northern District of California

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. C 06-07339 BZ (CW)              -3-        PROPOSED ORDER TO SEAL DOCUMENTS SUBMITTED
                                                    BY PLAINTIFFS IN SUPPORT OF MOTION FOR CLASS
                                                    CERTIFICATION