Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
Henry I. Bornstein, Bar No. 75885
Terence F. Young, Bar No. 069943
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528
rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com, tfylaw@earthlink.net

Attorneys for Defendants K-M Industries
Holding Co. Inc.; K-M Industries Holding Co.
Inc. ESOP Plan Committee; and CIG ESOP Plan Committee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ et al., <br><br> Plaintiffs, <br><br> vs. <br><br> K-M INDUSTRIES HOLDING CO., INC, et al. <br><br> Defendants. | Case No. C 06-07339 CW <br><br> **K-M INDUSTRIES HOLDING CO. INC., K-M INDUSTRIES HOLDING CO.INC. ESOP PLAN COMMITTEE, AND CIG ESOP PLAN COMMITTEE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL (CORRECTED)** <br><br> Date: July 3, 2008 <br> Time: 2:00 p.m. <br> Courtroom: 2, 4th Floor <br> Judge: Hon. Claudia Wilken |

CASE NO. C 06-07339 CW                                KMH DEFENDANTS' OPPOSITION TO
                                                     PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (CORRECTED)

1
2
3
## TABLE OF CONTENTS

4   I.   The Nature Of Plaintiff's Claims..................................................................................1

5

6   II.  The Proposed Class Representatives Have Little Involvement In The
7        Litigation Or Knowledge Of The Claims Being Asserted By Them ....................1

8

9   III. Rule 23(a)(4) Requires That Class Representatives Understand Enough
        To Protect The Interests Of Absent Class Members By Controlling The
10       Litigation ...............................................................................................................5

11

12  IV.  Plaintiffs Have Failed To Demonstrate That They Are Sufficiently
        Engaged In This Lawsuit To Protect The Due Process Rights Of Absent
13       Class Members ......................................................................................................7

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Arnold v United Artists Theatre Circuit, Inc.,* 158 F.R.D. 439  (N.D.Cal. 1994) ............................... 5

*Burkhalter Travel Agency v. MacFarms Intern., Inc.* 141 F.R.D. 144  (N.D.Cal. 1991) ................ 5, 6

*Butterworth v. Quick & Reilly, Inc.*, 171 F.R.D. 319  (M.D.Fla.,1997) ............................................ 7

*Crawford v. Honig*, 37 F.3d 485  (9th Cir. 1994) ............................................................................ 5

*Greene v. Brown*, 451 F. Supp. 1266  (E.D.Va.1978) ..................................................................... 7

*Koenig v. Benson*, 117 F.R.D. 330, 333-34 (E.D.N.Y.1987) .......................................................... 7

*Rolex Employees Retirement Trust v. Mentor Graphics Corp.*, 136 F.R.D. 658 (D.Or. 1991) ........... 6

*Welling v. Alexy*, 155 F.R.D. 654 (N.D.Cal. 1994) ......................................................................... 7

**Statutes and Rules**

Federal Rules of Civil Procedure 23(a)(4) ................................................................................ 1, 5, 7

Proposed representative plaintiffs Thomas Fernandez, Lora Smith, and Tosha Thomas have moved for certification of this purported class action.  Defendants K-M Industries Holding Co. Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee, and CIG ESOP Plan Committee oppose said motion on the grounds that plaintiffs have failed to meet their burden of proving that they would adequately represent the interests of the proposed class as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.

I.  **The Nature Of Plaintiff's Claims**

K-M Industries Holding Co. Inc. ("KMH") is a privately-held corporation comprising two operating subsidiaries, Kelly-Moore Paint Company, Inc. and Capital Insurance Group.  Plaintiffs have sued KMH and others claiming violations of the Employee Retirement Income Security Act of 1974 ("ERISA").  *Inter alia*, plaintiffs assert claims for breach of fiduciary duty and engaging in prohibited transactions against all defendants.  In brief, plaintiffs claim that the shares of KMH stock transferred to the ESOP plans at the time of the plans' formation in 1998 and 1999 were over-valued and, accordingly, comprised prohibited transactions under ERISA.

Plaintiffs have sued KMH as sponsor of the ESOP plans, the various Moore Trusts as "parties in interest" and successors in interest, the KMH ESOP Plan Committee and CIG Plan Committee as fiduciaries of the Plans, and North Star Trust Company as a successor Trustee of the plans (it became Trustee in April 2003).

