Daniel Feinberg – CA State Bar No. 135983
Todd F. Jackson – CA State Bar No. 202598
Margaret E. Hasselman – CA State Bar No. 228529
Nina R. Wasow – CA State Bar No. 242047
Kirsten G. Scott – CA State Bar No. 253464
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA  94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email:  dfeinberg@lewisfeinberg.com
Email:  tjackson@lewisfeinberg.com
Email:  mhasselman@lewisfeinberg.com
Email:  nwasow@lewisfeinberg.com
Email:  kscott@lewisfeinberg.com

*Attorneys for Plaintiffs and the Proposed Class*
(Additional counsel listed within)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS, individually and on behalf of a class of all other persons similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST'S SUCCESSOR TRUSTS NAMED ABOVE,<br><br>        Defendants. | Case No. C-06-07339 CW<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**<br><br><br>Date:        July 3, 2008<br>Time:       2 p.m.<br>Courtroom:  2, 4th Floor<br>Judge:     Hon. Claudia Wilken |

# TABLE OF CONTENTS

Page No.

I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.   Plaintiffs Sufficiently Understand the Case to Serve as Class
        Representatives. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.   Plaintiffs Are Sufficiently Engaged in the Lawsuit to Protect the
        Interest of Class Members. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    C.   Plaintiffs' Motives for Bringing Suit Are Proper and Do Not
        Defeat Adequacy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**Page No.**

**FEDERAL CASES**

Burkhalter Travel Agency v. MacFarms Int'l, Inc., 141 F.R.D. 144 (N.D. Cal. 1991) . . . . . . . 3, 4

Dukes v. Wal-Mart, Inc., 509 F.3d 1168 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fentron Indus., Inc. v. Nat'l Shopmen Pension Fund, 674 F.2d 1300 (9th Cir. 1982) . . . . . . 7, 9

Hanlon v. Chrysler Corp., 150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

In re Live Concert Antitrust Litig., 247 F.R.D. 98 (C.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . 4, 5

In re MDC Holdings Sec. Litig., 754 F. Supp. 785 (S.D. Cal. 1990) . . . . . . . . . . . . . . . . . . 3, 6

In re THQ, Inc. Sec. Litig., 2002 WL 1832145 (C.D. Cal. March 22, 2002) . . . . . . . . . . . . 6, 7

In re United Energy Corp. Solar Modules Tax Shelter Invs. Sec. Litig., 122 F.R.D. 251
(C.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 7

In re Worlds of Wonder Sec. Litig., 1990 WL 61951 (N.D. Cal. Mar. 23, 1990) . . . . . . . . 3, 5, 6

Kayes v. Pacific Lumber Co., 51 F.3d 1449 (9th Cir 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Larson v. Dumke, 900 F.2d 1363 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Lim v. Citizens Sav. and Loan Ass'n, 430 F. Supp. 802 (N.D. Cal. 1976) . . . . . . . . . . . . . . . 8

Lubin v. Sybedon Corp., 688 F. Supp. 1425 (S.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . 4, 5

Moeller v. Taco Bell Corp., 220 F.R.D. 604 (N.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . passim

Parrish v. Nat'l Football League Players Ass'n, 2008 WL 1925208
(N.D. Cal. Apr. 29, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Staton v. Boeing Co., 327 F.3d 938 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Steiner v. Tektronix, Inc., 1991 WL 57033 (D. Or. Feb. 7, 1991) . . . . . . . . . . . . . . . . . . . . 8, 9

Surowitz v. Hilton Hotels Corp., 383 U.S. 363 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.,
209 F.R.D. 159 (C.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7

Weinberger v. Jackson, 102 F.R.D. 839 (N.D. Cal. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Welling v. Alexy, 155 F.R.D. 654 (N.D.Cal.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Williams Corp. v. Kaiser Sand & Gravel Co., Inc., 146 F.R.D. 185 (N.D. Cal. 1992) . . . . . 3, 6, 7

Williams Corp. v. Kaiser Sand and Gravel Corp., Inc., 1992 WL 335439
(N.D. Cal. Oct. 8, 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**OTHER AUTHORITIES**

