Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
Henry I. Bornstein, Bar No. 75885
Terence F. Young, Bar No. 069943
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528
rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com, tfylaw@earthlink.net

Attorneys for Defendants K-M Industries
Holding Co. Inc.; K-M Industries Holding Co.
Inc. ESOP Plan Committee; and CIG ESOP
Plan Committee

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH and TOSHA THOMAS, individually and on behalf of a class of all others similarly situated,<br><br>　　　　　Plaintiffs,<br>v.<br>K-M INDUSTRIES HOLDING CO., INC., et al.,<br><br>　　　　　Defendants. | Case No. C06-07339 CW<br><br>**DECLARATION OF TERENCE F. YOUNG IN SUPPORT OF DEFENDANTS K-M INDUSTRIES HOLDING CO., INC., K-M INDUSTRIES HOLDING CO. INC. ESOP PLAN COMMITTEE AND CIG ESOP PLAN COMMITTEE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**CIVIL LOCAL RULE 79-5(b) AND (c)** |

I, Terence F. Young, declare:

　　1.　　I am an attorney licensed to practice in the State of California and before this Court. I am associated with Lovitt & Hannan, Inc., attorneys for Defendants K-M Industries Holding Co. Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee, and CIG ESOP Plan Committee (the

"KMH defendants") in this matter. I have custody of the relevant files of Lovitt & Hannan, Inc. related to this action and am familiar with the contents thereof. I make this declaration pursuant to L.R. 79-5(b) and (c) to establish that certain documents designated by defendants to be confidential and submitted by defendants in support of the concurrently-filed Motion for Summary Judgment by the KMH defendants should be sealed and not made part of the Court's public files.

2. K-M Industries Holding Co. Inc. ("KMH") is a privately-held corporation comprising two operating subsidiaries, Kelly-Moore Paint Company and Capital Insurance Group. Prior to 1999, KMH was known as Kelly Moore Paint Co., Inc. KMH maintains its financial and accounting records, minutes of directors and shareholders meetings, and other materials related to its operation and operating results in strictest confidence and treats such matters as trade secrets. KMH's shares are not traded publicly and the estimated value of those shares is likewise a closely-guarded trade secret of KMH. Both of KMH's subsidiaries are engaged in highly-competitive industries. Revealing KMH's confidential information in the public records of this Court potentially could harm the privacy interests of KMH and put it and its subsidiaries at a competitive disadvantage.

3. Plaintiffs' claims in the captioned lawsuit are premised on alleged violations of Employee Retirement Income Security Act ("ERISA"). In the context of such litigation, the courts have established that certain communications between ERISA Plan administrators, acting as fiduciaries, and the attorneys retained by them, that normally would be protected from discovery by the attorney-client privilege, are subject to a "fiduciary exception" to that privilege. As a consequence, the attorney-client privilege does not bar the discovery by Plan beneficiaries, such as plaintiffs in this action, of otherwise privileged communications. *United States v. Mett*, 178 F.3d 1058, 1063 (9th Cir. 1999). Communications subject to the fiduciary exception retain their privileged status as to anyone other than the fiduciary and the beneficiaries. Some documents and declarations submitted by the KMH defendants in support of their motion for summary judgment were produced in discovery in this matter because they were subject to the fiduciary exception.

CASE C06-07339 CW                                      -2-               DECLARATION OF TERENCE F. YOUNG IN
SUPPORT OF KMH DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL

Nevertheless, the KMH defendants continue to claim privilege as to such documents and testimony and continue to assert a claim of privilege as to anyone other than defendants and plaintiffs in this lawsuit.

4. Listed below are descriptions of the portions of the identified declarations and exhibits to such declarations filed in support of the KMH defendants' motion for summary judgment and the basis for KMH's claim that such declarations and exhibits either are privileged or confidential.

**Declaration of Stephen Ferrari in Support of Motion For Summary Judgment by Defendants K-M Industries Holding Co., Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee and CIG ESOP Plan Committee ("Ferrari Decl.")**

5. Ferrari Decl., Paragraph 7. The highlighted portion of paragraph 7 of the Ferrari Decl. comprises the substance of communications between the attorney for Kelly-Moore Paint Company, Inc., Cheryl Mills of Pillsbury, Levinson & Mills, and the auditors for this privately-held company. Such communications are maintained as confidential by the company and their release to the general public and competitors could negatively effect KMH's competitive advantage.

6. Ferrari Decl., Paragraph 8. The highlighted portion of paragraph 8 of the Ferrari Decl. comprises the substance of communications between officers of Kelly-Moore Paint Company and its attorney, Cheryl Mills. On December 3, 2007, Judge Bernard Zimmerman held, in response to plaintiffs' motion to compel and after *in camera* review, that the document reflecting such communications was subject to the fiduciary exception. The communications are, nevertheless, subject to the attorney-client privilege as to third parties and should not become part of the pubic record.

