IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS, individually and on behalf of a class of all other persons similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>K-M INDUSTRIES HOLDING CO., INC., et al.,<br><br>    Defendants. | No. C 06-7339 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL |

   Plaintiffs Thomas Fernandez, Lora Smith and Tosha Thomas move for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Defendants K-M Industries Holding Co., Inc. (KMH), et al. oppose the motion.  The matter was taken under submission on the papers.  Having considered all of the papers submitted by the parties, the Court grants Plaintiffs' motion.

                         BACKGROUND

   The following facts are alleged in the complaint.  Plaintiffs are former employees of either Kelly-Moore Paint Company or Capital

Insurance Group (CIG), both of which are wholly owned by KMH. Before 1998, KMH was owned by William Moore and his family through a trust (the Moore Trust). In 1998, Mr. Moore established a stock ownership plan for employees of Kelly-Moore and CIG. In 1998 and 1999, the Employee Stock Ownership Plan (ESOP) paid $287 million to the Moore Trust to purchase KMH stock. Mr. Moore represented both the ESOP and the Moore Trust in these transactions.

Plaintiffs are participants in the ESOP. They allege that the ESOP transactions were prohibited under the Employee Retirement Income Security Act (ERISA) because Mr. Moore acted as both the buyer and seller. Because these were prohibited transactions, Plaintiffs argue, Defendants must show that the ESOP paid fair market value for the shares in order to avoid liability under ERISA. Plaintiffs maintain that, in fact, the ESOP bought the shares for more than they were worth. This was in large part due to the failure of plan fiduciaries to provide complete and accurate information about KMH -- in particular, information about Kelly-Moore's exposure to liability from asbestos litigation -- to valuation experts. Plaintiffs claim that the fiduciaries then unjustifiably relied on the reports of those valuation experts when determining the worth of KMH stock. Plaintiffs therefore charge Defendants KMH, the KMH ESOP Plan Committee and the CIG ESOP Plan Committee, which they allege are fiduciaries of the ESOP, with violating their fiduciary duties under ERISA.[1]

---

[1] Defendant North Star Trust Co. became the ESOP trustee in 2003. Plaintiffs charge North Star with breaching its fiduciary duties by failing to make an adequate investigation into the alleged prior breaches by other Defendants and by failing to take

2

Plaintiffs now ask the Court to certify a class of all persons who were participants in or beneficiaries of the ESOP on October 13, 1998 or at any time thereafter.

## LEGAL STANDARD

Plaintiffs seeking to represent a class must satisfy the threshold requirements of Rule 23(a) as well as the requirements for certification under one of the subsections of Rule 23(b). Rule 23(a) provides that a case is appropriate for certification as a class action if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Rule 23(b) further provides that a case may may be certified as a class action only if one of the following is true:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>   (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
>   (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory

---

reasonable steps to remedy such breaches.

3

>     relief is appropriate respecting the class as a whole; or
>
>     (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>>
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>>
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>>
>> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

A plaintiff seeking class certification bears the burden of demonstrating that each element of Rule 23 is satisfied, and a district court may certify a class only if it determines that the plaintiff has borne her burden. General Tel. Co. v. Falcon, 457 U.S. 147, 158-61 (1982); Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1308 (9th Cir. 1977). In making this determination, the court may not consider the merits of the plaintiff's claims. Burkhalter Travel Agency v. MacFarms Int'l, Inc., 141 F.R.D. 144, 152 (N.D. Cal. 1991). Rather, the court must take the substantive allegations of the complaint as true. Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975). Nevertheless, the court need not accept conclusory or generic allegations regarding the suitability of the litigation for resolution through class action. Burkhalter, 141 F.R.D. at 152. In addition, the court may consider supplemental

1  evidentiary submissions of the parties.  In re Methionine Antitrust
2  Litig., 204 F.R.D. 161, 163 (N.D. Cal. 2001); see also Moore v.
3  Hughes Helicopters, Inc., 708 F.2d 475, 480 (9th Cir. 1983) (noting
4  that "some inquiry into the substance of a case may be necessary to
5  ascertain satisfaction of the commonality and typicality
6  requirements of Rule 23(a)"; however, "it is improper to advance a
7  decision on the merits at the class certification stage").
8  Ultimately, it is in the district court's discretion whether a
9  class should be certified.  Burkhalter, 141 F.R.D. at 152.

## DISCUSSION

### I.   Class Certification

As a preliminary matter, Defendants do not dispute Plaintiffs' assertion that this action satisfies the numerosity, commonality and typicality requirements of Rule 23(a)(1), (2) and (3), and the Court finds that it does.  The Court also agrees with Plaintiffs' undisputed assertion that this case satisfies the requirements of either Rule 23(b)(1) or (2).  Defendants' opposition to class certification is based on a single argument: that Plaintiffs will not fairly and adequately protect the interests of the class, as required by Rule 23(a)(4).  Specifically, Defendants claim that Plaintiffs have little knowledge or understanding of the claims they are asserting, and are not interested or engaged in this litigation.  They therefore argue that class certification is not appropriate.

