1  Ronald Lovitt, Bar No. 040921
   J. Thomas Hannan, Bar No. 039140
2  Henry I. Bornstein, Bar No. 75885
   Terence F. Young, Bar No. 069943
3  LOVITT & HANNAN, INC.
   900 Front Street, Suite 300
4  San Francisco, California  94111
5  Telephone:  (415) 362-8769
   Facsimile:  (415) 362-7528
6  rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com, tfylaw@earthlink.net

7  Attorneys for Defendants K-M Industries Holding
   Co. Inc.; K-M Industries Holding Co.Inc. ESOP
8  Plan Committee; and CIG ESOP Plan Committee

9

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                            OAKLAND DIVISION

13  THOMAS FERNANDEZ, LORA SMITH        ) Case No. C06-07339 CW
    and TOSHA THOMAS, individually and on )
14  behalf of a class of all others similarly ) DEFENDANTS' K-M INDUSTRIES
    situated,                            ) HOLDING CO., INC.; K-M INDUSTRIES
15                                       ) HOLDING CO. INC. ESOP PLAN
              Plaintiffs,                ) COMMITTEE; AND CIG ESOP PLAN
16  v.                                   ) COMMITTEES' OPPOSITION TO
                                         ) PLAINTIFFS' ADMINISTRATIVE
17  K-M INDUSTRIES HOLDING CO., INC.;    ) MOTION TO EXTEND PAGE LIMIT
    K-M INDUSTRIES HOLDING CO. INC.      ) FOR OPPOSITIONS TO DEFENDANTS'
18  ESOP PLAN COMMITTEE; WILLIAM E.      ) MOTION FOR SUMMARY JUDGMENT
    AND DESIREE B. MOORE REVOCABLE       )
19  TRUST; ADMINISTRATOR OF THE          )
    ESTATE OF WILLIAM E. MOORE,          )
20  DECEASED; CIG ESOP PLAN              )
    COMMITTEE; NORTH STAR TRUST          )
21  COMPANY; DESIREE B. MOORE            )
    REVOCABLE TRUST; WILLIAM E.          )
22  MOORE MARITAL TRUST;  WILLIAM        )
    E. MOORE GENERATION-SKIPPING         )
23  TRUST; and DESIREE B. MOORE, BOTH    )
    IN HER INDIVIDUAL CAPACITY AND       )
24  AS TRUSTEE OF THE WILLIAM E. AND     )
    DESIREE B. MOORE REVOCABLE           )
25  TRUST'S SUCCESSOR TRUSTS NAMED       )
    ABOVE,                               )
26            Defendants.                )
                                         )

Defendants K-M Industries Holding Co. Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee, and CIG ESOP Plan Committee ("Kelly-Moore defendants") oppose the granting of plaintiffs' motion to allow them to file a single brief of up to 40 pages so that they may collectively respond to the separate motions for summary judgment brought by the Kelly-Moore defendants and by William E. and Desiree B. Moore Revocable Trust, Trustees of the William E. and Desiree B. Moore Revocable Trust, Desiree B. Moore Revocable Trust, William E. Moore Martial Trust, William E. Moore Generation-Skipping Trust and Desiree B. Moore ("Moore Trust defendants.")

While ordinarily the Kelly-Moore defendants would be happy to oblige a request for additional pages on an opposition memorandum, and would not want to trouble the Court with such an issue, plaintiffs' request is <u>not</u> simply a request for an extension of the page limit. Instead, plaintiffs seek the Court's permission to file a single oversized brief in opposition to the two separate motions of the Kelly-Moore defendants and the Moore Trust defendants.

The gravamen of this dispute is the alleged overpayment in 1998 and 1999 by the Kelly-Moore Paint Company Employee Stock Ownership Plan (the "Plan") for shares of Kelly-Moore stock sold to the Plan by the Moore Trust at a value supported by an independent valuation of the shares. The complaint alleges that the two stock transactions were "prohibited transactions" under ERISA because the Plan paid more than "fair market value" for the shares. Sued along with the Kelly-Moore defendants and the Moore Trust defendants is North Star Trust Company ("North Star"), an institutional Trustee who became the successor to the original Plan Trustee in 2003.

The Kelly-Moore defendants, the Moore Trust defendants and North Star have each moved for summary judgment on all of plaintiffs' claims on the basis of the statute of limitations. It is undisputed that the transactions in question occurred more than six years before the plaintiffs' complaint was filed. Plaintiffs' claims will be barred against an individual defendant by ERISA's six year "statute of repose" unless that defendant has been guilty of "fraud or concealment" concerning the facts underlying the plaintiffs' particular claims against that defendant. See 29

U.S.C. § 1113(1).

Each of the defendants played a different role in the challenged transactions. The duties owed by the various defendants are not identical and should not be conflated. Defendants have been hampered in responding to the claims against them because the complaint does not specify which defendants are being charged with which alleged breaches of duty and makes no attempt to allege or to separately tie any purported instance of fraud and concealment to a specific defendant or defendants. Kelly-Moore defendants, and the Court, are left with the task of sorting through the Complaint to match various allegations with possible claims against specific defendants.

These distinctions are crucial because the law requires that any concealment that would prevent the statute of repose from applying to a defendant must have been performed by that defendant, and not by a co-defendant, and must have concerned the facts underlying the breaches of duty charged against that particular defendant. *See Barker v. American Mobil Power Corp.*, 64 F.3d 1397 (9th Cir. 1995).

This is why we disagree with the plaintiffs' argument that allowing the plaintiffs to "collectively oppose" the separate motions of the Kelly-Moore defendants and the Moore Trust defendants in a single over-large brief will "allow them to address Defendants' Motions most clearly and efficiently." Clarity and efficiency will be best served if the plaintiffs separately discuss the evidence relevant to the accusations of "concealment" made against each of the various defendants.

To meet the requisite legal standard, plaintiffs must demonstrate some evidence of concealment on the part of a particular defendant. There is no advantage to the Court in allowing a "collective opposition" to the separate motions of the defendants. Simply requiring the plaintiffs to follow the normal rules and file a separate opposition of 25 pages or less to each defendant's motion will ensure that the factual issues involved will be clearly and separately stated as they apply to each defendant, as the law requires. After all, the motions of the Kelly-Moore defendants and the Moore Trust defendants comprise only 17 and 18 pages, respectively.

Plaintiffs have demonstrated no reason why they cannot respond to each of the defendants' motions separately – their statement that this would be less efficient is unexplained and unsupported. Filing a single brief in opposition to the separate motions of the Kelly-Moore defendants and the Moore Trust defendants would allow an opposition that fails to separately respond to the different arguments and legal positions of the defendants and further confuse the issues. This case validates the wisdom of the rule that requires the plaintiffs to respond separately to each separate motion for summary judgment.

Given the fact that the legal analysis relevant to defendants' summary judgment motions requires a separate analysis of the evidence tending to support any "concealment" on the part of each individual defendant concerning the facts underlying the breaches asserted against that particular defendant, defendants respectfully ask that the Court do no more than to require that the plaintiffs follow the usual procedure, and deny plaintiffs' request for permission to collectively respond to the separate motions of the Kelly-Moore defendants and the Moore Trust defendants in a single 40-page brief.

Dated: July 2, 2008        LOVITT & HANNAN, INC.


By:_____/S/_____
Henry I. Bornstein
Attorneys for Defendants K-M Industries Holding Co., Inc.; K-M Industries Holding Co., Inc. ESOP Plan Committee; and CIG ESOP Plan Committee