1    HENNIGAN, BENNETT & DORMAN LLP
     J. Michael Hennigan (SBN 59491)
2    Robert L. Palmer (SBN 181462)
     Lauren A. Smith (SBN 94343)
3    Allison K. Chock (SBN 206015)
     Caroline M. Walters (SBN 239054)
4    865 South Figueroa Street, Suite 2900
     Los Angeles, California 90017
5    Telephone: (213) 694-1200
     Fax: (213) 694-1234
6    Email:    hennigan@hbdlawyers.com
               palmer@hbdlawyers.com
7              smithl@hbdlawyers.com
               chocka@hbdlawyers.com
8              waltersc@hbdlawyers.com

9    Attorneys for Defendants William E. and Desiree B. Moore
     Revocable Trust; Trustees of The William E. and Desiree B. Moore
10   Revocable Trust; Desiree B. Moore Revocable Trust;
     William E. Moore Marital Trust; William E. Moore
11   Generation-Skipping Trust; and Desiree Moore

12                     UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO AND OAKLAND DIVISION

15   THOMAS FERNANDEZ, LORA SMITH and          )   Case No. C 06-07339 CW
     TOSHA THOMAS, individually and on behalf of )
16   a class of all other persons similarly situated, )   **WILLIAM E. AND DESIREE B.**
                                                 )   **MOORE REVOCABLE TRUST,**
17                  Plaintiffs,                   )   **TRUSTEES OF THE WILLIAM E.**
                                                 )   **AND DESIREE B. MOORE**
18              vs.                               )   **REVOCABLE TRUST, DESIREE B.**
                                                 )   **MOORE REVOCABLE TRUST,**
19   K-M INDUSTRIES HOLDING CO., INC.; K-M       )   **WILLIAM E. MOORE MARITAL**
     INDUSTRIES HOLDING CO., INC. ESOP          )   **TRUST, WILLIAM E. MOORE**
20   PLAN COMMITTEE; WILLIAM E. AND             )   **GENERATION-SKIPPING TRUST,**
     DESIREE B. MOORE REVOCABLE TRUST;          )   **AND DESIREE B. MOORE'S**
21   TRUSTEES OF THE WILLIAM E. AND             )   **OPPOSITION TO PLAINTIFFS'**
     DESIREE B. MOORE REVOCABLE TRUST;          )   **ADMINISTRATIVE MOTION TO**
22   CIG ESOP PLAN COMMITTEE; NORTH             )   **EXTEND THE PAGE LIMIT FOR**
     STAR TRUST COMPANY; DESIREE B.             )   **OPPOSITIONS TO DEFENDANTS'**
23   MOORE REVOCABLE TRUST; WILLAIM E.          )   **MOTIONS FOR SUMMARY**
     MOORE MARITAL TRUST; WILLIAM E.            )   **JUDGMENT**
24   MOORE GENERATION-SKIPPING TRUST;           )
     and DESIREE MOORE, BOTH IN HER             )
25   INDIVIDUAL CAPACITY AND AS TRUSTEE         )
     OF THE WILLIAM E AND DESIREE B.            )
26   MOORE REVOCABLE TRUST'S SUCCESSOR          )
     TRUSTS NAMED ABOVE,                        )
27                                               )
                    Defendants.                  )
28

1        Pursuant to Local Rule 7-11(b), Defendants William E. and Desiree B. Moore Revocable

2  Trust, Trustees of the William E. and Desiree B. Moore Revocable Trust, Desiree B. Moore

3  Revocable Trust, William E. Moore Marital Trust, William E. Moore Generation-Skipping Trust

4  and Desiree B. Moore (the "Moore Trust Defendants") oppose Plaintiffs' Administrative Motion to

5  Extend the Page Limit for Oppositions to Defendants' Motions for Summary Judgment.

6        Instead of complying with Local Rule 7-3(a) and opposing each Defendants' motion for

7  summary judgment in a brief of 25 pages or less, Plaintiffs request to combine their opposition to

8  the KMH Defendants' motion[1] and the Moore Trust Defendants' motion in a super-sized 40-page

9  brief. To justify this departure from the rules, Plaintiffs point out that many of the arguments raised

10  by the KMH Defendants and the Moore Trust Defendants overlap. This is hardly surprising

11  considering these summary judgment motions were limited solely to the untimely nature of

12  Plaintiffs' lawsuit. Any such overlap, however, does not justify permitting Plaintiffs to consolidate

13  their oppositions, and instead would counsel *against* permitting Plaintiffs a 40-page response to two

14  17-page and 18-page briefs in which, as Plaintiffs admit, some of the legal issues overlap.

