```
Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
Henry I. Bornstein, Bar No. 75885
Terence F. Young, Bar No. 069943
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, California  94111
Telephone:  (415) 362-8769
Facsimile:  (415) 362-7528
rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com, tfylaw@earthlink.net

Attorneys for Defendants K-M Industries
Holding Co. Inc.; K-M Industries Holding Co.
Inc. ESOP Plan Committee; and CIG ESOP
Plan Committee
```

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH and TOSHA THOMAS, individually and on behalf of a class of all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>K-M INDUSTRIES HOLDING CO., INC., *et al.*,<br><br>        Defendants. | Case No. C06-07339 CW<br><br>**DECLARATION OF TERENCE F. YOUNG ESTABLISHING THAT INFORMATION DESIGNATED BY WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST, TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST, DESIREE B. MOORE REVOCABLE TRUST, WILLIAM E. MOORE MARITAL TRUST, WILLIAM E. MOORE GENERATION-SKIPPING TRUST, AND DESIREE B. MOORE IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT IS SEALABLE**<br><br>**CIVIL LOCAL RULE 79-5(d)** |

I, Terence F. Young, declare:

1.  I am an attorney licensed to practice in the State of California and before this Court. I am associated with Lovitt & Hannan, Inc., attorneys for Defendants K-M Industries Holding Co. Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee, and CIG ESOP Plan Committee (the "KMH defendants") in this matter. I have custody of the relevant files of Lovitt & Hannan, Inc. related to this action and am familiar with the contents thereof. I make this declaration pursuant to L.R. 79-5(d) to establish that certain documents designated by defendants William E. and Desiree B. Moore Revocable Trust, Trustees of the William E. and Desiree B. Moore Revocable Trust, Desiree B. Moore Revocable Trust, William E. Moore Marital Trust, William E. Moore Generation-Skipping Trust. and Desiree B. Moore (the "Moore Trust Defendants") to be confidential and submitted by said Moore Trust Defendants in support of their Motion for Summary Judgment should be sealed and not made part of the Court's public files.

2.  K-M Industries Holding Co. Inc. ("KMH") is a privately-held corporation comprising two operating subsidiaries, Kelly-Moore Paint Company and Capital Insurance Group. Prior to 1999, KMH was known as Kelly Moore Paint Co., Inc. KMH maintains its financial and accounting records and other materials related to its operation and operating results in strictest confidence and treats such matters as trade secrets. KMH's shares are not traded publicly and the estimated value of those shares is likewise a closely-guarded trade secret of KMH. Both of KMH's subsidiaries are engaged in highly-competitive industries. Revealing KMH's confidential information in the public records of this Court potentially could harm the privacy interests of KMH and put it and its subsidiaries at a competitive disadvantage.

3.  Plaintiffs' claims in the captioned lawsuit are premised on alleged violations of Employee Retirement Income Security Act ("ERISA"). Among the issues raised by plaintiffs are claims primarily related to independent appraisals of the value of KMH's shares performed at the time of the formation of the ESOPs that are the subject of the lawsuit. Said appraisals were performed to value shares that are not traded publicly and were based on financial results that are

not made publicly available by KMH.

4.    Listed below are descriptions of the portions of the exhibits filed under seal by the Moore Trust Defendants in support of their motion for summary judgment and the basis for KMH's claim that portions of such exhibits either are confidential.

5.    **Moore Trust Defendants' Exhibit C, pages KMH 001440-KMH 001444.**

This five-page portion of Exhibit C comprises an appraisal report by B. J. Brooks dated August 5, 1998. It describes the basis upon which the appraisers analysis was conducted and discusses financial and structural aspects of the business of KMH. Such information is maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

6.    **Moore Trust Defendants' Exhibit C, page KMH 001446.**

This one-page portion of Exhibit C comprises a market analysis of the business of the retail paint company operations of KMH. Such competitive analysis is maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

