1 | Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
2 | Henry I. Bornstein, Bar No. 75885
Terence F. Young, Bar No. 069943
3 | LOVITT & HANNAN, INC.
900 Front Street, Suite 300
4 | San Francisco, California 94111
Telephone: (415) 362-8769
5 | Facsimile: (415) 362-7528
*rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com, tfylaw@earthlink.net*
6 |
7 | Attorneys for Defendants K-M Industries
Holding Co. Inc.; K-M Industries Holding Co.
Inc. ESOP Plan Committee; and CIG ESOP
8 | Plan Committee

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

THOMAS FERNANDEZ, LORA SMITH
and TOSHA THOMAS, individually and on
behalf of a class of all others similarly
situated,

    Plaintiffs,

v.

K-M INDUSTRIES HOLDING CO., INC.,
*et al.,*

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. C06-07339 CW

**DECLARATION OF TERENCE F.
YOUNG ESTABLISHING THAT
INFORMATION DESIGNATED BY
NORTH STAR TRUST COMPANY IN
SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT IS
SEALABLE**

**CIVIL LOCAL RULE 79-5(d)**

I, Terence F. Young, declare:

   1. I am an attorney licensed to practice in the State of California and before this Court.

I am associated with Lovitt & Hannan, Inc., attorneys for Defendants K-M Industries Holding Co.

Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee, and CIG ESOP Plan Committee (the

"KMH defendants") in this matter. I have custody of the relevant files of Lovitt & Hannan, Inc.

related to this action and am familiar with the contents thereof. I make this declaration pursuant to

L.R. 79-5(d) to establish that certain documents designated by defendant North Star Trust

1  Company ("North Star") to be confidential and submitted by North Star in support of its Motion for

2  Summary Judgment should be sealed and not made part of the Court's public files.

3      2.      K-M Industries Holding Co. Inc. ("KMH") is a privately-held corporation comprising

4  two operating subsidiaries, Kelly-Moore Paint Company and Capital Insurance Group.  Prior to

5  1999, KMH was known as Kelly Moore Paint Co., Inc.  KMH maintains its financial and accounting

6  records and other materials related to its operation and operating results in strictest confidence and

7  treats such matters as trade secrets.  KMH's shares are not traded publicly and the estimated value of

8  those shares is likewise a closely-guarded trade secret of KMH.  Both of KMH's subsidiaries are

9  engaged in highly-competitive industries.   Revealing KMH's confidential information in the public

10  records of this Court potentially could harm the privacy interests of KMH and put it and its

11  subsidiaries at a competitive disadvantage.

12      3.      Plaintiffs' claims in the captioned lawsuit are premised on alleged violations of

13  Employee Retirement Income Security Act ("ERISA"). In the context of such litigation, the courts

14  have established that certain communications between ERISA Plan administrators, acting as

15  fiduciaries, and the attorneys retained by them, that normally would be protected from discovery by

16  the attorney-client privilege, are subject to a "fiduciary exception" to that privilege.  As a

17  consequence, the attorney-client privilege does not bar the discovery by Plan beneficiaries, such as

18  plaintiffs in this action, of otherwise privileged communications. *United States v. Mett*, 178 F.3d

19  1058, 1063 (9th Cir. 1999).  Communications subject to the fiduciary exception retain their

20  privileged status as to anyone other than the fiduciary and the beneficiaries.  Some documents and

21  declarations submitted by the KMH defendants in support of their motion for summary judgment

22  were produced in discovery in this matter because they were subject to the fiduciary exception.

23  Nevertheless, the KMH defendants continue to claim privilege as to such documents and testimony

24  and continue to assert a claim of privilege as to anyone other than defendants and plaintiffs in this

25  lawsuit.

