1 | MORGAN, LEWIS & BOCKIUS LLP
2 | Nicole A. Diller (State Bar No. 154842)
  | Donald P. Sullivan (State Bar No. 191080)
3 | Andrew C. Sullivan (State Bar. No. 226902)
  | One Market, Spear Street Tower
4 | San Francisco, California  94105
  | Telephone:  (415) 442-1000
5 | Facsimile:  (415) 442-1001

6 | Attorneys for North Star Trust Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS, | Case No. C06-07339 CW |
|---|---|
| Plaintiffs, | **DEFENDANT NORTH STAR TRUST COMPANY'S ADMINISTRATIVE MOTION FOR AN ORDER REMOVING CONFIDENTIAL PORTIONS OF EXHIBITS 1, 2, 3, 9, 11, 33, 67, 72, AND 75 TO THE DECLARATION OF NICOLE A. DILLER (DOCKET NO. 148) FROM THE PUBLIC RECORD AND PLACING THE REMOVED PORTIONS OF THE EXHIBITS UNDER SEAL** |
| vs. | |
| K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; ADMINISTRATOR OF THE ESTATE OF WILLIAM E. MOORE, DECEASED; CIG ESOP PLAN COMMITTEE; and NORTH STAR TRUST COMPANY, | |
| Defendants. | **CIVIL LOCAL RULES 7-11, 79-5** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NORTH STAR TRUST CO.'S MOTION FOR
ORDER TO FILE UNDER SEAL
CASE NO. C06-07339 CW

TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Local Rules 7-11 and 79-5 of the Northern District of California, North Star Trust Company, by and through its undersigned counsel of record, hereby moves for an administrative order removing from the public record and placing under seal the portions of Exhibits 1, 2, 3, 9, 11, 33, 67, 72, and 75 to the declaration of Nicole A. Diller (Docket No. 148) that co-defendants K-M Industries Holding Co., Inc.; K-M Industries Holding Co., Inc., ESOP Plan Committee; and CIG ESOP Plan Committee ("K-M Defendants") have designated as confidential.

The parties stipulated to, and the Court entered, a Protective Order on March 16, 2007. Docket No. 29 ("Protective Order").  Under the terms of the Protective Order, a party was permitted to designate documents or testimony as "confidential" or "highly confidential – attorneys' eyes only."  The K-M Defendants designated several documents as confidential through the course of this litigation.  Defendant North Star inadvertently included some of the designated documents as exhibits to the Declaration of Nicole A. Diller (Docket No. 148) that it filed in support of its motion for summary judgment in the public record.

As explained in detail in the Declaration of Terence F. Young, filed herewith, the following portions of the identified Exhibits to the Declaration of Nicole A. Diller (Docket No. 148) have been designated as confidential:

- Diller Declaration, Exhibit No. 1, pages KMH 001440-1444, KMH 001446, KMH 001448-1474;
- Diller Declaration, Exhibit No. 2, pages 1-3 (KMH 005819-KMH 005821);
- Diller Declaration, Exhibit No. 2, pages 5-6 (KMH 005823-KMH 005824);
- Diller Declaration, Exhibit No. 2, pages 10-16 (KMH 005828-KMH 005834);
- Diller Declaration, Exhibit No. 2, page 20 (KMH 005838);
- Diller Declaration, Exhibit No. 2, pages 23-24 (KMH 005841-KMH 005842);
- Diller Declaration, Exhibit No. 2, pages 31-37 (KMH 005849-KMH 005855);
- Diller Declaration, Exhibit No. 2, page 52 (KMH 005870);
- Diller Declaration, Exhibit No. 3;

- Diller Declaration, Exhibit No. 9, pages 171-172;
- Diller Declaration, Exhibit No. 11;
- Diller Declaration, Exhibit No. 33;
- Diller Declaration, Exhibit No. 67, page 2, paragraphs 2 and 3;
- Diller Declaration, Exhibit No. 72, page 54; and
- Diller Declaration, Exhibit No. 75 (entire document).

