Daniel Feinberg – CA State Bar No. 135983
Todd F. Jackson – CA State Bar No. 202598
Margaret E. Hasselman – CA State Bar No. 228529
Nina R. Wasow – CA State Bar No. 242047
Kirsten Gibney Scott – CA State Bar No. 253464
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: dfeinberg@lewisfeinberg.com
Email: tjackson@lewisfeinberg.com
Email: mhasselman@lewisfeinberg.com
Email: nwasow@lewisfeinberg.com
Email: kscott@lewisfeinberg.com

*Attorneys for Plaintiffs and the Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS, individually and on behalf of a class of all other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST'S SUCCESSOR TRUSTS NAMED ABOVE, <br><br> Defendants. | Case No. C-06-07339 CW <br><br> **DECLARATION OF DANIEL FEINBERG IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

DECLARATION OF DANIEL FEINBERG
[CASE NO. C-06-07339 CW]

I, Daniel Feinberg, declare as follows:

1.     I am a member in good standing of the State Bar of California and an attorney with Lewis, Feinberg, Lee, Renaker & Jackson, P.C., which is counsel for Plaintiffs and the Class in this action. I have personal knowledge of the facts contained in this declaration and, if called to testify, will testify as set forth below.

2.     On May 22, 2008, I had a detailed telephone discussion of Plaintiffs' theory of liability against defendant North Star and position with regard to the applicable statute of limitations with North Star's counsel herein, Nicole Diller and Donald Sullivan.

3.     A true and correct copy of Plaintiffs' Supplemental Response to Interrogatory No. 24 of Defendant North Star Trust Company's First Set of Interrogatories to Plaintiffs. Plaintiffs' theory of liability against North Star is set forth at page 7.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 10, 2008 at Oakland, California.

Daniel Feinberg

DECLARATION OF DANIEL FEINBERG
[CASE NO. C-06-07339 CW]

# EXHIBIT 1

Daniel Feinberg (CA State Bar No. 135983)
Todd F. Jackson (CA State Bar No. 202598)
Margaret Hasselman (CA State Bar No. 228529)
Nina Wasow (CA State Bar No. 242047)
Kirsten G. Scott (CA State Bar No. 253464)
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: dfeinberg@lewisfeinberg.com
Email: tjackson@lewisfeinberg.com
Email: mhasselman@lewisfeinberg.com
Email: nwasow@lewisfeinberg.com
Email: kscott@lewisfeinberg.com

Peter Rukin (CA State Bar No. 178336)
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street , Suite 725
San Francisco, CA  94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
Email: peterrukin@rhdtlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, et al., | **CASE NO.: C-06-07339 CW** |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' <u>SUPPLEMENTAL</u> RESPONSE TO INTERROGATORY NO. 24 OF DEFENDANT NORTH STAR TRUST COMPANY'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS** |
| K-M INDUSTRIES HOLDING CO., INC., et al., | |
| Defendants. | |

| | |
|---|---|
| PROPOUNDING PARTY: | Defendant North Star Trust Company |
| RESPONDING PARTY: | Plaintiffs Thomas Fernandez, Lora Smith and Tosha Thomas |
| SET NUMBER: | One |

## PLAINTIFFS' PRELIMINARY STATEMENT

Plaintiffs respond to Interrogatory No. 24 served by Defendant North Star Trust Company ("North Star") pursuant to an agreement of the parties in which Defendants agreed to withdraw certain other interrogatories, and Plaintiffs agreed to provide one response on behalf of all three named Plaintiffs. Therefore, although North Star served separate, identical interrogatories on each Plaintiff, this response is made jointly on behalf of all three Plaintiffs listed above. Plaintiffs' response is based only upon the information that is presently available to and specifically known by Plaintiffs, except as to those matters stated on their information and belief, and as to those matters they believe them to be true. Independent investigation, legal research, and analysis may supply additional facts and add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to the discovery of additional information, thereby resulting in additions to, changes in, and variations from, this response.

