IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS, individually and on behalf of a class of all other persons similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>K-M INDUSTRIES HOLDING CO., INC., et al.,<br><br>    Defendants. | No. C 06-7339 CW<br><br>ORDER GRANTING IN PART DEFENDANT NORTH STAR TRUST'S MOTION FOR LEAVE TO FILE UNDER SEAL (Docket No. 150) AND GRANTING NORTH STAR'S MOTION FOR AN ORDER REMOVING SEALABLE INFORMATION FROM THE PUBLIC RECORD (Docket No. 162) |

    Defendant North Star Trust Co. moves for leave to file under seal portions of its brief in support of its motion for summary judgment, as well as Exhibits 7, 20, 21, 22, 23, 41, 42, 44, 46, 52, 55, 57, 59, 60, 61, 71 and 73 and portions of Exhibit 66 to the Declaration of Nicole A. Diller submitted in support of its motion for summary judgment. These documents contain information that was designated as confidential by Defendant K-M Industries Holding Co., Inc. (KMH). In addition, North Star mistakenly filed in the public record certain other information that KMH had designated as

1  confidential.  North Star therefore moves separately for an order
2  removing the following information from the public record: Exhibits
3  3, 11, 33 and 75 to the Diller declaration, as well as portions of
4  Exhibits 1, 2, 9, 67 and 72 to the Diller Declaration.

5     North Star's requests are made in connection with a
6  dispositive motion.  Accordingly, the documents may not be filed
7  under seal unless there is a "compelling interest" in doing so.
8  Pintos v. Pac. Creditors Ass'n, 504 F.3d 792, 801-03 (9th Cir.
9  2007).  This is because the public interest favors filing all court
10 documents in the public record.  A compelling interest cannot be
11 established simply by showing that the document is subject to a
12 protective order or is considered confidential by a party, but
13 rather must be supported by a sworn declaration demonstrating with
14 particularity the need to file each document or portion thereof
15 under seal.  See id.; Local Rule 79-5(a).  If a document has been
16 designated as confidential by another party, that party must file a
17 declaration establishing good cause to file the document under
18 seal.  Local Rule 79-5(d).

19    KMH has filed two declaration in support of North Star's
20 motions.  In one declaration, KMH withdraws its designation of
21 confidentiality as to the information North Star previously
22 submitted under seal, except with respect to the following
23 documents or portions thereof:

- Exhibit 66, page 202, line 3 and page 260, lines 2-3;
- Exhibit 71;
- Exhibit 73; and
- Motion for summary judgment, page 12, lines 17-28 and

2

      lines 22-23.

KMH has established that these documents or portions thereof contain sensitive financial information or attorney-client communications for which a compelling interest exists to file under seal.

    KMH has likewise established that the following information, which North Star previously submitted in the public record, is sealable:

- Exhibit 1, pages KMH 1440-44, KMH 1446 and KMH 1448-74;
- Exhibit 2, pages 1-3, 5-6, 10-16, 20, 23-24, 31-37 and 52;
- Exhibit 3;
- Exhibit 9, pages 171-172;
- Exhibit 11;
- Exhibit 33;
- Exhibit 67, page 2, paragraphs 2 and 3;
- Exhibit 72, page 54; and
- Exhibit 75.

    Accordingly, North Star's motion for leave to file under seal is GRANTED IN PART and North Star's motion for an order removing sealable information from the public record is GRANTED.  The clerk shall file under seal North Star's motion for summary judgment and Exhibits 1, 2, 3, 9, 11, 33, 66, 67, 71, 72, 73 and 75 to the Diller declaration.  North Star must re-submit these documents to the clerk in a form suitable for filing, in compliance with Local

1  Rule 79-5.[1]  The clerk shall also remove the previously filed
2  Diller declaration (Docket No. 148), as well as all exhibits
3  thereto, from the public record.

4     North Star shall file in the public record via ECF a version
5  of its motion for summary judgment redacting only those portions,
6  identified above, as to which KMH has not withdrawn its designation
7  of confidentiality.  North Star shall also re-file in the public
8  record via ECF the Diller declaration and all exhibits thereto,
9  omitting or redacting only those documents or portions thereof
10 identified as sealable in this order.

11    Because the documents previously lodged with the Court are not
12 suitable for filing, the Clerk shall hold them for three days for
13 North Star to retrieve them, and, thereafter, if they are not
14 retrieved, dispose of them.

15    IT IS SO ORDERED.

17 Dated: 7/11/08

         _____
         CLAUDIA WILKEN
         United States District Judge

---

[1] The exhibits should be contained in a single document with substantially the same title as, "Exhibits 1, 2, 3, 9, 11, 33, 66, 67, 71, 72, 73 and 75 to the Declaration of Nicole A. Diller in Support of North Star Trust Company's Motion for Summary Judgment." The document must contain the complete version of each of these exhibits, not just the redacted portions.

4