1  HENNIGAN, BENNETT & DORMAN LLP
   J. Michael Hennigan (SBN 59491)
2  Robert L. Palmer (SBN 181462)
   Lauren A. Smith (SBN 94343)
3  Allison Chock (SBN 206015)
   Caroline Walters (SBN 239054)
4  865 South Figueroa Street, Suite 2900
   Los Angeles, California 90017
5  Telephone: (213) 694-1200
   Fax: (213) 694-1234
6  Email:  hennigan@hbdlawyers.com
           palmer@hbdlawyers.com
7          smithl@hbdlawyers.com
           chocka@hbdlawyers.com
8          waltersc@hbdlawyers.com

9  Attorneys for Defendants William E. and Desiree B. Moore
   Revocable Trust; Trustees of The William E. and Desiree B. Moore
10 Revocable Trust; Desiree B. Moore Revocable Trust;
   William E. Moore Marital Trust; William E. Moore
11 Generation-Skipping Trust; and Desiree Moore

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

                  SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH and TOSHA THOMAS, individually and on behalf of a class of all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLAIM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E AND DESIREE B. MOORE REVOCABLE TRUST'S SUCCESSOR TRUSTS NAMED ABOVE,<br><br>Defendants | Case No. C 06-07339 CW<br><br>**SEPARATE REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST, TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST, DESIREE B. MOORE REVOCABLE TRUST, WILLIAM E. MOORE MARITAL TRUST, WILLIAM E. MOORE GENERATION-SKIPPING TRUST AND DESIREE B. MOORE**<br><br>Date:   July 31, 2008<br>Time:   2:00 p.m.<br>Ctrm:   2, 4th Floor<br>Judge:  Hon. Claudia Wilken |

Case No. C 06-07339 CW                SEPARATE REPLY IN SUPPORT OF DESIREE MOORE AND
                                      TRUST DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
688212.02

## I. PLAINTIFFS FAIL TO DEMONSTRATE ANY AFFIRMATIVE ACTS OF CONCEALMENT BY THE MOORE TRUST DEFENDANTS OR DESIREE MOORE

It is undisputed that the Moore Trust,[1] the seller of the shares to the ESOPs, was a non-fiduciary party in interest to the initial 1998 and 1999 transactions. A non-fiduciary party in interest's liability under ERISA is strictly limited to equitable relief for its participation in a prohibited transaction. *Nieto v. Ecker*, 845 F.2d 868, 871 (9th Cir. 1988). As the Moore Trust Defendants indisputably had no fiduciary duties, Plaintiffs only allege a Section 1106 claim against them for the Moore Trust's participation in the alleged prohibited transactions. Having conceded this claim accrued in 1998 and 1999, in order to save it from the statute of repose, Plaintiffs must demonstrate "affirmative steps" taken to conceal the alleged Section 1106 violation. *Barker v. American Mobil Power Corp.*, 64 F.3d 1397, 1401-02 (9th Cir. 1995).

Plaintiffs fail to cite any evidence of such "affirmative steps." Rather, the "concealment" facts that Plaintiffs argue save their claims against the Moore Trust Defendants are that the Moores knew about asbestos litigation, and William Moore failed to disclose "his knowledge about the asbestos litigation" to employees, valuators and auditors. (Opp. pp. 38-40.)[2] As demonstrated in the Combined Reply, such failures to disclose do not rise to the level of fraudulent concealment. (Combined Reply, pp. 3-6.)

Plaintiffs' concealment theory against Desiree Moore is even more feeble. Plaintiffs cite no affirmative acts by Desiree Moore to conceal the alleged breaches in 1998 and 1999. The only specific facts Plaintiffs cite relating to Desiree Moore are that she was a co-trustee of the Moore Trust and a member of the boards of the various Kelly-Moore companies. Therefore, Plaintiffs argue, she had knowledge of Kelly-Moore's asbestos liability issues that she failed to disclose to, or

---

[1] Though not germane to this particular motion, as a matter of law, a trust cannot be "liable" for anything, as it is not a legal entity that can be sued. Rather, suit must be brought against the trustee in its representative capacity. Cal. Probate Code § 18004 (Thompson Reuters/West 2008); *Galdjie v. Darwish*, 113 Cal. App. 4th 1331, 1349 (2003).

[2] Plaintiffs also assert that Desiree Moore-Trustee is "legally chargeable with Mr. Moore's acts of concealment, because she did nothing to stop them." (Opp. p. 40.) Plaintiffs cite no evidence to support their statement that Mrs. Moore "did nothing to stop" Mr. Moore.

-2-

Case No. C 06-07339 CW    SEPARATE REPLY IN SUPPORT OF DESIREE MOORE AND TRUST DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

688212.02

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

Case 4:06-cv-07339-CW    Document 206    Filed 07/17/2008    Page 3 of 3

under Plaintiffs' new theory, "conceal from" participants. (Opp. p. 40.) Again, the mere failure to disclose does not rise to the level of fraudulent concealment within the meaning of Section 1113.

Accordingly, as Plaintiffs' claims are all barred by the statute of repose, summary judgment should be granted in favor of the Moore Trust Defendants and Desiree Moore.

DATED: July 17, 2008

HENNIGAN, BENNETT & DORMAN LLP

By: _____/s/_____
J. Michael Hennigan

Attorneys for Defendants
WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE

-3-
Case No. C 06-07339 CW           SEPARATE REPLY IN SUPPORT OF DESIREE MOORE AND TRUST DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
688212.02