MORGAN, LEWIS & BOCKIUS LLP
Nicole A. Diller (State Bar No. 154842)
Donald P. Sullivan (State Bar No. 191080)
Andrew C. Sullivan (State Bar. No. 226902)
One Market, Spear Street Tower
San Francisco, California 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for North Star Trust Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS,<br><br>Plaintiffs,<br><br>vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; ADMINISTRATOR OF THE ESTATE OF WILLIAM E. MOORE, DECEASED; CIG ESOP PLAN COMMITTEE; and NORTH STAR TRUST COMPANY,<br><br>Defendants. | Case No. C06-07339 CW<br><br>**NORTH STAR TRUST COMPANY'S SEPARATE MEMORANDUM IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE STATUTE OF LIMITATIONS PURSUANT TO THIS COURT'S JULY 2, 2008 ORDER**<br><br>Date:     July 31, 2008<br>Time:    2:00 p.m.<br>Dept.:    Courtroom 2, 4th Floor<br>Judge:   Hon. Claudia Wilken |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NORTH STAR TRUST CO.'S REPLY TO PLAINTIFFS' OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT
CASE NO. C06-07339 CW

## I. THE COMPLAINT'S REFERENCE TO ERISA SECTION 405 CANNOT REASONABLY BE READ TO PERTAIN TO NORTH STAR

Plaintiffs' Opposition contends that the Second Amended Complaint ("SAC") asserts a claim against North Star under ERISA Section 405(a)(3), 29 U.S.C. § 1105(a)(3). Opp., p. 46. In addition to the reasons stated in the Combined Reply, the SAC's reference to Section 405 failed to put North Star on notice of a separate claim against it because ERISA Section 409(b), 29 U.S.C. § 1109(b), precludes assertion of such claim against North Star as a matter of law. ERISA Section 405(a)(3) relates to liability for breach by a co-fiduciary, providing liability where one fiduciary "has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach." 29 U.S.C. § 1105(a)(3). That section does not apply to North Star, who Plaintiffs admit serves as a successor fiduciary, not a co-fiduciary. Rather, ERISA Section 409(b) governs North Star's liability this situation. It states:

> **§ 409.  Liability for breach of fiduciary duty.**
>
> (b) ***No fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary*** or after he ceased to be a fiduciary.

29 U.S.C. § 1109(b) (emphasis added); *Steinman v. Hicks*, 252 F.Supp.2d 746, 755 (C.D. Ill. 2003) (granting summary judgment to defendants on ground that they could not be held liable for a breach of fiduciary duty that occurred before they became fiduciaries); *see also Brugos v. Nannenga*, 2005 WL 1528370, at *3 (N.D. Ind. June 24, 2005) ("Because 29 U.S.C. § 1109(b) expressly precludes any liability for breaches that occurred prior to a fiduciary's appointment, it is beyond doubt that Mr. Bohlen and Mr. Novak cannot prove a set of facts that would entitle them to relief on their claims against Post-Purchase Trustees").

The district court for the District of Columbia recently considered the interplay between ERISA Sections 405(a) and 409(b). *Stephens v. U.S. Airways Group*, 2008 WL 2103426 (D.D.C. May 20, 2008). In *Stephens*, the plaintiffs brought an action against the Pension Benefits Guarantee Corporation ("PBGC") for failure to remedy the fiduciary breaches of its predecessor fiduciary, U.S. Airways. The PBGC moved for summary judgment on the ground that ERISA

Section 409(b) prevents it from being held liable for the breaches of its predecessor. Like the Plaintiffs in the instant case, the *Stephens* plaintiffs argued that they were not seeking to hold the PBGC liable for the alleged breaches of U.S. Airways, but were instead seeking to hold the PBGC liable for failing to remedy U.S. Airways' alleged breaches. The district court rejected the argument and granted summary judgment to the PBGC. *Id.* at *5. Reasoning that Congress must have intended to give both Sections 405(a)(3) and 409(b) meaning, the court held that Section 405(a)(3) applies to situations in which two or more fiduciaries are serving as fiduciaries at the same time (*i.e.*, co-fiduciaries), while Section 409(b) applies to the liability of a successor fiduciary. *Id.* Because the PBGC served as a successor fiduciary to U.S. Airways, not as its co-fiduciary, ERISA Section 409(b) precluded holding the PBGC liable for "a past but unremedied breach" by U.S. Airways. *Id.* at *6. [1]

