1  Ronald Lovitt, Bar No. 040921
   J. Thomas Hannan, Bar No. 039140
2  Henry I. Bornstein, Bar No. 75885
   Terence F. Young, Bar No. 069943
3  LOVITT & HANNAN, INC.
   900 Front Street, Suite 300
4  San Francisco, California 94111
5  Telephone: (415) 362-8769
   Facsimile: (415) 362-7528
6  *rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com, tfylaw@earthlink.net*

7  Attorneys for Defendants K-M Industries
   Holding Co. Inc.; K-M Industries Holding Co.
8  Inc. ESOP Plan Committee; and CIG ESOP
9  Plan Committee

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH and TOSHA THOMAS, individually and on behalf of a class of all others similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>K-M INDUSTRIES HOLDING CO., INC., *et al.*,<br><br>                Defendants. | Case No. C06-07339 CW<br><br>**[REDACTED]**<br><br>**SEPARATE REPLY OF DEFENDANTS K-M INDUSTRIES HOLDING CO. INC., K-M INDUSTRIES HOLDING CO. INC. ESOP PLAN COMMITTEE, AND CIG ESOP PLAN COMMITTEE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: July 31, 2008<br>Hearing Time: 2:00 p.m.<br>Courtroom:   2, 4th Floor<br>Judge:       Hon. Claudia Wilken |

CASE C06-07339 CW          SEPARATE REPLY OF KMH DEFENDANTS IN SUPPORT OF MSJ

**THE KMH DEFENDANTS' DISCLOSURES REGARDING THE ASBESTOS LAWSUITS ARE INCONSISTENT WITH ANY EFFORT TO CONCEAL INFORMATION**

The uncontested evidence establishes that as information became available, the KMH defendants made numerous and repeated disclosures concerning the asbestos lawsuits, potential asbestos liability and the potential impact of this litigation on the ESOP. (A more complete description of all of these communications is contained in the Ferrari, Cristiano and Cazzolla declarations and exhibits filed with KMH Defendants' Motion for Summary Judgment.) This evidence entirely negates any claim of active concealment from plan participants or auditors.

At the time of the ESOP transactions, the asbestos cases were considered a minor problem, and were typically being dismissed without payment or settled for small amounts, usually no more than $500. Cristiano Decl. ¶ 3. There is no dispute that in 1998 and 1999, the company had hundreds of millions of dollars of asbestos liability insurance and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ferrari Decl. ¶¶ 5, 6, 8, 11. A letter to the company from Ms. Mills dated December 12, 1998 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ferrari Decl. ¶ 11, Ex. 4. Cristiano Decl. ¶¶ 3-8; Ferrari Decl. ¶¶ 5-8. Plaintiffs have produced no evidence from which it could be concluded that the KMH defendants believed anything to the contrary in 1998 and 1999.

As the lawsuits multiplied, a July 25, 2000 letter from Ms. Mills ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Cristiano Decl., ¶ 8, Ex. 4 at p. 2.

In 2001, lawsuits against Kelly-Moore began to increase as "first tier" defendants declared bankruptcy and plaintiffs began suing "secondary" defendants. Wasow Opp. Decl., ¶ 27, Ex. 25, at page 4. In May 2001, the company ESOP newsletter advised participants that their share price could be adversely affected by "product liability issues such as asbestos litigation." Cristiano Decl. ¶ 9, Ex. 4; Ferrari Decl. ¶ 15, Ex. 5. In August 2001, Kelly-Moore sustained a surprising $55 million jury

1 verdict in a Texas asbestos case ("*Hernandez*"), a watershed event for the Company and its counsel.
2 KMH had suddenly and unexpectedly become a primary, rather than periphery, target of the
3 asbestos plaintiffs bar. The October 2001 ESOP newsletter expressly referenced the *Hernandez*
4 verdict, and cautioned that asbestos litigation "continues to be a concern to the financial health and
5 the stock price of the Company." Ferrari Decl. ¶ 15, 16, Ex. 5; Stritmatter Decl. at ¶¶ 14, 15; Ex. 10,
6 Ex. 11.

    Repeated communications between 2001 and 2004 continued to reflect new information as it was received by the company, with the advice to Participants culminating in repeated blunt warnings by both operating companies beginning in early 2002 that the asbestos litigation was likely to "severely affect" their ESOP accounts, and advising Participants to diversify their retirement assets. Ferrari Decl. ¶ 17-24, Exs. 7-14; Cazzolla Decl. ¶ 6-10, 15-19, Exs. 2, 3, 8

    Ernst & Young, the company's auditors upon which the ESOP valuators relied, were also kept fully informed. The K-M Fiscal Year 2000 financial statement included a note ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Wasow Opp. Decl., ¶ 68, Ex. 66, at page 15. As the situation worsened, this was reflected by the company's disclosures to Ernst & Young, with the financial statement for Fiscal Year 2001 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Stritmatter Decl., ¶¶ 16, 17, Ex. 12 at 15, Ex. 13 at 18-19.

    There is no evidence that the KMH defendants "actively concealed" the asbestos litigation or its potential effects on the value of the ESOP stock. The undisputed evidence concerning the disclosures by the KMH defendants after the ESOP transactions is inconsistent with any effort to conceal the truth about the asbestos litigation, and no evidence exists to support such a finding.

DATED: July 17, 2008        LOVITT & HANNAN, INC.

By_____/s/_____
Henry I. Bornstein
Attorneys for Defendants K-M Industries Holding
Co., Inc.; K-M Industries Holding Co., Inc. ESOP
Plan Committee; and CIG ESOP Plan Committee