Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
Henry I. Bornstein, Bar No. 75885
Terence F. Young, Bar No. 069943
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 362-8769
Facsimile: (415) 362-7528
rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com, tfylaw@earthlink.net

Attorneys for Defendants K-M Industries
Holding Co. Inc.; K-M Industries Holding Co.
Inc. ESOP Plan Committee; and CIG ESOP
Plan Committee

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH and TOSHA THOMAS, individually and on behalf of a class of all others similarly situated,<br><br>　　　　　Plaintiffs,<br>v.<br>K-M INDUSTRIES HOLDING CO., INC., et al.,<br><br>　　　　　Defendants. | Case No. C06-07339 CW<br><br>**DECLARATION OF TERENCE F. YOUNG IN SUPPORT OF KMH DEFENDANTS' ADMINISTRATIVE MOTION TO FILE PORTION OF SEPARATE REPLY UNDER SEAL**<br><br>**CIVIL LOCAL RULE 79-5(b) and (c)** |

I, Terence F. Young, declare:

1. I am an attorney licensed to practice in the State of California and before this Court. I am associated with Lovitt & Hannan, Inc., attorneys for Defendants K-M Industries Holding Co. Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee, and CIG ESOP Plan Committee (the

"KMH defendants") in this matter. I have custody of the relevant files of Lovitt & Hannan, Inc. related to this action and am familiar with the contents thereof. I make this declaration pursuant to L.R. 79-5(b) and (c) to establish that certain information designated by defendants to be confidential, and acknowledged by the Court to be sealable by its Order dated July 3, 2008, is referred to by the KMH defendants in support of the concurrently-filed Separate Reply of Defendants K-M Industries Holding Co. Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee, and CIG ESOP Plan Committee in Support of Motion for Summary Judgment should be sealed and not made part of the Court's public files.

2. K-M Industries Holding Co. Inc. ("KMH") is a privately-held corporation comprising two operating subsidiaries, Kelly-Moore Paint Company and Capital Insurance Group. Prior to 1999, KMH was known as Kelly Moore Paint Co., Inc. KMH maintains its financial and accounting records, minutes of directors and shareholders meetings, and other materials related to its operation and operating results in strictest confidence and treats such matters as trade secrets. KMH's shares are not traded publicly and the estimated value of those shares is likewise a closely-guarded trade secret of KMH. Both of KMH's subsidiaries are engaged in highly-competitive industries. Revealing KMH's confidential information in the public records of this Court potentially could harm the privacy interests of KMH and put it and its subsidiaries at a competitive disadvantage.

3. Plaintiffs' claims in the captioned lawsuit are premised on alleged violations of Employee Retirement Income Security Act ("ERISA"). In the context of such litigation, the courts have established that certain communications between ERISA Plan administrators, acting as fiduciaries, and the attorneys retained by them, that normally would be protected from discovery by the attorney-client privilege, are subject to a "fiduciary exception" to that privilege. As a consequence, the attorney-client privilege does not bar the discovery by Plan beneficiaries, such as plaintiffs in this action, of otherwise privileged communications. *United States v. Mett*, 178 F.3d 1058, 1063 (9th Cir. 1999). Communications subject to the fiduciary exception retain their

privileged status as to anyone other than the fiduciary and the beneficiaries. Some documents and declarations submitted by the KMH defendants in support of their motion for summary judgment were produced in discovery in this matter because they were subject to the fiduciary exception. Nevertheless, the KMH defendants continue to claim privilege as to such documents and testimony and continue to assert a claim of privilege as to anyone other than defendants and plaintiffs in this lawsuit.

4. Listed below are locations and descriptions of the portions of the separate reply brief which they seek to have sealed and the basis for KMH's claim that such information either is privileged or confidential.

5. Separate Reply Brief, page 1:12-14: This portion of the Reply describes an attorney-client communication that was discoverable in this case due to the application of the fiduciary exception.

6. Separate Reply Brief, page 1:15-17: This portion of the Reply describes an attorney-client communication that was discoverable in this case due to the application of the fiduciary exception.

7. Separate Reply Brief, page 1:20-23: This portion of the Reply describes an attorney-client communication that was discoverable in this case due to the application of the fiduciary exception.

8. Separate Reply Brief, page 2:13-15: This portion of the Reply describes the contents of a financial report issued by KMH's accountants which information is maintained as confidential by the company.

//

//

//

//

9. Separate Reply Brief, page 2:17-19: This portion of the Reply describes the contents of a financial report issued by KMH's accountants which information is maintained as confidential by the company.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 17, 2008

*[signature]*
Terence F. Young

CASE C06-07339 CW         -4-    DECLARATION OF TERENCE F. YOUNG IN SUPPORT OF KMH DEFENDANTS' ADMIN. MOTION TO FILE SEPARATE REPLY DOCS. UNDER SEAL