```
Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
Henry I. Bornstein, Bar No. 75885
Terence F. Young, Bar No. 069943
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, California  94111
Telephone:  (415) 362-8769
Facsimile:  (415) 362-7528
rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com, tfylaw@earthlink.net
```

Attorneys for Defendants K-M Industries
Holding Co. Inc.; K-M Industries Holding Co.
Inc. ESOP Plan Committee; and CIG ESOP
Plan Committee

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH and TOSHA THOMAS, individually and on behalf of a class of all others similarly situated, <br><br>                   Plaintiffs, <br><br> v. <br><br> K-M INDUSTRIES HOLDING CO., INC., *et al.*, <br><br>                   Defendants. | Case No. C06-07339 CW <br><br> **DECLARATION OF TERENCE F. YOUNG IN SUPPORT OF DEFENDANTS K-M INDUSTRIES HOLDING CO., INC., K-M INDUSTRIES HOLDING CO. INC. ESOP PLAN COMMITTEE AND CIG ESOP PLAN COMMITTEE'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF COMBINED REPLY MEMORANDUM UNDER SEAL** <br><br> **CIVIL LOCAL RULE 79-5(b) and (c)** |

I, Terence F. Young, declare:

    1.    I am an attorney licensed to practice in the State of California and before this Court. I am associated with Lovitt & Hannan, Inc., attorneys for Defendants K-M Industries Holding Co. Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee, and CIG ESOP Plan Committee (the

1  "KMH defendants") in this matter. I have custody of the relevant files of Lovitt & Hannan, Inc.
2  related to this action and am familiar with the contents thereof. I make this declaration pursuant to
3  L.R. 79-5(b) and (c) to establish that certain information designated by defendants to be confidential
4  (and acknowledged by the Court to be sealable by its earlier Orders related to defendants' motions
5  for summary judgment) and referred to by defendants in support of the concurrently-filed Combined
6  Reply in Support of Defendants' Motions for Summary Judgment should be sealed and not made
7  part of the Court's public files.
8      2.   K-M Industries Holding Co. Inc. ("KMH") is a privately-held corporation comprising
9  two operating subsidiaries, Kelly-Moore Paint Company and Capital Insurance Group. Prior to
10 1999, KMH was known as Kelly Moore Paint Co., Inc. KMH maintains its financial and accounting
11 records, minutes of directors and shareholders meetings, and other materials related to its operation
12 and operating results in strictest confidence and treats such matters as trade secrets. KMH's shares
13 are not traded publicly and the estimated value of those shares is likewise a closely-guarded trade
14 secret of KMH. Both of KMH's subsidiaries are engaged in highly-competitive industries.
15 Revealing KMH's confidential information in the public records of this Court potentially could
16 harm the privacy interests of KMH and put it and its subsidiaries at a competitive disadvantage.
17     3.   Plaintiffs' claims in the captioned lawsuit are premised on alleged violations of
18 Employee Retirement Income Security Act ("ERISA"). In the context of such litigation, the courts
19 have established that certain communications between ERISA Plan administrators, acting as
20 fiduciaries, and the attorneys retained by them, that normally would be protected from discovery by
21 the attorney-client privilege, are subject to a "fiduciary exception" to that privilege. As a
22 consequence, the attorney-client privilege does not bar the discovery by Plan beneficiaries, such as
23 plaintiffs in this action, of otherwise privileged communications. *United States v. Mett*, 178 F.3d
24 1058, 1063 (9th Cir. 1999). Communications subject to the fiduciary exception retain their
25 privileged status as to anyone other than the fiduciary and the beneficiaries. Some documents and

declarations submitted by the KMH defendants in support of their motion for summary judgment were produced in discovery in this matter because they were subject to the fiduciary exception. Nevertheless, the KMH defendants continue to claim privilege as to such documents and testimony and continue to assert a claim of privilege as to anyone other than defendants and plaintiffs in this lawsuit.

4.  Listed below are locations and descriptions of the portions of the Combined Reply which they seek to have sealed and the basis for KMH's claim that such information either is privileged or confidential.

5.  Combined Reply, page 1:18-22: This portion of the Combined Reply describes an attorney-client communication that was discoverable in this case due to the application of the fiduciary exception.

6.  Combined Reply, pages 3, portion of footnote 6: This portion of the Combined Reply describes an attorney-client communication that was discoverable in this case due to the application of the fiduciary exception.

7.  Combined Reply, pages 3-4, portions of footnote 7: This portion of the Combined Reply describes an attorney-client communication that was discoverable in this case due to the application of the fiduciary exception and a separate communication from counsel for KMH on the subject of a potential private sale of the company.

8.  Combined Reply, page 5, portions of footnote 8: This portion of the Combined Reply describes an attorney-client communication that was discoverable in this case due to the application of the fiduciary exception.

9.  Combined Reply, page 6:13.5-18.5: This portion of the Combined Reply describes an attorney-client communication that was discoverable in this case due to the application of the fiduciary exception and contents of a financial report issued by KMH's accountants which information is maintained as confidential by the company.

CASE C06-07339 CW   -3-   DECLARATION OF TERENCE F. YOUNG IN SUPPORT OF KMH DEFENDANTS' ADMIN. MOTION TO FILE COMBINED REPLY UNDER SEAL

10. Combined Reply, page 6, portions of footnote 9: This portion of the Combined Reply describes an attorney-client communication that was discoverable in this case due to the application of the fiduciary exception and contained in a financial report issued by KMH's accountants which information is maintained as confidential by the company.

11. Combined Reply, pages 7:10.5-8:1: This portion of the Combined Reply describes an attorney-client communication that was discoverable in this case due to the application of the fiduciary exception.

12. Combined Reply, page 7, portions of footnote 10: This portion of the Combined Reply describes attorney-client communications that were discoverable in this case due to the application of the fiduciary exception.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 17, 2008

/s/
Terence F. Young

CASE C06-07339 CW    -4-    DECLARATION OF TERENCE F. YOUNG IN SUPPORT OF KMH DEFENDANTS' ADMIN. MOTION TO FILE COMBINED REPLY UNDER SEAL