Ronald Lovitt, Bar No. 040921
J. Thomas Hannan, Bar No. 039140
Henry I. Bornstein, Bar No. 75885
Terence F. Young, Bar No. 069943
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, California  94111
Telephone:  (415) 362-8769
Facsimile:  (415) 362-7528
*rl@lh-sf.com, jth@lh-sf.com, hib@lh-sf.com, tfylaw@earthlink.net*

Attorneys for Defendants K-M Industries
Holding Co. Inc.; K-M Industries Holding Co.
Inc. ESOP Plan Committee; and CIG ESOP
Plan Committee

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH and TOSHA THOMAS, individually and on behalf of a class of all others similarly situated,<br><br>  Plaintiffs,<br>v.<br><br>K-M INDUSTRIES HOLDING CO., INC., *et al.*,<br><br>  Defendants. | Case No. C06-07339 CW<br><br>**DECLARATION OF TERENCE F. YOUNG ESTABLISHING THAT INFORMATION DESIGNATED BY THE MOORE TRUST DEFENDANTS IN THEIR ADMINISTRATIVE MOTION FOR AN ORDER TO REMOVE PORTIONS OF EXHIBITS 1 AND 2 TO THE SUPPLEMENTAL DECLARATION OF CAROLINE M. WALTERS (DOCKET NO. 207) FROM THE PUBLIC RECORD AND PLACE THE REMOVED PORTIONS OF THE EXHIBITS UNDER SEAL IS SEALABLE**<br><br>**CIVIL LOCAL RULE 79-5(d)** |

I, Terence F. Young, declare:

1. I am an attorney licensed to practice in the State of California and before this Court. I am associated with Lovitt & Hannan, Inc., attorneys for Defendants K-M Industries Holding Co. Inc., K-M Industries Holding Co. Inc. ESOP Plan Committee, and CIG ESOP Plan Committee (the "KMH defendants") in this matter. I have custody of the relevant files of Lovitt & Hannan, Inc. related to this action and am familiar with the contents thereof. I make this declaration pursuant to L.R. 79-5(d) to establish that certain documents designated by the Moore Trust Defendants in their Administrative Motion for an Order to Remove Portions of Exhibits 1 and 2 to the Supplemental Declaration of Caroline M. Walters (Docket No. 207) from the Public Record and Place the Removed Portions of the Exhibits Under Seal (the "Moore Trust Administrative Motion") are sealable and should be sealed and not made part of the Court's public files.

2. K-M Industries Holding Co. Inc. ("KMH") is a privately-held corporation comprising two operating subsidiaries, Kelly-Moore Paint Company and Capital Insurance Group. Prior to 1999, KMH was known as Kelly Moore Paint Co., Inc. KMH maintains its financial and accounting records and other materials related to its operation and operating results in strictest confidence and treats such matters as trade secrets. KMH's shares are not traded publicly and the estimated value of those shares is likewise a closely-guarded trade secret of KMH. Both of KMH's subsidiaries are engaged in highly-competitive industries. Revealing KMH's confidential information in the public records of this Court potentially could harm the privacy interests of KMH and put it and its subsidiaries at a competitive disadvantage.

3. Plaintiffs' claims in the captioned lawsuit are premised on alleged violations of Employee Retirement Income Security Act ("ERISA"). In the context of such litigation, the courts have established that certain communications between ERISA Plan administrators, acting as fiduciaries, and the attorneys retained by them, that normally would be protected from discovery by

the attorney-client privilege, are subject to a "fiduciary exception" to that privilege. As a consequence, the attorney-client privilege does not bar the discovery by Plan beneficiaries, such as plaintiffs in this action, of otherwise privileged communications. *United States v. Mett*, 178 F.3d 1058, 1063 (9th Cir. 1999). Communications subject to the fiduciary exception retain their privileged status as to anyone other than the fiduciary and the beneficiaries. Some documents and declarations submitted by the KMH defendants in support of their motion for summary judgment were produced in discovery in this matter because they were subject to the fiduciary exception. Nevertheless, the KMH defendants continue to claim privilege as to such documents and testimony and continue to assert a claim of privilege as to anyone other than defendants and plaintiffs in this lawsuit.

4. Listed below are descriptions of the portions of the exhibits referred to in the Moore Trust Administrative Motion. These descriptions provide the basis for KMH's claim that portions of such exhibits are protected by the attorney client privilege.

5. The Moore Trust submitted the documents described below as exhibits to the combined reply to defendants' motions for summary judgment without designating them as to be filed under seal notwithstanding that they contain descriptions of attorney-client communications.

6. **Moore Trust Exhibit No. 1, pages 205 and 206 of Deposition of Stephen Ferrari.** This two page portion of the Ferrari deposition comprises testimony describing communications between Mr. Ferrari, an officer of KMH, and counsel for the company, Cheryl Mills. Such information was discoverable in this matter pursuant to the fiduciary exception to the attorney-client privilege but remains privileged as to third persons.

7. **Moore Trust Exhibit No. 2, pages 128 and 132 of Deposition of Joseph Cristiano.**

These two pages of the Cristiano deposition comprise testimony describing communications between Mr. Cristiano, an officer of KMH, and counsel for the company, Cheryl Mills. Such information was discoverable in this matter pursuant to the fiduciary exception to the attorney-client privilege but remains privileged as to third persons.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 21, 2008

                                                  /s/
                                     Terence F. Young