Daniel Feinberg – CA Bar No. 135983
Todd F. Jackson – CA Bar No. 202598
Margaret E. Hasselman – CA Bar No. 228529
Nina Wasow – CA Bar No. 202047
Kirsten G. Scott – CA Bar No. 253464
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, California 94612
Telephone: (510) 839-6824
Facsimile:  (510) 839-7839
Email:  dfeinberg@lewisfeinberg.com
Email:  tjackson@lewisfeinberg.com
Email:  mhasselman@lewisfeinberg.com
Email:  nwasow@lewisfeinberg.com
Email:  kscott@lewisfeinberg.com

*Attorneys for Plaintiffs and the Class*
(Additional counsel on signature page)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS, individually and on behalf of a class of all other persons similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST'S SUCCESSOR TRUSTS NAMED ABOVE,<br><br>    Defendants. | Case No. C-06-07339 CW<br><br>**ORDER<br>(1) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT, (2) APPROVING NOTICE AS TO FORM AND CONTENT, (3) DIRECTING THE MAILING OF NOTICE, and (4) SCHEDULING FAIRNESS HEARING AND RELATED DATES** |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, ETC.
[CASE NO. C-06-07339 CW]

1   After discovery, certification of the Class, and mediation, and notwithstanding their adversarial positions in this matter, Plaintiffs, on behalf of themselves and the Class (as approved by the Court's order dated June 26, 2008) and Defendants K-M Industries Holding Co., Inc., K-M Industries Holding Co., Inc. ESOP Plan Committee, CIG ESOP Plan Committee ("KMH Defendants"), and William E. and Desiree B. Moore Revocable Trust, Trustees of the William E. and Desiree B. Moore Revocable Trust, Desiree B. Moore Revocable Trust, William E. Moore Marital Trust, William E. Moore Generation-Skipping Trust, Desiree B. Moore ("Moore Trust Defendants"), (the KMH Defendants and Moore Trust Defendants are collectively referred to as the "Settling Defendants") (collectively the "Settling Parties"), by and through their respective counsel, negotiated a partial settlement of this litigation.  The terms of the proposed settlement are set forth in the fully executed proposed Amended & Restated Stipulation and Agreement of Settlement ("Settlement" or "Settlement Agreement," attached hereto as Exhibit A).

On November 14, 2008, Plaintiffs filed a Motion for Preliminary Approval of Partial Class Action Settlement.  In their Motion, Plaintiffs requested that this Court preliminarily approve the Settlement, approve a proposed Notice of Proposed Partial Class Action Settlement to Class members, ("Notice," attached hereto as Exhibit B) and the mailing of such Notice, and schedule a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate.  Having reviewed the Settlement Agreement and Motion, along with the Parties' prior submissions in this matter, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

**I.     Background**

In this lawsuit Plaintiffs Thomas Fernandez, Lora Smith, and Tosha Thomas ("Plaintiffs") allege claims against the KMH Defendants, the Moore Trust Defendants, and North Star for violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), including claims for prohibited transactions and breach of fiduciary duty.  The claims against the KMH Defendants and the Moore Trust Defendants arise out of the October 13, 1998 sale of 33,745,455 shares of KMH Class P-B stock (tracking the performance of Kelly-Moore Paint, a KMH subsidiary) to the KMH Employee Stock Ownership Plan ("ESOP"), for $232 million, and

1   the October 18, 1999 sale of 8,400,000 shares of KMH Series I stock (tracking the performance

2   of California Capital Insurance Company, also a KMH subsidiary) to the ESOP for $55 million.

3   Because KMH is not a publicly traded company, valuation firms prepared valuation reports for

4   the 1998 and 1999 transactions.  Plaintiffs allege, on behalf of themselves and the Class (as

5   approved by the Court's order dated June 26, 2008), that the valuations were not done properly

6   because, among other things, the valuations failed to consider the effect of the asbestos litigation

7   pending against Kelly-Moore Paint on the value of the stock, and that the share price in both

8   transactions was too high.  Plaintiffs allege that the KMH and Moore Trust Defendants breached

9   their fiduciary duties and engaged in prohibited transactions by causing the ESOP to purchase

10  shares of the KMH stock at an inflated price.  The KMH and Moore Trust Defendants have

11  disputed, and continue to dispute, Plaintiffs' allegations, and deny any liability for any of the

12  claims that have or could have been alleged by Plaintiffs or the Class.

