MORGAN, LEWIS & BOCKIUS LLP
D. Ward Kallstrom (State Bar No. 76937)
Nicole A. Diller (State Bar No. 154842)
Donald P. Sullivan (State Bar No. 191080)
One Market, Spear Street Tower
San Francisco, California 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for North Star Trust Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS<br><br>Plaintiffs,<br><br>vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E AND DESIREE B. MOORE REVOCABLE TRUST'S SUCCESSOR TRUSTS NAMED ABOVE,<br><br>Defendants. | Case No. C06-07339 CW<br><br>**NORTH STAR TRUST COMPANY'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, FOR ENTRY OF JUDGMENT**<br><br>Date:     October 22, 2009<br>Time:     2:00 P.M.<br>Dept.:    Courtroom 2, 4th Floor<br>Judge:    Hon. Claudia Wilken |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NSTC'S MOT. FOR LEAVE TO FILE MOT. FOR RECONSIDERATION
OR, ALTERNATIVELY, FOR ENTRY OF JUDGMENT
CASE NO. C06-07339 CW

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant North Star Trust Company ("NSTC") moves the Court pursuant to Civil Local Rule 7-9 for leave to file a motion for reconsideration of a portion of the Order Denying North Star's Motion for Judgment on the Pleadings and Granting the Settling Parties' Cross Motion for Judgment on the Pleadings, dated August 21, 2009 [Dkt. #330] ("Order").  Pursuant to Local Rule 7-9, this motion for leave is not noticed for a hearing.

Alternatively, NSTC moves the Court pursuant to Federal Rule of Civil Procedure 54(b) for entry of judgment as to William E. and Desiree B. Moore Revocable Trust, Trustees of the William E. and Desiree B. Moore Revocable Trust, CIG ESOP Plan Committee, Desiree B. Moore Revocable Trust, William E. Moore Marital Trust, William E. Moore Generation-Skipping Trust, and Desiree Moore, both in her individual capacity and as trustee of the William E. and Desiree B. Moore Revocable Trust's Successor Trusts named above (collectively, the "Moore Trust Defendants"), K-M Industries Holding Co., Inc. ("KMH"), and the K-M Industries Holding Co., Inc. ESOP Plan Committee (collectively, the "Settling Defendants").  This alternative motion is noticed for hearing on October 22, 2009 at 2:00 p.m., or as soon after that time as counsel may be heard, in Courtroom 2 of the above-entitled Court, located at 1301 Clay Street, Oakland, California.

This motion is based upon this Notice of Motion and Motion, the accompanying memorandum of points and authorities and Declaration of Donald P. Sullivan ("Sullivan Dec."), all records on file with the Court relating to this matter, and any and all argument provided by counsel at the hearing.

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

The Order states that Section 2(b) of the October 13, 1998 and October 18, 1999 Stock Purchase Agreements (the "Stock Purchase Agreements") requires the Moore Trust Defendants to transfer funds to the trustee in the event of a finding that the employee stock ownership plan in this case (the "ESOP") paid more than adequate consideration under the agreements. The Order holds that such requirement "does not suggest that the trustee may keep the funds for itself," and that "[i]t is inconceivable that the parties to the agreements would have intended the trustee itself to benefit financially from an overpayment." Order at 16. The Order concluded that Section 2(b) "does not require the Moore Trust Defendants to indemnify [NSTC] for this breach." *Id.*

NSTC respectfully requests leave to move the Court to reconsider its ruling on Section 2(b) of the Stock Purchase Agreement. The Court's pronouncements make clear that it misapprehended NSTC's argument respecting the enforcement of Section 2(b) of the Stock Purchase Agreements, in several respects. First, Section 2(b) does not use the word "indemnify" and is not an indemnity clause. It is part of a contract (the Stock Purchase Agreements) between the selling shareholders (the Moore Trust) and the ESOP trustee, which is enforceable by a successor trustee such as NSTC (as of the time it brought its cross-claim). Order at 15. Section 2(b) states that if a court determines that the fair market value of the shares at the time the ESOP acquired them was less than the purchase price, the selling shareholders will pay to the ESOP, through its trustee, the difference (with interest). In order for NSTC to be liable under Plaintiffs' theory that it failed in 2003 to recover the difference for the ESOP, the Court will have to find that the fair market value of the shares acquired by the ESOP was less than the purchase price. Therefore, the selling shareholders will be required to pay the ESOP that difference. All that NSTC asks the Court to do is to enforce the contract. As an indirect result, enforcing the contract will end this litigation.[1]

