IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FERNANDEZ; LORA SMITH; and TOSHA THOMAS, individually and on behalf of a class of all other persons similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, both in her individual capacity and as trustee of the William E. and Desiree B. Moore Revocable Trust's successor trusts named above,<br><br>    Defendants.<br>_____/ | No. C 06-7339 CW<br><br>ORDER DENYING NORTH STAR'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND ALTERNATIVE MOTION FOR ENTRY OF JUDGMENT AGAINST SETTLING DEFENDANTS |

Defendant North Star Trust Company moves for leave to file a motion for reconsideration of the Court's August 21, 2009 Order Denying North Star's Motion for Judgment on the Pleadings and Granting the Settling Parties' Cross Motion for Judgment on the

Pleadings (Docket No. 330). North Star also moves, in the alternative, for entry of judgment under Federal Rule of Civil Procedure 54(b) as to the William E. and Desiree B. Moore Revocable Trust; Trustees of the William E. and Desiree B. Moore Revocable Trust; CIG ESOP Plan Committee; Desiree B. Moore Revocable Trust; William E. Moore Marital Trust; William E. Moore Generation-Skipping Trust; Desiree Moore, both in her individual capacity and as trustee of the William E. and Desiree B. Moore Revocable Trust's successor trusts; K-M Industries Holding Co., Inc; and the K-M Industries Holding Co., Inc., ESOP Plan Committee (collectively, Settling Defendants).

I.  Motion for Leave to File a Motion for Reconsideration

Civil Local Rule 7-9(a) provides, "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." A motion for leave to file a motion for reconsideration may be granted if the moving party shows a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." N.D. Cal. Civ. L.R. 7-9(b)(3). A party may not simply repeat arguments made in support of or in opposition to the interlocutory order. L.R. 7-9(c).

In its August 21, 2009 Order, the Court concluded that Section 2(b) "does not require the Moore Trust Defendants to indemnify North Star . . . ." August 21, 2009 Order at 16. North Star now claims that the Court "plainly misconstrued NSTC's arguments" and "misread the text of Section 2(b)" when it interpreted the section as an indemnity clause. Mot. at 4. However, North Star's position here contradicts its earlier one. In its Motion for Judgment on

2

the Pleadings, North Star maintained that it succeeded to Mr. Moore's indemnification rights under the 1998 and 1999 stock purchase plans. North Star's Opp'n and Reply Re: Cross Motions for J. on the Pleadings at 14-15. Referring to Section 2(b), North Star stated that "it automatically assumed [Mr. Moore's] rights to indemnity under the terms of the Stock Purchase Plan." Id. at 15. To further support its argument, North Star also asserted that the Settling Parties "admit[ted] that section 2(b) of the stock purchase agreements indemnify NSTC against claims of overpayment . . . ." Id. at 16. The Court interpreted Section 2(b) as North Star represented it. North Star cannot use a reconsideration motion to introduce a new argument that contradicts its earlier one.

North Star also asserts that Section 2(b) cannot be an indemnification clause because it simply requires "the return of Employee Stock Option Program (ESOP) property to the trustee for the benefit of ESOP participants." Mot. at 4. This argument fails for the reasons stated above. Moreover, as North Star points out, it raised this argument at the hearing. Id.; Tr. of August 6, 2009 Hearing at 8:18-20, 9:14-16. In its current motion, North Star merely repeats the argument and does not show that the Court manifestly failed to consider it.

Finally, North Star argues that the Court's Order interferes with North Star's contractual rights pursuant to Section 2(b) because the Order allows Plaintiffs to "negotiate away" North Star's rights. Mot. at 5-6. This is a restatement of North Star's argument in the prior motion. See Opp'n and Reply at 16-17.

For the foregoing reasons, the Court DENIES North Star's

3

motion for leave to file a motion for reconsideration.

## II. Alternative Motion for Rule 54(b) Entry of Judgment

North Star argues that final judgment should enter against Settling Defendants because "the claims against them that have been decided by the Court are distinct and severable from the claims remaining in the case . . . ." Mot. at 3. Settling Defendants argue that there is substantial factual overlap between the settled and remaining claims, and to enter judgment at this stage would result in multiple appeals to the Ninth Circuit.

Federal Rule of Civil Procedure 54(b) provides,

> When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

A court has discretion in determining whether a Rule 54(b) judgment should enter. See Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (citing Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)). In exercising its discretion, a court must consider "judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Curtiss-Wright, 446 U.S. at 8 (citation omitted).

Entry of final judgment against Settling Defendants is not appropriate at this time. North Star asserts that legal and factual issues would not appear before the Ninth Circuit more than once. In particular, North Star asserts that, because factual

4

issues concerning whether it breached its fiduciary duty have not yet been resolved, they would not be the subject of an appeal if a partial final judgment were entered under Rule 54(b).  See Reply at 8.  While this may be true, North Star's argument impliedly concedes that it would file multiple appeals.  This would be inefficient and contravene the policy against piecemeal appeals.  Therefore, North Star's alternative motion is DENIED.

   IT IS SO ORDERED.

Dated: October 20, 2009

CLAUDIA WILKEN
United States District Judge

5