Daniel Feinberg – CA Bar No. 135983
Todd F. Jackson – CA Bar No. 202598
Margaret E. Hasselman – CA Bar No. 228529
Nina Wasow – CA Bar No. 202047
Kirsten G. Scott – CA Bar No. 253464
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, California 94612
Telephone: (510) 839-6824
Facsimile:  (510) 839-7839
Email:  dfeinberg@lewisfeinberg.com
Email:  tjackson@lewisfeinberg.com
Email:  mhasselman@lewisfeinberg.com
Email:  nwasow@lewisfeinberg.com
Email: kscott@lewisfeinberg.com

*Attorneys for Plaintiffs and the Class*
(Additional counsel on signature page)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS, individually and on behalf of a class of all other persons similarly situated, | Case No. C-06-07339 CW |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST'S SUCCESSOR TRUSTS NAMED ABOVE, | Date:       January 21, 2010<br>Time:       2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge:      Hon. Claudia Wilken |
| Defendants. | |

PLAINTIFFS' MOTION FOR PRELIM. APPROVAL OF SETTLEMENT
[CASE NO. C-06-07339 CW]

1    NOTICE IS HEREBY GIVEN that on January 21, 2010, at 2:00 p.m., or as soon

2    thereafter as the matter may be heard in the above-entitled Court, and pursuant to the Court's

3    December 14, 2009 Order, *see* Dkt. No. 380, that the Motion for Preliminary Approval will be

4    decided on the papers, Plaintiffs Thomas Fernandez, Lora Smith, and Tosha Thomas ("Class

5    Plaintiffs") will and hereby do move the Court as follows:

6    1.    To preliminarily approve the Stipulation and Agreement of Settlement

7    ("Settlement" or "Settlement Agreement") between Class Plaintiffs, on behalf of themselves and

8    the Class (as approved by the Court's order dated June 26, 2008) and Defendant North Star Trust

9    Company ("NSTC"), as well as the Moore Trust Defendants and the KMH Defendants

10   (collectively the "Settling Parties"), by and through their respective counsel.

11   2.    To approve the form and authorize the mailing of the Notice of Proposed

12   Class Action Settlement to Class Members.

13   3.    To confirm the schedule set forth in the Court's December 14, 2009 Order

14   regarding notice to the class, the deadline for objections, and final approval of the Settlement.

15   This motion is based on the Settlement Agreement, the Memorandum of Points

16   and Authorities filed herewith and in support of this Motion, the Declaration of Todd Jackson in

17   Support of Plaintiffs' Motion for Preliminary Approval of Settlement, and all other papers filed in

18   this Action.

19   Dated:   January 4, 2010          Respectfully submitted,

20                                     LEWIS, FEINBERG, LEE,
21                                     RENAKER & JACKSON, P.C.

22                             By:    /s/  Todd Jackson
                                      Todd Jackson

23                                    Peter Rukin – CA State Bar No. 178336
24                                    RUKIN HYLAND DORIA
                                      & TINDALL LLP
25                                    100 Pine Street, Suite 725
                                      San Francisco, CA 94111
26                                    Telephone: (415) 421-1800
                                      Facsimile: (415) 421-1700
27                                    Email: peterrukin@rhddlaw.com

                                      *Attorneys for Plaintiffs and the Class*
28

1

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

3        Class representatives Thomas Fernandez, Lora Smith, and Tosha Thomas ("Class

4   Plaintiffs"), on behalf of themselves and the Class, have reached a settlement agreement

5   ("Settlement Agreement" or "Settlement") with North Star Trust Company ("NSTC") that

6   provides for a payment of $15,000,000 in return for a release of the claims against NSTC.  In

7   addition, the Moore Trust Defendants and KMH Defendants have executed the settlement

8   agreement and have entered into the releases set forth therein and described below.  Class

