Daniel Feinberg – CA Bar No. 135983
Todd F. Jackson – CA Bar No. 202598
Margaret E. Hasselman – CA Bar No. 228529
Nina Wasow – CA Bar No. 202047
Kirsten G. Scott – CA Bar No. 253464
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, California 94612
Telephone: (510) 839-6824
Facsimile:  (510) 839-7839
Email:  dfeinberg@lewisfeinberg.com
Email:  tjackson@lewisfeinberg.com
Email:  mhasselman@lewisfeinberg.com
Email:  nwasow@lewisfeinberg.com
Email: kscott@lewisfeinberg.com

*Attorneys for Plaintiffs and the Class*
(Additional counsel on signature page)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS, individually and on behalf of a class of all other persons similarly situated, | Case No. C-06-07339 CW |
| Plaintiffs, | **ORDER (1) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT, (2) APPROVING NOTICE AS TO FORM AND CONTENT, and (3) DIRECTING THE MAILING OF NOTICE** |
| vs. | |
| K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST'S SUCCESSOR TRUSTS NAMED ABOVE, | |
| Defendants. | |

1    After discovery, certification of the Class, expert discovery, and mediation, and

2    notwithstanding their adversarial positions in this matter, Plaintiffs, on behalf of themselves and

3    the Class (as approved by the Court's order dated June 26, 2008) and Defendant North Star Trust

4    Company ("NSTC") as well as the Moore Trust Defendants[1] and the KMH Defendants[2]

5    (collectively the "Settling Parties"), by and through their respective counsel, negotiated a

6    settlement of the remaining claims in this litigation.  The terms of the proposed settlement are set

7    forth in the fully executed proposed Stipulation and Agreement of Settlement ("Settlement" or

8    "Settlement Agreement," attached hereto as Exhibit A).

9    On January 4, 2010, Plaintiffs filed a Motion for Preliminary Approval of Partial Class

10   Action Settlement.  In their Motion, Plaintiffs requested that this Court preliminarily approve the

11   Settlement, approve a proposed Notice of Proposed Partial Class Action Settlement to Class

12   members, ("Notice," attached hereto as Exhibit B) and the mailing of such Notice, and confirm

13   the Court's December 14, 2009 Order that it will conduct a fairness hearing on April 22, 2010, on

14   the question of whether the proposed Settlement should be finally approved as fair, reasonable,

15   and adequate.  Having reviewed the Settlement Agreement and Motion, along with the Parties'

16   prior submissions in this matter, the Court now FINDS, CONCLUDES, AND ORDERS as

17   follows:

18   **I.    Background**

19   In this lawsuit Plaintiffs Thomas Fernandez, Lora Smith, and Tosha Thomas ("Plaintiffs")

20   allege claims against the KMH Defendants, the Moore Trust Defendants, and NSTC for

21   violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"),

22   including claims for prohibited transactions and breach of fiduciary duty.  Plaintiffs reached a

23   settlement agreement with the KMH and Moore Trust Defendants on October 30, 2008, wherein

24   the KMH and Moore Trust Defendants paid $40 million in return for a release of claims.  The

25
26   [1] The Moore Trust Defendants are the William E. and Desiree B. Moore Revocable Trust, the Trustees of the William E. and Desiree B. Moore Revocable Trust, the Desiree B. Moore Revocable Trust, the William E. Moore Marital Trust, the William E. Moore Generation-
27   Skipping Trust, and Desiree Moore, both in her individual capacity and as trustee of the William E. and Desiree B. Moore Revocable Trust's successor trusts named above.
28   [2] The KMH Defendants are the K-M Industries Holding Co., Inc., the K-M Industries Holding Co., Inc. ESOP Plan Committee, and the CIG ESOP Plan Committee.

1    Court granted final approval of that settlement on May 8, 2009.  *See* Order, Dkt. No. 299.  The

2    claims against the KMH Defendants and the Moore Trust Defendants arose out of the October 13,

3    1998 sale of 33,745,455 shares of KMH Series P-B stock (tracking the performance of Kelly-

4    Moore Paint, a KMH subsidiary) to the KMH Employee Stock Ownership Plan ("ESOP"), for

5    $232 million, and the October 18, 1999 sale of 8,400,000 shares of KMH Series I-B stock

6    (tracking the performance of California Capital Insurance Company, also a KMH subsidiary) to

7    the ESOP for $55 million.  Because KMH is not a publicly traded company, valuation firms

8    prepared valuation reports for the 1998 and 1999 transactions.  Plaintiffs alleged, on behalf of

9    themselves and the Class (as approved by the Court's order dated June 26, 2008), that the

10   valuations were not done properly because, among other things, the valuations failed to consider

11   the effect of the asbestos litigation pending against Kelly-Moore Paint on the value of the stock,

12   and that the share price in both transactions was too high.  Plaintiffs alleged that the KMH and

13   Moore Trust Defendants breached their fiduciary duties and engaged in prohibited transactions by

14   causing the ESOP to purchase shares of the KMH stock at an inflated price.  The KMH and

15   Moore Trust Defendants denied these allegations.  These claims were settled, and are no longer at

16   issue in this case.

