Daniel Feinberg – CA Bar No. 135983
Todd F. Jackson – CA Bar No. 202598
Margaret E. Hasselman – CA Bar No. 228529
Nina Wasow – CA Bar No. 202047
Kirsten G. Scott – CA Bar No. 253464
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, California 94612
Telephone: (510) 839-6824
Facsimile:  (510) 839-7839
Email:  dfeinberg@lewisfeinberg.com
Email:  tjackson@lewisfeinberg.com
Email:  mhasselman@lewisfeinberg.com
Email:  nwasow@lewisfeinberg.com
Email: kscott@lewisfeinberg.com

*Attorneys for Plaintiffs and the Class*
(Additional counsel on signature page)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO AND OAKLAND DIVISION

| | |
|---|---|
| THOMAS FERNANDEZ, LORA SMITH, and TOSHA THOMAS, individually and on behalf of a class of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>K-M INDUSTRIES HOLDING CO., INC.; K-M INDUSTRIES HOLDING CO., INC. ESOP PLAN COMMITTEE; WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; TRUSTEES OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST; CIG ESOP PLAN COMMITTEE; NORTH STAR TRUST COMPANY; DESIREE B. MOORE REVOCABLE TRUST; WILLIAM E. MOORE MARITAL TRUST; WILLIAM E. MOORE GENERATION-SKIPPING TRUST; and DESIREE MOORE, BOTH IN HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE WILLIAM E. AND DESIREE B. MOORE REVOCABLE TRUST'S SUCCESSOR TRUSTS NAMED ABOVE,<br><br>Defendants. | Case No. C-06-07339 CW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT
[CASE NO. C-06-07339 CW]

This matter comes before the Court on the Class Plaintiffs' Motion for Final Approval of Class Action Settlement to grant final approval of the Stipulation and Agreement of Settlement ("Settlement" or "Settlement Agreement") between Class Plaintiffs, on behalf of themselves and the Class, and Defendant North Star Trust Company ("NSTC"), as well as the Moore Trust Defendants and the KMH Defendants (collectively the "Settling Parties"), by and through their respective counsel.

The proposed settlement in this case was preliminarily approved by this Court on January 22, 2010 ("Preliminary Approval Order") [Docket No. 390].  Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a fairness hearing under Fed. R. Civ. P. 23(e) on April 22, 2010.  The Court has reviewed the materials submitted by the parties, and has heard arguments presented at such hearing.  For the reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(f).

2. The notice given to the Class fully and accurately informed Class Members of all material elements of the proposed settlement, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Class Members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

3. The Settlement Agreement is fair, reasonable and adequate in all respects to the Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Court finds that the uncertainty and delay of further litigation strongly support the reasonableness and adequacy of the $15 million settlement.

4. No class member has objected to any aspect of the proposed settlement.  The reaction of the Class to the proposed settlement strongly supports the conclusion that the proposed settlement is fair, reasonable, and adequate.  Accordingly, the Court finds that the settlement is, in all respects, fair, reasonable and adequate, and hereby grants final approval of the settlement.

5. The Court finds and determines that NSTC's notice of Settlement to State Attorneys General and United States Attorneys General, pursuant to 28 U.S.C. section 1715(b), was timely, adequate, and compliant with the statutory requirements of the Class Action Fairness Act.

6. The Court reserves exclusive and continuing jurisdiction over the class action, the Named Plaintiffs, the Class, and the Defendants for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, the distribution of Settlement Payments, and this Order.

7. All claims, counterclaims, and cross-claims in this action are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: 4/23/2010

*[signature]*
The Honorable Claudia Wilken
United States District Judge