II.  **The Proposed Class Representatives Have Little Involvement In The Litigation Or Knowledge Of The Claims Being Asserted By Them**

Three former employees of the KMH subsidiaries are proposed as class representatives. Proposed representative Thomas Fernandez was an employee of Capital Insurance Group from July 1996 through October 2005 (Fernandez Dep.[1] p. 15:9-15) during which time he also surreptitiously

---

[1] The cited portions of the Deposition of Thomas Fernandez are attached as Exhibit A to the Declaration of Terence F. Young in Support of Opposition to Plaintiffs' Motion For Class Certification and Appointment of Class Counsel ("Young Decl."), served and filed herewith.

worked for Castle Inspection Group, doing the same kind of work. (Fernandez Dep. pp 14:19-16:23, 18:9-19:9, 19:11-20:10) While he was aware that KMH had a subsidiary named Kelly-Moore Paint Company, Inc., he had no relationship with any employees of the paint company. (Fernandez Dep. pp 27:15-29:8) His involvement in the lawsuit has been minimal. For example, he did not see either the original Complaint or the currently pending Second Amended Complaint until after they were filed. (Fernandez Dep. pp 176:9-177:18) He has no understanding of the basis of his claims against defendant North Star Trust Company. (Fernandez Dep. pp 174:8-175:22) As is the case with the other class representatives, when Mr. Fernandez had the opportunity to seek additional information about his ESOP investment, when he was still an employee and received company memos inviting further inquiry, he failed to seek such additional information. (Fernandez Dep. pp 111:2-25) Even when memoranda from the Company warned that issues related to the Kelly-Moore Paint Company, Inc. could negatively impact the value of his CIG stock, he was not concerned and took no action. (Fernandez Dep. pp 135:14-137:12) He had little or no interest in issues central to the ESOP investment while still employed at the Company, e.g. the amount that the CIG ESOP had paid for its shares of stock. (Fernandez Dep. pp 63:9-66:5) In short, Mr. Fernandez previously has not shown much interest in the issues that he now seeks to raise by way of this lawsuit.

Proposed representative Lora Smith also is a former employee of CIG. She worked there from September 1996 through October 2001. (Smith Dep.[2] p. 187:1-8) Other than working for a brief period as a caregiver for a disabled person, she has not been employed since she left CIG. (Smith Dep. pp 16:22-17:3) She decided to act as a class representative because she wished to sell her ESOP shares. Her impression at the time she left CIG was that she would be able to sell her shares in 2007. However, when she inquired in 2006, she was told she could not sell until 2014 because of a change in the due date of a note associated with the ESOP. (Smith Dep. pp. 22:13-

---

[2] The cited portions of the Deposition of Lora Smith are attached as Exhibit B to the Young Decl.

24:25)

Ms. Smith's understanding of her role as a class representative is sketchy at best. For example, she believes that she represents the interests of CIG employees but not the interests of Kelly-Moore Paint Company, Inc. employees. (Smith Dep. pp. 42:14-43:12) She is not aware that she might become responsible for the payment of defendants' costs if her lawsuit is not successful and she would not be able to pay such costs. (Smith Dep. pp. 45:19-47:18) She did not see the Complaint before it was filed and did not see the Second Amended Complaint until the day before her deposition. (Smith Dep. pp. 50:2-16, 192:15-193:25) She is not aware of what defendant North Star Trust Company is, does not know that it is a Trustee for the ESOP, and has no understanding of what she claims it did wrong. (Smith Dep. pp. 62:23-63:23, 195:17-20) She has no knowledge of what she seeks to accomplish with this lawsuit. (Smith Dep. p. 187:9-11) She was unable to state why she wishes to be a class representative, does not know the responsibilities of a class representative, and does not know if she is qualified to be a class representative. (Smith Dep. pp. 189:19-190:14) She does not know if she is seeking to recover losses by way of the lawsuit. (Smith Dep. pp. 190:19-191:1) Her single goal is to be able to sell the shares that she owns before the new pay-out date in 2014. (Smith Dep. p. 191:3-5)

Proposed representative Tosha Thomas is a former employee of Kelly-Moore Paint Company, Inc. She started there in July 2000 as a mail-room clerk and later transferred to the human resources department. She quit in July 2007. (Thomas Dep.[3] pp. 15:12-16:14) She admits that she has a personal axe to grind against Kelly-Moore. Her reason for leaving was that she believed she was being discriminated against and was being subjected to a hostile work environment. (Thomas Dep. pp 30:16-33:4) She complained of such issues to the President of

---

[3] The cited portions of the Deposition of Tosha Thomas are attached as Exhibit C to the Young Decl.