1 H. Newberg, NEWBERG ON CLASS ACTIONS, § 3.37 at 242-43 (2d ed. 1985) . . . . . . . . . . . . . 7

1    **I.     INTRODUCTION.**

2         In their Opposition to Plaintiffs' Motion to Class Certification, Defendants[1] do not dispute

3    that this case presents common questions of law and fact for a numerous class, nor do they

4    dispute that the claims are raised by typical plaintiffs.  Defendants do not dispute that the case is

5    properly certified under several subsections of Federal Rule of Civil Procedure 23(b).  Instead,

6    Defendants oppose Plaintiffs' Motion for Class Certification and Appointment of Class Counsel

7    solely on the grounds of Plaintiffs' adequacy as class representatives under Rule 23(a)(4).  Thus,

8    Defendants concede that Plaintiffs' proposed class meets the numerosity, commonality and

9    typicality requirements of Rule 23(a) and that the case is properly certified and adjudicated under

10   Rules 23(b)(1)(A), 23(b)(1)(B) and/or 23(b)(2).  Finally, Defendants have not otherwise

11   challenged Counsel's qualifications and thereby concede that Plaintiffs' Counsel are sufficiently

12   qualified for appointment as class counsel under Rule 23(g).

13        Defendants' challenge to Plaintiffs' adequacy under Rule 23(a)(4) ignores the well-

14   established law of the Ninth Circuit, relies upon inapposite cases, and misstates the facts regarding

15   the named Plaintiffs in this action.  Defendants assert that Plaintiffs Thomas Fernandez, Lora

16   Smith, and Tosha Thomas are inadequate class representatives because they have an insufficient

17   understanding of the lawsuit and are not engaged enough in the lawsuit to protect the interests of

18   the class members.  Defendants' attacks against the named Plaintiffs are unavailing.  Ninth Circuit

19   law is settled that to demonstrate adequacy, Plaintiffs must only show that: (1) the proposed class

20   representatives do not have conflicts of interest with other class members, and (2) plaintiffs and

21   their counsel will prosecute the action vigorously on behalf of the class.  *See, e.g.*, *Dukes v. Wal-*

22   *Mart, Inc.*, 509 F.3d 1168, 1185 (9th Cir. 2007); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020

23

24        [1] The "K-M Defendants," which includes K-M Industries Holding Co., Inc. ("KMH"), the
     KMH ESOP Plan Committee, and the CIG ESOP Plan Committee, filed an Opposition to
25   Plaintiffs' Motion for Class Certification.  Docket No. 119.  All other Defendants filed Notices of
     Joinder in the KMH Opposition.  Docket Nos. 121 (Notice of Joinder by the "Moore Trust
26   Defendants," which includes the Moore Trust and Trustees of the Moore Trust; successor trusts
     which include the Desiree B. Moore Revocable Trust, the William E. Moore Marital Trust, and
27   the William E. Moore Generation-Skipping Trust; and Desiree Moore, both in her individual
     capacity and as trustee of the Moore Trust's successor trusts named above), 122 (North Star
28   Trust Company Notice of Joinder).

1  (9th Cir. 1998); *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 611 (N.D. Cal. 2004).

2          Plaintiffs easily satisfy these requirements because they share a common interest with the

3  class: to remedy Defendants' violations of ERISA. Plaintiffs' interests do not conflict with the

4  interests of the proposed class, and they brought this action with the understanding that as class

5  representatives, they must look out for the interests of the class. As discussed herein, Plaintiffs

6  have all actively participated in this lawsuit, and Plaintiffs and their Counsel have demonstrated

7  their ability to vigorously litigate this case on behalf of the class. Therefore, Plaintiffs satisfy the

8  adequacy requirement of Rule 23(a)(4), and the Court should certify this case as a class action.

9  **II.    ARGUMENT.**

10          Named Plaintiffs Thomas Fernandez, Lora Smith and Tosha Thomas are adequate

11  representatives of the proposed class because they understand their duties as class representatives

12  and understand the basics of the complex ERISA claims they bring against Defendants. Their

13  knowledge of and commitment to the litigation are sufficient to render them adequate

14  representatives under the governing law.