7. Ferrari Decl., Paragraph 10. The highlighted portion of paragraph 10 of the Ferrari Decl. comprises the substance of communications between an officer of Kelly-Moore Paint Company, Inc., and its attorney, Cheryl Mills of Pillsbury, Levinson & Mills, as conveyed to

appraisers estimating the value of the shares of this privately-held company. Such communications are maintained as confidential by the company and their release to the general public and competitors could negatively effect KMH's competitive advantage.

8. Ferrari Decl., Paragraph 11. The highlighted portion of paragraph 11 of the Ferrari Decl. comprises the substance of communications between officers of Kelly-Moore Paint Company and its attorney, Cheryl Mills. Such communications are subject to the fiduciary exception in this matter but are, nevertheless, subject to the attorney-client privilege as to third parties and should not become part of the pubic record.

9. Ferrari Decl., Paragraph 24. The highlighted portion of paragraph 24 of the Ferrari Decl. comprises the substance of communications between the attorney for Kelly-Moore Paint Company, Inc., Cheryl Mills of Pillsbury, Levinson & Mills, and the auditors for this privately-held company. Such communications are maintained as confidential by the company and their release to the general public and competitors could negatively effect KMH's competitive advantage.

10. Ferrari Decl., Exhibit 2 (entire document). Exhibit 2 is a letter from the attorney for Kelly-Moore Paint Company, Inc., Cheryl Mills, to the auditors for this privately-held company. Such communications are maintained as confidential by the company and their release to the general public and competitors could negatively effect KMH's competitive advantage.

11. Ferrari Decl., Exhibit 3 (entire document). Exhibit 3 is a hand-written note reflecting the substance of a communication between officers of Kelly-Moore Paint Company and its attorney, Cheryl Mills. On December 3, 2007, Judge Bernard Zimmerman held, in response to plaintiffs' motion to compel and after *in camera* review, that Exhibit 3 was subject to the fiduciary exception. The document is, nevertheless, subject to the attorney-client privilege as to third parties and should not become part of the pubic record.

12. Ferrari Decl., Exhibit 4 (entire document). Exhibit 4 is a letter from Kelly-Moore Paint Company's attorney, Cheryl Mills, to its President on the subject of available insurance

coverage for asbestos claims against the company. It was produced in this matter as subject to the fiduciary exception to the attorney-client privilege. Nevertheless, it is subject to the attorney-client privilege as to third parties and should not become part of the pubic record.

13. Ferrari Decl., Exhibit 14 (entire document). Exhibit 14 is a letter from the attorney for Kelly-Moore Paint Company, Inc., Cheryl Mills, and the auditors for this privately-held company. Such communications are maintained as confidential by the company and their release to the general public and competitors could negatively effect KMH's competitive advantage.

**Declaration of Joseph Cristiano in Support of Motion For Summary Judgment by Defendants K-M Industries Holding Co., Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee and CIG ESOP Plan Committee ("Cristiano Decl.")**

14. Cristiano Decl., Paragraph 5. The highlighted portion of paragraph 5 of the Cristiano Decl. comprises the substance of communications between the attorney for Kelly-Moore Paint Company, Inc., Cheryl Mills of Pillsbury, Levinson & Mills, and the auditors for this privately-held company. Such communications are maintained as confidential by the company and their release to the general public and competitors could negatively effect KMH's competitive advantage.

15. Cristiano Decl., Paragraph 6. The highlighted portion of paragraph 6 of the Cristiano Decl. comprises the substance of communications between officers of Kelly-Moore Paint Company and its attorney, Cheryl Mills. Such communications are subject to the fiduciary exception in this matter but are, nevertheless, subject to the attorney-client privilege as to third parties and should not become part of the pubic record.

16. Cristiano Decl., Paragraph 7. The highlighted portion of paragraph 7 of the Cristiano Decl. comprises the substance of communications between officers of Kelly-Moore Paint Company and its attorney, Cheryl Mills. Such communications are subject to the fiduciary exception in this matter but are, nevertheless, subject to the attorney-client privilege as to third parties and should not become part of the pubic record.

17. Cristiano Decl., Paragraph 8. The highlighted portion of paragraph 8 of the Cristiano Decl. comprises the substance of communications between the attorney for Kelly-Moore Paint Company, Inc., Cheryl Mills, and the auditors for this privately-held company. Such communications are maintained as confidential by the company and their release to the general public and competitors could negatively effect KMH's competitive advantage.

18. Cristiano Decl., Paragraph 9. The highlighted portion of paragraph 9 of the Cristiano Decl. comprises the substance of communications between officers of Kelly-Moore Paint Company and its attorney, Cheryl Mills. Such communications are subject to the fiduciary exception in this matter but are, nevertheless, subject to the attorney-client privilege as to third parties and should not become part of the pubic record.

19. Cristiano Decl., Exhibit 1 (entire document). Exhibit 1 is a letter from the attorney for Kelly-Moore Paint Company, Inc., Cheryl Mills, to the auditors for this privately-held company. Such communications are maintained as confidential by the company and their release to the general public and competitors could negatively effect KMH's competitive advantage.