"The threshold of knowledge required to qualify a class representative is low."  Moeller v. Taco Bell Corp., 220 F.R.D. 604, 611 (N.D. Cal. 2004) (citing Burkhalter, 141 F.R.D. at

5

153-54). While a class representative must "understand the gravamen" of her claims, it is not necessary that she be "intimately familiar with every factual and legal issue in the case." Id. (citing In re Worlds of Wonder Sec. Litig., 1990 WL 61951, at *3 (N.D. Cal.)). Thus, a class representative "will be deemed inadequate only if she is 'startlingly unfamiliar' with the case." Id. (quoting Greenspan v. Brassler, 78 F.R.D. 130, 133-34 (S.D.N.Y. 1978)). "Those courts that have found representatives inadequate have done so because the plaintiffs knew nothing about the case and completely relied on counsel to direct the litigation." Id. (citing Welling v. Alexy, 155 F.R.D. 654, 659 (N.D. Cal. 1994) (finding the plaintiff inadequate because he showed a "complete lack of interest in the conduct of the case")), and Koenig v. Benson, 117 F.R.D. 330, 337 (E.D.N.Y. 1987) (finding the plaintiff inadequate because of an "alarming unfamiliarity" with the lawsuit)).

Defendants have pointed to some deposition testimony suggesting that Plaintiffs do not fully understand the basis of their claims. However, in a complex ERISA case such as this one, where the alleged violations are inseparable from the technicalities of securities transactions and corporate valuation, it is neither fair nor realistic to expect non-attorney class representatives to be able to articulate the precise legal theories underlying their claims. See Williams Corp. v. Kaiser Sand & Gravel Co., Inc., 146 F.R.D. 185, 188 (N.D. Cal. 1992) ("In complex litigation, a class representative need not have first hand knowledge of all of the details of his or her suit."). If class

6

representatives were held to such unreasonable expectations, ERISA class actions would become "a device usable only by individuals with such a degree of sophistication that they would be capable of acting as their own attorneys." Kaplan v. Pomerantz, 131 F.R.D. 118, 122 (N.D. Ill. 1990).  Nor is it worrisome that Plaintiffs may not have recognized the legal basis for their claims until after bringing their concerns to the attention of counsel.  "A complex securities action cannot be founded upon an investigation of a litigant.  The reality of complex cases of this type is that clients must defer a great amount of discretion to their lawyers." Worlds of Wonder, 1990 WL 61951, at *3 (internal quotation marks and citation omitted).

It is clear from Plaintiffs' deposition testimony that they understand the gravamen of the complaint: that there were improprieties having to do with the management of the ESOP.  For example, when asked the question, "Can you explain to me the reasons that you filed this lawsuit?" Mr. Fernandez stated, "Well, I felt that the obligations of K-M Industries, I guess, the parent company, in regards to the outstanding amount of the asbestos lawsuits weren't really properly taken into effect when the ESOP was created -- or taken into account."  Wasow Dec. Ex. 1 at 172. Similarly, Ms. Smith stated that she had been unaware that the value of her stock could be impacted by asbestos litigation.  Id. Ex. 2 at 55-56.  Ms. Thomas, when asked if she had "any problem with the way the shares in Kelly-Moore were valued," stated, "Yes. . . . That there was too much paid into the plan."  Id. Ex. 3 at 65.  While these explanations of the legal bases of this action may

7

not be as eloquent as counsel's, they do not reveal an "alarming unfamiliarity" with the lawsuit. In addition, although Defendants portray Plaintiffs as disinterested in the substance of their claims and unengaged in the litigation, the Court finds scant support for such characterizations in the deposition excerpts submitted by the parties.

Defendants also suggest that Ms. Smith and Ms. Thomas may be upset with their former employers for conduct unrelated to the transactions at issue, and thus may have ulterior motives for pursuing this lawsuit. For instance, Ms. Thomas testified at her deposition that she left Kelly-Moore because she felt she was subjected to discrimination and a hostile work environment. Ms. Smith testified that she believed she had been treated unfairly because she was first told she would be able to redeem her ESOP shares in 2007, but was later told she would not be able to redeem them until 2014. Notwithstanding these possible tangential disputes, Defendants have not produced evidence of anything resembling "vindictiveness to such an extent that these plaintiffs cannot adequately represent the class." Kayes v. Pac. Lumber Co., 51 F.3d 1449, 1464 (9th Cir. 1995). Therefore, there is no basis for concluding that Plaintiffs' goals in pursuing their claims are contrary to the interests of other class members.

Despite the concerns Defendants have raised, they have not charged Plaintiffs or their counsel with failing to prosecute this action diligently. Plaintiffs stated at their depositions that they are aware of their responsibilities as class representatives, and they have shown thus far that they are capable of fulfilling

8

those responsibilities.  Defendants have provided no reason to doubt that they will continue to do so.  Accordingly, the Court finds that the requirements of Rule 23(a)(4) have been satisfied.

## II. Appointment of Class Counsel

Rule 23(g)(1) of the Federal Rules of Civil Procedure provides in part:

> Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:
>
> (A) must consider:
>
> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class;
>
> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
>
> (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;
>
> (D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and
>
> (E) may make further orders in connection with the appointment.

Fed. R. Civ. P. 23(g)(1).

Defendants do not oppose the appointment of Plaintiffs' counsel, the law firms of Lewis, Feinberg, Lee, Renaker & Jackson,

9

P.C. and Rukin Hyland Doria & Tindall LLP, as class counsel. Based on the material submitted by Plaintiffs, the Court finds that Plaintiffs' counsel meet the requirements for appointment of class counsel under Rule 23(g).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for class certification and appointment of class counsel. The hearing scheduled for July 3, 2008 is VACATED.

IT IS SO ORDERED.

Dated: 6/26/08

CLAUDIA WILKEN
United States District Judge