15        Indeed, though the legal issues presented in the KMH Defendants' motion and the Moore

16  Trust Defendants' motion may overlap, the application of the law to the unique factual

17  circumstances of these parties is different. Should Plaintiffs attempt to escape the six-year statute of

18  repose by arguing the "fraud or concealment" exception to that statute (as defendants expect they

19  must, as otherwise their claims are barred), *Barker v. American Mobil Power Corp.*, 64 F. 3d 1397,

20  1402 (9th Cir. 1995) requires proof that "the defendant *himself* has taken steps to hide his breach,"

21  by fraud or by concealment so that the beneficiary never becomes aware of the breach. Plaintiffs

22  may not use fraudulent concealment by one defendant as a means to toll the statue of limitations

23  against any other defendant. *Id.* Accordingly, if Plaintiffs intend to attempt to avoid the six-year

24  statute of repose by using the "fraud or concealment" exception, Plaintiffs must address separately

25  the evidence they have (or lack thereof) with respect to each defendant, and separately address each

---

[1] The KMH Defendants include K-M Industries Holding Co., Inc., K-M Industries Holding Co., Inc. ESOP Plan Committee and CIG ESOP Plan Committee.

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

Case No. C 06-07339 CW

**OPPOSITION TO PLAINTIFFS' ADMIN MOTION TO EXTEND PAGE LIMIT**

686815.03

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

1  of the defendants' legal arguments as they apply to that particular defendant. This separation is

2  especially critical because at this juncture in the litigation, after the close of fact discovery, Plaintiffs

3  still have never articulated in any detail—in their Complaint or in their discovery responses[2]—the

4  factual basis for their allegations against any individual defendant. Instead, Plaintiffs have

5  consistently addressed their contentions to the defendants as indistinct groups. Permitting Plaintiffs

6  to consolidate their opposition to the KMH Defendants' motion and the Moore Trust Defendants'

7  motion enables Plaintiffs to continue this practice and further frustrate the defendants' ability to

8  understand and respond to the specific claims and underlying facts Plaintiffs allege against them. In

9  addition, the Trust Defendants (and Desiree Moore in her capacity as trustee of those trusts) are

10 uniquely situated vis-à-vis Plaintiffs' claims because they are not alleged to have been fiduciaries to

11 the Plan; thus, the facts must be analyzed differently as applied to them than for the defendants

12 alleged to have been fiduciaries.

13      For the foregoing reasons, the Moore Trust Defendants respectfully request that this Court

14 deny Plaintiffs' Administrative Motion to Extend the Page Limit, and require that Plaintiffs respond

15 to each motion separately, within the normal page limitations.

16 DATED:  July 2, 2008                          HENNIGAN, BENNETT & DORMAN

17

18                                              By: _____
                                                    Caroline M. Walters
19                                              Attorneys for Defendants
                                                WILLIAM E. AND DESIREE B. MOORE
20                                              REVOCABLE TRUST; TRUSTEE OF THE
                                                WILLIAM E. AND DESIREE B. MOORE
21                                              REVOCABLE TRUST; DESIREE B. MOORE
                                                REVOCABLE TRUST; WILLAIM E. MOORE
22                                              MARITAL TRUST; WILLIAM E. MOORE
                                                GENERATION-SKIPPING TRUST; and
23                                              DESIREE MOORE

24

25 _____
   [2] See Second Amended Complaint (Corrected) (Docket No. 86) and Exhibits J, K and L to the
26 Declaration of Caroline Walters in Support of Motion for Summary Judgment by Defendants
   William E. and Desiree B. Moore Revocable Trust, Trustees of the William E. and Desiree B.
27 Moore Revocable Trust, Desiree B. Moore Revocable Trust, William E. Moore Martial Trust,
   William E. Moore Generation-Skipping Trust and Desiree B. Moore. (Docket No. 141).

28

-3-