7.    **Moore Trust Defendants' Exhibit C, pages KMH 001448-KMH 001474.**

This portion of Exhibit C comprises a description of the appraiser's analysis of the book value and financial condition of KMH, its earnings history and future earnings prospects, its dividend history, comparisons to competing companies, a description of the appraiser's evaluation process as it applied to the specifics of KMH's business, the appraiser's conclusions, balance sheets, income statements, earnings statement, financial ratios, and comparisons to competing companies. Such financial information and competitive analysis is maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

//

1    8.    **Moore Trust Defendants' Exhibit D, entire document.**

2    Exhibit D comprises an update of Mr. Brooks' previous valuation of KMH (see Exhibit C).
3    It includes data concerning the financial performance of KMH and an additional valuation of the
4    company's shares. Such financial information is maintained as strictly confidential by this privately-
5    held company and its release to the general public and competitors could negatively affect KMH's
6    competitive advantage.

7    9.    **Moore Trust Defendants' Exhibit F, pages 1-3 (KMH 005819-KMH 005821).**

8    This three page portion of Exhibit E, an valuation by Duff & Phelps of the Class I tracking
9    stock of KMH, comprises the conclusions of the appraisers of such value as of June 30, 1999, a
10   general description of the business and operations (including financial performance) of CCIC, the
11   KMH insurance subsidiary. Such financial information and operational data is maintained as strictly
12   confidential by this privately-held company and its release to the general public and competitors
13   could negatively affect KMH's competitive advantage.

14   10.   **Moore Trust Defendants' Exhibit F, pages 5-6 (KMH 005823-KMH 005824).**

15   This two-page portion of Exhibit F comprises a discussion of risks, weaknesses and threats
16   inherent in the business operations of the KMH insurance subsidiary. Such competitive analysis is
17   maintained as strictly confidential by this privately-held company and its release to the general
18   public and competitors could negatively affect KMH's competitive advantage.

19   11.   **Moore Trust Defendants' Exhibit F, pages 10-16 (KMH 005828-KMH 005834).**

20   These seven page portion of Exhibit F comprises a financial overview of KMH operations,
21   and includes a consolidated income statement for 1998 and 1999, and consolidated income
22   statements, margin analyses and balance sheets for the period from 1993 through 1998. Such
23   financial information and analysis is maintained as strictly confidential by this privately-held
24   company and its release to the general public and competitors could negatively affect KMH's
25   competitive advantage.

12. **Moore Trust Defendants' Exhibit F, page 20 (KMH 005838).**

This page from Exhibit F comprises a comparative analysis of KMH's financial results with the results of competitive publicly-held companies. Such competitive analyses are maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

13. **Moore Trust Defendants' Exhibit F, pages 23-24 (KMH 005841-KMH 005842).**

This two page portion of Exhibit F comprises a financial analysis of KMH's insurance subsidiary in comparison with competitors. Such competitive analyses are maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

14. **Moore Trust Defendants' Exhibit F, pages 31-37 (KMH 005849-KMH 005855).**

This seven page portion of Exhibit F comprises an analysis of the KMH insurance subsidiary's ranking vis-à-vis its competition and a financial analysis of the same issues using the company's financial results. Such competitive analyses are maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

15. **Moore Trust Defendants' Exhibit F, page 52 (KMH 005870).**

This one page portion of Exhibit F comprises the appraiser's value conclusion concerning KMH's insurance subsidiary. Such financial information and estimates of the value of the shares of KMH are maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

16. **Moore Trust Defendants' Exhibit G, page 2 (KMH 008320).**

This page of Exhibit G comprises the conclusion of Duff & Phelps' appraisal of the fair market value of the shares of KMH's insurance subsidiary's stock. Such estimates of the value of the shares of KMH are maintained as strictly confidential by this privately-held company and its

1 | release to the general public and competitors could negatively affect KMH's competitive advantage.

2 | I declare under penalty of perjury under the laws of the United States of America that the
3 | foregoing is true and correct.
4 | DATED: July 2, 2008

6 |                                         /s/
                                        Terence F. Young