CASE C06-07339 CW                    -2-           DECLARATION OF TERENCE F. YOUNG
ESTABLISHING INFORMATION DESIGNATED BY NORTH STAR'S MSJ IS SEALABLE

26

1    4.    Among the issues raised by plaintiffs are claims primarily related to independent

2  appraisals of the value of KMH's shares performed at the time of the formation of the ESOPs that

3  are the subject of the lawsuit and more recently.  Said appraisals were performed to value shares that

4  are not traded publicly and were based on financial results that are not made publicly available by

5  KMH.

6    5.    Listed below are descriptions of the portions of the exhibits filed under seal by North

7  Star in support of its motion for summary judgment and the basis for KMH's claim that portions of

8  such exhibits either are confidential.  Only four of the exhibits submitted by North Star were

9  designated as confidential by the KMH defendants.  The remainder were designated as confidential

10  by plaintiffs.

11    6.    North Star mistakenly submitted additional documents as exhibits to its motion for

12  summary judgment without designating them as to be filed under seal notwithstanding that they

13  were designated as Confidential by KMH in the course of discovery.  Such documents also contain

14  sensitive financial and market information which KMH maintains as strictly confidential and the

15  release of which to the general public and competitors could negatively affect KMH's competitive

16  advantage.  KMH has informed North Star of this failure to submit such documents under seal.

17  North Star has agreed to take action to correct the problem.  I will be submitting a separate

18  declaration in connection with North Star's motion to seal such additional documents.

19    7.    Except as set forth below, and except as will be set forth in the supplemental

20  designation to be submitted by North Star, the KMH defendants withdraw their claims of

21  confidentiality and/or privilege as to the documents designated as privileged by North Star in

22  support of its motion for summary judgment.

23    8.    **North Star Exhibit No. 66.**

24    Exhibit 66 comprises excerpts of the Deposition of John Hommel, Senior Vice President of

25  North Star Trust Company. Taken in this matter on May 8, 2008.  In its Administrative Motion for

26

1  an Order to File Documents Under Seal, North Star has designated numerous pages of the Hommel

2  Deposition as confidential.  The designated pages are:  pp. 182-183, 201-202, 212-213, 223-225,

3  243, 253-254, 257-258, 259-260, 262, 265-266, 271-275, 277, and 283-285. The KMH Defendants

4  withdraw their confidentiality designation as to all but portions of pages 202, line 3 and page 260,

5  lines 2-3. Attached hereto as Exhibit A is a true and correct copy of said pages with the confidential

6  information redacted.  The portions of the answers that are confidential relate to the subject of

7  financial effects of litigation against KMH by plaintiffs claiming personal injuries from exposure to

8  asbestos. Repeating the exact nature of those statements in this declaration would defeat the purpose

9  of maintaining their confidentiality.  KMH has carefully maintained the confidentiality of its internal

10  discussions of the financial effects of such litigation and continues to believe that the public

11  revelation of such considerations would damage its public image and its business.

12        9.    **North Star Exhibit No. 71 (entire exhibit).**

13       Exhibit 71 is a letter from Kelly-Moore Paint Company's attorney, Cheryl Mills, to its

14  President on the subject of available insurance coverage for asbestos claims against the company.  It

15  was produced in this matter as subject to the fiduciary exception to the attorney-client privilege.

16  Nevertheless, it is subject to the attorney-client privilege as to third parties and should not become

17  part of the pubic record.  (The same document was attached as Exhibit 2 to the Declaration of

18  Joseph Cristiano in Support of Motion For Summary Judgment by Defendants K-M Industries

19  Holding Co., Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee and CIG ESOP Plan

20  Committee.)

21        10.    **North Star Exhibit No. 73 (entire exhibit).**

22       Exhibit 73 is a hand-written note reflecting the substance of a communication between

23  Stephen Ferrari, CFO of Kelly-Moore Paint Company, and its attorney, Cheryl Mills.  On December

24  3, 2007, Judge Bernard Zimmerman held, in response to plaintiffs' motion to compel and after *in*

25  *camera* review, that Exhibit 73 was subject to the fiduciary exception and, pursuant to that Order, it

1    was produced to plaintiffs.  The document is, nevertheless, subject to the attorney-client privilege as

2    to third parties and should not become part of the pubic record. (The same document was attached as

3    Exhibit 3 to the Declaration of Stephen Ferrari in Support of Motion For Summary Judgment by

4    Defendants K-M Industries Holding Co., Inc., K-M Industries Holding Co. Inc. ESOP Plan

5    Committee and CIG ESOP Plan Committee.)

6        11.    North Star also has redacted portions of its Memorandum of Points and Authorities in

7    Support of Motion for Summary Judgment based on claims of privilege and confidentiality.  The

8    KMH defendants hereby request that the following two portions of the memorandum be excluded

9    from the public record.