Pursuant to the Protective Order, a party seeking to file confidentially–designated documents or information must comply with Local Rule 79-5 to seek the sealing of the documents. For the reasons stated above and in the accompanying Declaration of Terence F. Young, North Star requests that the above-listed documents be removed from the Declaration of Nicole A. Diller (Docket No. 148) and filed under seal.

Dated: July 2, 2008

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

 /S/ Donald P. Sullivan
Nicole A. Diller
Donald P. Sullivan
Andrew C. Sullivan

Attorneys for Defendant North Star Trust Company

1-SF/7722647.1

Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
Henry I. Bornstein, Bar No. 75885
Terence F. Young, Bar No. 069943
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528
rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com, tfylaw@earthlink.net

Attorneys for Defendants K-M Industries
Holding Co. Inc.; K-M Industries Holding Co.
Inc. ESOP Plan Committee; and CIG ESOP
Plan Committee

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH and TOSHA THOMAS, individually and on behalf of a class of all others similarly situated,<br><br>　　　　Plaintiffs,<br>v.<br>K-M INDUSTRIES HOLDING CO., INC., et al.,<br><br>　　　　Defendants. | Case No. C06-07339 CW<br><br>**DECLARATION OF TERENCE F. YOUNG ESTABLISHING THAT INFORMATION DESIGNATED BY NORTH STAR TRUST COMPANY IN ITS ADMINISTRATIVE MOTION FOR AN ORDER REMOVING CONFIDENTIAL PORTIONS OF EXHIBITS 1, 2, 3, 9, 11, 33, 67, 72, AND 75 TO THE DECLARATION OF NICOLE A. DILLER (DOCKET NO. 148) FROM THE PUBLIC RECORD AND PLACING THE REMOVED PORTIONS OF THE EXHIBITS UNDER SEAL IS SEALABLE**<br><br>**CIVIL LOCAL RULE 79-5(d)** |

I, Terence F. Young, declare:

　　　1.　　I am an attorney licensed to practice in the State of California and before this Court. I am associated with Lovitt & Hannan, Inc., attorneys for Defendants K-M Industries Holding Co. Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee, and CIG ESOP Plan Committee (the

1  "KMH defendants") in this matter. I have custody of the relevant files of Lovitt & Hannan, Inc. related to this action and am familiar with the contents thereof. I make this declaration pursuant to L.R. 79-5(d) to establish that certain documents designated by defendant North Star Trust Company ("North Star") to be confidential and addressed by North Star in its Administrative Motion for an Order Removing Confidential Portions OF Exhibits 1, 2, 3, 9, 11, 33, 67, 72, AND 75 to the Declaration OF Nicole A. Diller (Docket No. 148) from the Public Record and Placing the Removed Portions of the Exhibits Under Seal (the "North Star Administrative Motion") should be sealed and not made part of the Court's public files.

2.   K-M Industries Holding Co. Inc. ("KMH") is a privately-held corporation comprising two operating subsidiaries, Kelly-Moore Paint Company and Capital Insurance Group. Prior to 1999, KMH was known as Kelly Moore Paint Co., Inc. KMH maintains its financial and accounting records and other materials related to its operation and operating results in strictest confidence and treats such matters as trade secrets. KMH's shares are not traded publicly and the estimated value of those shares is likewise a closely-guarded trade secret of KMH. Both of KMH's subsidiaries are engaged in highly-competitive industries. Revealing KMH's confidential information in the public records of this Court potentially could harm the privacy interests of KMH and put it and its subsidiaries at a competitive disadvantage.