This response is given without prejudice to Plaintiffs' right to produce evidence of any subsequently discovered documents or compiled facts or determinations thereof that Plaintiffs may later locate or discover. Accordingly, Plaintiffs reserve the right to change this response as additional facts are ascertained, analyses are made, legal research is completed, contentions are made, and documents are located. Moreover, all information is being produced only for the purpose of this litigation.

1    Plaintiffs reserve the right, notwithstanding this response, to employ at trial or in any pre-

2    trial proceeding, information subsequently obtained or discovered, information the materiality of

3    which is not presently ascertained, or information Plaintiffs do not regard as coming within the

4    scope of this interrogatory as Plaintiffs understands it.  Any information within the scope of the

5    attorney-client privilege, the attorney work product doctrine, or any other privilege or protection

6    that is inadvertently disclosed herein is not intended to be and should not be construed to be a

7    waiver of any applicable privilege or immunity from disclosure, except where such privilege is

8    expressly waived by Plaintiffs in writing. Plaintiffs reserve the right to assert these privileges at

9    any time in these proceedings and further reserves the right to request the return of all privileged

10   information, including copies of the responses themselves. In addition, all evidentiary objections

11   are reserved and no waiver of any objection is to be implied from any response. To the extent that

12   a response might arguably waive an otherwise assertable objection or claim of privilege, such

13   waiver shall be limited to the specific response only and shall not extend to any other discovery.

14   Plaintiffs make no incidental or implied admissions with regard to the contents of this response.

15   The fact that Plaintiffs have responded or objected to any interrogatory or any part thereof should

16   not be taken as an admission that Plaintiffs accept or admit the existence of any facts set forth or

17   assumed by Propounding Party's interrogatory, or that such response or objection constitutes

18   admissible evidence. The fact that Plaintiffs have answered part or all of any interrogatory is not

19   intended and shall not be construed to be a waiver by Plaintiffs of any objections to any

20   interrogatory or to further inquiry into the subject matter of any interrogatory.

21        This response is made solely for the purpose of this action. It is subject to all objections as

22   to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all

23   other objections that would require exclusion of any statement contained here if any such requests

- 3 -

1    were asked of, or any statement contained here were made by, a witness present and testifying in

2    court, all of which objections and grounds are reserved and may be interposed at the time of trial.

3

4    **SPECIAL INTERROGATORY NO. 24:**

5        Please state each and every fact upon which YOU base YOUR allegations in the SAC that

6    DEFENDANT breached a fiduciary duty to YOU or engaged in a prohibited transaction, as the

7    terms "fiduciary duty" and "prohibited transaction" are defined in the SAC.

8    **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 24:**

9        Plaintiffs incorporate their general objections by reference. Plaintiffs further object to

10   this interrogatory as compound, overbroad and unduly burdensome by virtue of its direction to

11   "state each and every fact" upon which Plaintiffs base their allegations. Plaintiffs will state the

12   principal and material facts on which they base their claims against each group of Defendants as

13   agreed at the meet-and-confer session on May 20, 2008. *See Lucero v. Valdez*, 240 F.R.D. 591

14   (D. N.M. 2007). Plaintiffs further object to this Interrogatory as premature, unduly burdensome,

15   harassing, oppressive, and abusive of the discovery process on the grounds that it constitutes an

16   improper contention interrogatory to the extent it is not narrowly tailored but rather seeks all facts

17   supporting Plaintiffs' entire claims. Plaintiffs further object to this Interrogatory on the ground

18   that it seeks the identity of, facts known by, and opinions held by Plaintiffs' consulting, non-

19   testifying experts. Such information is shielded from disclosure by Fed. R. Civ. P. 26(b)(4)(B)

20   and the attorney work product privilege. Plaintiffs further object to this Interrogatory on the

21   ground that it seeks communications, information, or documents that are protected by the

22   attorney-client privilege and/or the attorney work product doctrine. Plaintiffs further object to

23   this Interrogatory on the grounds that it is unduly burdensome, harassing, oppressive, and abusive

24   of the discovery process because it requests production of information and documents equally

25   available to Defendant because Defendant has equal access to all documents produced by all

26   parties to this action and by third parties, and has equal access to all transcripts of depositions

27   taken by any party in this action. Any further description of the information responsive to this