Plaintiffs admit that North Star was not a fiduciary of the ESOP at the time of the 1998 and 1999 transactions. Opp., p. 46:2-6. Because Plaintiffs' purported claim under ERISA Section 405(a)(3) contravenes ERISA's provisions governing liability of successor trustees, the SAC failed to put North Star on notice of the claim discussed in Plaintiff's Opposition memorandum. Accordingly, the Court should grant judgment for North Star.

**II.    CONCLUSION**

For the reasons discussed above, North Star Trust Company respectfully requests the Court grant its motion and enter judgment for North Star.

Dated: July 17, 2008                                    MORGAN, LEWIS & BOCKIUS LLP

By:  /S/ Nicole A. Diller
    Nicole A. Diller
    Donald P. Sullivan
    Attorneys for North Star Trust Company

DB2/20763111.1

---

[1] Plaintiffs citation to *Silverman v. Mutual Benefit Life Ins. Co.*, 138 F.3d 98 (2d Cir. 1998), does not change this conclusion. *Silverman* did not consider ERISA Section 409(b) at all in reaching its conclusion, relying instead on the Restatement (Second) of Trusts § 223(2). Reliance on trust law to determine an issue of ERISA interpretation is inappropriate where that law conflicts with the plain language of ERISA. *United States v. Lanier*, 520 U.S. 259, 267 n. 6 (1997); *Reves v. Ernst & Young*, 507 U.S. 170, 177 (1993); *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980).

MORGAN, LEWIS & BOCKIUS LLP
Nicole A. Diller (State Bar No. 154842)
Donald P. Sullivan (State Bar No. 191080)
Andrew C. Sullivan (State Bar. No. 226902)
One Market, Spear Street Tower
San Francisco, California 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for North Star Trust Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS<br><br>Plaintiffs,<br><br>vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; ADMINISTRATOR OF THE ESTATE OF WILLIAM E. MOORE, DECEASED; CIG ESOP PLAN COMMITTEE; and NORTH STAR TRUST COMPANY,<br><br>Defendants. | Case No. C06-07339 CW<br><br>**DECLARATION OF DONALD P. SULLIVAN IN SUPPORT OF NORTH STAR TRUST COMPANY'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: July 31, 2008<br>Time: 2:00 p.m.<br>Dept.: Courtroom 2, 4th Floor<br>Judge: Hon. Claudia Wilken |

I, Donald P. Sullivan, declare and state as follows:

1. I am an attorney with the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis"), attorneys of record for Defendant North Star Trust Company ("North Star"). I am licensed to practice law in the State of California and have been admitted to practice in the Northern District of California. Except as otherwise indicated, I have direct and personal knowledge of the facts set forth in this Declaration and, if called and sworn as a witness, I would competently testify to these facts.

2. On May 22, 2008 at approximately 4:30 p.m., Nicole A. Diller and I participated in a telephonic meet and confer session with Daniel M. Feinberg, counsel for Plaintiffs in the instant action, regarding an outstanding discovery issue. Following the discussion regarding the discovery issue, Mr. Feinberg briefly discussed the holding in the Ninth Circuit's opinion *Landwehr v. DuPree*, 72 F.3d 726 (9th Cir. 1995). The discussion of the *Landwehr* case did not last more than three to four minutes.

Dated: July 17, 2008                    Respectfully submitted,

                                          /S/ Donald P. Sullivan

DB2/20768972.1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Declaration ISO Combined Reply to Plaintiffs' Opp.
to Defendants' Motion for Summary Judgment
CASE NO. C06-07339 CW