13      As against North Star, Plaintiffs allege that it breached its fiduciary duties after it was

14  appointed as successor trustee to the ESOP in 2003 by failing to take appropriate steps to

15  investigate and remedy breaches of fiduciary duty by Mr. Moore and his co-fiduciaries.  North

16  Star denies these allegations.  The Settling Parties were not able to reach a settlement with North

17  Star, and thus North Star is not a party to the Settlement Agreement.

18  **II.     Preliminary Approval of the Terms of the Settlement Agreement**

19      The Court has reviewed the terms of the Settlement Agreement attached as Exhibit A, and

20  all of the parties' briefing on the Motion for Preliminary Approval.  Based on that review, the

21  Court concludes that the Settlement has no obvious defects and is within the ranges of possible

22  Settlement approval such that notice to the Class is appropriate.

23      The Court has also read and considered the declaration of Todd Jackson in support of

24  preliminary approval.  Based on review of this declaration, the Court concludes that the

25  Settlement was negotiated at arms length and is not collusive.  The Court further finds that Class

26  Counsel were fully informed about the strengths and weaknesses of the Class's case as against the

27  Settling Defendants when they entered into the Settlement Agreement.

28      Accordingly, the Court hereby grants preliminary approval to the Settlement Agreement.

### III. Approval of the Form and Manner of Distributing Class Notice

Plaintiffs have also submitted for this Court's approval a proposed Class Notice. The proposed Notice, attached hereto as Exhibit B, appears to be the best notice practical under the circumstances and appears to allow Class Members a full and fair opportunity to consider the proposed Settlement and develop a response.

The proposed plan for distributing the Class Notice is as follows: within 20 days of entry of this Order granting preliminary approval of the Settlement, the Class Notice shall issue. Within 1 day of entry of this Order, Settling Defendants shall provide Class Counsel with the addresses of the Class Members, and then the third-party claims administrator shall mail a copy of the Notice by first class mail, with the costs of sending the Notice to be incurred by Class Counsel (which will be included in the cost application for which Class Counsel will apply). This proposed plan for distribution of the Class Notice appears to be a reasonable method calculated to reach all members of the Class who would be bound by the Settlement. There appears to be no additional method of distribution that would be reasonably likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan.

### IV. Procedures for Final Approval of the Settlement

#### A. Fairness Hearing

The Court hereby schedules, for the 7th day of May, 2009, at the hour of 2:00 p.m., a hearing to determine whether to grant final approval of the Settlement Agreement (the "Fairness Hearing").

#### B. Deadline for Class Counsel to File a Motion for Final Approval, Petition for an Award of Attorneys' Fees and Reimbursement of Expenses, and Petition for Approval of Service Payments to Plaintiffs.

No later than Friday, March 27, 2009, Plaintiffs will file, in one motion, a Motion for Final Approval of the Settlement Agreement, a Petition for the payment of attorneys' fees and expenses to Class Counsel, and a Petition for approval of service payments to be made to the Class representatives. Class Counsel may file a reply to any opposition memorandum filed by any objector no later than Friday, May 1, 2009.

### C. Deadline for Filing Objections to the Settlement.

Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement must do so in writing. To be considered, any such objection must be filed with the Clerk of the Court by certified mail, the address of which is provided in the Notice, and also sent to the Claims Administrator, at the address provided in the Notice, via First-Class United States mail. To be considered, the objection papers must be post-marked no later than 45 days following the date on which Notice of the Settlement was sent to Class Members. An objector who wishes to appear at the Fairness Hearing, either in person or through counsel hired by the objector, must state his or her intention to do so at the time the objector submits his/her written objections.

The Claims Administrator shall stamp the date received on the original and send copies of each objection to the Parties by facsimile, electronic mail and first class mail not later than three calendar days after receipt thereof. On or before Friday, May 1, 2009, the Settling Parties may file with the Court written responses to any filed objections.

DATED: January 23, 2009

_____
Hon. Claudia Wilken
United States District Judge