---

[1] *See* Transcript of August 6, 2009 Hearing, Sullivan Dec. Ex. A, at 15:10-14 (in response to Court's question whether "the participants [can] recover twice," Plaintiffs' counsel states, "The participants can't. They can only recover the money once." *Accord, id.* at 16:15-24.

Second, the Order ignores the fact that even though Plaintiffs' settlement with the Moore Trust includes an agreement by them not to collect additional money from the Moore Trust, the right to collect against the Moore Trust under the terms of the Stock Purchase Agreements was never Plaintiffs' to give away. That right belongs to the trustee acting on behalf of the ESOP. Plaintiffs may not renegotiate a contractual right owned by the ESOP just by settling with the other party to the contract.

In the alternative, NSTC requests the Court to enter final judgment in favor of the Settling Defendants because the claims against them that have been decided by the Court are distinct and severable from the claims remaining in the case, and because there is no just reason for delaying the entry of final judgment with respect to the claims asserted against the Settling Defendants.

## II.  THE COURT SHOULD GRANT NSTC LEAVE TO FILE A MOTION FOR RECONSIDERATION

This Court "has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005). Pursuant to Local Rule 7-9, NSTC is required to show, as part of its motion for leave to file a motion for reconsideration, "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." L.R. 7-9(b)(3).

To hold NSTC liable, Plaintiffs must prove that (1) NSTC breached a fiduciary duty to the ESOP by failing to take reasonable actions to correct the alleged misconduct of the Settling Defendants that took place under the Stock Purchase Agreements in 1998 and 1999, and (2) that breach caused harm to the Plan. *See Silverman v. Mutual Benefit Life Ins. Co.*, 138 F.3d 98, 104 (2d Cir. 1998) (liability for successor trustee "***to the extent loss results*** from the successor trustee's failure to take . . . remedial measures" to correct the known breach of a prior trustee); *Friend v. Sanwa Bank Cal.*, 35 F.3d 466, 469 (9th Cir. 1994) (no liability absent "showing that harm resulted from" fiduciary's breach); *Moreland v. Behl*, No. C-92-1238 MHP, 1996 U.S. Dist. LEXIS 5653, at *30 (N.D. Cal. Apr. 17, 1996) (fiduciary only liable for breaches of predecessor fiduciaries to the extent it had knowledge and plaintiffs can "trace any damages to" the fiduciary's failure to take action).

For Plaintiffs to prove the second element—that NSTC's alleged breach of the duty to investigate and remedy the 1998 and 1999 transactions harmed the ESOP—they must prove first that the ESOP overpaid for the stock it received in those transactions, and second that NSTC's failure to investigate caused the ESOP a loss. *See Fernandez v. K-M Indus. Holding Co.*, 585 F. Supp. 2d 1177, 1184 (N.D. Cal. 2008) (finding that NSTC's potential liability is dependent upon "the alleged breaches of fiduciary duty that took place before it was appointed the ESOP trustee"). If this Court does indeed find that the ESOP overpaid for the stock under the Stock Purchase Agreements, the Moore Trust is required, under those agreements, to refund the overpayment with interest. Order at 15 ("section 2[(b)] of the stock purchase agreements provided that the Moore Trust would transfer to Mr. Moore, as trustee of the ESOP, any amounts that the ESOP was found by a court to have overpaid for the stock"). Because of Section 2(b), even if NSTC had failed to fulfill a duty to investigate, its failure could not, as a matter of law, have caused harm to the ESOP.