9   Counsel believe this Settlement, negotiated at arms length after three years of hard-fought

10  litigation, to be a fair and reasonable resolution of the claims against NSTC.  Accordingly,

11  pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs request that the Court (i)

12  preliminarily approve the settlement of this litigation; (ii) approve the Notice of Proposed Class

13  Action Settlement ("Notice"); (iii) authorize the mailing of Notice; and (iv) confirm the schedule

14  set forth in the Court's December 14, 2009 Order, Dkt. No. 380, including that it will hold a final

15  fairness hearing with respect to the proposed Settlement, the proposed incentive awards to Class

16  Plaintiffs, and the petition of Class Counsel for an award of attorneys' fees and costs on April 22,

17  2010.  Setting a final approval hearing three months after the Court preliminarily approves the

18  Settlement would give more than sufficient time to mail the Notice and give Class Members an

19  opportunity to comment on the Settlement.

20  **I.      HISTORY AND STATUS OF THE CASE.**

21        Plaintiffs filed this class action lawsuit on November 29, 2006.  The operative complaint,

22  the Second Amended Complaint (Corrected), was filed on January 18, 2008.  In this case

23  Plaintiffs brought claims against the KMH Defendants,[1] the Moore Trust Defendants,[2] and NSTC

24  for violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"),

25

26  [1] The KMH Defendants are the K-M Industries Holding Co., Inc., the K-M Industries Holding Co., Inc. ESOP Plan Committee, and the CIG ESOP Plan Committee.

27  [2] The Moore Trust Defendants are the William E. and Desiree B. Moore Revocable Trust, the Trustees of the William E. and Desiree B. Moore Revocable Trust, the Desiree B. Moore Revocable Trust, the William E. Moore Marital Trust, the William E. Moore Generation-Skipping Trust, and Desiree Moore, both in her individual capacity and as trustee of the William E. and Desiree B. Moore Revocable Trust's successor trusts named above.

28

1  including claims for prohibited transactions and breach of fiduciary duty.  Plaintiffs requested

2  injunctive, declaratory, and monetary relief.

3      Plaintiffs reached a settlement agreement with the KMH and Moore Trust Defendants on

4  October 30, 2008, wherein the KMH and Moore Trust Defendants paid $40 million in return for a

5  release of claims against them.  The Court granted final approval of that settlement on May 8,

6  2009.  *See* Order, Dkt. No. 299.  The claims against the KMH and Moore Trust Defendants arose

7  from the October 13, 1998 sale of 33,745,455 shares of KMH Series P-B stock (tracking the

8  performance of Kelly-Moore Paint Company, Inc., a KMH subsidiary) to the KMH Employee

9  Stock Ownership Plan ("ESOP"), for $232 million, and the October 18, 1999 sale of 8,400,000

10  shares of KMH Series I-B stock (tracking the performance of California Capital Insurance

11  Company, now renamed Capital Insurance Group, also a KMH subsidiary) to the ESOP for $55

12  million.  Because KMH is not a publicly-traded company, valuation firms prepared valuation

13  reports for the 1998 and 1999 transactions.  Plaintiffs alleged that the valuations were not done

14  properly because, among other things, the valuations failed to consider the effect of the asbestos

15  litigation pending against Kelly-Moore Paint on the value of the stock, and that the share price in

16  both transactions was too high.  The KMH and Moore Trust Defendants denied these allegations.

17  These claims were settled, and are no longer at issue in this case.

18      As for the claims against NSTC, Plaintiffs allege that NSTC breached its fiduciary duties

19  after it was appointed as successor trustee to the ESOP in 2003 by failing to take appropriate steps

20  to investigate and remedy breaches of fiduciary duty by Mr. Moore and his co-fiduciaries at the

21  time of the original transactions.  North Star denies these allegations.