17        As against NSTC, Plaintiffs allege that it breached its fiduciary duties after it was

18   appointed as successor trustee to the ESOP in 2003 by failing to take appropriate steps to

19   investigate and remedy breaches of fiduciary duty by Mr. Moore and his co-fiduciaries at the time

20   of the original transactions.  North Star denies these allegations.

21   **II.    Preliminary Approval of the Terms of the Settlement Agreement**

22        The Court has reviewed the terms of the Settlement Agreement attached as Exhibit A, and

23   the Motion for Preliminary Approval.  Based on that review, the Court concludes that the

24   Settlement has no obvious defects and is within the range of possible Settlement approval such

25   that notice to the Class is appropriate.

26        The Court has also read and considered the declaration of Todd Jackson in support of

27   preliminary approval.  Based on review of this declaration, the Court concludes that the

28   Settlement was negotiated at arms length and is not collusive.  The Court further finds that Class

1    Counsel were fully informed about the strengths and weaknesses of the Class's case as against

2    NSTC when they entered into the Settlement Agreement.  Additionally, the Court has reviewed

3    the statements of non-opposition by NSTC, the KMH Defendants and the Moore Trust

4    Defendants.

5           Accordingly, the Court hereby grants preliminary approval to the Settlement Agreement.

6    **III.    Approval of the Form and Manner of Distributing Class Notice**

7           Plaintiffs have also submitted for this Court's approval a proposed Class Notice.  The

8    proposed Notice, attached hereto as Exhibit B, appears to be the best notice practical under the

9    circumstances and appears to allow Class Members a full and fair opportunity to consider the

10   proposed Settlement and develop a response.

11          The proposed plan for distributing the Class Notice is as follows:  by the later of January

12   31, 2010 or 10 days after entry of this Order granting preliminary approval of the Settlement, the

13   third-party claims administrator shall mail a copy of the Notice by first class mail, with the costs

14   of sending the Notice to be incurred by Class Counsel (which will be included in the cost

15   application for which Class Counsel will apply).  This proposed plan for distribution of the Class

16   Notice appears to be a reasonable method calculated to reach all members of the Class who would

17   be bound by the Settlement.  There appears to be no additional method of distribution that would

18   be reasonably likely to notify Class Members who may not receive notice pursuant to the

19   proposed distribution plan.

20   **IV.    Procedures for Final Approval of the Settlement**

21          **A.    Fairness Hearing**

22          By Order on December 14, 2009, the Court scheduled, for the 22nd day of April, 2010, at

23   the hour of 2:00 p.m., a hearing to determine whether to grant final approval of the Settlement

24   Agreement (the "Fairness Hearing").  *See* Dkt. No. 380.

25          **B.    Deadline for Class Counsel to File a Motion for Final Approval, Petition for
              an Award of Attorneys' Fees and Reimbursement of Expenses, and Petition
26            for Approval of Service Payments to Plaintiffs.**

27          By its December 14, 2009 Order, the Court ordered that no later than Friday, March 18,

28   2010, Plaintiffs shall file a Motion for Final Approval of the Settlement Agreement.  *See id.*  This

motion shall also include a Petition for the payment of attorneys' fees and expenses to Class Counsel, and a Petition for approval of service payments to be made to the Class representatives. Class Counsel may file a reply to any opposition memorandum filed by any objector no later than Friday, April 16, 2010.

**C.     Deadline for Filing Objections to the Settlement.**

Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement must do so in writing.  To be considered, any such objection must be filed with the Clerk of the Court by certified mail, the address of which is provided in the Notice, and also sent to the Claims Administrator, at the address provided in the Notice, via First-Class United States mail.  As indicated in the Court's December 14, 2009 Order, to be considered, the objection papers must be post-marked no later than the later of 45 days after mailing of the Notice of Settlement or March 18, 2010.  *See* Dkt. No. 380.  An objector who wishes to appear at the Fairness Hearing, either in person or through counsel hired by the objector, must state his or her intention to do so at the time the objector submits his/her written objections.

The Claims Administrator shall stamp the date received on the original and send copies of each objection to the Parties by facsimile, electronic mail and first class mail not later than three calendar days after receipt thereof.

DATED: _____     _____
                1/22/10                                    Hon. Claudia Wilken
                                                           United States District Judge