Kelly-Moore, Steven DeVoe, which resulted in meetings in which she was able to confront those whom she accused of discrimination. (Thomas Dep. pp 33:5-37:8) However, she did not feel that the situation improved. After she quit her job, she spoke again to Mr. DeVoe and even though he offered her job back, she refused to take it. (Thomas Dep. 36:10-38:2)

Ms. Thomas also complains that she heard racial comments made by a person "in upper management" that offended her. (Thomas Dep. 43:22-45:13) She also complained of an inappropriate encounter with an African-American receptionist who accused her of "trying to be white." (Thomas Dep. pp 47:25-49:10)

Following her departure from Kelly-Moore, Ms. Thomas filed a discrimination claim with the EEOC that is still pending. She also tried to retain Peter Rukin, who represents plaintiffs in this matter, as counsel for her discrimination claims, but is not being represented by him in connection with such claims "at this time." (Thomas Dep. pp 51:1-55:11)

Ms. Thomas was not particularly attentive to the details of the ESOP while still employed with Kelly-Moore. (Thomas Dep. p. 105:2-14) She did little or nothing to request or review additional information that was available to her while she was employed. (Thomas Dep. pp 170:24-172:8) When she did receive documents concerning the ESOP, she did not read them. (Thomas Dep. pp 210:14-211:9)

Likewise, she appears to have little interest or understanding of the present action. She has no knowledge of most of the facts underlying plaintiffs' claims and, apparently, has done little to satisfy herself that the facts stated in the Complaint are accurate. (Thomas Dep. pp. 64:1-71:4, 152:19-154:15) She does not understand that she has a fiduciary duty to her fellow ESOP members (Thomas Dep. pp 191:7-23) nor is she prepared to pay any costs that might be adjudged against her if the lawsuit is unsuccessful. (Thomas Dep. p. 192:15-23) Finally, and most troubling, she would not be concerned if her success in this lawsuit would have the effect of putting Kelly-Moore into bankruptcy and potentially wiping out the interests of all class members. (Thomas Dep. p. 157:10-

15)

### III. Rule 23(a)(4) Requires That Class Representatives Understand Enough To Protect The Interests Of Absent Class Members By Controlling The Litigation

Sub-part (a) of Rule 23 of the Federal Rules of Civil Procedure, governing class actions, establishes the conditions that must be present in order to maintain a class action.  Plaintiffs have the burden of proving that all of the conditions required by sub-part (a) of Rule 23 are satisfied, including the requirement that the proposed class representatives "will fairly and adequately protect the interests of the class." Rule 23(a)(4).  *Arnold v United Artists Theatre Circuit, Inc.,* 158 F.R.D. 439, 448 (N.D.Cal. 1994).

Plaintiffs contend that the sole requirement to establish the adequacy of proposed class representatives under Rule 23(a)(4) is a showing that the proposed representatives do not have any interests antagonistic to the class they seek to represent.  In fact, the test for adequacy of proposed class representatives is broader than that.  Because they purport to represent the interests of class members who are not parties to the action, due process requires that representative plaintiffs serve the interests of those absent class members by exercising control over the litigation and applying their independent and informed judgment to the conduct of the litigation. *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994).  *Burkhalter Travel Agency v. MacFarms Intern., Inc.* 141 F.R.D. 144, 154 (N.D.Cal. 1991)

In addition to having no antagonistic interests, proposed class representatives must demonstrate that they are familiar with the basic elements of the claims being asserted, that they understand what defendants are being sued and why, and that they understand the nature of the class they are seeking to represent.

> [A] party who is not familiar with basic elements of its claim is not considered to be an adequate representative for the class because there is no sense that there is an actual party behind counsel's prosecution of the action. *Koenig v. Benson*, 117 F.R.D. 330, 337 (E.D.N.Y.1987); *Kassover*, 691 F.Supp. at 1213-14. Thus courts have refused to allow a person to represent a class when, for example, she "appeared unaware of even the most

> material aspects of [her] action ... [not knowing] why these particular defendants are being sued ... [and having] no conception of the class of people she purportedly represents." [citations] In considering the involvement and knowledge of a prospective class representative, "[t]he Court must feel certain that the class representative will discharge his fiduciary obligations by fairly and adequately protecting the interests of the class." *Koenig*, 117 F.R.D. at 333-34 (emphasis added).

*Id*. at 153-154.

While it is important as well that the attorneys seeking to represent the class be competent, skilled counsel is not enough. The proposed class representatives must demonstrate that they are willing and able to exercise independent judgment in directing such counsel in the litigation.