15          Defendants assert that Plaintiffs are inadequate class representatives because they have an

16  insufficiently deep understanding of the lawsuit and are not sufficiently engaged in the lawsuit to

17  protect the interests of the class members. In addition, Defendants suggest that two Plaintiffs,

18  Lora Smith and Tosha Thomas, have improper motives for being involved in this suit, rendering

19  them inadequate representatives. These allegations rely on exaggerations and

20  mischaracterizations of Plaintiffs' testimony and should be rejected. Ninth Circuit law

21  demonstrates that Plaintiffs are all adequate class representatives because they have no conflicts of

22  interest with the class, they understand the basic facts and claims of the case, and they have fully

23  participated in the lawsuit.

24          In order to satisfy the adequacy requirements of Rule 23(a)(4), Plaintiffs need only

25  demonstrate that (1) the proposed class representatives do not have conflicts of interest with the

26  class, and (2) plaintiffs and their counsel will vigorously prosecute the case on behalf of the class.

27   *Dukes*, 509 F.3d at 1185; *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Hanlon*, 150

28  F.3d at 1020; *Parrish v. Nat'l Football League Players Ass'n*, 2008 WL 1925208 at *6 (N.D.

1  Cal. Apr. 29, 2008); *Moeller*, 220 F.R.D. at 611; *Burkhalter Travel Agency v. MacFarms Int'l,*

2  *Inc.*, 141 F.R.D. 144, 153 (N.D. Cal. 1991); *In re United Energy Corp. Solar Modules Tax*

3  *Shelter Invs. Sec. Litig.*, 122 F.R.D. 251, 257 (C.D. Cal. 1988).

4         Defendants do not seriously challenge the ability of Plaintiffs' counsel to vigorously

5  prosecute the case on behalf of the class.  In their Opposition, Defendants make one reference to

6  counsel's adequacy, but only by asserting that offering these Plaintiffs as class representatives

7  calls into question the adequacy of counsel.  Thus, the only issue Defendants really raise is the

8  adequacy of plaintiffs.

9         **A.    Plaintiffs Sufficiently Understand the Case to Serve as Class Representatives.**

10        The named Plaintiffs have sufficient understanding of the complex claims they assert under

11 ERISA to serve as adequate class representatives.  To qualify as an adequate class representative,

12 it is not required that a plaintiff "be intimately familiar with every factual and legal issue in the

13 case;" instead, the representative need only understand the "basic elements of her claim."

14 *Moeller*, 220 F.R.D. at 611 (certifying a class even though plaintiffs did not fully understand the

15 legal claims); *see also Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363 (1966) (reversing dismissal

16 of derivative action even though plaintiff had little knowledge of the nature of the suit or the

17 underlying facts); *In re Worlds of Wonder Sec. Litig.*, 1990 WL 61951 at *3 (N.D. Cal. Mar. 23,

18 1990) (finding class certification appropriate where the named plaintiffs were "familiar with the

19 basic outline" of the case and understood "the gravamen of the claims").  This is especially true in

20 a case involving a complex area of the law, where plaintiffs must especially rely on the legal

21 expertise of counsel.  *See, e.g.*, *Williams Corp. v. Kaiser Sand & Gravel Co., Inc.*, 146 F.R.D.

22 185, 188 (N.D. Cal. 1992) (finding that "[i]n complex litigation, a class representative need not

23 have first hand knowledge of all of the details of his or her suit."); *In re Worlds of Wonder Sec.*

24 *Litig.*, 1990 WL 61951 at *3 (stating "[t]he reality of complex cases . . . is that clients must defer

25 a great amount of discretion to their lawyers."); *In re MDC Holdings Sec. Litig.*, 754 F. Supp.

26 785, 803 (S.D. Cal. 1990) (finding "plaintiffs in a complex . . . case . . . cannot be expected to be

27 intimately familiar with ever factual and legal issue in the case.").  This case is particularly

28 complex; it involves thorny legal issues – in particular, the scope of a fiduciary's duties under

ERISA – and difficult facts relating to methodologies for appraising privately held companies, liability for asbestos-related lawsuits, and the functioning and proper valuation of "tracking stock," to name a few.

The threshold of knowledge required to qualify a class representative is low because requiring class representatives to possess a high level of knowledge of the legal claims "would convert the class action into a device usable only by individuals with such a degree of sophistication that they would be capable of acting as their own attorneys." *Moeller*, 220 F.R.D. at 611-12; *see also In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 120 (C.D. Cal. 2007) (stating the "threshold for sufficient knowledge is not high"); *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*, 209 F.R.D. 159, 165 (C.D. Cal. 2002) (finding adequacy where plaintiffs had "at least a rudimentary understanding of the nature of the present action").