20. Cristiano Decl., Exhibit 2 (entire document). Exhibit 2 is a letter from Kelly-Moore Paint Company's attorney, Cheryl Mills, to its President on the subject of available insurance coverage for asbestos claims against the company. It was produced in this matter as subject to the fiduciary exception to the attorney-client privilege. Nevertheless, it is subject to the attorney-client privilege as to third parties and should not become part of the pubic record.

21. Cristiano Decl., Exhibit 3 (entire document). Exhibit 3 is a letter from the attorney for Kelly-Moore Paint Company, Inc., Cheryl Mills, and the auditors for this privately-held company. Such communications are maintained as confidential by the company and their release to the general public and competitors could negatively effect KMH's competitive advantage..

**Declaration of Dan Stritmatter in Support of Motion For Summary Judgment by Defendants K-M Industries Holding Co., Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee and CIG ESOP Plan Committee ("Stritmatter Decl.")**

22. Stritmatter Decl., Exhibit 3 (entire document). Exhibit 3 is the Unanimous Written Consent of the Board of Directors of Kelly-Moore Paint Company, Inc., effective September 30, 1998, and includes a copy of the Amended and Restated Articles of Incorporation of this privately-held company and an asset purchase agreement. Exhibit 3 comprises confidential information concerning the internal workings of KMH and its predecessor, Kelly Moore Paint Company. Such information is maintained as strictly confidential by the company and its release to the general public and competitors could negatively effect KMH's competitive advantage.

23. Stritmatter Decl., Exhibit 5 (entire document). Exhibit 5 is Minutes of a Joint Special Meeting of the Boards of Directors of K-M Industries Holding Co., Inc. and Kelly Moore Paint Company, Inc., dated February 28, 2003. Such internal operating information of both privately-held companies is maintained as strictly confidential by them and its release to the general public and competitors could negatively effect KMH's competitive advantage.

24. Stritmatter Decl., Exhibit 6 (entire document). Exhibit 6 is a letter from the attorney for Kelly-Moore Paint Company, Inc., Cheryl Mills, to the auditors for this privately-held company. Such communications are maintained as confidential by the company and their release to the general public and competitors could negatively effect KMH's competitive advantage.

25. Stritmatter Decl., Exhibit 7 (entire document). Exhibit 7 is a letter from the attorney for Kelly-Moore Paint Company, Inc., Cheryl Mills, and the auditors for this privately-held company. Such communications are maintained as confidential by the company and their release to the general public and competitors could negatively effect KMH's competitive advantage..

26. Stritmatter Decl., Exhibit 8 (entire document). Exhibit 8 comprises the Consolidated Financial Statements of the Kelly-Moore Paint Company, Inc., Years Ended December 31, 1998 and 1997, with Report of Independent Auditors. Such financial data is maintained as strictly confidential by this privately-held company and its release to the general public and competitors

could negatively effect KMH's competitive advantage.

27.  Stritmatter Decl., Exhibit 9 (entire document). Exhibit 9 comprises the Consolidated Financial Statements of the Kelly-Moore Paint Company, Inc., Years Ended December 31, 1999 and 1998, with Report of Independent Auditors. Such financial data is maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively effect KMH's competitive advantage.

28.  Stritmatter Decl., Exhibit 12 (entire document). Exhibit 12 comprises the Consolidated Financial Statements, Kelly-Moore Paint Company, Inc. for the Years Ended December 31, 2001 and 2000, with Report of Independent Auditors. Such financial data is maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively effect KMH's competitive advantage..

29.  Stritmatter Decl., Exhibit 13 (entire document). Exhibit 13 comprises the Consolidated Financial Statements, Kelly-Moore Paint Company, Inc. for the Years Ended December 31, 2002 and 2001, with Report of Independent Auditors. Such financial data is maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively effect KMH's competitive advantage.

**Declaration of Peter M. Cazzolla in Support of Motion For Summary Judgment by Defendants K-M Industries Holding Co., Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee and CIG ESOP Plan Committee ("Cazzolla Decl.")**

30.  Cazzolla Decl., Paragraph 6. The highlighted portion of paragraph 6 of the Cazzolla Decl. relates to the subject of financial effects of litigation against KMH by plaintiffs claiming personal injuries from exposure to asbestos. Repeating the exact nature of those statements in this declaration would defeat the purpose of maintaining their confidentiality. Kelly Moore has carefully maintained the confidentiality of its internal discussions of the financial effects of such litigation and continues to believe that the public revelation of such considerations would damage its public image

1  and its business.

2  31. Cazzolla Decl., Paragraph 9. The highlighted portion of paragraph 9 of the Cazzolla Decl. relates to the subject of financial effects of litigation against KMH by plaintiffs claiming personal injuries from exposure to asbestos. Repeating the exact nature of those statements in this declaration would defeat the purpose of maintaining their confidentiality. Kelly Moore has carefully maintained the confidentiality of its internal discussions of the financial effects of such litigation and continues to believe that the public revelation of such considerations would damage its public image and its business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: June 26, 2008

_____
Terence F. Young