10       12.    **North Star Memorandum of Points and Authorities, page 12:17-12:18 and**

11   **12:22-12:23**

12       Attached hereto as Exhibit B is a true and correct copy of page 12 of the North Star

13   Memorandum of Points and Authorities with the confidential information redacted.  The two

14   portions of the memorandum that are confidential relate to the subject of financial effects of

15   litigation against KMH by plaintiffs claiming personal injuries from exposure to asbestos. Repeating

16   the exact nature of those statements in this declaration would defeat the purpose of maintaining their

17   confidentiality.  KMH has carefully maintained the confidentiality of its internal discussions of the

18   financial effects of such litigation and continues to believe that the public revelation of such

19   considerations would damage its public image and its business.

20       I declare under penalty of perjury under the laws of the United States of America that the

21   foregoing is true and correct.

22   DATED: July 2, 2008

23

24                              /s/
                          _____
25                              Terence F. Young

**EXHIBIT A**

1          IN THE UNITED STATES DISTRICT COURT

2         FOR THE NORTHERN DISTRICT OF CALIFORNIA

3          SAN FRANCISCO AND OAKLAND DIVISION

4                                    **CERTIFIED**

5   _____**COPY**_____

6   THOMAS FERNANDEZ, et al.,            )
                                         )
7              Plaintiffs,               )
                                         )  Case No.
8         vs.                            )
                                         )  C-06-07339 CW
9   K-M INDUSTRIES HOLDING CO., INC., et al.,  )
                                         )
10             Defendants.               )
                                         )
11                                       )
                                         )
12

13  _____

14

15          VIDEOTAPED DEPOSITION OF JOHN HOMMEL
                      May 8, 2008
16              San Francisco, California

17

18

19

20

21

22  Reported by:
    EMI ALBRIGHT
23  RPR, CSR No. 13042
    Job No. 79903
24

25

                                                         1

```
 1    years with the company and their various advisors

 2    regarding the asbestos issues -- asbestos litigation,

 3              Redacted           asbestos, a lot of asbestos

 4    meetings and discussions with various counsel as well as

 5    company representatives.

 6         Q    Okay.  Did you ever have meetings with an

 7    attorney named Cheryl Mills?

 8         A    I don't recall specifically.  I believe

 9    it's a name that was earlier on.

10         Q    When you say you believe that is a name

11    that is earlier on, what do you mean by that?

12         A    I don't recall specifically meeting --

13    having met with her.  But I think that's a name I may

14    have seen in some of the earlier documents.

15         Q    Okay.  Let me go ahead and show you a

16    couple of different documents.  First can you take a

17    look at something that has been previously been marked

18    as Exhibit 75?  Go ahead and take the time to page

19    through that document.

20              First question is have you seen that

21    document before?

22         A    No, sir, not that I recall.

23         Q    When you took over as successor trustee in

24    2003, did anyone from the company tell you that Cheryl

25    Mills had stated that a few big hits could throw any
```

15:23  5
15:23  10
15:23  15
15:25  20
15:25  25

202

```
  1    been involved in similar issues in terms of dealing with

  2    prospective liability with asbestos,          Redacted

  3            Redacted     with other types of industrial claims and

  4    industrial context.  And they satisfied us based on

17:32  5    their answers that they did, in fact, have such

  6    experience, both with some of the individuals with whom

  7    we would be immediately dealing, and if need be that

  8    they had additional resources within their broader team

  9    that had some specific knowledge in these areas.

17:33 10   BY MR. JACKSON:

 11            Q    Specific knowledge as to asbestos

 12    liability?

 13            A    In terms of contingent liabilities for

 14    industrial types of claims and pending litigation --

17:33 15           Q    I see.

 16            A    -- in general.

 17            Q    And did they tell you what they thought in

 18    those due diligence meetings as to whether or not to

 19    hire them, did anyone at Stout Risius tell you what they

17:33 20   thought as a general rule was the proper way to value

 21    contingent liability -- contingent litigation liability?

 22                 MS. DILLER:  Object to the form.

 23                 MR. PALMER:   Object to the form.

 24            A    They reviewed with us their process in

17:33 25   terms of valuing and again looking to the facts and
```