3.   Plaintiffs' claims in the captioned lawsuit are premised on alleged violations of Employee Retirement Income Security Act ("ERISA"). In the context of such litigation, the courts have established that certain communications between ERISA Plan administrators, acting as fiduciaries, and the attorneys retained by them, that normally would be protected from discovery by the attorney-client privilege, are subject to a "fiduciary exception" to that privilege. As a consequence, the attorney-client privilege does not bar the discovery by Plan beneficiaries, such as plaintiffs in this action, of otherwise privileged communications. *United States v. Mett*, 178 F.3d 1058, 1063 (9th Cir. 1999). Communications subject to the fiduciary exception retain their

1  privileged status as to anyone other than the fiduciary and the beneficiaries.  Some documents and
2  declarations submitted by the KMH defendants in support of their motion for summary judgment
3  were produced in discovery in this matter because they were subject to the fiduciary exception.
4  Nevertheless, the KMH defendants continue to claim privilege as to such documents and testimony
5  and continue to assert a claim of privilege as to anyone other than defendants and plaintiffs in this
6  lawsuit.

7      4.    Among the issues raised by plaintiffs are claims primarily related to independent
8  appraisals of the value of KMH's shares performed at the time of the formation of the ESOPs that
9  are the subject of the lawsuit and more recently.  Said appraisals were performed to value shares that
10 are not traded publicly and were based on financial results that are not made publicly available by
11 KMH.

12     5.    Listed below are descriptions of the portions of the exhibits referred to in the North
13 Star Administrative Motion.  These descriptions provide the basis for KMH's claim that portions of
14 such exhibits either are confidential or are protected by the attorney client privilege.

15     6.    North Star mistakenly submitted the documents described below as exhibits to its
16 motion for summary judgment without designating them as to be filed under seal notwithstanding
17 that they were designated as Confidential by KMH in the course of discovery.   This declaration is
18 intended to supplement the earlier declaration decribing documents designated as subject to sealing
19 by North Star in connection with its earlier administrative motion.

20     7.    **North Star Exhibit No. 1, pages KMH 001440-KMH 001444.**
21 This five-page portion of Exhibit 1 comprises an appraisal report by B. J. Brooks dated
22 August 5, 1998.  It describes the basis upon which the appraisers analysis was conducted and
23 discusses financial and structural aspects of the business of KMH. Such information is maintained as
24 strictly confidential by this privately-held company and its release to the general public and
25 competitors could negatively affect KMH's competitive advantage. (This document was submitted

under seal by the Moore Trust Defendants as Exhibit C.)

8.      **North Star Exhibit No. 1, page KMH 001446.**

This one-page portion of Exhibit 1 comprises a market analysis of the business of the retail paint company operations of KMH.  Such competitive analysis is maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage. (This document was submitted under seal by the Moore Trust Defendants as Exhibit C.)

9.      **North Star Exhibit No. 1, pages KMH 001448-KMH 001474.**

This portion of Exhibit 1 comprises a description of the appraiser's analysis of the book value and financial condition of KMH, its earnings history and future earnings prospects, its dividend history, comparisons to competing companies, a description of the appraiser's evaluation process as it applied to the specifics of KMH's business, the appraiser's conclusions, balance sheets, income statements, earnings statement, financial ratios, and comparisons to competing companies. Such financial information and competitive analysis is maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage. (This document was submitted under seal by the Moore Trust Defendants as Exhibit C.)

10.     **North Star Exhibit No. 2, pages 1-3 (KMH 005819-KMH 005821).**

This three page portion of Exhibit 2, an valuation by Duff & Phelps of the Class I tracking stock of KMH, comprises the conclusions of the appraisers of such value as of June 30, 1999, a general description of the business and operations (including financial performance) of CCIC, the KMH insurance subsidiary. Such financial information and operational data is maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

11. **North Star Exhibit No. 2**, pages 5-6 (KMH 005823-KMH 005824).