28   Interrogatory would require revelation of attorneys' mental impressions, strategies, analysis of

- 4 -

documents and testimony, and opinions regarding those materials' role in the proof of Plaintiffs' case, which is protected by the attorney work product doctrine.  Plaintiffs further object to this interrogatory on the ground that it is overbroad, unduly burdensome, harassing, and abusive of the discovery process because it requests that Plaintiffs state every fact concerning their entire First and Second Claims for Relief. It is also objectionable as unduly burdensome, harassing, and abusive of the discovery process because it is duplicative of Interrogatories Nos. 1-25 served by Defendant K-M Industries Holding Co., Inc., and of Interrogatories Nos. 1-22 served by Defendant K-M Industries Holding Co., Inc. ESOP Plan Committee.  Plaintiffs do not waive any other objection that may apply.

Subject to and without waiving the foregoing objections and their right to supplement any answers as further facts are discovered or to rely upon facts not described in this response, Plaintiffs provide the following response with respect to each Defendant:

**_KM Defendants_** *(K-M Industries Holding Co., Inc.; K-M Industries Holding Co. Inc. ESOP Plan Committee; CIG ESOP Plan Committee)*

Plaintiffs contend that the KM Defendants and William E. Moore, and each of them, breached their fiduciary duties of loyalty and prudence and engaged in a prohibited transaction by causing the Plans to pay more than fair market value for KMH stock; failing to conduct a thorough and independent review and adequately consider whether the October 1998 purchase of KMH Series P stock and the October 1999 purchase of KMH Series I stock from Defendant Moore Trust were in the best interests of the Plan participants; failing to undertake an adequate and independent valuation of the KMH stock prior to those transactions; failing to ensure that they secured an independent expert assessment of the fair market value of KMH stock prior to those transactions; failing to investigate adequately the qualifications of any and all valuation experts retained to prepare the valuations of KMH stock in connection with the transactions; failing to provide complete and accurate information regarding KMH to such valuation experts for use in the valuations prepared in connection with the transactions; failing to make certain that reliance on any and all valuation experts' advice was reasonably justified under the circumstances of the transactions; failing adequately to consider how KMH's potential asbestos liabilities

- 5 -

affected the value of KMH Series I and Series P stock; failing adequately to consider that the status of KMH Series I and Series P stock as "tracking stock" affected its value; failing to make an honest, objective effort to read the valuation reports, understand them, and question the methods and assumptions that did not make sense; failing to seek a refund of the KMH Plan's overpayment for KMH stock at any time between 1998 and the present; overvaluing the KMH stock purchased from Defendant Moore Trust by the KMH Plan in October 1998 and October 1999; withholding information about KMH's potential asbestos liabilities from valuators; and violating the terms of the plan document of the KMH Plan by refusing to redeem Plaintiff Smith's put option on the schedule established by the KMH Plan. Plaintiffs further incorporate by reference their responses to Interrogatory No. 6 of the K-M Industries Holding Co., Inc. ESOP Plan Committee's First Set of Interrogatories. Plaintiffs are unable to state further facts and identify further documents without revealing information protected by the attorney work-product doctrine, and on that basis will not further respond.

***Moore Trust Defendants*** *(William E. and Desiree B. Moore Revocable Trust and the trustees thereof; Desiree B. Moore Revocable Trust; William E. Moore Marital Trust; William E. Moore Generation-Skipping Trust; and Desiree B. Moore)*

Plaintiffs contend that the Moore Trust Defendants engaged in a prohibited transaction under ERISA because the William E. and Desiree B. Moore Revocable Trust was a party in interest to the Plan, and the Plan paid more than adequate consideration for the shares of KMH purchased in 1998 and 1999 as described above. The William E. and Desiree B. Moore Revocable Trust and Desiree B. Moore also knowingly participated in the breaches of fiduciary duty described above committed by William E. Moore and the KM Defendants, and Desiree B. Moore is also liable as a co-fiduciary because she enabled the breaches described above and did not prevent or make reasonable efforts to remedy the breaches described above. Plaintiffs are unable to respond further without revealing attorney work product or prematurely disclosing expert testimony. Plaintiffs will disclose expert reports in accordance with the Court's pre-trial scheduling order.