### A. NSTC Does Not Contend that Section 2(b) Is an Indemnity Clause or Gives NSTC the Right to Retain Overpayments that the Moore Trust Refunds to NSTC For the Benefit of the ESOP

In the first place, the Court plainly misconstrued NSTC's arguments, and misread the text of Section 2(b), when it treated the provision as an indemnity clause, and refused to enforce it on the basis that the Court believed NSTC intended to benefit financially from Section 2(b). Order at 16. Section 2(b) manifestly is not an indemnity clause, as it does not use the word "indemnity"; and NSTC does not contend that it may keep any payment from the Moore Trust for itself. NSTC has always maintained that application of Section 2(b) of the Stock Purchase Agreements would result in the return of ESOP property to the trustee ***for the benefit of the ESOP participants***. *See* Transcript of August 6, 2009 Hearing ("Transcript") at 8:18-20, 9:14-16 (stating that enforcement of Section 2(b) would result in the return of overpayment to the ESOP participants) (attached as Exhibit A to the Declaration of Donald P. Sullivan, filed herewith).[2]

---

[2] Similarly, NSTC argued in its opening brief that Section 2(b) required a "refund [of] the excess consideration to the Trustee" (North Star Trust Company's Notice of Motion, Motion, and Supporting Memorandum for Judgment on the Pleadings at 1:5-14 (Dkt. 274 filed Feb. 5, 2009)) and that the Moore Trust "promised to refund any excess consideration if it was ever determined

### B. Plaintiffs Cannot Compromise NSTC's Contractual Rights

Second, the right to collect against the Moore Trust manifestly was not Plaintiffs' to give away. That right belongs to the trustee acting on behalf of the ESOP.[3] As the Court held, the Stock Purchase Agreements "require[] the Moore Trust Defendants to return to the ESOP any amounts they are found to have wrongfully received as a result of the plan's overpayment." *Id.* at 15-16.[4] NSTC's cross-claim against the Moore Trust Defendants seeks to enforce that contractual requirement regardless of whether the Court finds that NSTC breached alleged duties to investigate and to remedy its predecessors' conduct. The Court should enforce that contractual provision. Because the Moore Trust received the benefit of any overpayment the Court concludes occurred in 1998 and/or 1999, it is just and fitting that the burden to make the ESOP whole for any such overpayment fall on the Moore Trust.[5] Simply put, that is what Section 2(b) is all about.

NSTC is not seeking to keep the funds for itself; nor is NSTC seeking to "benefit financially from an overpayment." Order at 16. NSTC is merely seeking a judgment that, in the event the Court finds that the ESOP overpaid under the Stock Purchase Agreements, the Court will enforce Section 2(b) of those agreements.[6] To hold otherwise would allow the Moore Trust

---

that the Moore Trust received too much money from the ESOP's trustee" (*id.* at 3:21-23). On reply, NSTC argued that Section 2(b) meant the Moore Trust was "require[d] . . . to make the Plan whole." North Star Company's Opposition to Plaintiffs' and Settling Defendants' Motion for Judgment on the Pleadings and Reply in Support of Its Motion for Judgment on the Pleadings at 16:7-19 (Dkt. 307 filed May 28, 2009). *See also* Sullivan Dec., Ex. A at 5:19-6:17.

[3] Although the Court found nothing in the Stock Purchase Agreements to suggest that Section 2(b) "provides that the Moore Trust, and no one else, can be called upon to compensate the ESOP for an overpayment," Order at 16, that fact does not eviscerate the Agreements.

[4] The Order does not mention the last sentence of Section 2(b). It provides that the Selling Shareholder shall also pay "interest at a reasonable rate from the date [of the Agreements] to the date of payment" on the amount of the refunded overpayment.

[5] Recognizing that Plaintiffs' settlement with the Moore Trust Defendants was intended to include restitution for any 1998-99 overpayments, the settlement requires the class to credit the Moore Trust Defendants with any liability they are found to have under Section 2(b). By holding that Section 2(b) cannot be enforced, the Order has created a risk of liability for NSTC that did not exist before the settlement. It is inconsistent with due process to permit Plaintiffs and the Settling Defendants by their settlement to create a new liability risk for NSTC.