22      Plaintiffs and NSTC conducted a mediation with Layn Phillips, a former federal judge, on

23  November 18, 2009.[3]  On November 25, 2009, with Layn Phillips's assistance, the parties entered

24  into a short-form settlement agreement.  Plaintiffs and NSTC executed a more formal Settlement

25  Agreement on December 23, 2009.  This Settlement was reached only after three years of hard-

26

27  _____

    [3] Plaintiffs and NSTC engaged in two previous mediations as well, conducted by Anthony Piazza
28  in October 2008 (which included the KMH and Moore Trust Defendants as well), and by Gary
    McGowan in July 2009; however, neither of those mediations resulted in a settlement between
    Plaintiffs and NSTC.

1   fought litigation, and Plaintiffs' Counsel believe it is an excellent deal for the Class.

2   **II.      TERMS OF THE PROPOSED SETTLEMENT.**

3           The terms of the Proposed Settlement Agreement are set forth in the Stipulation and

4   Agreement of Settlement, a true and correct copy of which is attached to the Proposed

5   Preliminary Approval Order as Exhibit A.  In short, the Settlement Agreement provides for a

6   payment of $15,000,000 by NSTC, inclusive of payments to the Class, attorneys' fees, and

7   incentive awards, in return for a release that extinguishes all remaining claims in this Action, as

8   well as all other claims and cross-claims that arise out of the facts, transactions and allegations in

9   the Action that were or could have been asserted in this lawsuit.  The following summarizes the

10  principal terms of the Settlement:

11          **1.      Settling Parties**

12          The Settlement Agreement provides for a settlement of the case on behalf of the Class,

13  consisting of all persons who were participants or beneficiaries in the KMH ESOP on October 13,

14  1998 or any time thereafter (as approved by the Court's class certification order dated June 26,

15  2008), with NSTC.  *See* Settlement Agreement, Intro.  In addition, in order to effectuate a

16  complete release of all remaining claims in this case and certain other terms of the settlement, the

17  KMH Defendants and the Moore Trust Defendants are also signatories to the Settlement

18  Agreement and have entered into releases set forth therein and described below.  *See id.*

19          **2.      Settlement Amount**

20          NSTC has agreed to a Settlement Amount of $15,000,000.  *See* Settlement Agreement, §

21  2(a).  The Settlement Amount is inclusive of attorneys' fees, which shall not exceed 25% of the

22  total Settlement Amount, and attorneys' costs and expenses, including settlement administration,

23  which shall not exceed $200,000.  *See id.*, § 4(a).  The Settlement Amount is also inclusive of

24  incentive awards which are sought for Class Plaintiffs Fernandez, Thomas, and Smith for their

25  service to the Class, in an amount of $5,000 per person.  *See id.*, § 4(b).  The remainder of the

26  Settlement Amount, which will be at least $11,035,000, will be paid into the ESOP for the benefit

27  of Plaintiffs.[4]

28

---

[4] Subject to approval by an independent fiduciary, as discussed in section 4 below, the funds of

PLAINTIFFS' MOTION FOR PRELIM. APPROVAL OF SETTLEMENT                3
[CASE NO. C-06-07339 CW]

1

### 3.   Released Claims

Section 5(a) of the Settlement Agreement provides that Class Plaintiffs acting in their individual capacities, and Class Plaintiffs and Class Members acting for the benefit of the ESOP, release all claims against NSTC that arise out of the facts, transactions and allegations in this Action that were or could have been asserted by Class Plaintiffs or Class Members in this lawsuit. *See id.*, §§ 1(u), 5(a).  The Settlement also provides that NSTC releases all claims and cross claims arising out of or related to the Action that were or could be asserted by NSTC against any other party to the Action.  *See id.*, §§ 1(c), 5(b).  Additionally, the KMH Defendants and Moore Trust Defendants release all claims and cross claims arising out of the Action that were or could be asserted by those Defendants against NSTC.  *See id.*, §§ 1(w), 5(c).  Finally, the Class Plaintiffs, Class Counsel, and Class Plaintiffs and Class Members acting for the benefit of the ESOP and the Class Members themselves, on one hand, and the KMH and Moore Trust Defendants, on the other, release one another from any claims arising out of the assignment of claims set forth in Sections 3(c) and 3(d) of the earlier settlement agreement that were or could be asserted against one another.  *See id.*, §§ 1(b), 5(d).  For the reasons set forth in the Class Certification papers, and because the Class has already been certified under Rule 23(b)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure by this Court, the Settlement Agreement contemplates that Class Members will not be entitled to opt out of this Settlement.  *See id.*, § 7.