> Familiarity with the case is one factor that courts consider in determining whether a plaintiff would be an adequate class representative. *Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. at 339. A plaintiff does not satisfy Fed.R.Civ.P. 23(a)(4) if his testimony reveals that he is "startlingly unfamiliar" with the case. *Greenspan v. Brassler*, 78 F.R.D. 130, 133-34 (S.D.N.Y.1978). As one court put it:
>
>> [t]he class is entitled ... to more than competent counsel. It must also be assured that it will have an adequate representative, one who will check the otherwise unfettered discretion of counsel in prosecuting the suit and who will provide his personal knowledge of the facts underlying the complaint.... The class is entitled to a representative who is more than 'a key to the courthouse door dispensable once entry has been effected.' *Saylor v. Lindsley*, 456 F.2d 896, 900 (2d Cir.1972).
>
> *Weisman v. Darneille*, 78 F.R.D. 669, 671 (S.D.N.Y.1978).

*Rolex Employees Retirement Trust v. Mentor Graphics Corp.*, 136 F.R.D. 658, 665 (D.Or. 1991). The Court in the *Rolex* case determined that the proposed class representative would not be an adequate class plaintiff because he was unfamiliar with the basic elements of plaintiffs' case, did not understand the allegations of the complaint, and did not understand which claims pertained to which defendants. Finally, it found that he contributed nothing to the drafting of the complaint. *Id*. at 666. Likewise, in *Burkhalter*, the Court rejected the motion of Specialty, a corporation, to be class representative on the grounds that the President of Specialty was not clear about who was a member of the class he sought to represent and lacked an understanding of the factual premises of the proposed class action. *Burkhalter Travel Agency v. MacFarms Intern., Inc., supra*, 141 F.R.D. at 154. ["As plaintiff's counsel would be acting on behalf of an essentially unknowledgeable client,

certifying a class with Specialty as its representative would risk a denial of due process to the absent class members."] *See, Butterworth v. Quick & Reilly, Inc.*, 171 F.R.D. 319, 323 (M.D.Fla.,1997) [holding that a proposed class representative who is unfamiliar with the "facts and essential elements of the case" could not adequately represent the class. "[I]f the named plaintiff's 'participation is so minimal that they virtually have abdicated to their attorneys the conduct of the case' then the class must not be certified."]; *Koenig v. Benson*, 117 F.R.D. 330, 337 (E.D.N.Y.1987) [proposed class representative inadequate where he did not read complaint before it was filed and did not understand plaintiffs' cause of action]; *Greene v. Brown*, 451 F. Supp. 1266, 1276 (E.D.Va.1978) [class representative must have sufficient discretion "to be reasonably able to make the decisions which necessarily fall to the client in the management of the lawsuit."]; *Welling v. Alexy*, 155 F.R.D. 654, 659 (N.D.Cal. 1994) ["[A] class representative who is unfamiliar with the case will not serve the necessary role of 'check[ing] the otherwise unfettered discretion of counsel in prosecuting the suit.'"]

**IV.     Plaintiffs Have Failed To Demonstrate That They Are Sufficiently Engaged In This Lawsuit To Protect The Due Process Rights Of Absent Class Members**

Plaintiffs have failed to meet their burden of establishing that the proposed class representatives meet the adequacy test imposed by Rule 23(a)(4). None of the three proposed class representatives in this matter possess the level of understanding and participation required of them as class representatives. They are little more than stand-ins intended to mask the unfettered discretion of class counsel rather than to operate to insure that the due process rights of the class are being protected.

Neither of the original plaintiffs, Mr. Fernandez and Lora Smith, read the original Complaint or the pending Second Amended Complaint before they were filed. While at least two had heard of North Star, none of them understood the basis of their claims against North Star or what those claims comprised. They have not learned anything about the action so that they could

1  apply their independent judgment to the decision-making process.  Moreover, at least in the case of
2  Ms. Thomas, they have other concerns and claims that may interfere with their ability to make
3  decisions in the best interests of the class.
4      It is difficult to imagine how class representatives can direct counsel's efforts, or make
5  decisions about the lawsuit, without being informed of and educated about such basic matters.  Even
6  if such information was not freely available while the proposed representatives were employed, their
7  ignorance of such information more than 16 months after the original Complaint was filed indicates
8  that they are not actively participating in the conduct of the litigation and, accordingly, that the due
9  process rights of the other class members are not being served.  The litigation clearly is subject to
10 the unfettered discretion of plaintiffs' lawyers, not to the reasoned decisions of proposed class
11 representatives.  Offering such ill-informed and ill-prepared plaintiffs as class representatives
12 likewise calls into question the adequacy of proposed counsel for the class, regardless of their other
13 qualifications.
14     Plaintiffs' motion for class certification must be denied.

DATED: June 19, 2008            Respectfully Submitted,

                                      LOVITT & HANNAN, INC.


                                      By:  /s/
                                          Terence F. Young
                              Attorneys for Defendants K-M Industries Holding
                              Co., Inc.; K-M Industries Holding Co., Inc. ESOP
                              Plan Committee; and CIG ESOP Plan Committee