The cases cited by Defendants in which proposed class representatives in cases brought within the Ninth Circuit were disapproved are inconsistent with controlling Ninth Circuit precedent, as set forth above, and also involve circumstances not present here. *See Welling v. Alexy*, 155 F.R.D. 654, 659 (N.D.Cal.1994) (finding that plaintiff was inadequate because he showed a "complete lack of interest in the conduct of the case"); *Burkhalter*, 141 F.R.D. at 154, 154 n.5 (finding no adequacy of class representatives where plaintiff showed a "severe lack of knowledge about the basic facts at issue" in the case); *Lubin v. Sybedon Corp.*, 688 F. Supp. 1425, 1462 (S.D. Cal. 1988) (finding a class representative inadequate where the plaintiff was "alarmingly" unfamiliar with the claims).[2]

---

[2] Each is also distinguishable on its facts. *Welling* was a securities fraud case where the disqualified plaintiff not only had "a complete lack of interest in the conduct of the case," 155 F.R.D. at 659, but was also subject to a strong inference of improper conduct by virtue of the fact that he had been a plaintiff in 13 other securities actions, all brought by the same attorney. 155 F.R.D. at 658-59. This also rendered him subject to a unique defense because it called into question whether he had actually relied on the market, as required in a securities action, rather than simply shopping for a lawsuit. *Id.* In *Burkhalter*, the president of the proposed class representative company stated at one point that he thought the class was composed of the defendants, and he was not prepared to act as a fiduciary for the class. 141 F.R.D. at 154. And in *Lubin*, the disqualified representative showed an "alarming unfamiliarity" with even the "outlines"

1    Here, Plaintiffs Fernandez, Smith, and Thomas all understand the basic allegation in this

2    case:  that the ESOP paid too much for the stock at the time of the initial transactions.

3    Supplemental Declaration of Nina Wasow in Support of Plaintiffs' Motion for Class Certification

4    ("Wasow Dec."), Exh. 1 (Fernandez Dep. 79:15-21, 81:21-84:11, 114:25-115:5, 118:12-17,

5    172:2-8); Exh. 2 (Smith Dep. 53:22-56:11, 77:13-78:1); Exh. 3 (Thomas Dep. 65:1-10, 149:14-

6    150:7, 174:23-176:8, 177:6-178:12, 206:10-207:4).  For example, Mr. Fernandez states that he

7    "felt that the obligations of K-M Industries . . . in regards to the outstanding amount of the

8    asbestos lawsuits weren't really properly taken into effect when the ESOP was created – or taken

9    into account."  *Id.* at Exh. 1 (Fernandez Dep. 172:2-8).  Ms. Smith testified that in 2005 she

10   became aware that more than fair market value may have been paid for the ESOP stock due to

11   potential asbestos-related litigation liability.  *Id.* at Exh. 2 (Smith Dep. 53:22-56:11).  Ms.

12   Thomas stated her understanding that "there was too much paid into the plan," at least in part due

13   to potential asbestos liability.  *Id.* at Exh. 3 (Thomas Dep. 65:1-10, 149:14-150:7).  In addition,

14   Plaintiffs each understand that if the case is certified as a class action, as class representatives they

15   will represent and must look out for the interests of all participants in the ESOP.  *Id.* at Exh. 1

16   (Fernandez Dep. 29:11-22); Exh. 2 (Smith Dep. 42:11-23, 203:19-25); Exh. 3 (Thomas Dep.

17   190:2-191:15).

18   Accordingly, Plaintiffs Fernandez, Smith, and Thomas all have a sufficient level of

19   understanding of the case to meet the low threshold for adequacy of class representatives. *See*

20   *Moeller*, 220 F.R.D at 611-12; *Surowitz*, 383 U.S. 363; *In re Worlds of Wonder Sec. Litig.*, 1990

21   WL 61951 at *3; *In re Live Concert Antitrust Litig.*, 247 F.R.D. at 120; *Thomas & Thomas*

22   *Rodmakers, Inc.*, 209 F.R.D. at 165.  Plaintiffs need not have knowledge of every fact of the case,

23   nor need they have an in-depth understanding of the legal theories in the case.  This holds true in

24

25   _____

26   of the claims, having, among other things, never read any version of the complaint.  688 F. Supp.
     at 1462.  No such circumstances are present here; as set forth herein, there is no implication of
27   improper conduct; all three Plaintiffs have been involved in the case as necessary; have shown that
     they understand who is in the class and that they must protect the interests of the whole class;
28   they have all reviewed at least one version of the complaint; and they all understand the gravamen
     of the claims is that the ESOP overpaid for stock.