260

1    STATE OF CALIFORNIA )

2         : ss                )

3    County of Alameda      )

4

5              I, the undersigned, a Certified Shorthand Reporter

6    of the State of California, do hereby certify:  That the

7    foregoing proceedings were taken before me at the time and

8    place herein set forth; that any witnesses in the foregoing

9    proceedings, prior to testifying, were placed under oath;

10   that a verbatim record of the proceedings was made by me

11   using machine shorthand which was thereafter transcribed

12   under my direction; further, that the foregoing is an

13   accurate transcription thereof.

14             I further certify that I am not a relative,

15   employee, attorney or counsel of any party to this action or

16   relative or employee of any such attorney or counsel and that

17   I am not financially interested in the said action or the

18   outcome thereof;

19             IN WITNESS WHEREOF, I have this date subscribed my

20   name.
                          MAY 1 6 2008
21            Dated:_____

22

23            _Emi Albright_____

24            EMI ALBRIGHT, CSR No. 13042

25

**EXHIBIT B**

1    your ESOP may be affected adversely.

2    Exh. 91.  Again, Plaintiffs Fernandez and Smith admit that they contemporaneously received this

3    communication.  Exh. 91; Exh. 77 at Interrog. Responses 1 and 2; *see also* Exh. 37 at 81:13-

4    82:14.  In addition, each year CIG provided all participants, including Plaintiffs Fernandez and

5    Smith, with an annual ESOP statement, which showed the annual valuation reports' conclusions

6    and applied those results to the participant's own interest in the Plan.  *See, e.g.,* Exh. 92, 93, 42,

7    44, 46, 57.

8        The undisputed facts therefore belie the Complaint's allegation that "until the Fall of

9    2004, Defendant Fiduciaries intentionally withheld information about the extent of KMH's

10   potential asbestos liability from participants who were active employees."  *See* Complaint ¶ 52.

11   In fact, contrary to the allegations of the complaint, each Plaintiff admits that they know of no

12   facts to support the proposition that any defendants withheld information concerning Kelly-

13   Moore's asbestos liability.  Exhs. 37 at 195:2-13; Exh. 94 at 179:2-6; Exh. 88 at 208:1-12.

14        **3.    Resolution of the Asbestos Litigation**

15       While the complaint criticizes the alleged failure of Defendants to have Kelly-Moore's

16   asbestos litigation taken into consideration in the valuation of KMH's subsidiaries for purposes of

17   the initial ESOP transactions, the asbestos issues never resulted in KMH's downfall.  Redacted

18              Redacted                        the Company's auditors and the ESOP's

19   valuators believe the damage has been contained.  Exh. 95 at 254:18 – 257:3; *see also* Exh. 3 at

20   SRR10811.  In other words, while at one time management was concerned enough about the

21   asbestos litigation to discuss it with all shareholders (including Plaintiffs and the putative class),

22   subsequent events have led the Company to the determination              Redacted

23   Redacted  , a conclusion with which Kelly-Moore's and CIG's auditors and the ESOP's valuators

24   agree.  *See, e.g.,* Exh. 3 at SRR10811; Exh. 95 at 256:17 – 257:3.

25   **E.    North Star's Conduct as the ESOP's Discretionary Trustee**

26       North Star took an active role as trustee following its appointment in April 2003.  It met

27   with members of management and attended board and shareholder meetings to discuss the

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

NORTH STAR TRUST CO.'S MOTION FOR
SUMMARY JUDGMENT RE LIMITATIONS
CASE NO. C06-07339 CW