This two-page portion of Exhibit 2 comprises a discussion of risks, weaknesses and threats inherent in the business operations of the KMH insurance subsidiary. Such competitive analysis is maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

12. **North Star Exhibit No. 2, pages 10-16 (KMH 005828-KMH 005834).**

These seven page portion of Exhibit 2 comprises a financial overview of KMH operations, and includes a consolidated income statement for 1998 and 1999, and consolidated income statements, margin analyses and balance sheets for the period from 1993 through 1998. Such financial information and analysis is maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

13. **North Star Exhibit No. 2, page 20 (KMH 005838).**

This page from Exhibit 2 comprises a comparative analysis of KMH's financial results with the results of competitive publicly-held companies. Such competitive analyses are maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

14. **North Star Exhibit No. 2, pages 23-24 (KMH 005841-KMH 005842).**

This two page portion of Exhibit 2 comprises a financial analysis of KMH's insurance subsidiary in comparison with competitors. Such competitive analyses are maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

15. **North Star Exhibit No. 2, pages 31-37 (KMH 005849-KMH 005855).**

This seven page portion of Exhibit 2 comprises an analysis of the KMH insurance subsidiary's ranking vis-à-vis its competition and a financial analysis of the same issues using the

company's financial results. Such competitive analyses are maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

16.     **North Star Exhibit No. 2, page 52 (KMH 005870).**

This one page portion of Exhibit 2 comprises the appraiser's value conclusion concerning KMH's insurance subsidiary. Such financial information and estimates of the value of the shares of KMH are maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

17.     **North Star Exhibit No. 3  (entire document).**

Exhibit 3 is a valuation report on KMH dated May 17, 2007, prepared by Stout Risius Ross, Inc..  Like the other valuation reports submitted as exhibits in this matter, the SRR report contains detailed financial and marketing information on KMH, including the results of operations of both of its subsidiaries. Such financial and market information has been maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

18.     **North Star Exhibit No. 9, pages 171-172.**

Exhibit 9, portions of the deposition of Stephen Ferrari, Chief Financial Officer ("CFO") and secretary treasurer of KMH, comprises the substance of communications between him as an officer of Kelly-Moore Paint Company and its attorney, Cheryl Mills.  The communications were testified to here pursuant to the fiduciary exception but, nevertheless, are subject to the attorney-client privilege as to third parties and should not become part of the pubic record.

19.     **North Star Exhibit No. 11 (entire document).**

Exhibit 11 is a letter from KMH's ESOP advisor and attorney, John D. Menke & associates, to Prudential Insurance Company of America concerning financing.  Such financial arrangements

1  with Prudential have been maintained as strictly confidential by this privately-held company and its

2  release to the general public and competitors could negatively affect KMH's competitive advantage.

3      20.    **North Star Exhibit No. 33  (entire document).**

4      Exhibit 33 is a valuation report of KMH's insurance subsidiary prepared by Columbia

5  Financial Advisors, Inc.  It contains in depth confidential financial and market position information

6  concerning the subsidiary's insurance operations.  Such financial and market information has been

7  maintained as strictly confidential by this privately-held company and its release to the general

8  public and competitors could negatively affect KMH's competitive advantage.

9      21.    **North Star Exhibit No. 72, page 54.**

10      Exhibit 72, portions of the deposition of Joseph Cristiano, former President of Kelly Moore

11  Paint Company, Inc., comprises the substance of communications between him as an officer of

12  Kelly-Moore Paint Company and its attorney, Cheryl Mills.  The communications were testified to

13  here pursuant to the fiduciary exception but, nevertheless, are subject to the attorney-client privilege

14  as to third parties and should not become part of the pubic record.

15      22.    **North Star Exhibit No. 67, page 2, paragraphs 2 and 3.**

16      Exhibit 67 is the minutes of a Board of Directors meeting of KMH and Kelly Moore Paint

17  Company, Inc. dated March 18, 2003.  The first two paragraphs on the second page of the minutes

18  refer to and describe aspects of a financing arrangement between the companies and Prudential

19  Insurance Company. Such financial arrangements with Prudential have been maintained as strictly

20  confidential by this privately-held company and its release to the general public and competitors

21  could negatively affect KMH's competitive advantage.