- 6 -

***Defendant North Star Trust Company***

Plaintiffs contend that Defendant North Star Trust Company breached its fiduciary duty to Plan beneficiaries by failing to: (1) adequately investigate whether the Plan paid more than fair market value for KMH stock in the October 1998 and October 1999 transactions; (2) adequately investigate whether the prior fiduciaries breached their fiduciary duties to the Plan, including by failing to adequately investigate whether the prior fiduciaries committed the breaches outlined above as committed by William E. Moore and the KM Defendants; and (3) take reasonable steps to remedy such breaches. Plaintiffs are unable to respond further without revealing attorney work product or prematurely disclosing expert testimony.

PLAINTIFFS' SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24 OF DEFENDANT NORTH STAR TRUST COMPANY'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

1   Dated: June 12, 2008

2                                   LEWIS, FEINBERG, LEE
                                    RENAKER & JACKSON, P.C.

3
                             By:    _Margo Hasselman_
4                                   Margo Hasselman

5
                                    Daniel Feinberg (CA State Bar No. 135983)
6                                   Todd F. Jackson (CA State Bar No. 202598)
                                    Margaret Hasselman (CA State Bar No. 228529)
7                                   Nina Wasow (CA State Bar No. 242047)
                                    Kirsten G. Scott (CA State Bar No. 253464)
8                                   LEWIS, FEINBERG, LEE, RENAKER &
                                    JACKSON, P.C.
9                                   1330 Broadway, Suite 1800
                                    Oakland, CA 94612
10                                  Telephone: (510) 839-6824
                                    Facsimile: (510) 839-7839
11
                                    Peter Rukin (CA State Bar No. 178336)
12                                  RUKIN HYLAND DORIA & TINDALL LLP
                                    100 Pine Street , Suite 725
13                                  San Francisco, CA  94111
                                    Telephone: (415) 421-1800
14                                  Facsimile: (415) 421-1700

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

PLAINTIFFS' SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24 OF DEFENDANT NORTH STAR TRUST
COMPANY'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

**PROOF OF SERVICE**

1

2       I, Vickie Martin, declare:

3       My business address is 1330 Broadway, Suite 1800, Oakland, California 94612.  I am

4    over the age of 18 years and not a party to the above-entitled action.

5

6       On June 12, 2008 I served:

7    **PLAINTIFFS' <u>SUPPLEMENTAL</u> RESPONSE TO INTERROGATORY NO. 24 OF
     DEFENDANT NORTH STAR TRUST COMPANY'S FIRST SET OF
8    INTERROGATORIES TO PLAINTIFFS**

9    on the persons listed below by electronic mail and by placing a true and correct copy thereof in a

10   United States Postal Service Mail Box, with First Class with postage prepaid, addressed as

11   follows:

12   Ronald Lovitt
     J. Thomas Hannan
13   Henry I. Bornstein
     LOVITT & HANNAN, INC.
14   900 Front Street, Suite 300
     San Francisco, CA 94111
15   Telephone: 415-362-8769
     E-mail: rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com
16

17   Robert L. Palmer
     Lauren A. Smith
     Caroline Walters
18   Paul B. Derby
     Allison K. Chock
19   HENNIGAN, BENNETT & DORMAN LLP
     865 South Figueroa Street, Suite 2900
20   Los Angeles, CA 90017
     Telephone: 213-694-1200
21   E-mail: Palmer@hbdlawyers.com, SmithL@hbdlawyers.com, WaltersC@hbdlawyers.com,
     DerbyP@hbdlawyers.com, ChockA@hbdlawyers.com
22

23   Nicole A. Diller
     Don Sullivan
24   Andrew C. Sullivan
     MORGAN, LEWIS & BOCKIUS LLP
25   One Market, Spear Street Tower
     San Francisco, CA 94105
26   Telephone: 415-442-1000
     E-mail: ndiller@morganlewis.com, dpsullivan@morganlewis.com, asullivan@morganlewis.com
27

     ***Attorneys for Defendants***
28

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 12, 2008, at Oakland, California.

Vickie Martin