[6] True, a ruling enforcing Section 2(b) would indirectly benefit NSTC by mooting Plaintiffs' claim against NSTC in the amount of the overpayments (plus interest). However, ERISA permits a fiduciary to receive an incidental benefit from its actions on behalf of a plan. *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 445-46 (9th Cir. 1999) (fiduciary does not breach its duty

1  Defendants to escape their obligations to the ESOP and to keep amounts that Section 2(b) ensured
2  would be returned to the ESOP.
3       Although Plaintiffs' settlement with the Moore Trust includes an agreement that they will
4  not collect additional money from the Moore Trust, the right to collect from the Moore Trust was
5  not Plaintiffs' to negotiate away. That right belongs to the trustee acting on behalf of the ESOP.
6       NSTC respectfully requests leave to file a motion for reconsideration because the Court's
7  Order manifestly misconstrues Section 2(b), fails to consider NSTC's dispositive arguments, and
8  interferes with NSTC's contractual rights.

9  **III.**    **IN THE ALTERNATIVE, THE COURT SHOULD ENTER FINAL JUDGMENT AS TO THE SETTLING DEFENDANTS PURSUANT TO FRCP 54(b)**
10

11       Should this Court deny NSTC's request for leave to file a Motion for Reconsideration,
12  NSTC respectfully requests that the Court enter final judgment as to all claims asserted against
13  the Settling Defendants under Federal Rule of Civil Procedure 54(b) because the Order finally
14  extinguishes all possible liability against the Settling Defendants in this case and there is no just
15  reason for delaying entry of such judgment.

16       **A.**    **Standard for Issuing a Final Order Pursuant to FRCP 54(b)**
17       Rule 54(b) permits a court in a multi-party case to enter a final judgment in favor of a
18  party before the case is completely resolved. *Curtiss-Wright Corp. v. General Electric Co.*, 446
19  U.S. 1, 7-8 (1980); *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519,
20  1524 (9th Cir. 1987). Rule 54(b) states, in relevant part:

21  > **Judgment on Multiple Claims or Involving Multiple Parties.**
22  > When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final
23  > judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for
24  > delay.

25  Fed. R. Civ. P. 54(b).

26  ---
27  if it is incidentally benefited by administration of pension plan); *Morse v. Stanley*, 732 F.2d 1139 (2d Cir. 1984) (it is not a fiduciary violation to take a course of action that promotes interests of
28  plan participants simply because it incidentally benefits a fiduciary).

The Supreme Court has outlined the appropriate considerations in entering a judgment under Rule 54(b). *Curtiss-Wright Corp.*, 446 U.S. at 7-8, *citing Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956). First, the district court must determine that the judgment would be indeed final, meaning that it represents the ultimate disposition of a claim or set of claims. *Curtiss-Wright Corp.*, 446 U.S. at 7. If the claims subject to the judgment are sufficiently legally and factually severable from the remaining claims, entry of a final judgment under Rule 54(b) is proper under this first consideration. *Continental Airlines, Inc.*, 819 F.2d at 1525.

Second, the district court must find that there is no just reason for delaying the entry of judgment. *Id*. at 8. In making that determination, the district court must consider both judicial administrative interests and fairness to the parties. *Id.* In evaluating judicial administrative interests, the district court should consider whether entry of a final judgment will result in the appellate court considering the same issues or facts more than once, and whether the claims finally adjudicated are separate, distinct, and independent of the other claims or counterclaims in the case. *Id.*; *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991). Regarding the equities and fairness to the litigants, the court should consider the impact of delay on the affected parties. *Curtiss-Wright Corp.*, 446 U.S. at 11; *AmerisourceBergen Corp.*, 465 F.3d at 955.

**B.     The Court Has Disposed of All Claims Against the Settling Defendants**

On May 8, 2009, the Court granted final approval of the settlement between the Plaintiffs and the Settling Defendants (the "Settlement"). *See* Dkt. # 299. In so doing, it overruled NSTC's objection to the fairness of the Settlement's release of claims against the Moore Trust Defendants under the Stock Purchase Agreements. In approving the Settlement, the Court dismissed with prejudice all claims against the Settling Defendants, except for NSTC's cross-claims. *See* Dkt. # 299, ¶ 5.