### 4.   Independent Fiduciary

As set forth in Section 3 of the Settlement Agreement, K-M Industries Holding Co., Inc. will retain, and NSTC or its insurers will pay for, an Independent Fiduciary to review the Settlement in light of Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632 (2003) (attached to the Declaration of Todd Jackson in Support of Plaintiffs' Motion for Preliminary Approval of Settlement ("Jackson Declaration") as Exhibit A.  The Prohibited Transaction Exemption, created by the Department of Labor, Employee Benefits Security Administration,

---

the Settlement Amount paid into the ESOP shall be allocated such that 92.5% of the settlement money paid into the ESOP will be for the benefit of ESOP participants and beneficiaries affiliated with Kelly-Moore Paint Company, Inc., and 7.5% will be for the benefit of ESOP participants and beneficiaries affiliated with Capital Insurance Group.  *See id.*, § 2(c).

1   enables a class to settle and release ERISA claims against a fiduciary or party in interest in

2   exchange for consideration given by, or on behalf of, a fiduciary or party in interest to the plan in

3   settlement of the claims.  *Id.*  To meet the exemption, a fiduciary (such as an independent

4   fiduciary hired for this purpose) must determine that the settlement is "reasonable given the

5   likelihood of full recovery, the costs and risks of litigation, and the value of claims foregone."  *Id.*

6   At least 10 days before the final fairness and approval hearing, the Independent Fiduciary shall

7   determine, and commit to writing, his or her opinion as to whether the Settlement Agreement

8   meets the requirements of the Prohibited Transaction Exemption.  *See* Settlement Agreement, §

9   3(c).  By providing for an Independent Fiduciary to review the Settlement in light of the

10   Prohibited Transaction Exemption, the Settling Parties will further ensure that the release of

11   prohibited transaction claims under the Settlement is reasonable.  The Independent Fiduciary will

12   also provide a release of the released claims, discussed above, which include claims held by the

13   trustee of the ESOP on behalf of or for the benefit of Class Plaintiffs and Class Members.  *See id.*,

14   §§ 3, 5.

15         The Independent Fiduciary will also review and approve of, or provide an alternative

16   recommendation for, the proposed allocation of the Settlement funds paid into the ESOP:

17   allocated such that 92.5% of the settlement money paid into the ESOP is for the benefit of ESOP

18   participants and beneficiaries affiliated with Kelly-Moore Paint Company, Inc., and 7.5% is for

19   the benefit of ESOP participants and beneficiaries affiliated with Capital Insurance Group.  *See*

20   *id.*, §§ 2(c), 3(d).

21   **III.    THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL.**

22         Preliminary approval is an initial assessment of the fairness of the proposed settlement

23   made by the court on the basis of written submissions and informal presentations from the settling

24   parties.  *Newberg on Class Actions* summarizes the preliminary approval criteria as follows:

25         If the preliminary evaluation of the proposed settlement does not disclose grounds
      to doubt its fairness or other obvious deficiencies, such as unduly preferential
26         treatment of class representatives or of segments of the class, or excessive
      compensation for attorneys, and appears to fall within the range of possible
27         approval, the court should direct that notice under Rule 23(e) be given to the class
      members of a formal fairness hearing, at which arguments and evidence may be
28         presented in support of and in opposition to the settlement.