1  any lawsuit, and especially in a case like this one, because it involves complex ERISA claims.

2  *Williams Corp.*, 146 F.R.D. at 188; *In re Worlds of Wonder Sec. Litig.*, 1990 WL 61951 at *3; *In*

3  *re MDC Holdings Sec. Litig.*, 754 F. Supp. at 803.

4        **B.**    **Plaintiffs Are Sufficiently Engaged in the Lawsuit to Protect the Interest of**
                   **Class Members.**

5

6         Plaintiffs have been involved in the litigation by providing documents, discussing their

7  claims with counsel, responding to discovery, and attending depositions.  Their involvement is

8  more than sufficient to meet the requirements of Rule 23(a)(4).  To satisfy the adequacy

9  requirement of Rule 23(a)(4), a class representative need not come up with or even understand

10  the complex legal theories in a case.  *Moeller*, 220 F.R.D. at 611-12.  Instead, a class

11  representative need only show some knowledge of the claims, and "a demonstrated willingness to

12  assist counsel in the prosecution of the litigation."  *Thomas & Thomas Rodmakers, Inc.*, 209

13  F.R.D. at 165.  Courts require some participation from class representatives, but do not require

14  day-to-day involvement in the case.  *See In re THQ, Inc. Sec. Litig.*, 2002 WL 1832145 at *7

15  (C.D. Cal. March 22, 2002) (finding plaintiffs had sufficient participation by having several

16  conversations with counsel regarding the suit, demonstrating familiarity with the underlying bases

17  for the suit, and participating in a deposition); *Williams Corp.*, 146 F.R.D. at 187-88 (finding

18  adequacy of plaintiff where he participated in a deposition, produced documents, understood the

19  nature of the allegations, was able to understand the basic claims, and understood who was in the

20  class); *In re United Energy Corp. Solar Modules Tax Shelter Invs. Sec. Litig.*, 122 F.R.D. 251,

21  258 (C.D. Cal. 1988) (finding plaintiffs were adequate representatives where they produced

22  documents, participated in depositions, and understood that any recovery would be for the class

23  as a whole).

24         Furthermore, courts have found that, where plaintiffs' counsel has advanced the costs and

25  fees of the litigation, a class representative's knowledge of the costs of litigation and potential

26  liability is irrelevant.  *See In re THQ, Inc. Sec. Litig.*, 2002 WL 1832145 at *8; *Williams Corp. v.*

27  *Kaiser Sand and Gravel Corp., Inc.*, 1992 WL 335439 at *3 (N.D. Cal. Oct. 8, 1992) (finding

28  plaintiff to be adequate despite his inability to finance the litigation where plaintiff's counsel

1   advanced costs of litigation, and citing 1 H. Newberg, NEWBERG ON CLASS ACTIONS, § 3.37 at

2   242-43 (2d ed. 1985)).

3          Here, Plaintiffs Fernandez, Smith, and Thomas are all sufficiently involved in the lawsuit.

4   Each Plaintiff turned over to counsel all of the ESOP-related documents in his or her possession.

5   Wasow Dec. Exh. 1 (Fernandez Dep. 50:15-53:10); Exh. 2 (Smith Dep. 73:1-24); Exh. 4

6   (Plaintiffs' Initial Disclosures for Tosha Thomas).  Plaintiffs all had input into the contents of the

7   complaint, and/or reviewed the complaint.  *Id*. at Exh. 1 (Fernandez Dep. 176:18-177:1); Exh. 2

8   (Smith Dep. 50:2-14); Exh. 3 (Thomas Dep. 61:6-23).  In addition to having periodic

9   conversations with counsel regarding the status of the lawsuit, each of the Plaintiffs participated in