22      23.    **North Star Exhibit No. 75 (entire document).**

23      Exhibit 75 is a valuation report on KMH as of December 31, 2000, prepared by Ireland

24  Associates of Kentfield, California.  Like the other valuation reports submitted as exhibits in this

25  matter, the Ireland report contains detailed financial and marketing information on KMH, including

the results of operations of both of its subsidiaries. Such financial and market information has been maintained as strictly confidential by this privately-held company and its release to the general public and competitors could negatively affect KMH's competitive advantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 2, 2008

_____/s/_____
Terence F. Young

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS<br><br>Plaintiffs,<br><br>vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; ADMINISTRATOR OF THE ESTATE OF WILLIAM E. MOORE, DECEASED; CIG ESOP PLAN COMMITTEE; and NORTH STAR TRUST COMPANY,<br><br>Defendants. | Case No. C06-07339 CW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT NORTH STAR TRUST COMPANY'S ADMINISTRATIVE MOTION FOR AN ORDER REMOVING CONFIDENTIAL PORTIONS OF EXHIBITS 1, 2, 3, 9, 11, 33, 67, 72, AND 75 TO THE DECLARATION OF NICOLE A. DILLER (DOCKET NO. 148) FROM THE PUBLIC RECORD AND PLACING THE REMOVED PORTIONS OF THE EXHIBITS UNDER SEAL** |

1     Having reviewed (1) Defendant North Star Trust Company's ("Defendant")
2 Administrative Motion For An Order Removing Confidential Portions of Exhibits 1, 2, 3, 9, 11,
3 33, 67, 72, and 75 to the Declaration of Nicole A. Diller (Docket No. 148) from the Public Record
4 and Placing the Removed Portions of the Exhibits Under Seal, and (2) the Declaration to Terence
5 F. Young Establishing that Information Designated by North Star Trust Company in its
6 Administrative Motion for an Order Removing Confidential Portions of Exhibits 1, 2, 3, 9, 11,
7 33, 67, 72, And 75 to the Declaration of Nicole A. Diller (Docket No. 148) from the Public
8 Record and Placing the Removed Portions of the Exhibits Under Seal is Sealable, and good cause
9 appearing for granting Defendant North Star' Motion, Defendant North Star's Motion is hereby
10 GRANTED.  The Court orders that the following portions of the Exhibits attached to the
11 Declaration of Nicole A. Diller (Docket No. 148) be removed from the public record and placed
12 under seal:

- Diller Declaration, Exhibit No. 1, pages KMH 001440-1444, KMH 001446, KMH 001448-1474;
- Diller Declaration, Exhibit No. 2, pages 1-3 (KMH 005819-KMH 005821);
- Diller Declaration, Exhibit No. 2, pages 5-6 (KMH 005823-KMH 005824);
- Diller Declaration, Exhibit No. 2, pages 10-16 (KMH 005828-KMH 005834);
- Diller Declaration, Exhibit No. 2, page 20 (KMH 005838);
- Diller Declaration, Exhibit No. 2, pages 23-24 (KMH 005841-KMH 005842);
- Diller Declaration, Exhibit No. 2, pages 31-37 (KMH 005849-KMH 005855);
- Diller Declaration, Exhibit No. 2, page 52 (KMH 005870);
- Diller Declaration, Exhibit No. 3;
- Diller Declaration, Exhibit No. 9, pages 171-172;
- Diller Declaration, Exhibit No. 11;
- Diller Declaration, Exhibit No. 33;
- Diller Declaration, Exhibit No. 67, page 2, paragraphs 2 and 3;

///
///

1. • Diller Declaration, Exhibit No. 72, page 54; and
2. • Diller Declaration, Exhibit No. 75 (entire document).

**IT IS SO ORDERED.**

Dated: _____

                                          The Honorable Claudia Wilken
                                          United States District Judge

1-SF/7722873.1