On August 21, 2009, the Court entered the Order, which (barring reconsideration) completely extinguished the Settling Defendants' potential liability arising out of NSTC's cross-claims. The parties' obligations under the Stock Purchase Agreements were at issue in the cross-claims, as was KMH's duty to defend and indemnify NSTC under its engagement agreement.

In light of both orders, no claims remain as to the Settling Defendants. Because the Order finally adjudicated the remaining claims against the Settling Defendants in the case, the Order fully disposes of the claims against the Settling Parties for purposes of Rule 54(b). *Continental Airlines, Inc.*, 819 F.2d at 1524; *see Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 817 (9th Cir. 1982) (holding that district court did not abuse its discretion in finding that judgment disposing of case between two parties to a multi-party lawsuit was an appropriate final judgment under Rule 54(b)).

### C.    No Reason Exists to Delay Entry of Judgment

The Court should enter final judgment as to the claims against the Settling Defendants because no reason exists to delay the appeal of these rulings. The claims against the Settling Defendants, which have been settled or finally adjudicated by the Court, are distinct from the remaining issues in the case, which focus exclusively on the conduct of NSTC. The Court has held that Plaintiffs' claims against NSTC do not attempt to hold NSTC vicariously liable for the acts of the Settling Defendants but rather focus on NSTC's own alleged acts or omissions. *See* Order Denying North Star's Motion for Summary Judgment, 12:7-13; 17:25-18:3 [Dkt. No. 237]. As the Court stated in its Order Denying NSTC's Motion for Summary Judgment, "Plaintiffs are not directly challenging the 1998 and 1999 transactions through their claims against North Star; they are challenging <u>North Star's failure</u> to remedy breaches made by other fiduciaries in connection with the 1998 and 1999 transaction. This failure, which is independently actionable under 29 U.S.C. § 1105(a)(3) [sic], took place long after the dates of the transactions themselves." Order Denying North Star's Motion for Summary Judgment, 17:25-18:3 [Dkt. No. 237] (emphasis in original). Hence, Plaintiffs' claims against NSTC are legally and factually distinct from those of NSTC against the Settling Defendants. Accordingly, appeal can be taken on the fairness of the partial settlement and the appropriateness of the Court's ruling on NSTC's cross-claims without causing the appellate court "to decide the same issue more than once even if there [are] subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8.

Further, the interests of the parties strongly favor entry of a final judgment. NSTC's cross-claims asserted the right to defense and indemnification from the Settling Defendants. A

material element of the agreement to advance defense costs is that advances will be made *concurrently*, as defense costs are incurred. *See, e.g.,* Declaration of Nicole A. Diller, Ex. 3 (Trustee Engagement Agreement) at p. 5 ("the reasonable fees and expenses of the Indemnitees' counsel shall be paid by the Company as they are incurred"), filed on February 5, 2009 [Dkt. #275]. Advancement of defense costs as they are incurred is essential to NSTC's rights under the agreements. If defense costs are not paid as they are incurred, NSTC will be severely prejudiced, as it will be forced to bear the financial burden of litigation itself. As a result, the interests of justice support entry of judgment as to the Settling Defendants for the prompt and final resolution of NSTC's cross-claims against them.

## IV. CONCLUSION

For the reasons discussed above, NSTC respectfully requests that the Court grant NSTC leave to file a motion for reconsideration of its Order Denying North Star's Motion for Judgment on the Pleadings and Granting the Settling Parties' Cross-Motion for Judgment on the Pleadings on the sole issue of the enforceability of Sections 2(b) of the Stock Purchase Agreements. In the alternative, NSTC respectfully requests that the Court enter final judgment in favor of the Settling Defendants.

DATED: September 17, 2009              MORGAN, LEWIS & BOCKIUS LLP

By: _____/s/ D. Ward Kallstrom_____
    D. Ward Kallstrom
    Nicole A. Diller
    Donald P. Sullivan
    Attorneys for Defendant North Star Trust Company

DB2/21297633