1   4 *Newberg on Class Actions* § 11.25 (4th ed. 2002) ("Preliminary Court Approval") (quoting

2   *Manual, 3d*, § 30.41, p. 237) (quoting the *Manual for Complex Litigation, 3d*).

3        The purpose of the preliminary approval process is to determine whether the proposed

4   settlement is within the range of reasonableness and thus whether notice to the class of the terms

5   and conditions and the scheduling of a formal fairness hearing is worthwhile.  4 *Newberg on*

6   *Class Actions* § 11.25 (4th ed. 2002) ("Preliminary Court Approval"); *Young v. Polo Retail, LLC*,

7   2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006).

8        Here, the proposed Settlement satisfies the preliminary approval requirements.  Plaintiffs'

9   Counsel believe that the proposed Settlement is an excellent result, reached after three years of

10  hard-fought litigation, and with assistance from Layne Phillips, a skilled and experienced

11  mediator, who is a former federal judge.  Jackson Declaration at ¶¶ 9-12.

12       First, the settlement will provide the ESOP with a substantial recovery, which will inure to

13  the benefit of the ESOP participants and beneficiaries.  While Plaintiffs believe that NSTC

14  violated ERISA's fiduciary standards as a successor trustee, the Settling Parties recognized the

15  risk posed by litigating this case through trial and/or having one or more issue in this case taken

16  up on appeal.  Considering this, and the fact that this Settlement was reached after arms-length

17  negotiations presided over by Layne Phillips, Plaintiffs' Counsel believe that the proposed

18  Settlement is a fair resolution of contested claims against the NSTC Defendant.  *Id.* at ¶¶ 11-13.

19  As described above, the Settlement will result in the ESOP receiving at least $11,035,000, which

20  will be distributed to the ESOP participants and beneficiaries.

21       Second, the attorneys' fees and costs awards are fair in that Class Counsel will not petition

22  the Court for an award of fees exceeding 25% of the Settlement Amount, or for a costs award

23  exceeding $200,000.  Under the percentage approach, the "benchmark" for attorneys' fees in the

24  Ninth Circuit is 25 percent.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002),

25  *cert. denied*, 537 U.S. 1018 (2002); *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301,

26  1311 (9th Cir. 1990); *Paul, Johnson, Altson & Hunt v. Graulty*, 886 F.2d 268, 273 (9th Cir.

27  1989); *Torrisi v. Tucson Electric Power Co.*, 8 F. 3d 1370, 1376-77 (9th Cir. 1993).  Furthermore,

28  Class Counsel's fees and costs will be subject to Court approval, for which Class Counsel will

1  petition prior to the Fairness Hearing.  In litigating this matter, Class Counsel have taken very

2  substantial risk and have aggressively litigated the matter for three years, spending thousands of

3  hours investigating and prosecuting the case.[5]

4      Third, the $5,000 incentive awards to each Class Plaintiff, for which Class Counsel seek

5  approval by the Court, are fair and reasonable.  The incentive awards are intended to recognize

6  the time and effort that Class Plaintiffs Fernandez, Thomas and Smith expended on behalf of the

7  Class, and to acknowledge the risks the Class Plaintiffs incurred during the course of this

8  litigation.  Indeed, "[c]ourts routinely approve incentive awards to compensate named plaintiffs

9  for the services they provided and the risks they incurred during the course of the class action

10  litigation."  *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001).  In *Van*

11  *Vranken v. Atlantic Richfield Co*, the court approved an incentive award of $50,000 to the named

12  plaintiff in recognition of the services he provided to the class by participating in numerous

13  telephone conferences and meetings with class counsel, attending several hearings, having his

14  deposition taken, and testifying at trial.  901 F. Supp. 294, 300 (N.D. Cal. 1995).  Here, a $5,000

15  incentive award to each Class Plaintiff is fair in recognition of the services they provided,

16  including preparing for and having their depositions taken, reviewing discovery responses, being

17  involved in three mediations in person or by phone, and regularly consulting with Class Counsel

18  on case matters.