10  an all-day deposition.  For all of these reasons, Plaintiffs Fernandez, Smith, and Thomas have all

11  shown "a demonstrated willingness to assist counsel in the prosecution of the litigation" sufficient

12  to make them adequate class representatives.  *See Thomas & Thomas Rodmakers, Inc.*, 209

13  F.R.D. at 165; *see also In re THQ, Inc. Sec. Litig.*, 2002 WL 1832145 at *7; *Williams Corp.*, 146

14  F.R.D. at 187-88; *In Re United Energy Corp. Solar Modules Tax Shelter Invs. Sec. Litig.*, 122

15  F.R.D. at 258.  Finally, Plaintiffs' counsel is advancing the costs of litigation, and the fact that

16  Smith and Thomas are not prepared to pay for costs if Plaintiffs lose the case is irrelevant to the

17  determination of their adequacy as class representatives.  *See In re THQ, Inc. Sec. Litig.*, 2002

18  WL 1832145 at *8; *Williams Corp.*, 1992 WL 335439 at *3.

19      **C.     Plaintiffs' Motives for Bringing Suit Are Proper and Do Not Defeat
                 Adequacy.**
20

21         Defendants suggest that Plaintiffs Tosha Thomas and Lora Smith have motives for

22  bringing this lawsuit different from that of other class representatives.  However, Defendants'

23  mischaracterization of their motives for bringing suit does not render them inadequate class

24  representatives.  Furthermore, Defendants make no suggestion that Plaintiff Thomas Fernandez

25  has any such conflict.

26         The motives of plaintiffs are not determinative of whether they will provide vigorous

27  advocacy for the members of the class.  *See Fentron Indus., Inc. v. Nat'l Shopmen Pension Fund*,

28  674 F.2d 1300, 1305 (9th Cir. 1982) (overruled on other grounds)(finding class certification

1   proper despite employer soliciting lawsuit against pension fund); *Weinberger v. Jackson*, 102

2   F.R.D. 839, 845 (N.D. Cal. 1984) (holding that "[p]ersonal qualifications or motives of the

3   proposed class representative are not determinative of the adequacy of the representative");

4   *Steiner v. Tektronix, Inc.*, 1991 WL 57033, at *3(D. Or. Feb. 7, 1991) (finding that a plaintiff

5   having "spite or personal animus" or being involved in other lawsuits against defendant does not

6   bar him from serving as a class representative).

7          Some courts have suggested that if a plaintiff has significant grievances against a

8   defendant separate from the claims of the lawsuit, the individual's "vindictiveness" might

9   demonstrate a conflict with the class, making her an inadequate class representative.  *See Larson*

10  *v. Dumke*, 900 F.2d 1363, 1367 (9th Cir. 1990).  However, courts are very hesitant to find

11  individuals inadequate on this basis.  *See Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1464

12  (holding plaintiffs' previous lawsuits asserting other claims "reveal some animosity," but "hardly

13  constitute evidence of vindictiveness to such an extent that these plaintiffs cannot adequately

14  represent the class."); *Lim v. Citizens Sav. and Loan Ass'n*, 430 F. Supp. 802, 811-12 (N.D. Cal.

15  1976) (noting "plaintiff's professed 'revenge' motive," but finding plaintiff an adequate class

16  representative, stating "the vengeance of an aggrieved person more often engenders the zealous

17  prosecution essential to a class action than the over-zealous prosecution which may threaten to

18  strangle a class action.").

19         Here, Defendants suggest that Plaintiff Smith is an inadequate class representative because

20  she originally sought counsel when she was unable to cash out of the ESOP.  While Ms. Smith

21  originally was told she could exercise the put option of her ESOP stock in 2007, she was later

22  told that the ESOP loan had been changed and that she could not cash out until much later.