19      Fourth, in exchange for the incentive awards, Class Plaintiffs will release all claims

20  against NSTC.  The incentive awards were negotiated by experienced Class Counsel in arms-

21  length negotiations, and the individual releases are fair and subject to Court approval.  *See, e.g.,*

---

22
23  [5] Class Counsel have reviewed tens of thousands of pages of documents produced by Defendants; conducted extensive discovery including ten depositions of NSTC, KMH corporate officers, valuators, and an ESOP consultant to KMH; defended depositions of the Class Plaintiffs;
24  completed the exchange of expert discovery with NSTC including the retention and production of reports for two experts, defending their depositions, and taking depositions of three NSTC
25  experts; drafted and responded to written interrogatories, requests for admissions, and requests for production of documents; litigated two motions to compel; briefed and won a motion for class
26  certification; briefed and won a motion for summary judgment by NSTC on the statute of limitations; briefed and won a motion for judgment on the pleadings against NSTC on the issue of
27  indemnification; briefed an opposition to NSTC's motion for reconsideration or for entry of judgment; and briefed an opposition s to NSTC's motion for summary judgment.  Jackson
28  Declaration at ¶ 9.

1    *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (waiver of claims is

2    appropriate if entered as part of a stipulated judgment approved by the court after scrutinizing the

3    settlement for fairness).

4          Finally, this Settlement is fair to the KMH and Moore Trust Defendants, who are

5    signatories to the agreement.  Section 3(a)(2) of the November 2008 settlement agreement

6    reached between the Class and the KMH and Moore Trust Defendants provides that, as a

7    condition to any settlement between the Class and NSTC, the Class shall obtain a release of

8    claims by NSTC against the KMH and Moore Trust Defendants.  *See* Dkt. No. 271, Exh. A

9    (Amended & Reinstated Stipulation & Agreement of Settlement between the Class and the KMH

10   and Moore Trust Defendants, attached as Exh. A to the Court's Order Granting Preliminary

11   Approval of that settlement).  The release in the Settlement Agreement between the Class and

12   NSTC releases *all claims* that arise out of the facts, transactions and allegations in this Action that

13   were or could have been asserted by NSTC, including all cross claims made by NSTC against the

14   KMH or Moore Trust Defendants.  Additionally, as noted above, NSTC and the KMH and Moore

15   Trust Defendants have released one another from claims arising from or related to this litigation.

16   *See id.*, §§ 1(c), 1(w), 5(b), 5(c).  Finally, if any remaining claims could exist by virtue of the

17   assignment of claims to the Class by the Moore Trust and KMH defendants, those claims are

18   mutually released.  *See id.*, §§ 1(b), 5(d).

19         For all of these reasons, Class Counsel believe that the Settlement is fair, reasonable, and

20   adequate, and is in the best interest of the Class in light of all known facts and circumstances.

21   Jackson Declaration at ¶¶ 11-13.  The proposed Settlement falls within the range of

22   reasonableness, and should be submitted to Class Members for their comments.

23   **IV.    THE PROPOSED NOTICE SATISFIES DUE PROCESS AND SHOULD BE
         APPROVED.**

24

25         Under Rule 23(e), the court "must direct notice in a reasonable manner to all class

26   members who would be bound by a propos[ed settlement]."  Fed. R. Civ. P. 23(e)(1). Class

27   Members are entitled to receive "the best notice practicable" under the circumstances. *Burns v.*

28   *Elrod*, 757 F2d 151, 154 (7th Cir. 1985).  Notice is satisfactory "if it generally describes the terms

1   of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to

2   come forward and be heard."  *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir.

3   2004) (internal citations omitted).  Moreover, notice that is mailed to each member of a settlement

4   class "who can be identified through reasonable effort" constitutes reasonable notice.  *Eisen v.*

5   *Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).