23  Wasow Dec. Exh. 2 (Smith Dep. 66:21-67:7).  This is why Smith originally got in touch with

24  Plaintiffs' counsel, and thereafter became involved in the lawsuit.  *Id*. (Smith Dep. 22:13-24).

25  This course of events was not improper in any way.  Indeed, the fact that Ms. Smith was

26  concerned about her ESOP account, sought help from an attorney, and now prosecutes claims on

27  behalf of all ESOP participants tends to show that she is more than adequate.  In any event, as

28  described above, Ms. Smith's personal motives for becoming involved in the lawsuit are not

1    dispositive of whether she will act as an advocate for absent class members.  *See Fentron Indus.,*

2    *Inc.*, 674 F.2d at 1305; *Weinberger*, 102 F.R.D. at 845.  Ms. Smith has expressed that she

3    understands the claims in the lawsuit and is willing to represent and look out for the interests of all

4    participants in the ESOP.  Wasow Dec. Exh. 2 (Smith Dep. 42:11-23, 203:19-25).  There is no

5    evidence that she has a vengeful motive.  Therefore, Ms. Smith is an adequate class

6    representative.

7         Defendants also suggest that Plaintiff Thomas would be an inadequate class representative

8    because she "has a personal axe to grind against Kelly-Moore."  Defendants' Opposition to

9    Plaintiffs' Motion for Class Certification at 3.  However, not only is this characterization untrue,

10   but it is also not determinative of Ms. Thomas' ability to serve as an adequate class representative

11   in this case.  Ms. Thomas testified that she left employment at Kelly-Moore Paint Co. because she

12   felt she was discriminated against and was subject to a hostile work environment.  Wasow Dec.

13   Exh. 3 (Thomas Dep. 30:19-24).  Ms. Thomas filed an EEOC charge, which is pending.  *Id.*

14   (Thomas Dep. 53:14-54:24).  However, Ms. Thomas also testified that she is not angry with the

15   company, and that she understands that her duties to the class as a class representative are to look

16   out for the best interests of the class.  *Id.* (Thomas Dep. 190:2-191:15; 209:8-210:1).  As with

17   Ms. Smith, Ms. Thomas' personal motivation for becoming involved in the lawsuit does not

18   preclude her from being an adequate class representative.  *See Fentron Indus., Inc.*, 674 F.2d at

19   1305; *Weinberger*, 102 F.R.D. at 845.  Also as with Ms. Smith, there is no implication that Ms.

20   Thomas or her counsel has acted inappropriately in this lawsuit as a result of her unrelated

21   discrimination concerns.  Furthermore, even if Defendants were correct in their characterization of

22   Plaintiff Thomas's animus toward Kelly-Moore, courts have found that a spiteful plaintiff who is

23   involved in other lawsuits against the same defendant(s) is not barred from serving as a class

24   representative, and in fact might even make a more zealous advocate in the case.  *See Kayes*, 51

25   F.3d at 1464; *Lim*, 430 F. Supp. at 811-12; *Steiner*, 1991 WL 57033 at *3-4.  Therefore, Ms.

26   Thomas is an adequate class representative in this case despite her discrimination charge against

27   Kelly-Moore.

28         At no point have Defendants asserted that Mr. Fernandez has "an axe to grind."  As noted

1    above, Mr. Fernandez is prepared to look out for the interests of the entire proposed class.

2    Fernandez Dep. 29:11-22.

3    **III.     CONCLUSION.**

4        Plaintiffs Fernandez, Smith and Thomas are committed to representing the class

5    vigorously and have no conflicts with the class.  They are adequate representatives under Rule

6    23(a)(4).  For the foregoing reasons, Plaintiffs respectfully request that the Court grant their

7    Motion for Class Certification and for appointment of Plaintiffs' counsel as class counsel.

8

9    Dated:  June 19, 2008           Respectfully submitted,

10                               LEWIS, FEINBERG, LEE,
                                  RENAKER & JACKSON, P.C.

11

12                 By:      /s/
                                  Todd Jackson

13                                   LEWIS, FEINBERG, LEE,
                                  RENAKER & JACKSON, P.C.

14                                   1330 Broadway, Suite 1800
                                  Oakland, CA  94612

15                                   Telephone: (510) 839-6824
                                  Facsimile: (510) 839-7839

16                                   Peter Rukin – CA State Bar No. 178336
                                  RUKIN HYLAND DORIA

17                                   & TINDALL LLP
                                  100 Pine Street, Suite 725

18                                   San Francisco, CA
                                  Telephone: (415) 421-1800

19                                   Facsimile: (415) 421-1700
                                  Email:  peterrukin@rhddlaw.com

20

21                                   *Attorneys for Plaintiffs*
                                  *and the Proposed Class*

22

23

24

25

26

27

28