6           The notice standard is satisfied here.  Plaintiffs propose to use the means best calculated to

7   reach each Class Member who is affected by the terms of the proposed settlement, by mailing the

8   Notice to the last known address of each Class Member, as will be provided to the Claims

9   Administrator by K-M Industries Holding Co., Inc.  The Notice (the proposed form of which is

10  attached to the Proposed Preliminary Approval Order as Exhibit B) describes the terms of the

11  Settlement, sets forth the procedure for comments and objections, provides specifics on the date,

12  time, and place of the final settlement approval hearing, enables Class Members to exercise their

13  rights and make informed decisions regarding their views of the fairness, adequacy and

14  reasonableness of the proposed settlement, and provides information as to how to obtain

15  additional information regarding this litigation and the Settlement Agreement (including

16  providing the websites for Class Counsel, www.lewisfeinberg.com and www.rhddlaw.com).

17          As the Court has already approved in its December 14, 2009 Order, *see* Dkt. No. 380, the

18  Settling Parties propose that, by the later of January 31, 2010 or 10 days after entry of the Order

19  granting preliminary approval of the Settlement, the third-party claims administrator shall mail a

20  copy of the Notice by first class mail, with the costs of sending the Notice to be incurred by Class

21  Counsel (which will be included in the cost application for which Class Counsel will apply).  If

22  the Final Approval Hearing is held on April 22, 2010, 3 months after preliminary approval, as the

23  Court previously ordered, *see* Dkt. No. 380, the amount of time between dissemination of the

24  proposed Notice and the final approval hearing of the Settlement will be more than sufficient to

25  give Class Members the opportunity to comment on the Settlement.  *See Torrisi*, 8 F.3d at 1374-

26  75 (31 days is more than sufficient, as class as a whole had notice adequate to flush out whatever

27  objections might reasonably be raised to the settlement) (citing *Marshall v. Holiday Magic, Inc*.,

28  550 F.2d 1173, 1178 (9th Cir. 1977) (approving timing of a notice which was mailed 26 days

1  before the deadline for opting out of a settlement)).  Accordingly, the notice plan along with the

2  accompanying Notice fulfills all requirements of adequate notice and should be duly approved.

3  *See Torrisi*, 8 F.3d at 1374-75; Fed. R. Civ. P. 23(c)(2); *Manual, 3d*, § 30.21.

4  **V.     CONCLUSION.**

5        Pursuant to and consistent with the Court's December 14, 2009 Order, *see* Dkt. No. 380,

6  the schedule for Settlement approval is:

| By the later of January 31, 2010 or 10 days after Preliminary Approval of Settlement | Notice mailed to Class Members |
|---|---|
| By the later of 45 days after mailing of the Notice of Settlement or March 18, 2010 | Last day for objections to the Settlement |
| By March 18, 2010 | Plaintiffs' moving papers in support of Final Approval of Settlement and Fee Application due |
| Within 5 days of Final Approval Hearing | Reply papers to any opposition memorandum filed by any objector due |
| April 22, 2010 | Final approval hearing |

16        For the reasons set forth above, Plaintiffs respectfully request that the Court grant the

17  Proposed Preliminary Approval Order filed herewith.

19  DATED: January 4, 2009                    Respectfully submitted,

20                                            LEWIS, FEINBERG, LEE,
                                              RENAKER & JACKSON, P.C.

21                                   By:    ___/s/_ Todd Jackson_____
22                                            Todd Jackson

23                                            Peter Rukin – CA State Bar No. 178336
24                                            RUKIN HYLAND DORIA
                                              & TINDALL LLP
25                                            100 Pine Street, Suite 725
                                              San Francisco, CA 94111
26                                            Telephone: (415) 421-1800
                                              Facsimile: (415) 421-1700
27                                            Email: peterrukin@rhddlaw.com

28                                            *Attorneys for Plaintiffs and the Class*